UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DEBORAH D. PETERSON, : Case No. 18 Misc. 8302
Personal Representative of the :
Estate of James C. Knipple (Dec.), *et al.*, :
: (Civil Action Nos.
Plaintiffs, : 01-2094 (RCL) and 1-2684 (RCL) (D.D.C.))
:
v. : **TO BE FILED UNDER SEAL**
:
ISLAMIC REPUBLIC OF IRAN, *et al.*, :
: **REDACTED**
Defendants. :

------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# ORDER TO SHOW CAUSE FOR AN ORDER TO VACATE
# AND/OR QUASH WRIT OF EXECUTION AGAINST CITIBANK, N.A.

**DAVIS WRIGHT TREMAINE LLP**
**1633 Broadway**
**New York, New York 10019**
**(212) 489-8230**
Attorneys for Citibank, N.A.

 

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

STATEMENT OF FACTS
   A. Proceedings in the United States District Court for the District of Columbia ................ 2

   B. The Writ of Execution Served on Citi ............................................................................ 3

   C. The Citi Accounts at Issue Are Owned by Clearstream ................................................. 5

ARGUMENT
   A. The Writ, Issued by the Clerk Rather than the Court, is Procedurally
      Defective and Subject to Dismissal ................................................................................ 6

   B. Plaintiffs Have Not Demonstrated That the Accounts Are Assets
      of the Judgment-Debtors ................................................................................................ 7

CONCLUSION ........................................................................................................................... 9

 

## TABLE OF AUTHORITIES

### CASES

*Aaron v. Mattikow*, 225 F.R.D. 407 (E.D.N.Y. 2004) ................................................................. 8

*Bayer & Willis Inc. v. Republic of the Gambia*, 283 F. Supp. 2d 1 (D.D.C. 2003) ...................... 7

*Beauvais v. Allegiance Securities, Inc.*, 942 F.2d 838 (2d Cir. 1991) .......................................... 7

*Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483 (S.D.N.Y. 1988) ........... 6

*Key Lease Corp. v. Manufacturers Hanover Trust Co.*, 117 A.D.2d 560, 499 N.Y.S.2d 66
    (1st Dep't 1986) ........................................................................................................................ 8

*Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64 (D.D.C.
    2001) ........................................................................................................................................ 7

*Peacock v. Thomas*, 516 U.S. 349 (1996) ..................................................................................... 7

*Peterson v. The Islamic Republic of Iran*, 264 F. Supp. 2d 46 (D.D.C. 2003) ............................. 2

*Peterson v. The Islamic Republic of Iran*, 515 F. Supp. 2d 25 (D.D.C. 2007) ............................. 2

*Seven Seas Shipping (UK) Ltd v. Tondo Limitada*, 2000 WL 60208 (S.D.N.Y. Jan. 24,
    2000) ........................................................................................................................................ 7

*Tarrytown and North Tarrytown Savings & Loan Associate v. DePasquale*, 249 A.D.2d
    462, 671 N.Y.S.2d 680 (2d Dep't 1998) ................................................................................... 8

*Trustco Bank, National Association v. Strong*, 261 A.D.2d 25, 699 N.Y.S.2d 805 (3d
    Dep't 1999) ............................................................................................................................... 8

### STATUTES

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11 ........................................................... 6

Fed. R. Civ. P. 69 ........................................................................................................................... 7

New York Civil Practice Law and Rules, §§ 5200, *et seq.* ........................................................... 7

Trade Secrets Act, 18 U.S.C. § 1905 ........................................................................................ 2, 3

### MISCELLANEOUS

David D. Siegel, *New York Practice*, § 515 (4th ed. 2005) .......................................................... 8

Movant Citibank, N.A. ("Citi") respectfully submits this memorandum of law in support of Citi's Order to Show Cause for an Order to Vacate and/or Quash the Writ of Execution, dated as of June 12, 2008 (the "Writ").

## PRELIMINARY STATEMENT

Plaintiffs -- family members and estates of the 241 servicemen killed in the October 1983 bombing of a United States Marine barracks in Beirut, Lebanon -- obtained a default judgment (the "Judgment") in the United States District Court for the District of Columbia against defendants Islamic Republic of Iran ("Republic of Iran") and Iranian Ministry of Information and Security ("Iranian Ministry") (collectively, "Judgment-Debtors") for their role in the bombing. The Court awarded Plaintiffs damages in the amount of $2,656,944,877.00.

On Friday, June 13, 2008, Plaintiffs served on Citi the Writ, which was issued by the Clerk for the Southern District of New York, claiming entitlement to accounts in which the Republic of Iran allegedly has an interest. In fact, Exhibit A to the Writ acknowledges that the account to be executed against is a Citi account in the name of Clearstream Banking S.A. ("Clearstream") only, and that the account information on Citi's books does not reflect that the Republic of Iran – or any entity other than Clearstream – has any ownership interest in that account.

Citi has no objection, in principle, to Plaintiffs' efforts to execute the Judgment against the assets of the Republic of Iran, on the condition that (a) a Court determines that Plaintiffs are entitled to such relief, as required under the Foreign Sovereign Immunities Act; and (b) Plaintiffs demonstrate that the assets in the accounts are in fact owned by the Judgment-Debtors. On the face of the Writ, these requirements of law have not been satisfied. The Writ states only that the identified Citi account belongs to Clearstream. But Citi's client, Clearstream, maintains an

 

"Omnibus" account at Citi on behalf of thousands of Clearstream customers. Citi has no information as to the identity or ownership interests of transactions for Clearstream customers. Because the Writ was improperly issued by a Clerk of the Court, rather than the Court itself, and does not describe assets in the name of, or shown to be owned by, the Judgment-Debtors, Citi respectfully requests that the Writ should be vacated and/or quashed.

## STATEMENT OF FACTS

**A.     Proceedings in the United States District Court for the District of Columbia**

The underlying actions arise from the October 23, 1983 bombing of a United States Marine barracks in Beirut, Lebanon, in which 241 American servicemen were killed. *See* Declaration of Sharon L. Schneier in Support of Citibank, N.A.'s Order to Show Cause for an Order to Vacate and/or Quash Writ of Execution Against Citibank, N.A., dated June 16, 2008 (hereinafter, "Schneier Decl."), ¶ 2. Many of the family members and estates of the 241 servicemen killed in the attack are plaintiffs in the consolidated actions. *Id.* At a bench trial, the district court found the Judgment-Debtors liable on the ground it had provided material and financial logistical support to Hezbollah, the organization that carried out the attack. *Id.; see also Peterson v. The Islamic Republic of Iran*, 264 F. Supp. 2d 46 (D.D.C. 2003).

On September 7, 2007, the district court ordered that the Judgment be entered in favor of Plaintiffs and against the Judgment-Debtors, jointly and severally, in the amount of $2,656,944,877.00, and allocated the amount and nature of the damages. *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 60-69 (D.D.C. 2007). On the same day, September 7, 2007, the Judgment was entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $2,656,944,877.00. *See* Schneier Decl., Exh. 1.

On or about February 27, 2008 and March 10, 2008, Plaintiffs served subpoenas on the Department of the Treasury's Office of Foreign Assets Control ("OFAC") seeking information

regarding assets of the Republic of Iran. *See* Schneier Decl., ¶ 6. OFAC objected to the subpoenas on the grounds, *inter alia*, that release of responsive documents or a list containing the information might violate the Trade Secrets Act, 18 U.S.C. § 1905, which provides for the imposition of criminal penalties for prohibited disclosure. *See* Schneier Decl., Exh. 2. On June 11, 2008, OFAC sought authorization to provide Plaintiffs with certain information pursuant to, and in accordance with, a protective order. *Id.*

On June 11, 2008, the district court granted OFAC's motion and so-ordered a Protective Order that governs disclosure. *See* Schneier Decl., Exh. 3. It appears that OFAC provided Plaintiffs with certain information in accordance with, and subject to, the terms of the Protective Order and that Exhibit A to the Writ reflects certain information that was provided to Plaintiffs by OFAC.[1] Schneier Decl., ¶ 7.

**B.     The Writ of Execution Served on Citi**

On Friday, June 13, 2008, at approximately 1:00 p.m., Citi was served with the Writ. *See* Schneier Decl., ¶ 9. The Writ was issued by the Clerk of the United States District Court for the Southern District of New York on June 12, 2008, without prior notice to Citi or opportunity for Citi to be heard.[2] The Writ directs the Marshal in this District to maintain custody of "the goods and chattels of [the] Islamic Republic of Iran who (sic) has an interest in accounts held by Citibank N.A., … as custodian for the accounts and assets described on attached Exhibit A." *See* Schneier Decl., Exh. 1.

---

[1] The Protective Order requires that "[a]ll Confidential Information [produced in response to a subpoena governed by the Protective Order] that is filed in any court, and any pleadings, motions, exhibits, or other papers failed with the court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court." Schneier Decl., Exh. 3 at ¶ 9. Accordingly, Citi requests that all papers filed in relation to the Order to Show Cause be filed under seal.

[2] In contrast, in the underlying action, Plaintiffs previously had moved before the district court for orders of attachment and other relief in aid of execution.

REDACTED

DWT 11309853v5 0067486-000010

 

# REDACTED

 

**REDACTED**

## ARGUMENT

**A.     The Writ, Issued by the Clerk Rather than the Court, is Procedurally Defective and Subject to Dismissal**

At least one of the Judgment-Debtors, the Republic of Iran, is subject to the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. §§ 1602-11. In accordance with the FSIA, and specifically as required under 28 U.S.C. § 1610(c), only a court, and not the clerk, may issue writs of execution agasint any assets of the Republic of Iran. *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (only a court may issue an order for post-judgment attachment). Section 1610(c) requires a *judicial* determination that "a reasonable period of time has elapsed following the entry of judgment and the giving of any

notice [to judgment debtor] required under section 1608(e)." *See Seven Seas Shipping (UK) Ltd v. Tondo Limitada*, 2000 WL 60208, at *1 (S.D.N.Y. Jan. 24, 2000) (denying *ex parte* application for attachment and execution under FSIA because of lack of notice of judgment to the judgment debtor); *Bayer & Willis Inc. v. Republic of the Gambia*, 283 F. Supp. 2d 1, 2-3 (D.D.C. 2003) (dismissing writ of attachment issued by clerk, not court); *Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 66 (D.D.C. 2001) (same). Here, the Writ was issued by the Clerk, not the Court. As such, it is invalid and must be vacated.

**B.    Plaintiffs Have Not Demonstrated That the Accounts Are Assets of the Judgment-Debtors**

Fed. R. Civ. P. 69 provides that a money judgment is enforced "by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1), *see also Peacock v. Thomas*, 516 U.S. 349, 359 n.7 (1996) ("Rule 69(a) … permits judgment creditors to use any execution method consistent with [state] practice and procedure."). The judgment creditors registered the Judgment in the Southern District of New York and all proceedings in aid of execution on the Judgment are governed by the procedures set forth in the New York Civil Practice Law and Rules ("CPLR") 5200, *et seq.*

CPLR 5225(b) allows a judgment creditor to bring a proceeding against a garnishee that is in "possession of money or property in which the judgment debtor has an interest." To execute a judgment against the property held by the garnishee, the judgment creditor must first establish that the property belongs to the judgment debtor. *See, e.g., Beauvais v. Allegiance Securities, Inc.*, 942 F.2d 838, 840-41 (2d Cir. 1991) (judgment creditor must establish that the judgment debtor has an interest in property in the possession of a third party before the property

can be turned over to judgment creditor); *see also Key Lease Corp. v. Manufacturers Hanover Trust Co.*, 117 A.D.2d 560, 561-62, 499 N.Y.S.2d 66, 68 (1st Dep't 1986) (denying turnover order where judgment debtor was not entitled to possession of the property). The judgment creditor bears the burden of establishing that the claimed property belongs to the judgment debtor by "competent evidence." *Trustco Bank, Nat'l Ass'n v. Strong*, 261 A.D.2d 25, 27, 699 N.Y.S.2d 805, 807 (3d Dep't 1999) (dismissing petition where petitioner failed to meet its burden "to support the petition with competent evidence that the limited partners actually owed a debt to the partnership").[3]

CPLR 5240 further provides the court with "broad discretionary power to regulate the enforcement of a money judgment to prevent ... disadvantage or other prejudice to any person." *Tarrytown and North Tarrytown Savings & Loan Assoc. v. DePasquale*, 249 A.D.2d 462, 462-63, 671 N.Y.S.2d 680 (2d Dep't 1998) (vacating sheriff's sale of property subject to execution of judgment where third person had interest in property).

# REDACTED

---

[3] Courts will not enforce judgments against garnishees where there are disputed issues of material fact as to ownership of assets being garnished. *See Aaron v. Mattikow*, 225 F.R.D. 407, 414 (E.D.N.Y. 2004) (disputed issues of material fact as to whether assets of judgment debtor's wife were product of fraudulent conveyance precluded judgment on the pleadings in judgment creditor's special proceeding for garnishment). Where, as here, the execution does not designate the property in such a way that would allow the garnishee to identify that the property is indeed owned by the judgment debtor, the garnishee may be subject to liability to third parties if it turns over the property. *See* David D. Siegel, New York Practice, § 515, at 875 (4th ed. 2005). "If there is any doubt, the garnishee should withhold the property or debt until a court ... determines the property to be the judgment debtor's. At that point the garnishee may safely pay it over." *Id.*

# REDACTED

### CONCLUSION

For the reasons stated above, and in the supporting declaration and affidavit and the exhibits attached thereto, and good cause showing, Citi respectfully moves this Court for an Order a) to Vacate and/or Quash the Writ against Citi, b) in accordance with the Protective Order issued by Judge Lamberth sealing all pleadings and papers in this matter, and c) for such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
       June 16, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *[signature]*
Sharon L. Schneier (SLS 1151)
Christopher Robinson (CR 9165)
Deborah A. Adler (DA 0909)

1633 Broadway
New York, New York 10019
Telephone: (212) 489-8230
Fax: (212) 489-8340

*Attorneys for Citibank, N.A.*