UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), et al.

      Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et. al.

      Defendants.

---

CITIBANK, N.A.

     Third-Party Petitioner,

v.

JAMES OWENS, GARY ROBERT OWENS,
BARBARA GOFF, FRANK B. PRESSLEY, Jr.,
YASEMIN B. PRESSLEY, DAVID A PRESSLEY,
THOMAS C. PRESSLEY, MICHAEL F.
PRESSLEY, BERK F. PRESSLEY, JON B.
PRESSLEY, MARC Y. PRESSLEY, SUNDUS
BUYUK, MONTINE BOWEN, FRANK
PRESSLEY, SR., BAHAR BUYUK, SERPIL
BUYUK, TULAY, BUYUK, AHME BUYUK,
DOROTHY WILLARD, ELLEN MARIE BOMER,
DONALD BOMER, MICHAEL JAMES
CORMIER, ANDREW JOHN WILLIAM
CORMIER, ALEXANDRA RAIN CORMIER,
PATRICIA FEORE, CLYDE M. HIRN, ALICE M.
HIRM, PATRICIA K. FAST, INEZ P. HIRN,
JOYCE REED, WORLEY LEE REED, CHERYL L.
BLOOD, BRET W. REED, RUTH ANN
WHITESIDE, LORIE GULICK, PAM WILLIAMS,
FLOSSIE VARNEY, LINDA JANE WHITESIDE
LESLIE, LYDIA SPARKS, HOWARD SPARKS,
TABITHA CARTER, HOWARD SPARKS, JR.,
MICHAEL RAY SPARKS, GARY O. SPIERS,
VICTORIA Q. SPIERS, VICTORIA J. SPIERS,
JULITA A. QUALICO, VICTORIA J. SPIERS,
JENNY RUBIN, DANIEL MILLER, ABRAHAM
MENDELSON, STUART E. HERSH, RENAY
FRYM, NOAM ROZENMAN, ELENA
ROZENMAN, TZVI ROZENMAN, THE ESTATE
OF JAMES SILVIA, LYNNE MICHOL SPENCER,

Case No.: 10 Civ 4518 (BSJ) (MHD)

(Civil Action Nos. 01-2094 (RCL)
and 1-2684 (RCL) (D.D.C.))

REDACTED
ORIGINAL FILED UNDER SEAL

TERANCE J. VALORE, JUANITA R. GOLDFARB, MARY V. HERNANDEZ, ROBERT MUFFLER, JR., JUTTA YARBER, RONALD L. TISHMACK, CELIA WALKER, DOROTHY C. WINT, PEDRO ALVARADO, JR., ANDRES ALVARADO TULL, ANGEL ALVARADO, GERALDO ALVARADO, GRISSELLE ALVARADO, LUIS ALVARADO, LUISA ALVARADO, MARIA ALVARADO, MARTA ALVARADO, MINERVA ALVARADO, YOLANDA ALVARADO, ZORAIDA ALVARADO, DENNIS JACK ANDERSON, FLOYD CARPENTER, MICHAEL HARRIS, BENNIE HARRIS, ROSE HARRIS, DONALD P. PONTILLO, DEBORAH TRUE, DOUGLAS PONTILLO, LEONORA PONTILLO, JOHN E. SELBE, ELOISE F. SELBE, BELINDA SKARKA, DON SELBE, JAMES SELBE, WILLY G. THOMPSON, ALLISON THOMPSON, IFALINE THOMPSON, CHERYL BASS, JOHNNY THOMPSON, WANDA FORD, ORLANDO MICHAEL VALORE, SR., ORLANDO M. VALORE, JR., JANICE VALORE, MARCY LYNN PARSON, FLOYD MARTIN CARPENTER, TIMOTHY BROOKS, EDWARD J. BROOKS, PATRICIA A. BROOKS, CARLOS ACOSTA, MARIA ACOSTA, TOVA ETTINGER, IRVING FRANKLIN, ESTATE OF IRMA FRANKLIN, BARUCH KAHANE, LIBBY KAHANE, ESTATE OF MEIR KAHANE, ETHEL J. GRIFFIN, ESTATE OF BINYAMIN KAHANE, NORMAN KAHANE, SONIA KAHANE, CIPORAH KAPLAN, ALAN C. ANDERSON MICHAEL ANDERSON, THELMA ANDERSON, STEPHEN BOYD BLAND, ESTATE OF FRANK BLAND, RUTH ANN BLAND, JAMES BLAND, ESTATE OF LAURA VIRGINIA COPELAND, SIDNEY DECKER, IDA DECKER, DUDLEY DECKER, JOHNNIE DECKER, CAROLYN MUDD, RONALD DUPLANTY, ESTATE OF SEAN F. ESTER, KEITH ESTLER, LOUIS ESTLER, JR., MARY ELLEN ESTLER, ESTATE OF BENJAMIN E. FULLER, ELAINE ALLEN, ERNEST C. FULLER, JOHN GIBSON, HOLLY GIBSON, MAURICE GIBSON, ESTATE OF MICHAEL HASTINGS, JOYCE HASTINGS, ESTATE OF PAUL HEIN, CHRISTOPHER HEIN, JO ANN HEIN, KAREN HEIN-SULLIVAN, VICTOR J. HEIN, JACQUELINE M. KUNYSZ, ESTATE OF JOHN HENDRICKSON, JOHN HENDRICKSON, TYSON HENDRICKSON, DEBORAH RYAN, ESTATE OF BRUCE HOLLINGSHEAD, MELINDA HOLLINGSHEAD, RENARD MANLEY, ESTATE OF MICHAEL ROBERT MASSMAN, NICOLE GOMEZ,

2

DWT 17719747v1 0067486-000011

ANGELA MASSMAN, KRISTOPHER MASSMAN, LYDIA MASSMAN, PATRICIA LOU SMITH, ESTATE OF LOUIS MELENDEZ, ZAIDA MELENDEZ, DOUGLAS JASON MELENDEZ, JOHNNY MELENDEZ, JOHNNY MELENDEZ, JR., ESTATE OF MICHAEL MERCER, SARAH MERCER, SAMUEL PALMER, ROBIN NICELY, ESTATE OF JUAN C. RODRIGUEZ, LOUISA PUNONET, ROBERT RUCKER, ESTATE OF BILLY SAN PEDRO, CESAR SAN PEDRO, SILA V. SAN PEDRO, GUILLERMO SAN PEDRO, JAVIER SAN PEDRO, THURNELL SHIELDS, EMANUEL SIMMONS, ESTATE OF JAMES SURCH, PATTY BARNETT, WILL SURCH, BRADLEY ULICK, JEANETTE DOUGHERTY, MARILYN PETERSON, ESTATE OF ERIC WALKER, TENA WALKER-JONES, RONALD E. WALKER, RONALD WALKER, JR., GALEN WEBER, ESTATE OF OBRIAN WEEKES, ANSON EDMOND, ARNOLD EDMOND, HAZEL EDMOND, WENDY EDMOND, FAITH WEEKES, IANTHE WEEKES, KEITH WEEKES, META WEEKES, ESTATE OF DENNIS LLOYD WEST, KATHY WEST, ESTATE OF JOHN WEYL, KELLY BACHLOR, ROBIN BROCK, MORGAN W. ROWAN, SHARON J. ROWAN, NELSON WEYL, CATHERINE BONK, CATHERINE BONK HUNT, JOHN BONK SR., KEVIN BONK, THOMAS BONK, MARION DIGIOVANNI, SHERRY LYNN FIEDLER, ROBERT FLUEGEL, THOMAS A. FLUEGEL, MARILOU FLUEGEL, EVANS HAIRSTON, FELICIA HAIRSTON, JULIA BELL HAIRSTON, HENRY DURBAN HUKILL, MARK ANDREW HUKILL, MATTHEW SCOTT HUKILL, MELISSA HUKILL, MEREDITH ANN HUKILL, MITCHELL CHARLES HUKILL, MONTE HUKILL, VIRGINIA ELLEN HUKILL, STORM JONES, PENNI JOYCE, CARL KIRKWOOD, SR., JEFF KIRKWOOD, SHIRLEY KIRKWOOD, CARL A. KIRKWOOD, JR., PATRICIA KRONENBITTER, KRIS LAISE, BILL LAISE, BETTY LAISE, JAMES MACGROGLOU, LORRAINE MACROGLOU, BILL MACROGLOU, KATHY MCDONALD, EDWARD W. MCDONOUGH, SEAN MCDONOUGH, EDWARD J. MCDONOUGH, ROSE ROTONDO (ESTATE), LUIS ROTONDO (ESTATE), PHYLLIS SANTOSERRA (ESTATE), DEBORAH RHOSTO, ROBERT SIMPSON, RENEE EILEEN SIMPSON, LARRY SIMPSON, SR., ANNA MARIE SIMPSON, SALLY JO WIRICK, JOSEPH A. BARILE, ANGELA E. BARILE, MICHAEL BARILE, ANDREA CIARLA, ANN MARIE

3

| |
|---|
| MOORE, ANGELA YOAK, JOHN BECKER, THE ESTATE OF ANTHONY BROWN, VARA BROWN, JOHN BROWN, SULBA BROWN, ROWEL BROWN, MARVINE MCBRIDE, LAJUANA SMITH, RODNEY E. BURNS, JEANNIE SCAGGS, EUGENE BURNS, DAVID BURNS, DANIEL CUDDEBACK, JR., JOHN R. CUDDEBACK, DANIEL CUDDEBACK, SR., BARBARA CUDDEBACK, ROBERT DEAN, MICHAEL EPISCOPO, RANDY GADDO, PETER GADDO, TIMOTHY GADDO, LOUISE GADDO BLATTER, THE ESTATE OF WILLIAM R. GAINES, JR., MICHAEL A. GAINES, CAROLYN SPEARS, MARK SPEARS, JAMES S. SPEARS, WILLIAM R. GAINES, SR., EVELYN SUE SPEARS ELLIOT, CAROL WEAVER, THE ESTATE OF VIRGEL HAMILTON, GLORIA HAMILTON, BRUCE HASTINGS, MAYNARD HODGES, KATHY HODGES, MARY JEAN HODGES, LORETTA BROWN, CINDY HOLMES, SHANA SAUL, DANIEL JOY, SEAN KIRKPATRICK, DANIEL KREMER, JOSEPH T. KREMER, JACQUELINE STAHRR, THE ESTATE OF CHRISTINE KREMER, THE ESTATE OF THOMAS KREMER, THE ESTATE OF DAVID A. LEWIS, BETTY LEWIS, JERRY L. LEWIS, SCOTT M. LEWIS, PAUL MARTINEZ, SR., TERESA GUNTERH, ESTHER MARTINEZ PARKS, ALPHONSO MARTINEZ, DANIEL MARTINEZ, MICHAEL MARTINEZ, PAUL MARTINEZ, JR., TOMASITA L. MARTINEZ, SUSANNE YEOMAN, JOHN OPATOVSKY, THE ESTATE OF JEFFREY BRUCE OWEN, STEVEN G. OWEN, JEAN GIVENS OWEN, THE ESTATE OF MICHAEL LEE PAGE, ALBERT PAGE, JANET PAGE, JOYCE CLIFFORD, DAVID PENOSKY, JOSEPH PENOSKY, CHRISTIAN R. RAUCH, LEONARD PAUL TICE, THE ESTATE OF BURTON WHERLAND, SARAH WHERLAND, GREGORY WHERLAND, KIMMY WHERLAND, CHARLES F. WEST, CHARLES H. WEST, RICK WEST, SHARON DAVIS, STEVEN M. GREENBAUM, ESTATE OF JUDITH GREENBAUM, ALAN HAYMAN, SHIRLEE HAYMAN, ESTATE OF MICHAEL HEISER, GARY HEISER, FRANCIS HEISER, ESTATE OF LELAND TIMOTHY HAUN, IBIS S. HAUN, MILAGRITOS PEREZ-DALIS, SENATOR HAUN, ESTATE OF JUSTIN R. WOOD, RICHARD W. WOOD, KATHLEEN M. WOOD, SHAWN M. WOOD, ESTATE OF EARL F. CARTRETTE, JR., DENISE M. EICHSTAEDT, ANTHONY W. CARTRETTE, LEWIS W. CARTRETTE, ESTATE OF BRIAN MCVEIGH, SANDRA M. WETMORE, JAMES V. WETMORE, ESTATE OF MILLARD |

D. CAMPBELL, MARIE R. CAMPBELL, BESSIE     :
A. CAMPBELL, ESTATE OF KEVIN J.
JOHNSON, SHYRL L. JOHNSON, CHE G.          :
COLSON, KEVIN JOHNSON, A MINOR,
NICHOLAS A. JOHNSON, A MINOR, LAURA E.     :
JOHNSON, BRUCE JOHNSON, ESTATE OF
JOSEPH E. RIMKUS, BRIDGET BROOKS,          :
JAMES R. RIMKUS, ANNE M. RIMKUS,
ESTATE OF BRENT E. MARTHALER, KATIE L.     :
MARTHALER, SHARON MARTHALER,
HERMAN C. MARTHALER, III, MATTHEW          :
MARTHALER, KIRK MARTHALER, ESTATE
OF THANH VAN NGUYEN, CHRISTOPHER R.        :
NGUYEN, ESTATE OF JOSHUA E. WOODY,
DAWN WOODY, BERNADINE R. BEEKMAN,          :
GEORGE M. BEEKMAN, TRACY M. SMITH,
JONICA L. WOODY, TIMOTHY WOODY,            :
ESTATE OF PETER J. MORGERA, ESTATE OF
KENDALL KITSON, JR., NANCY KITSON,         :
KENDALL K. KITSON, STEVE K. KITSON,
NANCY A. KITSON, ESTATE OF                 :
CHRISTOPHER ADAMS; CATHERINE ADAMS;        :
JOHN E. ADAMS, PATRICK D. ADAMS,           :
MICHAEL T. ADAMS, DANIEL ADAMS, MARY       :
YOUNG, ELIZABETH WOLF, WILLIAM
ADAMS, ESTATE OF CHRISTOPHER LESTER,       :
CECIL H. LESTER, JUDY LESTER, CECIL H.
LESTER, JR., JESSICA F. LESTER, ESTATE OF  :
JEREMY TAYLOR, LAWRENCE TAYLOR,
VICKI L. TAYLOR, STARLINA D. TAYLOR,       :
ESTATE OF PATRICK FENNIG, CATHERINE
FENNIG, PAUL D. FENNIG, MARK FENNIG,       :
JUDITH ABASI MWILA, DONTE AKILI
MWAIPAPE, DONTI AKILI MWAIPAPE,            :
VICTORIA DONTI MWAIPAPE, ELISHA DONTI      :
MWAIPAPE, JOSEPH DONTI MWAIPAPE,
DEBORA DONTI MWAIPAPE, NKO DONTI           :
MWAIPAPE, MONICA AKILI, AKILI
MUSUPAPE, VALENTINE MATHEW                 :
KATUNDA, ABELLA VALENTINE KATUNDA,         :
VENANT VALENTINE MATHEW KATUNDA,           :
DESIDERY VALENTINE MATHEW KATUNDA,         :
VEIDIANA VALENTINE KATUNDA, DIANA          :
VALENTINE KATUNDA, EDWINE VALENTINE        :
MATHEW KATUNDA, ANGELINA MATHEW            :
FELIX, EDWARD MATHEW RUTAHESHELWA,         :
ELIZABETH MATHEW RUTAHESHELWA,
ANGELINA MATHEW RUTAHESHELWA,              :
HAPPINESS MATHEW RUTAHESHELWA, ERIC        :
MATHEW RUTAHESHELWA, ENOC MATHEW           :
RUTAHESHELWA, ANGELINA MATHEW-
FERIX, MATHEW FERIX, SAMUEL THOMAS
MARCUS, CECILIA SAMUEL MARCUS,             :
CORONELLA SAMUEL MARCUS, HANUNI            :
RAMADHANI NDANGE, ESTATE OF YUSUF          :

5

| |
|---|
| SHAMTE NDANGE, ESTATE OF ABDU YUSUPH SHAMTE NDANGE, ESTATE OF JUMA YUSUPH SHAMTE NDANGE, ESTATE OF MWAJABU YUSUPH SHAMTE NDANGE, ALLI KINDAMBA NG'OMBE, MOHAMED ALLI NG'OMBE, KINDAMBA ALLI NG'OMBE, SHABANI SAIDI MTULYA, ESTATE OF MTENDEJE RAJABU, ESTATE OF ABDUL SHABANI MTUYLA, ESTATE OF SAIDI SHABANI MTUYLA, ADABETH SAID NANG'OKO, ESTATE OF ROGATH SAIDI SAIDI, ESTATE OF VERONICA ALOIS SAIDI, ESTATE OF JOHN ROGATH SAIDI, ESTATE OF DANIEL ROGATH SAIDI, ESTATE OF SELINA ROGATH SAIDI, ESTATE OF IDIFONCE ROGATH SAIDI, ESTATE OF AISHA MAWAZO, KULWA RAMADHANI, ESTATE OF DOTIO RMADHANI, ESTATE OF KASSIM RAMADHANI, ESTATE OF RENEMA RAMADHANI, ESTATE OF UPEMDO RAMADHANI, ESTATE OF MAJALIWA RAMADHANI, ESTATE OF WENGO RAMADHANI, JEREMY LEVIN, DR. LUCILLE LEVIN, DEBORAH RUBIN, |
| Third-Party Respondents. |

## THIRD-PARTY PETITION ALLEGING
## CLAIMS IN THE NATURE OF INTERPLEADER

Citibank, N.A. ("Citibank"), by its attorneys Davis Wright Tremaine LLP, as its Third-Party Petition Alleging Claims in the Nature of Interpleader, alleges as follows:

### Nature of the Proceedings

1. Citibank brings this Third-Party Petition Alleging Claims in the Nature of Interpleader ("Interpleader Proceeding") pursuant to Section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), Section 134 of the New York Banking Law and CPLR § 1006, and in accordance with the Court's June 27, 2011 Order ("June 27 Order"), because it is aware that there are claimants who may be adverse to the claim of plaintiffs Deborah D. Peterson *et al.* ("Plaintiffs" or "Peterson Judgment Creditors"), to the assets at issue in the

6

underlying turnover action commenced by Plaintiffs ("the Turnover Proceeding"), as more fully described herein. Such claimants are denominated herein as Third-Party Respondents. In accordance with the June 27 Order, Citibank seeks to give notice to such third parties so that they may have an opportunity to participate and be heard on their claims, if any, and to avoid the risk of inconsistent judgments and double or multiple liabilities.

### The Judgment Against The Judgment Debtors Subject to Enforcement

2.  Upon information and belief, Plaintiffs are seeking to enforce a judgment based on a default in the amount of $2,656,944,877.00 (the "Judgment") against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security (together, the "Judgment Debtors"). Judgment was initially entered against the Judgment Debtors by default based on allegations of terrorism in an action brought in the United States District Court for the District of Columbia entitled *Deborah D. Peterson et al. v. Islamic Republic of Iran, et al.*, Civil Action Nos. 01-2094 and 01-2684 (RCL). The Judgment of that Court was registered in the United States District Court for the Southern District of New York on March 24, 2008.

3.  Many other persons have brought lawsuits against Iran based on its participation in or responsibility for alleged acts of terrorism, and some such persons have recovered judgments or obtained liens against Iran. Some of these judgment creditors and plaintiffs in such other actions have purported to assert claims to, or rights with respect to, assets that belong to Iran or may be used to satisfy these judgments and claims against Iran, including the same assets that the Peterson Judgment Creditors are now seeking to execute against, *i.e.*, certain debt securities (bonds) and related cash held by Citibank in a custodial or "Omnibus Account" for its customer Clearstream, in which

Plaintiffs allege that Iran holds an interest, and which have been restrained by Citibank pursuant to the restraining notices and executions described below ("Restrained Assets").

4.      The Third-Party Respondents may contend that the Peterson Judgment Creditors' actions do not suffice to give them priority with respect to the Restrained Assets, and that based on all of the facts and circumstances of this case, one or more of the Third-Party Respondents has a claim to the Restrained Assets that takes priority over the Peterson Judgment Creditors' claims.

5.      Citibank has been served with various documents by the Third-Party Respondents in which they purport to assert an interest in, claim to or right to, assets that may belong to Iran or any of its alleged agencies and instrumentalities, including but not limited to the Restrained Assets.

6.      Citibank is a neutral stakeholder and takes no position on the entitlement of Plaintiffs to execute on the Judgment or the defenses that any of the Third-Party Respondents have or may have against such execution.

## Factual Background

7.      Upon information and belief, in response to a subpoena served by the Peterson Judgment Creditors REDACTED

8.      The identities of Clearstream's individual account holders or customers are not revealed to Citibank, nor is that information on Citibank's books and records.

8

DWT 17719747v1 0067486-000011

9. As more fully set forth herein, Citibank and/or Clearstream have been served by the Third-Party Respondents with various restraining notices, writs of execution, or similar process or notice of alleged claims to, or an alleged interest in, assets that may belong to Iran.

**The Attempted Execution and Turnover Proceeding**

10. On or about June 13, 2008, Plaintiffs served a writ of execution on Citibank in New York in an effort to satisfy the Judgment with respect to the Restrained Assets. Plaintiffs thereafter served Citibank with a Restraining Notice on or about June 16, 2008.

11. Plaintiffs served Clearstream with a Restraining Notice on or about June 16, 2008, an Amended Restraining Notice on or about June 23, 2008, and a Writ of Execution on or about October 27, 2008, all covering the same assets.

12. Pursuant to a sealed hearing on the restraints held before the Honorable John G. Koeltl on June 27, 2008, and Orders of this Court dated June 27, 2008, June 23, 2009 and July 13, 2009 (the "Restraints"). The Restrained Assets remained restrained by Citibank.

13. On or about June 8, 2010, Plaintiffs commenced the Turnover Proceeding seeking an order directing Citibank and/or Clearstream to turn over the Restrained Assets to the Plaintiffs in satisfaction of their Judgment, and on or about October 20, 2010, Plaintiffs filed an amended complaint ("Amended Complaint") naming the Islamic Republic of Iran, REDACTED , Citibank, and Clearstream as defendants (collectively with Plaintiffs, the "Parties").

9

14. On information and belief, Clearstream is a Luxembourg corporation, that is both a bank and international securities settlement system, with its principal place of business in Luxembourg.

15. REDACTED

16. REDACTED

17. On information and belief, Plaintiffs served Iran with a copy of the complaint and Amended Complaint in the Turnover Proceeding in accordance with 28 U.S.C. § 1608(a).

18. On or about September 4, 2008, Clearstream filed a motion to vacate the Restraints on the Restrained Assets. That motion has been fully briefed and is pending before the Court.

19. Citibank and Clearstream's responses to the complaint and Amended Complaint in the Turnover Proceeding have been stayed by an order of this Court on October 14, 2010, pending resolution of Clearstream's motion to vacate the Restraints.

20. REDACTED filed separate motions to dismiss the Amended Complaint as against them on or about May 11, 2011. Briefing on those motions has been stayed pursuant to the Court's June 27 Order.

### The Court's June 27, 2011 Order

21.     On June 27 the Court entered an order consolidating the Plaintiffs' underlying enforcement action and the Turnover Proceeding (the "Consolidated Action"), in light of the common questions of law and fact in the two actions. Paragraph 4 of the June 27 Order also authorized Citibank to serve Third-Party Interpleader Complaints and/or Petitions on counsel for Third-Party Respondents.

22.     The June 27 Order provides that any Third-Party Respondent that responds to this Third-Party Petition, and makes an appearance in the Consolidated Action, shall have the opportunity to join in or supplement the substantive motions that have been filed in the Consolidated Action.

### Jurisdiction and Venue

23.     This Court has subject matter jurisdiction over this Interpleader Proceeding pursuant to 28 U.S.C. § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 *et seq*. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because the matters at issue in this Interpleader Proceeding are so related to the Turnover Proceeding, which is within the original jurisdiction of this Court, that they form part of the same case or controversy.

24.     Upon information and belief, venue of this Interpleader Proceeding is properly set in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b) because the Turnover Proceeding seeks to enforce a judgment that has been filed in this judicial district and the Restrained Assets that are the subject of this Interpleader Proceeding are located in this district. Upon information and belief, venue is also proper in this county

and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Turnover Proceeding seeks to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

### The Parties to the Interpleader Petition

**A.   The Third-Party Petitioner**

25.   Defendant and Third-Party Petitioner Citibank is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

**B.   The Plaintiffs and Third-Party Respondents**

26.   Upon information and belief, Plaintiffs are the parties described in paragraph 2 herein.

27.   Upon information and belief, Third-Party Respondents Steven M. Greenbaum (sued individually and as administrator of the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (the "Greenbaum Judgment Creditors") were plaintiffs in an action entitled *Greenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-2148 (RCL) (D.D.C.), who were awarded damages totaling $19,879,023 based on a judgment entered by default against Iran and other defendants. The Greenbaum Judgment Creditors served restraining notices and writs of execution upon Citibank on or about December 11 and 18, 2008 and April 15, 2010 with respect to Iran or its agencies or instrumentalities ("Iranian Entities"). On or about August 4, 2010, they moved to intervene in the Miscellaneous Action. That motion is *sub judice*.

28.   Upon information and belief, Third-Party Respondents Carlos Acosta, Maria Acosta, Irving Franklin, the Estate of Irma Franklin, Libby Kahane, the Estate of

Sonia Kahane, Norman Kahane, Cipporah Kaplan, Tova Ettinger, Baruch Kahane and Ethel J. Griffin (sued as administrator of the estate of Binyamin Kahane) (the "Acosta Judgment Creditors") were plaintiffs in an action entitled *Acosta, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-745 (RCL) (D.D.C.), who were awarded damages totaling $350,172,000 based on a judgment entered by default against Iran and other defendants. The Acosta Judgment Creditors served writs of execution with respect to Iranian Entities upon Citibank on or about December 21, 2009 and April 15, 2010 respectively. On or about August 4, 2010 they moved to intervene in the Miscellaneous Action. That motion is *sub judice*.

29. Upon information and belief, Third-Party Respondents Jenny Rubin, Deborah Rubin, Daniel Miller, Abraham Mendelson, Stuart E. Hersh, Renay Frym, Noam Rozenman, Elena Rozenman and Tzvi Rosenman (the "Rubin Judgment Creditors") were plaintiffs in an action entitled *Rubin et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 01-1655 (RCL) (D.D.C.), who were awarded damages totaling approximately $71.5 million based on a judgment entered by default against Iran and other defendants. The Rubin Judgment Creditors delivered a writ of execution to the U.S. Marshall for service upon Citibank with respect to Iranian Entities on or about October 10, 2008.

30. Upon information and belief, Third-Party Respondents the Estate of Michael Heiser (the "Heiser Judgment Creditors") were plaintiffs in an action entitled *Estate of Heiser v. Islamic Republic of Iran, et al.*, Civil Action Nos. 00-02329 and 01-02104 (RCL) (D.D.C.), who were awarded damages totaling $254,431,903 based on a judgment entered by default against Iran and other defendants. The Heiser Judgment Creditors served a writ of garnishment (in Maryland) and writs of execution upon

13

Citibank with respect to the Iranian Entities on or about September 1, 2010, January 3, 2011 and January 26, 2011, respectively. On or about April 13, 2010 they moved to intervene in the Miscellaneous Action. That motion is *sub judice*. Upon information and belief, on or about March 8, 2011, the Heiser Judgment Creditors commenced a turnover action against Clearstream with respect to the Restrained Assets, which turnover action is duplicative of Plaintiffs' Turnover Proceeding.

31.     Upon information and belief, Third-Party Respondents Mr. Jeremy Levin and Dr. Lucille Levin (the "Levin Judgment Creditors") were plaintiffs in an action entitled *Levin v. Islamic Republic of Iran*, Civil Action No. 05- 02494 (GK) (D.D.C.), who were awarded damages totaling $28,807,719 based on a judgment entered by defendant against Iran and other defendants in that action on February 6, 2008. The Levin Judgment Creditors delivered a writ of execution to the U.S. Marshall for service upon Citibank with respect to the Iranian Entities on or about June 19, 2009.

32.     Upon information and belief, Third-Party Respondents Terance Valore (the "Valore Plaintiffs") are plaintiffs in an action entitled *Valore et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 03-1959 (RCL) (D.D.C.) in which a default judgment has been entered against Iran and other defendants. The Valore Plaintiffs served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about November 5, 2009.

33.     Upon information and belief, Third-Party Respondents Catherine Bonk (the "Bonk Plaintiffs") are plaintiffs in an action entitled *Bonk et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-1273 (RCL) (D.D.C.) that seeks a judgment against Iran and other defendants. The Bonk Plaintiffs served a notice pursuant to 28 U.S.C. §

14

1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about November 5, 2009.

34. Upon information and belief, Third-Party Respondents Estate of James Silvia, and by and through its Administrator, Lynne Michol Spencer and Lynne Michol Spencer, Individually (the "Silvia Plaintiffs") are plaintiffs in an action entitled *Re Estate of James Silvia, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-750 (RCL) (D.D.C.) that seeks a judgment against Iran and other defendants. The Silvia Plaintiffs served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about March 3, 2010.

35. Upon information and belief, Third-Party Respondents Estate of Anthony K. Brown (the "Brown Plaintiffs") are plaintiffs in an action entitled *Re Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-531 (RCL) (D.D.C.) that seeks a judgment against Iran and other defendants. The Brown Plaintiffs served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about March 3, 2010.

36. Upon information and belief, Third-Party Respondents Estate of Stephen B. Bland, by and through its Administrator Ruth Ann Bland, et al. (the "Bland Plaintiffs") are plaintiffs in an action entitled *Re Estate of Stephen B. Bland v. Islamic Republic of Iran, et al.*, Civil Action No. 05-02124 (RCL) (D.D.C.) that seeks a judgment against Iran and other defendants. The Bland Plaintiffs served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about March 3, 2010.

37. Upon information and belief, Third-Party Respondents Estate of Judith Abasi Mwila, *et al.* (the "Mwila Plaintiffs") are plaintiffs in an action entitled *Judith Abasi Mwila, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-01377 (JDB) (D.D.C.) that seeks a judgment against Iran and other defendants. The Mwila Plaintiffs served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about March 14, 2011.

38. Upon information and belief, Third-Party Respondents James and Gary Robert Owens (the "Owens Plaintiffs") are plaintiffs in an action entitled *James Owens, et al. v. Republic of Sudan, et al.*, Civil Action No. 01-02244 (JDB) (D.D.C.) that seeks a judgment against Iran and other defendants. The Owens Plaintiffs have served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about March 14, 2011.

39. Upon information and belief, Third-Party Respondents Rizwan Khaliq and Jenny Christiana Lovblom (the "Khaliq Plaintiffs") are plaintiffs in an action entitled *Rizwan Khaliq, et. al. v. Republic of Sudan, et al.*, Civil Action No. 08-01273 (JDB) (D.D.C.) that seeks a judgment against Iran and other defendants. The Khaliq Plaintiffs have served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank with respect to assets belonging to Iranian Entities on or about March 14, 2011.

## For the Claims of Citibank in the Nature of Interpleader

### First Claim for Relief

40. Defendant and Third-Party Petitioner repeats and realleges each and every allegation set forth in paragraphs 1 through 39 of this Third-Party Petition to the same extent as if those allegations were set forth here in full.

41. CPLR § 5239 provides that "[p]rior to the application of property or debt ... to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

42. The Third-Party Petitioner is entitled to an order determining the rights, if any, of the Peterson Judgment Creditors and the Third-Party Respondents in and to the Restrained Assets.

### Second Claim for Relief

43. Defendant and Third-Party Petitioner repeats and realleges each and every allegation set forth in paragraphs 1 through 39 of this third-party complaint to the same extent as if those allegations were set forth here in full.

44. The Peterson Judgment Creditors are asserting that their claim to be entitled to execute on the Restrained Assets to satisfy the Judgment takes precedence over any claims thereto by any other person who has a judgment against Iran or an action pending against Iran. Upon information and belief, the Third-Party Respondents have also asserted claims to the Restrained Assets that may take priority over Plaintiffs' claims to those assets.

17

45. Third-Party Petitioner is thereby exposed to the risk of multiple and inconsistent liability with respect to the Restrained Assets.

46. Third-Party Petitioner is entitled to interplead all other judgment creditors of Iran or persons pursuing lawsuits against Iran who have asserted claims to the Restrained Assets or other assets in which Iran has or may have an interest, and obtain a determination by the Court, pursuant to Banking Law § 134, Rule 22 of the FRCP and 2361 and CPLR § 1006, of the rights of all interested parties with respect thereto.

### Third Claim for Relief

47. Defendant and Third-Party Petitioner repeats and realleges each and every allegation set forth in paragraphs 1 through 39 of this Third-Party Petition to the same extent as if those allegations were set forth here in full.

48. By reason of the foregoing, Third-Party Petitioner is entitled to a declaratory judgment determining its rights and the rights of the Third-Party Respondents, the Peterson Judgment Creditors and others with respect to the Restrained Assets.

WHEREFORE, Defendant and Third-Party Petitioner Citibank respectfully requests that the Court enter judgment determining:

(1) its rights and the rights of each of the Third Party Respondents and other interested parties in the Restrained Assets;

(2) that the service made by Third-Party Petitioner of this Third-Party Petition, the third-party summonses and other relevant documents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(3)     that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Third-Party Respondents and/or the Restrained Assets sufficient to determine the Parties' and other interested parties' rights with respect to such assets;

(4)     whether and to what extent each of the Restrained Assets is subject to execution or turnover, if any, to satisfy the Judgment or any other judgment in favor of the Third-Party Respondents against Iran;

(5)     that any funds that are subject to a turnover order are subject to turnover and execution under the FSIA and/or TRIA to satisfy a judgment against the Judgment Debtors;

(6)     that, in respect of each judgment entered against each Judgment Debtor by default, (i) a copy of such default judgment was sent to each Judgment Debtor in a manner provided for service by 28 U.S.C. §§ 1608(a) and (e), (ii) the Plaintiffs served each Judgment Debtor in accordance with 28 U.S.C. §§ 1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the Judgment Debtors under 28 U.S.C. §§ 1608(e);

(7)     discharging Defendant and Third-Party Petitioner from any and all liability to the Third-Party Respondents, and to any other persons who may have claims to, or an interest in, any Restrained Assets that are turned over to the Peterson Judgment Creditors or any of the Third-Party Respondents to satisfy the Judgment or any other judgment against Iran, including but not limited to any and all parties in the Consolidated Action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(8)     restraining and enjoining the Plaintiffs, Third-Party Respondents and any and all parties in the Consolidated Action, or any of their agents or instrumentalities, from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Restrained Assets;

(9)     awarding to Third-Party Petitioner its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(10)    awarding to Third-Party Petitioner such other and further relief as may be just and proper.

Dated: New York, New York
       July 28, 2011

DAVIS WRIGHT TREMAINE LLP

By: *Sharon Schneier* (signature)

Sharon L. Schneier, Esq.
Christopher Robinson, Esq.

1633 Broadway
New York, New York 10019
(212) 489-8230

*Attorneys for Defendant and Third-Party Petitioner Citibank, N.A.*