UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH D. PETERSON, Personal
Representative of the Estate of James C.
Knipple (Dec.), et al.,

               Plaintiffs,

    -v-

ISLAMIC REPUBLIC OF IRAN, et al.,

               Defendants.

Civ. No. 10 Civ 4518 (BSJ) (MHD)

CITIBANK, N.A.

               Third-Party Petitioner,

    -v-

JEREMY LEVIN AND DR. LUCILLE
LEVIN.

               Third-Party Respondents.

**ANSWER BY THIRD PARTY-RESPONDENTS, JEREMY LEVIN AND DR.
LUCILLE LEVIN' TO THIRD-PARTY PETITION OF CITIBANK, N.A.
ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER, AND THIRD
PARTY RESPONDENTS COUNTERCLAIMS AND CROSSCLAIMS**

      Third Party Respondents, Jeremy Levin and Dr. Lucille Levin (the "Levins"),

hereby answer the Third Party Petition Alleging Claims In The Nature Of Interpleader

(the "Petition") of Third Party Petitioner Citibank, N.A. ("Citibank"), alleged to be

brought pursuant to Fed. R.Civ.P. 22, CPLR §§ 5239, 1006, Section 134 of the New York

Banking Law, and in accordance with the Court's June 27, 2011 Order ("June 27 Order").

The Levins respond to each of the numbered paragraphs of the Petition as follows:

<u>**Nature of the Proceedings**</u>

1.      Answering the allegations of paragraph 1, the Levins admit that they may

have claims in this matter and that the court issued an order on June 27 in this matter but

deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 1 of the Petition and on that basis the Levins deny each and every

allegation in paragraph 1.

<u>**The Judgment Against The Judgment Debtors Subject to Enforcement**</u>

2.      Answering the allegations of paragraph 2, the Levins deny knowledge or

information sufficient to form a belief as to the truth of the allegations contained in

paragraph 2 of the Petition and on that basis the Levins deny each and every allegation in

paragraph 2.

3.      Answering the allegations of paragraph 3, the Levins admit that on

February 6, 2008, the United States District Court for the District of Columbia entered

judgment in the amount of $28,807,719.00 against the Islamic Republic of Iran, the

Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary

Guard Corp (together, the "Judgment Debtors" or "Iranian Judgment Debtors") in favor

of the Levins in an action brought under 28 U.S.C. § 1605(a)(7). *Levin v. Islamic*

*Republic of Iran*, 529 F. Supp. 2d 1, 5-13 (D.D.C. 2007). The Levins' judgment is

entirely compensatory. Pursuant to 28 U.S.C. §1961, the Levins are entitled to post

judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment, compounded annually. *See* Order of the Honorable Robert P. Patterson, Jr., Dated August 15, 2011, *Levin v. Bank of New York*, No. 09-CV-5900(RPP) (S.D.N.Y. June 30, 2011).

The Levins gave notice of the entry of judgment to Iranian Judgment Debtors through court and diplomatic channels on October 14, 2008, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(e), see *Levin v. Bank of New York*, No. 09-CV-5900, 2011 WL 812032, at *2 (S.D.N.Y. Mar. 4, 2011) ("March 4, 2011 Order").

On April 20, 2009, the Levins registered their judgment in this Court, Docket Number M18-302. The Levins have identified property of the Judgment Debtors, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp and their agencies and instrumentalities ("the Property"), including but not limited to assets blocked ("Blocked Assets" or "Restrained Assets") by the Office of Foreign Asset Control ("OFAC") held in this District by Citibank, which assets include the assets identified by Citibank in its Interpleader Complaint. The Restrained Assets identified by Citibank are also claimed by the Levins and others in a case pending before the Honorable Robert P. Patterson, Jr., if such assets are assets blocked by OFAC due to a nexus with Iran.

After entry of judgment against Judgment Debtors and the giving of notice to the Judgment Debtors under 28 U.S.C. § 1608(e) a reasonable time passed before writs of

execution were served on the U.S. Marshal and further the Levins obtained court ordered writs which have been delivered to the U.S. Marshal, under 28 U.S.C. 1610(c).  *See* Order of the Honorable Robert P. Patterson, Jr., Dated August 15, 2011, *Levin v. Bank of New York*, No. 09-CV-5900 (RPP) (S.D.N.Y. June 30, 2011).  The Levins have given the Judgment Debtors and Citibank notice of their judgment and their efforts to satisfy their judgment from all Blocked Assets located in New York including all those held by Citibank.  The Levins' judgment was partially satisfied from Blocked Assets paid over to the Levins by Citibank and other New York banks in the case of *Levin v. Bank of New York*, No. 09-CV-5900 (RPP) (S.D.N.Y. June 30, 2011).  But the balance of the judgment remains unsatisfied.  The Levins obtained writs of execution and delivered those to the U.S. Marshal on June 19, 2009, and obtained an order directing the clerk to issue writs of execution from the Honorable Robert P. Patterson, Jr. on August 15, 2011.  The Levins delivered their court ordered writs of execution to the U.S. Marshal on August 25, 2011.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the remaining  allegations contained in paragraph 3 of the Petition and on that basis deny each and every allegation.

   4.  Answering the allegations of paragraph 4, the Levins admit that they have a claim which may take priority over any other claimant in this action or that they may be entitled to payment from the assets which are part of this Interpleader Action.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the remaining  allegations contained in paragraph 4 of the Petition and on that basis deny each and every allegation.

5.      Answering the allegations of paragraph 5, the Levins admit that they have served Citibank with documents asserting their right to collect on all assets held by Citibank which have been blocked by OFAC and that the Levins are judgment creditors of the Iranian Judgment Debtors and their agencies and instrumentalities.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Petition and on that basis deny each and every allegation.

6.      Answering paragraph 6, the Levins deny that Citibank has acted as a neutral stakeholder in other similar cases involving Blocked Assets and the collection efforts of the Levins and other victims of state sponsored terrorism.  The Levins admit that Citibank has no right to claim or withhold the Restrained Assets or Blocked Assets. Other than as specifically admitted, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Petition and on that basis deny each and every allegation.

## Factual Background

7.      Answering paragraph 7, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Petition and on that basis deny each and every allegation.

8.      Answering paragraph 8, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Petition and on that basis deny each and every allegation.

9.      Answering the allegations of paragraph 9, the Levins admit that they have served Citibank with documents asserting their right to collect on all assets held by Citibank which have been blocked by OFAC and that the Levins are judgment creditors of the Iranian Judgment Debtors and their agencies and instrumentalities.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Petition and on that basis deny each and every allegation.

### The Attempted Execution and Turnover Proceeding

10.     Answering paragraph 10, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Petition and on that basis deny each and every allegation.

11.     Answering paragraph 11, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Petition and on that basis deny each and every allegation.

12.     Answering paragraph 12, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Petition and on that basis deny each and every allegation.

13.     Answering paragraph 13, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Petition and on that basis deny each and every allegation.

14.     Answering paragraph 14, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Petition and on that basis deny each and every allegation.

15.     Answering the allegations of paragraph 15, the Levins admit the allegations.

16.     Answering paragraph 16, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Petition and on that basis deny each and every allegation.

17.     Answering the allegations of paragraph 17, the  Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Petition and on that basis deny each and every allegation.

18.     Answering the allegations of paragraph 18, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Petition and on that basis deny each and every allegation.

19.     Answering the allegations of paragraph 19, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Petition and on that basis deny each and every allegation.

20.     Answering the allegations of paragraph 20, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Petition and on that basis deny each and every allegation.

## The Court's June 27, 2011 Order

21.     Answering the allegations of paragraph 21, the Levins admit that the Court has entered an Order dated June 27, 2011.  The terms of the order are set forth in that Order. Other than as specifically admitted, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Petition and on that basis specifically deny each and every allegation contained therein.

22.     Answering the allegations of paragraph 22, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Petition and on that basis deny each and every allegation.

## Jurisdiction and Venue

23.     Answering the allegations of paragraph 23, the Levins admit the allegations contained in paragraph 23 of the Petition.

24.     Paragraph 24 of the Third-Party Complaint states conclusions of law as to which no response is required.  Also, there are other actions pending in the Southern District of New York which involve the turnover of Blocked Assets and Restrained Assets  and venue may be more appropriately placed in one of those pending cases.  To the extent any allegation in paragraph 24 is not specifically admitted or denied, it is hereby denied.

**The Parties to the Interpleader Petition**

**A.**   **The Third-Party Petitioner**

25.   Answering the allegations of paragraph 25, the Levins admit that Citibank is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Petition and on that basis deny each and every allegation.

**B.**   **The Plaintiffs and Third-Party Respondents**

26.   Answering the allegations of paragraph 26, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Petition and on that basis deny each and every allegation.

27.   Answering the allegations of paragraph 27, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition and on that basis deny each and every allegation contained therein.

28.   Answering the allegations of paragraph 28, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Petition and on that basis deny each and every allegation.

29.      Answering the allegations of paragraph 29, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Petition and on that basis deny each and every allegation.

30.      Answering the allegations of paragraph 30, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Petition and on that basis deny each and every allegation.

31.      Answering the allegations of paragraph 31, the Levins admit the allegations contained in paragraph 31 and also admit that they delivered a writ of execution on the U.S. Marshal on June 19, 2009.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Petition and on that basis deny each and every allegation.

32.      Answering the allegations of paragraph 32, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Petition and on that basis deny each and every allegation.

33.      Answering the allegations of paragraph 33, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Petition and on that basis deny each and every allegation.

34.      Answering the allegations of paragraph 34, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Petition and on that basis deny each and every allegation.

35.     Answering the allegations of paragraph 35, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Petition and on that basis deny each and every allegation.

36.     Answering the allegations of paragraph 36, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Petition and on that basis deny each and every allegation.

37.     Answering the allegations of paragraph 37, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Petition and on that basis deny each and every allegation.

38.     Answering the allegations of paragraph 38, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Petition and on that basis deny each and every allegation.

39.     Answering the allegations of paragraph 39, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Petition and on that basis deny each and every allegation.

### For the Claims of Citibank in the Nature of Interpleader

### First Claim for Relief

40.     The Levins repeat and reallege each and every response contained in Paragraph 1 through 39 as if fully set forth herein and other than as specifically admitted therein, the Levins deny each and every allegation set forth in Paragraph 40.

41.     Paragraph 41 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent any allegation in paragraph 41 is not specifically admitted or denied, it is hereby denied.

42.     Paragraph 42 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent any allegation in paragraph 42 is not specifically admitted or denied, it is hereby denied.

## Second Claim for Relief

43.     The Levins repeat and reallege each and every response contained in Paragraph 1 through 39 as if fully set forth herein and other than as specifically admitted therein, the Levins deny each and every allegation set forth in Paragraph 43.

44.     Paragraph 44 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent that Paragraph 44 makes factual allegations, the Levins admit that they have made a claim against the assets involved herein and that they may have a priority right to the Restrained Assets.  The Levins also admit that the Restrained Assets to the extent they are OFAC Blocked Assets or assets in which the Iranian Judgment Debtors or their agencies or instrumentalities have a nexus or interest of any kind, are part of the proceeding pending before the Honorable Robert P. Patterson, Jr. and rights to the assets may be governed by the orders and judgment entered in that Matter.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Petition and on that basis deny each and every allegation.

45.     Paragraph 45 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent any allegation in paragraph 45 is not specifically admitted or denied, it is hereby denied.

46.     Paragraph 46 of the Third-Party Complaint states conclusions of law as to which no response is required.  The Levins admit that the Restrained Assets to the extent they are OFAC Blocked Assets or assets in which the Iranian Judgment Debtors or their agencies or instrumentalities have a nexus or interest of any kind, are part of the proceeding pending before the Honorable Robert P. Patterson, Jr. and rights to the assets may be governed by the orders and judgment entered in that Matter.  The Levins also admit that Citibank has filed interpleader complaints against many of the third parties it names herein in the Levin case pending before the Honorable Robert P. Patterson, Jr.  To the extent any allegation in paragraph 46 is not specifically admitted or denied, it is hereby denied.

### Third Claim for Relief

47.     The Levins repeat and reallege each and every response contained in Paragraph 1 through 39 as if fully set forth herein and other than as specifically admitted therein, the Levins deny each and every allegation set forth in Paragraph 47.

48.     Paragraph 48 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent any allegation in paragraph 48 is not specifically admitted or denied, it is hereby denied.

Other than is specifically admitted in the numbered paragraphs herein, the unnumbered "wherefore" clauses of the Third-Party Complaint state conclusions of law as to which no response is required.  To the extent that the unnumbered "wherefore" clauses  make factual allegations, the Levins admit that they have made a claim against the assets involved herein and that they may have a priority right to the Restrained Assets.  The Levins also admit that the Restrained Assets to the extent they are OFAC Blocked Assets  or assets which in which Iranian Judgment Creditors have any nexus or interest whasoever, are part of the proceeding pending before the Honorable Robert P. Patterson, Jr. and rights to the assets may be governed by the orders and judgment entered in that Matter.  The Levins specifically deny that this Court should enjoin the parties in the Levin Matter already pending before the Honorable Robert P. Patterson, Jr. in anyway and deny that Citibank is entitled to any relief whatsoever, unless and until it has satisfied the Levins' judgment in its entirety and the Levins also deny that Citibank is entitled to payment of any monies from the Restrained Assets whatsoever for its own benefit.  Except as is specifically admitted herein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the "wherefore" clauses of the Petition and on that basis deny each and every allegation.

## Affirmative Defenses

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

49.     For a first separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that Citibank has suffered or will suffer

any injury, damage or loss whatsoever, alleged that Citibank has not stated facts

sufficient to constitute any claim or cause of action  on its part against the Levins, and

Citibank must be held to the status and conduct only of a true neutral party and

interpleader petitioner and may not assert defenses to the Levins' claims for satisfaction

of their judgment from the assets held by Citibank.

## SECOND AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

50.    For a second separate and additional defense, the Levins, without admitting

any liability whatsoever, and without admitting that Citibank has suffered or will suffer

any injury, damage, or loss whatsoever, allege that Citibank is barred from denying the

Levins claims or making any claim of its own by the doctrines of res judicata and/or

collateral estoppel and all parties which have been served in the Levin Matter pending

before the Honorable Robert P. Patterson, Jr. are bound by the orders and judgment

entered therein.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

51.    For a third separate and additional defense, the Levins, without admitting

any liability whatsoever, and without admitting that Citibank has suffered or will suffer

any injury, damage, or loss whatsoever, allege that Citibank has waived any and all

claims asserted in its Petition.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

52.    For a fourth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank failed to mitigate its damages, if any, and any recovery or other relief is therefore barred or must be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

53.    For a fifth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that, based upon Citibank's conduct, omissions, and/or representations, Citibank is estopped from recovering upon any claims set forth in the Petition and from the denying the Levins' right to collect against the assets held by Citibank.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

54.    For a sixth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that, to the extent Citibank seeks equitable relief, Citibank's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Citibank herein.  Specifically to the extent Citibank has done

business with Iranian Judgment Debtors or its agencies or instrumentalities, it has unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

55.     For a seventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank is barred from recovery on any claims by the doctrine of unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

57.     For a tenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank has not suffered and/or will not suffer any damages as a result of any actions taken by the Levins, and Citibank is thus barred from asserting any claim against the Levins.

## NINTH AFFIRMATIVE DEFENSE

### (Other Causes)

58.     For a twelfth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that any damages Citibank did suffer were caused by independent, intervening and/or superseding events beyond the control, and unrelated to any conduct, of the Levins.

## TENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

59.     For a thirteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank's claims are barred in whole or in part as a result of the fault or conduct of Citibank.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

60.     For a fourteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank had full knowledge of all the risks associated with the transactions in question, and nevertheless, voluntarily and with full appreciation of the risks involved and the magnitude of those risks, assumed those risks of damage to itself.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

61.     For a fifteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that to the extent Citibank has or will receive any monies from any other person or entity relating to the subject matter of this action, any amount found owing to the Citibank should be reduced or offset accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

63.     For a thirteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that neither  Citibank nor any of the parties related to the assets referenced in the Petition have any legal claim of ownership to these assets because blocked assets of Iranian Judgment Debtors or any agency or instrumentality of Iranian Judgment  or assets which in which Iranian Judgment Creditors have any nexus or interest whatsoever, including Wire Transfer funds or electronic fund transfers are specifically subject to collection of judgments by victims of terrorism notwithstanding any other law to the contrary.  *See*, e.g. TRIA, *Weinstein v. The Islamic Republic of Iran*, 624 F.Supp.2d 272 (2009);  Rule 54(b) Judgment and Order Granting the Levin Plaintiffs And The Greenbaum, Acosta, and Heiser Judgment Creditors' Joint Motion for Partial Summary Judgment and Turnover of Phase One Assets and Entering Partial Final Judgment Directing Turnover of Funds and Discharging Garnishee Banks From Liability, *Levin v. Bank of New York*, No. 09-CV-5900 (RPP) Dated June 21, 2011; *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 528-32 (S.D.N.Y. 2010).

## RESERVATION OF RIGHTS

64.     The Levins reserve their rights to supplement their answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery and to amend its pleading accordingly.

## LEVINS COUNTERCLAIM AGAINST CITIBANK AND

## CROSSCLAIM AGAINST ALL THIRD PARTY JUDGMENT

## CREDITORS AND ALL JUDGMENT DEBTORS

65.     The Levins repeat and reallege each and every response contained in

Paragraph 1 through 39 as if fully set forth herein.

66.     On February 6, 2008, the United States District Court for the District of

Columbia entered judgment in the amount of $28,807,719.00 against the Islamic

Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

Islamic Revolutionary Guard Corp ("Judgment Debtors" or "Iranian Judgment Debtors")

in favor of the Levins in an action brought under 28 U.S.C. § 1605(a)(7). *Levin v.*

*Islamic Republic of Iran*, 529 F. Supp. 2d 1, 5-13 (D.D.C. 2007).  This judgment is

entirely compensatory.

67.     The Levins obtained information from the Office of Foreign Asset Control

("OFAC") by subpoena that OFAC had blocked assets between January 1, 2007 and June

30, 2008 in accounts held by the U.S. banks, including Citibank, because the Iranian

Defendants had an interest in such assets ("Blocked Assets").

68.     The Levins followed 28 U.S.C. § 1610(f)(1)(A), TRIA § 201, and New

York state law, specifically CPLR §§ 5225(b), 5323, 5230, and 5234(b), and have

delivered writs of execution to the U.S. Marshal for service on Citibank on June 19,

2009.  On June 26, 2009, the Levins initiated an action (the "Levin Complaint") under

CPLR § 5225 in the United States District Court for the Southern District of New York to

collect on their judgment under § 1610(f)(1)(A) and TRIA § 201.

69.     On December 22, 2009, pursuant to the United States District Court, Southern District of New York Foreign Mailing Procedures and § 1608(b)(3)(B), the Levins sent the Clerk of the Court of the United States District Court for the Southern District of New York the Levin Complaint, filed in New York, the notice of judgment debtor, affidavits from translators stating their qualifications and that the translations are accurate, and instructions to the Clerk to serve each of the Iranian Defendants and all originators and beneficiaries of the Blocked Assets.

70.     On June 21, 2011 the Honorable Robert P. Patterson, Jr. entered a Rule 54(b) Judgment and Order "Granting the Levin Plaintiffs And The Greenbaum, Acosta, and Heiser Judgment Creditors' Joint Motion for Partial Summary Judgment and Turnover of Phase One Assets and Entering Partial Final Judgment Directing Turnover of Funds and Discharging Garnishee Banks From Liability", which partially satisfied the Levins' judgment in the amount of $3,304,071.55, but there remains an uncollected amount of $25,503,647.45, plus interest  ("Levin Matter").  Citibank is one of the parties to the Levin Matter.

71.     The Levins also allege that since June 30, 2008, Citibank holds in custody additional assets which are identified in the Petition that these funds, to the extent they are OFAC Blocked Assets are part of the assets sought to be collected against in the Levin Matter, and the Levins are entitled to a turnover order on these Blocked Assets.

72.     The Levins further allege that Citibank's attempt to enjoin any Judgment Creditors of Iran, including the Levins, from seeking the identified Restrained Assets in any legal actions is improper and must be denied as all Blocked Assets have been

claimed in the pleadings already filed before the Honorable Robert P. Patterson, Jr. and are the subject of pending proceedings in the Levin Matter.

73.    As Judgment Creditors of Iran, the Levins are entitled to enforce their judgment against all assets in which Iranian Judgment Debtors have an interest, direct or indirect, or nexus within the United States jurisdiction including all Blocked Assets and the Restrained Assets.

74.    The assets held by Citibank and set forth in the Petition are Iranian Assets, which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest.

75.    The Levins may be entitled to a finding of priority over the Peterson Judgment Creditors and all the other Third-Party Respondents in the identified Restrained Assets set forth in the Petition.  The Levins are entitled to collect their judgment from the assets identified in this interpleader action.

76.    As to the Greenbaum, Acosta and Heisers, third party interpleader responding parties only , which have been sued herein and also in the Levin Matter as third party interpleader defendants, the Levins, Greenbaums, Acostas and Heisers have entered into a settlement agreement , approved by the court in the Levin Matter, which governs the distribution of any assets , including the Restrained Assets herein  to the extent they are OFAC Blocked Assets  or assets which in which Iranian Judgment Creditors have any nexus or interest whatsoever and are part of the Levin Matter, pending before the Honorable Robert P. Patterson, Jr. and that settlement agreement and

order controls the distribution of any award made by this court to any of the parties to that agreement.

## LEVINS PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint and asserted affirmative defenses, counter and cross claims thereto, the Levins respectfully request that, if it is determined that this Court has jurisdiction and venue is proper here, and it is not in conflict or interfering with the Levin Matter pending before the Honorable Robert P. Patterson, Jr., this Court enter a judgment:

(1)     Declaring that the Levins have a superior right, title and interest in the identified Restrained Assets as set forth in the Petition under CPLR Article 52, and that all the other parties claims are junior and subordinate thereto;

(2)     Declaring that the Levins, under TRIA, FSIA and applicable New York law, have an immediate right to the identified Restrained Assets set forth in the Petition to satisfy in full the remaining amount of their judgment and interest thereon;

(3)     Requiring Citibank to convey, assign, and direct any pay from all the identified Restrained Assets including those set forth in the Petition, including any accrued interest in the accounts, to the Levins until their judgment is satisfied in full;

(4)     Awarding the Levins costs and attorneys' fees herein incurred;

(5)     Declaring that the Levins owe Citibank and all other parties to this action nothing;

(6)     Enforcing the terms of the Settlement Agreement among the Levins,

Greenbaums, Acostas and Heisers to the extent it applies to the Restrained Assets herein;

and

(7)     Granting further and other relief that the Court deems fair and just.


Dated:  August 26, 2011                    Respectfully submitted,

                             By:    _____
                                    Suzelle M. Smith
                                    Howarth & Smith
                                    523 West Sixth Street, Suite 728
                                    Los Angeles, California  90014
                                    Tel:  (213) 955-9400
                                    Fax: (213) 622-0791
                                    ssmith@howarth-smith.com

                                    Attorneys for the Levins Third-Party
                                    Respondents and Third-Party Petitioners, Cross
                                    and Counter Claimants/Judgment Creditors