UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> -v- <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | Civ. No. 10 Civ 4518 (BSJ) (MHD) |
| CITIBANK, N.A. <br><br> Third-Party Petitioner, <br><br> -v- <br><br> JEREMY LEVIN AND DR. LUCILLE LEVIN, <br><br> Third-Party Respondents. | |

**ANSWER OF DEBORAH D. PETERSON, et al., TO CROSS-CLAIMS OF THE
<u>LEVIN THIRD-PARTY DEFENDANTS</u>**

Plaintiffs (the "Peterson Plaintiffs"), by their undersigned counsel, for their answer to the Cross-Claims against the Peterson Plaintiffs (the "Levin Cross-Claims") [Dkt. No. 59] filed by Third-Party Defendants Jeremy Levin and Dr. Lucille Levin, allege as follows:

   1. Paragraph 65 of the Levin Cross-Claims requires no responsive pleading.  To the extent a response is required, the Peterson Plaintiffs deny the allegations contained in paragraph 65 of the Levin Cross-Claims, and/or lack knowledge or information sufficient

174662

to form a belief as to the truth of the allegations contained in paragraph 65 of the Levin Cross-Claims; accordingly, such allegations are denied.

   2.   The Peterson Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Levin Cross-Claims; accordingly, such allegations are denied.

   3.   The Peterson Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Levin Cross-Claims; accordingly, such allegations are denied.

   4.   The Peterson Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Levin Cross-Claims; accordingly, such allegations are denied.

   5.   The Peterson Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Levin Cross-Claims; accordingly, such allegations are denied.

   6.   The Peterson Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Levin Cross-Claims; accordingly, such allegations are denied.

   7.   The Peterson Plaintiffs deny the allegations contained in paragraph 71 of the Levin Cross-Claims.

   8.   The Peterson Plaintiffs deny the allegations contained in paragraph 72 of the Levin Cross-Claims.

   9.   The Peterson Plaintiffs deny the allegations contained in paragraph 73 of the Levin Cross-Claims.

174662

10. The Peterson Plaintiffs admit the allegations contained in paragraph 74 of the Levin Cross-Claims.

11. The Peterson Plaintiffs deny the allegations contained in paragraph 75 of the Levin Cross-Claims.

12. The Peterson Plaintiffs deny the allegations contained in paragraph 76 of the Levin Cross-Claims.

**AFFIRMATIVE DEFENSES**

<u>First Affirmative Defense</u>
13. The Peterson Plaintiffs' claims are superior as a matter of law to those of the Levin Third-Party Defendants.

<u>Second Affirmative Defense</u>
14. The Levin Third-Party Defendants' writs are defective as a matter of law.

<u>Third Affirmative Defense</u>
15. The Peterson Plaintiffs have superior rights to the assets in question for the reasons set forth in their Amended Complaint and the accompanying papers filed therewith.

<u>Fourth Affirmative Defense</u>
16. The Levin Cross-Claims fail to state a claim upon which relief may be granted.

<u>Fifth Affirmative Defense</u>
17. The Levin Cross-Claims should be dismissed because they are defective in that they fail to specifically identify against whom relief is sought.

<u>Sixth Affirmative Defense</u>
18. The Levin Cross-Claims against the Peterson Plaintiffs should be dismissed because the Peterson Plaintiffs were not properly joined as parties pursuant to Federal Rules of Civil Procedure Rule 22 in Citibank's Third-Party Petition Alleging Claims in the Nature of Interpleader or in any answer or counterclaim filed by Citibank, and

174662

therefore the Peterson Plaintiffs are not a party to Citibank's claims in the nature of interpleader. Therefore, any claims by the Levins against the Peterson Plaintiffs may not be asserted by way of a Cross-Claim under Federal Rules of Civil Procedure Rule 13.

### Seventh Affirmative Defense

19. The Levin Third-Party Defendants have waived any alleged claims asserted against the Peterson Plaintiffs or any right to the turnover of the Restrained Assets.

### Eighth Affirmative Defense

20. The Levin Third-Party Defendant failed to make diligent efforts to enforce their judgment against the Restrained Assets identified in Citibank's Third-Party Petition, and are therefore barred from claiming any interest therein that is superior to the interests of the Peterson Plaintiffs, <u>inter alia,</u> under the doctrines of estoppel, equitable estoppel, laches, and/or unjust enrichment.

The Peterson Plaintiffs reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

**WHEREFORE**, the Peterson Plaintiffs respectfully request that the Court enter judgment in their favor and against the Levin Third-Party Defendants dismissing the Levin Cross-Claims with prejudice and awarding the Peterson Plaintiffs costs, and such other relief as the Court deems appropriate.

Dated:  September 16, 2011

        SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

        By:____s/_____
           Liviu Vogel
           292 Madison Avenue
           New York, New York 10017
           (212) 661-7100

174662

lvogel@salonmarrow.com

*Attorneys for Peterson Plaintiffs*

174662