UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>              Plaintiffs,<br><br>     -v-<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>              Defendants. | Civ. No. 10 Civ 4518 (BSJ) (MHD) |
| CITIBANK, N.A.<br><br>              Third-Party Petitioner,<br><br>     -v-<br><br>JAMES OWENS, et al.,<br><br>              Third-Party Respondents. | |

<u>**PETERSON PLAINTIFFS' ANSWER
TO DEFENDANT CITIBANK'S THIRD-PARTY PETITION**</u>

Plaintiffs (the "Peterson Plaintiffs"), by their undersigned counsel, for their Answer to Defendant Citibank, N.A.'s Third-Party Petition, allege as follows:

<u>**Nature of the Proceedings**</u>

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Petition.

<u>**The Judgment Against the Judgment Debtors Subject to Enforcement**</u>

2. Admit the allegations contained in paragraph 2 of the Third-Party Petition.

3. Deny knowledge or information sufficient to form a belief as to the truth of

1

the allegations contained in paragraph 3 of the Third-Party Petition, except that Peterson Plaintiffs admit that they seek to execute against certain debt securities (bonds) and related cash (the "Restrained Assets") held by Defendant Citibank in a custodial or "Omnibus Account" in New York for its customer, Defendant Clearstream Banking, S.A. ("Clearstream"), in which Defendant Iran holds an interest, and which have been restrained by Defendant Citibank pursuant to restraining notices and executions served by Peterson Plaintiffs.

4. Deny the allegations contained in paragraph 4 of the Third-Party Petition.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Petition.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Petition.

**Factual Background**

7. Admit the allegations contained in paragraph 7 of the Third-Party Petition.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Petition.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Petition.

**The Attempted Execution and Turnover Proceeding**

10. Admit the allegations contained in paragraph 10 of the Third-Party Petition.

11. Admit the allegations contained in paragraph 11 of the Third-Party Petition.

12. Admit the allegations contained in paragraph 12 of the Third-Party Petition.

13. Admit the allegations contained in paragraph 13 of the Third-Party Petition.

14. Admit the allegations contained in paragraph 14 of the Third-Party Petition, except and to the extent that Defendant Clearstream is doing business in the County and State of New York with an office located at 55 Broad Street.

15. Admit the allegations contained in paragraph 15 of the Third-Party Petition.

16. Admit the allegations contained in paragraph 16 of the Third-Party Petition, except and to the extent that Peterson Plaintiffs allege that the Restrained Assets are maintained in a custodial account at Citibank in New York, New York.

17. Admit the allegations contained in paragraph 17 of the Third-Party Petition.

18. Admit the allegations contained in paragraph 18 of the Third-Party Petition.

19. Admit the allegations contained in paragraph 19 of the Third-Party Petition, except deny that the stay as to the answer by Citibank continued after Citibank elected to seek relief by interpleader as an alleged stakeholder.

20. Admit the allegations contained in paragraph 20 of the Third-Party Petition.

### The Court's June 27, 2011 Order

21. Admit the allegations contained in paragraph 21 of the Third-Party Petition, except and to the extent that Defendant Citibank's Third-Party Petition is procedurally defective as stated below in Peterson Plaintiffs' First and Second Affirmative Defenses.

22. Admit the allegations contained in paragraph 22 of the Third-Party Petition.

### Jurisdiction and Venue

23. Admit the allegations contained in paragraph 23 of the Third-Party Petition.

24. Admit the allegations contained in paragraph 24 of the Third-Party Petition.

### The Parties to the Interpleader Petition

A. **The Third-Party Petitioner**

    25.    Admit the allegations contained in paragraph 25 of the Third-Party Petition.

B.    **The Plaintiffs and Third-Party Respondents**

    26.    Admit the allegations contained in paragraph 26 of the Third-Party Petition.

    27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Petition.

    28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Petition.

    29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Petition.

    30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Petition.

    31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Petition.

    32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Petition.

    33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Third-Party Petition.

    34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Petition.

    35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Third-Party Petition.

    36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third-Party Petition.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third-Party Petition.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Petition.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third-Party Petition.

### For the Claims of Citibank in the Nature of Interpleader
### First Claim for Relief

40. Responding to paragraph 40 of the Third-Party Petition, Peterson Plaintiffs repeat and reallege each and every response contained in paragraphs 1 through 39 as if fully set forth herein.

41. Paragraph 41 of the Third-Party Petition requires no responsive pleading. To the extent that a response is required, Peterson Plaintiffs admit the allegations contained in paragraph 41 of the Third-Party Petition.

42. Admit the allegations contained in paragraph 42 of the Third-Party Petition, except and to the extent as stated below in Peterson Plaintiffs' First and Second Affirmative Defenses.

### Second Claim for Relief

43. In response to paragraph 43 of the Third-Party Petition, Peterson Plaintiffs repeat and reallege each and every response contained in paragraphs 1 through 39 as if fully set forth herein.

44. Admit the allegations contained in paragraph 44 of the Third-Party Petition to the extent that Peterson Plaintiffs' claim to the Restrained Assets takes precedence, and deny

the allegations contained in paragraph 44 of the Third-Party Petition to the extent that Third-Party Respondents' claims to the Restrained Assets may take priority over Peterson Plaintiffs' claims to those assets.

45.     Deny the allegations contained in paragraph 45 of the Third-Party Petition.

46.     Admit the allegations contained in paragraph 46 of the Third-Party Petition, except and to the extent as stated below in Peterson Plaintiffs' First and Second Affirmative Defenses.

### Third Claim for Relief

47.     In response to paragraph 47 of the Third-Party Petition, Peterson Plaintiffs repeat and reallege each and every response contained in paragraphs 1 through 39 as if fully set forth herein.

48.     Paragraph 48 of the Third-Party Petition requires no responsive pleading. To the extent a response is required, Peterson Plaintiffs admit the allegations contained in paragraph 48 of the Third-Party Petition to the extent that a declaratory judgment is sought as an alternative remedy to Rule 22 Interpleader.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

49.     Defendant Citibank's Third-Party Petition is procedurally defective pursuant to Federal Rules of Civil Procedure Rule 22 and should be dismissed in its entirety. Interpleader by way of Rule 22 is a defense that must be commenced by filing an answer and asserting a counterclaim or cross-claim against the parties already in the case. *See Bankers Trust Co. v. Manufacturers Nat'l Bank*, 139 F.R.D. 302, 308 (S.D.N.Y. 1991); *United States v. Henry's Bay View Inn*, 191 F. Supp. 632, 633-34 (S.D.N.Y. 1960).

The required nexus with the parties already named in the case can only be achieved pursuant to Rule 22 by way of counterclaim and/or cross-claim.  *See Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705 (U.S. 1972).

50. Defendant Citibank failed to commence its Rule 22 interpleader petition by way of counterclaim against Peterson Plaintiffs and cross-claims against the other Defendants in the Turnover Proceeding.  Defendant Citibank also failed to add Peterson Plaintiffs and the other Defendants in the Turnover Proceeding to its Third-Party Interpleader Petition notwithstanding that all of said parties assert an interest in the Restrained Assets and are necessary parties under Federal Rules of Civil Procedure, Rule 19.  *See Republic of China v. American Express Co.,* 95 F. Supp. 740, 743 (S.D.N.Y. 1951), *aff'd*, 195 F.2d 230 (2d Cir. 1952).

51. Only upon Defendant Citibank's rectification of this procedural defect is an answer by Peterson Plaintiffs due to the Third-Party Petition.  Failure to correct this procedural defect will render invalid any and all cross-claims filed by Third-Party Respondents against Peterson Plaintiffs and/or the other Defendants in the Turnover Proceeding, as neither the Peterson Plaintiffs nor the other Defendants in the Turnover Proceeding are made parties to Defendant Citibank's Third-Party Petition.

### Second Affirmative Defense

50. Where the jurisdictional requirements for statutory interpleader, 28 U.S.C. Section 1335, can be met, Rule 22 interpleader may be used to supplement 28 U.S.C. Section 1335.  Rule 22 should not be utilized to circumvent, supersede or limit statutory interpleader.  *See Wachovia Bank v. Tien,* 534 F. Supp. 2d 1267 (S.D. Fla. 2007).  The requirements for statutory interpleader are clearly met where the property at issue has a value of $500.00 or more, two or more adverse claimants have minimal diversity, and the

disputed property has been deposited into the registry of the court.

51.     Defendant Citibank has chosen to rely on Rule 22 interpleader thereby circumventing application of statutory interpleader that would require the Restrained Assets to be deposited with the Court. Additionally, as aforementioned, Defendant Citibank's Rule 22 Third-Party Petition is procedurally defective. Defendant Citibank has failed to properly commence either a rule interpleader or statutory interpleader action.

52.     Defendant Citibank should not be able to circumvent, limit or supersede 28 U.S.C. Section 1335 where it is clearly applicable.

### Third Affirmative Defense

53.     The Peterson Plaintiffs' interest in and claims and rights to the Restrained Assets are, as a matter of law, superior to the interest, claims and rights of all other parties by virtue of the Peterson Plaintiffs' proper execution against such assets and their timely filing of claims for the turnover thereof in accordance with CPLR §§ 5225 and 5227, prior in time to any other party.

### Fourth Affirmative Defense

54.     Peterson Plaintiffs' interests in and claims and rights to the Restrained Assets are, as a matter of law, superior to the interests, claims and rights of all other parties by virtue of the fact that other parties to these proceedings have premised their claims upon writs of execution and other legal process that are faulty, defective and/or void as a matter of law.

### Fifth Affirmative Defense

55.     Peterson Plaintiffs' interests in and claims and rights to the Restrained Assets are, as a matter of law, superior to the interests, claims and rights of all other

parties for the reasons set forth in their Amended Complaint and the accompanying papers filed therewith.

### **Reservation of Rights**

56.    Peterson Plaintiffs reserve the right to assert any additional affirmative defenses, as well as any counterclaims and/or cross-claims, that may become apparent after additional discovery or otherwise.

**WHEREFORE**, Peterson Plaintiffs respectfully request that the Court dismiss Defendant Citibank's Third-Party Petition in its entirety for being procedurally defective and require Defendant Citibank to properly assert rule and statutory interpleader pursuant to Federal Rules of Civil Procedure Rule 22 and 28 U.S.C. Section 1335.

### **CROSS-CLAIMS**

1.    By and for their cross-claim against the Third-Party Respondents named in Citibank's Third-Party Petition in this proceeding, which include various judgment creditors of Iran as well as plaintiffs with pending lawsuits against Iran, including, but not limited to, the plaintiffs in the following actions: <u>Greenbaum, et al. v. Islamic Republic of Iran, et al.</u>, Civil Action No. 02-2148 (RCL) (D.D.C.); <u>Acosta, et al. v. Islamic Republic of Iran, et al.</u>, Civil Action No. 06-745 (RCL) (D.D.C.); <u>Rubin, *et al.* v. Islamic Republic of Iran, *et al.*,</u> Civil Action No. 01-1655 (RCL) (D.D.C.); <u>Estate of Heiser v. Islamic Republic of Iran, *et al.*,</u> Civil Action Nos. 00-02329 and 0102104 (RCL) (D.D.C.); <u>Levin v. Islamic Republic of Iran,</u> Civil Action No. 05- 02494 (OK) (D.D.C.); <u>Valore, *et al.* v. Islamic Republic of Iran, *et al.*,</u> Civil Action No. 03-1959 (RCL) (D.D.C.); <u>Bonk, *et al.* v. Islamic Republic of Iran, *et al.*,</u> Civil Action No. 08-

9

1273 (RCL) (D.D.C.); Re Estate of James Silvia, *et al.* v. Islamic Republic of Iran, *et al.,* Civil Action No. 06-750 (RCL) (D.D.C.); Re Estate of Anthony K. Brown, *et al.* v. Islamic Republic of Iran, *et al.,* Civil Action No. 08-531 (RCL) (D.D.C.); Re Estate of Stephen B. Bland v. Islamic Republic of Iran, *et al.,* Civil Action No. 05-02124 (RCL) (D.D.C.); Judith Abasi Mwila, *et al.* v. Islamic Republic of Iran, *et al.,* Civil Action No. 08-01377 (JDB) (D.D.C.); James Owens, *et al.* v. Republic of Sudan, *et al.,* Civil Action No. 01-02244 (JDB) (D.D.C.); and Rizwan Khaliq, *et al.* v. Republic of Sudan, *et al.,* Civil Action No. 08-01273 (JOB) (D.D.C.) (collectively, the "Third-Party Respondents"), Peterson Plaintiffs allege as follows:

2. Peterson Plaintiffs repeat and reallege paragraphs 1 through 56 of their Answer to Citibank's Third-Party Petition as if set forth herein.

3. This Court has subject matter jurisdiction over the cross-claims sets forth herein pursuant to 28 U.S.C. § 1331, because they arise under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1601 *et seq.* (the "FSIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the Turnover Proceeding, which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331 and 1963.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the claims herein seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment

sought to be enforced by these claims has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

5. Peterson Plaintiffs have obtained judgment against THE ISLAMIC REPUBLIC OF IRAN and IRANIAN MINISTRY OF INFORMATION AND SECURITY (collectively, "Iran" or "Judgment Debtors") in the District of Columbia Action on September 7, 2007 in the amount of $2,656,944,877.00 for Iran's involvement in the October 23, 1983 terrorist bombing of a United States Marine Barracks in Beirut, Lebanon, in which 241 United States Servicemen were killed by Hezbollah terrorists that were provided material support and assistance by Iran. The Court thereafter issued an order providing for enforcement of Peterson Plaintiffs' judgment under 28 U.S.C. § 1610(c).

6. Peterson Plaintiffs registered the judgment in the United States District Court, Southern District of New York, on March 24, 2008, pursuant to 28 U.S.C. § 1963 and as such, are entitled to enforce the judgment under the laws of the State of New York.

7. On or about June 12, 2008, Peterson Plaintiffs delivered a Writ of Execution to the United States Marshal for the Southern District of New York. The delivery of the Writ of Execution to the Marshal creates a lien upon all personal property of the Judgment Debtors, or any interest therein, that is superior to the rights of any judgment creditor of Iran who subsequently delivered an execution or order of attachment to said Marshal, including the assets that are the subject of the Complaint and Amended Complaint filed by the Plaintiffs herein and the Third-Party Petition filed by Citibank herein.

8. Peterson Plaintiffs are informed and believe that Third-Party Plaintiff, CITIBANK, N.A., and Defendant, CLEARSTREAM BANKING, S.A., have in their possession monies, funds and properties, which are the property of Iran, or an agency or instrumentality thereof, which is described more fully in Peterson Plaintiffs' Amended Complaint ("Restrained Assets"),

which is incorporated by reference herein. Peterson Plaintiffs have established a lien in the Restrained Assets, *inter alia*, by way of the delivery of the Writ of Execution to the Marshal, and therefore the Restrained Assets are subject to enforcement of such lien.

9. Upon information and belief, the interests of the Peterson Plaintiffs in the Restrained Assets are superior to the interest of all Defendants named in the Complaint and Amended Complaint filed by the Peterson Plaintiffs and to all Third-Party Respondents and other parties that have been joined in this proceeding.

10. Peterson Plaintiffs therefore are entitled to an order declaring that Peterson Plaintiffs' interest in the Restrained Assets is superior to the rights of all other parties, including the Defendants and Third-Party Respondents, and an order granting the relief requested by the Peterson Plaintiffs in their Amended Complaint, including an order conveying, assigning and directing the payment to Peterson Plaintiffs in satisfaction of their judgment all right, title and interest of Iran in the Restrained Assets as well as any proceeds from such Restrained Assets and/or an order directing the transfer of Iran's right, title and interest in the Restrained Assets to a receiver appointed for the benefit of Plaintiffs with the power to collect interest, principal and other proceeds from the Restrained Assets as same become due under the terms of the underlying securities.

WHEREFORE, Peterson Plaintiffs pray for judgment as follows on each cross-claim:

1. That the Court determine the rights, title and interest of the parties in and to the Restrained Assets.

2. For an order declaring that Peterson Plaintiffs have a superior right, title and interest in said Restrained Assets under NYCPLR Article 52 and otherwise, and that the rights of all other parties are junior and subordinate thereto.

3. For judgment granting the relief requested by the Peterson Plaintiffs in their Complaint and Amended Complaint, including an order conveying, assigning and directing the payment to Peterson Plaintiffs in satisfaction of their judgment all right, title and interest of Iran in the Restrained Assets as well as any proceeds from such Restrained Assets and/or an order directing the transfer of Iran's right, title and interest in the Restrained Assets to a receiver appointed for the benefit of Plaintiffs with the power to collect interest, principal and other proceeds from the Restrained Assets as same become due under the terms of the underlying securities, out of which is to be turned over to Peterson Plaintiffs a sum of money not exceeding, $2,656,944,877.00, plus post-judgment interest.

4. Awarding the Peterson Plaintiffs the costs and disbursements of this action; and

5. For such other and further relief that the Court deems just and reasonable.


Dated: New York, New York
       September 20, 2011

                        SALON MARROW DYCKMAN NEWMAN & BROUDY LLP


                    By:      s/
                         Liviu Vogel
                         292 Madison Avenue
                         New York, New York 10017
                         (212) 661-7100

                         *Attorneys for Peterson Plaintiffs*