```
                               86GDPETC.txt
                                                                              1
        86gdpetc
                              CONFERENCE
 1      UNITED STATES DISTRICT COURT
 1      SOUTHERN DISTRICT OF NEW YORK
 2      ------------------------------x
 2
 3      DEBORAH D. PETERSON, Personal
 3      Representative of the Estate
 4      of James C. Knipple (Dec.), et
 4      al.,
 5
 5                 Plaintiffs,           New York, N.Y.
 6
 6            v.                         18 Misc. 8302
 7
 7      ISLAMIC REPUBLIC OF IRAN, et
 8      al.,,
 8
 9                 Defendants.
 9
10      ------------------------------x
10
11                                       June 16, 2008
11                                       6:15 p.m.
12
12      Before:
13
13                      HON. JOHN G. KOELTL,
14
14                                       District Judge
15
15                      APPEARANCES
16
16      SALON MARROW DYCKMAN NEWMAN & BROUDY LLP
17           Attorneys for Plaintiffs
17      BY:  LIVIU VOGEL
18
18      DAVIS WRIGHT TREMAINE LLP
19           Attorneys for Citibank, N.A.
19      BY:  SHARON L. SCHNEIER
20
20      CHARLES SGRO
21           Attorney for Citigroup Inc.
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
                                                                              2
        86gdpetc
                              CONFERENCE
 1            THE CLERK:  Peterson versus Republic of Iran.
 2            All parties please state who they are for the record.
 3            MS. SCHNEIER:  Sharon Schneier from Davis Wright
 4      Tremaine, for Citibank.
 5            MR. VOGEL:  Liviu Vogel, from Salon Marrow Dyckman
 6      Newman & Broudy, for the plaintiffs.
 7            MR. SGRO:  Charles Sgro, Citibank.
 8            THE COURT:  OK.
                               Page 1
```

```
                              86GDPETC.txt
 9              MS. SCHNEIER:  Your Honor, if I --
10              THE COURT:  Let me just point out at the outset that
11    Citibank appears to be involved in the case in some way.  I
12    have a mortgage with Citibank.  I've got a checking account
13    with Citibank.  Nothing about that affects anything that I do
14    in the case.
15              I may know people at Davis Wright.  Nothing about that
16    affects anything that I do in the case.  I don't know any of
17    the lawyers who have announced appearances.
18              OK.
19              MS. SCHNEIER:  Your Honor, if I might, we have been
20    speaking.  I think there are a couple of things that we have
21    agreed upon.
22              Mr. Vogel provided us with some copies of documents
23    that he had received from ███████████████████████ upon
24    which the plaintiffs base the writ, and it clearly says on it
25    that the information was subject to Judge Lamberth's protective
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

3

```
86gdpetc
                               CONFERENCE
 1    order.  And after conferring about this matter, Mr. Vogel
 2    having an opportunity to review our papers in detail, he agrees
 3    that the papers in connection with the motion and the responses
 4    would be subject to Judge Lambert's protective order in the
 5    D.C. action and should be filed under seal.
 6              Is that correct?
 7              MR. VOGEL:  That is agreed, your Honor, yes.
 8              MS. SCHNEIER:  So I have actually handwritten in the
 9    sealing envelope, and so this case would also be governed by
10    Judge Lambert's protective order or we can, you know, enter
11    into another one that is specific to this case.
12              The second thing that we have agreed upon is serving
13    the papers on Clearstream, which as I think our papers spell
14    out, Clearstream maintains an omnibus account at Citi.  The
15    account or the assets at issue pertain to Clearstream, but
16    although we have segregated the assets in accordance with the
17    writ of execution, because we were concerned about Judge
18    Lambert's order and the fact that, as Mr. Vogel has confirmed
19    to us, it was based on confidential information, we did not
20    feel comfortable providing the writ of execution and the papers
21    to Clearstream, but Mr. Vogel is now in agreement that
22    Clearstream would be covered under paragraph 5(E) of Judge
23    Lambert's protective order and can be given a copy of the
24    papers.  He has also confirmed that the writ of execution was
25    actually not filed under seal.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

4

```
86gdpetc
                               CONFERENCE
 1              THE COURT:  Let me make a couple of observations,
 2    then.
 3              I am not being asked to issue a TRO, I am being asked
 4    to set a schedule for the return date on the motion to vacate--
 5    and/or quash the writ of execution, right?
 6              MS. SCHNEIER:  Yes.  The only affirmative relief that
 7    we have asked for in the order to show cause is the ability to
 8    work with Clearstream, who has information about their actual
 9    customers, and determine whether some of the assets that we
10    have, that we segregated Friday afternoon, should not have been
11    segregated, and to satisfy ourselves that those securities or
                                  Page 2
```

```
                                    86GDPETC.txt
12      those assets should not be segregated and to release them.
13              That's the only affirmative release that we are
14      looking for.  I mean, we set --
15              THE COURT:  There is no opposition to that, right?
16              MR. VOGEL:  Your Honor, I, having only received these
17      papers by e-mail shortly before I was called to come down here,
18      I have not had an opportunity to put in any opposition.
19      However, I am opposed to the relief which is in a sense a TRO
20      because they want to be able to release the money on the
21      unilateral decision of Clearstream and because they determined
22      that their client has no interest in the money that's related
23      to the interest of the country of Iran.  I can't see how we
24      could rely on them to make that decision.  The Court needs to
25      make that decision after having some discovery and a due
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```

                                                                          5

```
        86gdpetc
                                  CONFERENCE
 1      process hearing.
 2              THE COURT:  OK.  Help me in a moment to understand.
 3              Mr. Vogel, who is your client?
 4              MR. VOGEL:  I represent the plaintiffs in the action;
 5      there are 810 of them.
 6              THE COURT:  And -- I'm sorry?
 7              MR. VOGEL:  There are 810 plaintiffs in the action and
 8      they are all technically my clients at the moment.
 9              THE COURT:  OK.  What was the status of the Islamic
10      Republic of Iran?  Have they appeared in the case or have they
11      not?
12              MR. VOGEL:  They did not appear, as I understand it,
13      and I was not counsel at the trial portion of this case, but as
14      I understand it, under the statute under which the cause of
15      action was brought by the plaintiffs, notwithstanding that the
16      defendant did not appear and defaulted, the plaintiff still had
17      the burden of proving liability beyond a reasonable doubt, and
18      I understand that that was done and that judgment was rendered
19      in the amount shown on the judgment attached as a result of
20      that trial.
21              Then the judgment was transferred and transcripted
22      here into the Southern District, and we learned only on
23      Thursday the information that is contained as an attachment to
24      the execution from ████████████████████, that they had
25      discovered that the Islamic Republic of Iran had an interest in
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```

                                                                          6

```
        86gdpetc
                                  CONFERENCE
 1      funds that were held as custodian by this company called
 2      Clearstream, which is a company from Luxembourg, who in turn
 3      maintains an account where they keep their clients' money with
 4      Citibank.  As a consequence, we served Citibank because they
 5      are the only custodians of funds that are held as a result of
 6      the information we received from ████████████████████.
 7              And as a practical matter, your Honor, some mechanism
 8      needs to be come up with, whether it is on consent or with your
 9      assistance, whereby we can have some discovery to determine
10      whose money is now being held by Citibank and to determine what
11      portion of that, if any, should be paid over to the U.S.
12      marshal in satisfaction of this judgment.  But Citibank is the
13      only one that is holding the funds, not Clearstream.
14      Clearstream is a foreign company so there is no way that we
```
                                    Page 3

86GDPETC.txt

```
15          could force them to hold the assets here.  So Citibank is
16          really the only party that we can force to hold the assets
17          until we determine definitively what information ▮
18          ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮        ▮▮▮▮▮▮▮▮▮ obtained for us that
19          shows that Iran has an interest in these funds.
20                   THE COURT:  OK.
21                   MS. SCHNEIER:  Your Honor, may I?
22                   THE COURT:  Sure.
23                   MS. SCHNEIER:  I think, as our papers point out, first
24          of all, I would like to just emphasize that Citi received this
25          writ of the execution Friday afternoon at 1 o'clock.  We raised
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

7

86gdpetc
                                   CONFERENCE

```
 1          some issues that we have with the writ, whether it was properly
 2          issued, but, you know, we did not stand on the technicalities
 3          and we quickly looked into, given the amount of the judgment,
 4          which is over $2,000,000,000 -- I'm sorry, the amount that they
 5          were asking us to basically turn over, which is over
 6          $▮▮▮▮▮▮▮▮▮▮▮, what we should do.
 7                   And what we learned, and it is set forth in our
 8          papers, is that the information that the plaintiffs received
 9          from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which I'm not sure they fully
10          appreciated, it's not saying to Citi, here, you know, freeze
11          these account numbers.  First of all, Citi doesn't know
12          anything about Clearstream's customers, and it says that right
13          in the information that the plaintiffs received from ▮
14
15                   What ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ basically said is here
16          are these ISIN numbers, which is not a number that is specific
17          to any specific client, it is just a way of identifying the
18          security.  So, here is an ISIN number and here is an amount
19          that we think Clearstream is holding for this particular
20          client.  And what we did is we looked at the ISIN numbers and
21          we said, OK, we have a sufficient amount to cover the nominal
22          amount that's listed next to each of those ISIN numbers and we
23          segregated that money.
24                   There is no way that Citi knows if the securities
25          associated with those ISIN numbers belong to this client or any
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

8

86gdpetc
                                   CONFERENCE

```
 1          other client, and we -- I think we acted extremely responsibly.
 2          We are not saying we are looking to release, you know, the
 3          $▮▮▮▮▮▮▮▮▮, but if Clearstream comes to us and gives us an
 4          affidavit that says, you know, you got it wrong here, we
 5          looked, because we have the information about these clients,
 6          and --
 7                   THE COURT:  Is Clearstream a party?
 8                   MS. SCHNEIER:  It is not, but I learned from -- well,
 9          first of all, we haven't even been able to give them the writ,
10          although, obviously, they know about it because we had to say
11          to them, hey, we're freezing $▮▮▮▮▮▮▮▮▮ and this is why
12          we're doing it.  So they know, they know about some of the
13          ISINs, and, obviously, they could see the disruption on their
14          books and records.  I learned from Mr. Vogel before we came --
15          when we came here, I'm sorry, that they had just served
16          Clearstream's agent in New York with a restraining notice.
17                   And as I said, they have come to Citi and said, hey,
```

```
                                   86GDPETC.txt
18      you know, you are disrupting the accounts and the money of
19      innocent third parties and we have, you know, lots of different
20      customers and lots of different jurisdictions who have
21      securities tied up in this omnibus account, and, you know, we
22      are looking for a responsible and appropriate mechanism for
23      addressing those issues.
24                And what I would propose is if Citi gets, you know, an
25      affidavit from Clearstream that identifies the ISINs and the
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```
                                                                                    9
```
        86gdpetc
                                      CONFERENCE
1       nominal amounts that were improperly held, that we have the
2       ability to unsegregate, you know, some of that money.
3                 THE COURT:  I plainly am not going to do that based
4       just on say so without hearing from the parties and reviewing
5       the papers, with an opportunity to respond by Clearstream and
6       the plaintiffs.  But the plaintiffs are right, the order that I
7       was asked to sign, in effect, says to Citibank go work it out
8       with Clearstream and when you all have worked it out, give the
9       money to Clearstream.
10                If there is an objection by a judgment creditor that
11      they have an interest in that money, I should certainly hear
12      from the judgment creditor and give that judgment creditor an
13      opportunity to be heard on that.  I mean, you've acted
14      responsibly, I can tell that, so I just have to hear from the
15      parties.  You may be able to work it out.  Everything you say
16      may be right.  But I also -- I have to understand what the
17      simple procedural mechanism is with respect to asserting claims
18      to the funds before you release them.
19                I'm happy to work that -- I'm, you know, you're
20      familiar with the attachment procedures in New York and
21      judgment execution procedures in New York.  There are
22      procedures to deal precisely with this.
23                So you are certainly, it would seem to me, not at risk
24      at the moment.  You've come to court.  You have said let us
25      respond to the objections of our client.  You have the
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```
                                                                                   10
```
        86gdpetc
                                      CONFERENCE
1       plaintiff saying we have an interest in that money, we served
2       you with a writ of execution.
3                 So it would seem to me that there ought to be a
4       schedule, with notice to the plaintiffs, obviously, and
5       Clearstream.  The issue is releasing the funds to Clearstream
6       that the plaintiffs say they have an interest in, and they
7       filed their writ, I take it, right, with you?
8                 MS. SCHNEIER:  Yes.  Yes, they served us --
9                 THE COURT:  So --
10                MS. SCHNEIER:  You know, what makes this case --
11      well --
12                THE COURT:  Let me just add one other thing.
13                The case in Washington before Judge Lamberth is a
14      public case, right?  Some papers in the case are filed under
15      seal but the case is public, right?
16                MR. VOGEL:  Correct.
17                THE COURT:  You come here and say, here, seal
18      everything.  That's not right.  There has to be a record in the
19      public file that says here's the matter that we're presenting
20      to the Court in the Southern District of New York.  To the
```

86GDPETC.txt

21  extent that there are specific materials in the papers that are
22  confidential and that are legitimately subject to seal because
23  of a confidentiality order in Washington, by all means, then
24  they get filed under seal, but at least there is a set of the
25  papers which are redacted such that there can be a public

86gdpetc
CONFERENCE

1   record.
2           MS. SCHNEIER:  May I show you what the plaintiffs
3   handed to me?  They said it was fine.  And I think it just sort
4   of underscores why --
5           THE COURT:  OK.
6           MS. SCHNEIER:  If you compare it to the writ that the
7   plaintiffs filed, you can see why we felt in this case the
8   letter wasn't attached to the writ but the information on the
9   multi-page letter was actually attached to the writ.  That is
10  basically the writ.  And it says right on the top of the
11  document, you know, confidential, subject to basically Judge
12  Lamberth's protective order.  The protective order was sought
13  by OFAC.  It was unopposed by the plaintiffs --
14          THE COURT:  All of that is fine.  I mean, what I have
15  a problem with is the case in Washington is a matter of public
16  record, and the caption of the case in Washington, I suspect
17  the amount of the judgment against the Islamic Republic of Iran
18  is a matter of public record, numerous proceedings before Judge
19  Lamberth.  Now you come to the Southern District of New York
20  and say we have an ancillary proceeding with respect to certain
21  funds and execution against certain funds.  I understand why
22  there are matters of confidential information relating to
23  execution on bank account funds, of course, obviously, but that
24  doesn't mean that the proceeding, the whole proceeding has to
25  be under seal, that if a member of the public came to the

86gdpetc
CONFERENCE

1   public court docket they would simply find a blank, a secret
2   case in the Southern District of New York, when it's not.
3           MS. SCHNEIER:  I understand.
4           THE COURT:  All of the bank account information, all
5   of the matters appropriately subject to the protective order by
6   Judge Lamberth can be filed under seal, and only the redacted
7   portion indicating that there is a proceeding and the nature of
8   the proceeding need be filed publicly.  So that was my point on
9   sealing.
10          MR. VOGEL:  So, your Honor, what would you suggest be
11  done with respect to the Citibank's papers in terms of
12  redacting?
13          THE COURT:  I would think -- tell me whether there is
14  anything in the order to show cause itself that -- order to
15  show cause supported by the protective order.
16          MS. SCHNEIER:  No, your Honor.
17          THE COURT:  There you go.
18          And the details that support it, I can see, are filled
19  with confidential information with respect to bank account
20  information, which would be difficult to redact.  So at the
21  very least what you would do is to file the order to show cause
22  publicly and the protective order, but the supporting papers
23  would be filed under seal.

```
                              86GDPETC.txt
24              MS. SCHNEIER:  Very good.
25              THE COURT:  So let's deal, then, with the next issue,
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                        13
     86gdpetc
                                  CONFERENCE
 1   which is sort of the scheduling issue.  You are welcome to talk
 2   to each other and indeed come back to me tomorrow on the
 3   subject of what's an appropriate way to present this issue to
 4   the Court.
 5              It should obviously be done with notice to the
 6   plaintiffs, notice to Clearstream.  You have your application.
 7   There should be a date for the other parties to respond, reply,
 8   and then the application would be fully briefed, unless you are
 9   able to work it out in the meantime.  And then I have to ask --
10   well, you have to tell me when the parties want to be heard on
11   it, and I'll set it down for a hearing on when you want to be
12   heard on it, unless you have been able to work it out.
13              MS. SCHNEIER:  Well, we'll certainly try and we did
14   make some progress, you know, just discussing some of the
15   issues and educating the plaintiffs a little bit about the
16   accounts and the ISIN numbers and all of that.
17              May I ask, your Honor, I know that we are before you
18   because you are the Part I judge --
19              THE COURT:  Yes.
20              MS. SCHNEIER:  -- and I know that next week you are
21   not.
22              THE COURT:  Right.
23              MS. SCHNEIER:  And I know the week after that you are
24   not.
25              THE COURT:  That's right, too.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                        14
     86gdpetc
                                  CONFERENCE
 1              MS. SCHNEIER:  Would you be amenable to staying with
 2   this matter?
 3              THE COURT:  You are right to raise that.  I was
 4   thinking about exactly the same thing.
 5              MS. SCHNEIER:  Actually, the fourth week I know you
 6   are not.
 7              THE COURT:  That's right.
 8              The answer is I probably would.  It is a little
 9   different -- unless the parties disagree.  It's a little
10   different.  If a party comes to me with a Part I motion and you
11   agree to adjourn it to another day that falls out of my Part I
12   time, the motion gets adjourned to the other Part I judge.  I
13   could do that, but in fairness it seems to me, having dealt
14   with you, it would be sort of strained to simply adjourn it
15   into another judge's Part I --
16              MS. SCHNEIER:  I think that would be helpful --
17              THE COURT:  -- when the parties have come to me and
18   asked to resolve it now and it doesn't resolve it when I talked
19   to you, to suggest that you set up a briefing schedule, so I
20   would think I should keep it.
21              MS. SCHNEIER:  And we have to get -- you know, I think
22   what you said makes complete sense.  We have to give notice to
23   Clearstream, give them an opportunity as well, and hopefully we
24   can get them moving quickly because it is obviously in
25   everyone's interest to do so.
                       SOUTHERN DISTRICT REPORTERS, P.C.
```

```
                         86GDPETC.txt
                         (212) 805-0300
                                                                        15
       86gdpetc
                              CONFERENCE
  1             THE COURT:  And you shouldn't schedule something just
  2    on the basis of which judge is going to be in Part I, so --
  3             MS. SCHNEIER:  Never.
  4             Your Honor, if I understood you correctly,
  5    everything -- while we don't have a schedule here --
  6             THE COURT:  But what I've suggested to the parties is
  7    I'll return the papers to you, and you can talk to each other,
  8    come up with a schedule, come up with an appropriately redacted
  9    set of papers to file with the court and the other papers under
 10    seal, and when you have a schedule, you give it to me as a
 11    proposed order, and if you need a specific date to make the
 12    motion returnable, talk to my deputy about a date that I am
 13    going to be available.
 14             MS. SCHNEIER:  And we are authorized, because I think
 15    this was something that you are concerned about, but we are
 16    authorized to serve the papers on Clearstream, and we'll
 17    obviously give Clearstream also a copy of Judge Lamberth's
 18    protective order.
 19             THE COURT:  Yes.  Yes.  And all of these papers are
 20    under seal.
 21             So will these be the papers that you seek to file
 22    under seal?  Not quite, because you will want to revise the
 23    order to show cause pursuant to your agreement, right?  You
 24    will want to give me a proposed order with a redacted set of
 25    the papers to be filed and a full set of the papers to be filed
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                        16
       86gdpetc
                              CONFERENCE
  1    under seal, and, yes, you would be authorized to serve those
  2    papers both on the plaintiffs and on Clearstream.
  3             And the full set of the papers is to be filed under
  4    seal subject to the protective order of Judge Lamberth, and you
  5    can indicate that on the papers.
  6             MS. SCHNEIER:  Thank you.
  7             THE COURT:  And then you will give me an order
  8    tomorrow.
  9             MS. SCHNEIER:  Yep.
 10             THE COURT:  Or Wednesday would be fine, also, if you
 11    are not able to get it done by tomorrow.
 12             Is that satisfactory to everyone?
 13             MS. SCHNEIER:  Very, Judge.
 14             MR. VOGEL:  Yes, your Honor.
 15             THE COURT:  OK.  Good to hear from you all.
 16             MS. SCHNEIER:  Thank you.  Thanks for your time, your
 17    Honor.
 18             MR. VOGEL:  Thank you, your Honor.
 19             THE COURT:  Have a good evening and I'm returning the
 20    papers to you.
 21
 22                              - - -
 23
 24
 25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```