JUN.23.2008  3:43PM    SALON MARROW DYCKMAN                    NO.372   P.1/2

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

ATTORNEYS AT LAW

292 MADISON AVENUE • NEW YORK, NY 10017

Telephone  (212) 661-7100

Facsimile  (212) 661-3339

LIVIU VOGEL
lvogel@salonmarrow.com
Ext. 909
Direct Dial (646) 843-1909

*Also admitted in Connecticut

2 University Plaza, Suite 210
Hackensack, NJ 07601
Telephone (201) 662-0656
Facsimile  (201) 487-9054

257 Lyons Plains Road
Weston, CT 06883
Telephone (203) 227-0023
Facsimile  (646) 843-1910

800 Corporate Drive, Suite 208
Ft. Lauderdale, FL 33334
Telephone (954) 491-0099
Facsimile  (954) 491-1544

June 23, 2008

Via Facsimile -212-805-7912

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   Peterson v. Islamic Republic of Iran;
           Case No.: 18 Miscellaneus 8302 (JGK);
           Judgment No.: 080472

Dear Judge Koeltl:

    We are in receipt of a letter dated June 23, 2008 from Frank Panopoulos, attorney for Clearstream Banking, S.A. dated June 23, 2008.

    When we were last before Your Honor concerning this matter, we expressed the need for the plaintiffs to conduct post-judgment discovery concerning the ownership of funds and assets held by Clearstream, S.A. in an account at Citibank, N.A. The Court agreed that the plaintiffs should have a fair opportunity to conduct post-judgment discovery as appropriate. The proposed order to show cause attempts to preclude any discovery by staying such discovery pending the determination of Citibank's motion to quash the execution. Furthermore, the testimony to be given by Clearstream's employee is with respect to securities deposited with Citibank "for which Clearstream claims are not subject to restraint." Clearstream's employee does not apparently plan to given any testimony concerning the balance of the securities and assets, which are alleged upon information obtained from ███████████████████████████, to belong to the Islamic Republic of Iran. Thus, the proposed testimony by the Clearstream employee will be completely self-serving with no meaningful opportunity for cross-examination. Clearstream has indicated through its attorneys that it will not provide plaintiffs access to any of the Clearstream

## SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Honorable John G. Koeltl
June 23, 2008
Page 2

documents in advance of the proposed testimony by Clearstream's employee. Consequently, no meaningful cross-examination can be had.

Clearstream's supposed need to proceed in this fashion is based upon an interpretation of Luxembourg law, that plaintiffs have not had an opportunity to review.

Plaintiffs believe that discovery should be conducted in an orderly fashion. Plaintiffs have served an Information Subpoena and a Subpoena Duces Tecum on Clearstream. Plaintiffs also believe that the appointment of a receiver for the restrained assets is appropriate considering the potential violation of law by Citibank and Clearstream by having accepted custody of securities and other property belonging to the defendants in this case. It is our intention to submit a motion to the Court for appointment of such receiver tomorrow.

Meanwhile, plaintiffs respectfully request that the proposed order to show cause submitted by Clearstream and Citibank not be executed by the Court without hearing the parties further.

Respectfully yours,

Liviu Vogel
(LV-7552)

LV:rcj

cc: Sharon L. Schneieir, Esq.   (via facsimile – 212-489-8340)
    Frank Panopoulos, Esq.      (via facsimile – 202-639-9355)

133949.1