# EXHIBIT 8

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel  + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

---

Direct Dial + 202-626-3626    fpanopoulos@whitecase.com

June 23, 2008

VIA FACSIMILE

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1030
New York, N.Y. 10017-1312

Re:   *Peterson v. Islamic Republic of Iran*, Case No. 18 Misc. 8302 (JGK)

Dear Judge Koeltl:

This firm represents Clearstream Banking S.A. ("Clearstream"), a Luxembourg banking corporation that, for the reasons discussed below, is a third party whose interests are affected by the Writ of Execution at issue. Plaintiffs subsequently served Restraining Notices which are virtually identical to the Writ. Clearstream, among other things, provides a securities settlement system for its clients with respect to a variety of securities transactions through custody and settlement services. For securities whose final place of custody is the U.S. national central securities depository, i.e., the Depository Trust Corporation, Clearstream maintains an Omnibus Account with Citibank N.A. ("Citi"). The term "Omnibus" means that the account holds the securities of all Clearstream customers who have a deposit of such securities in their account with Clearstream.

Plaintiffs have restrained transactions with respect to 22 securities that are subdeposited in Clearstream's Omnibus account. Those securities are identified by their International Securities Identifying Numbers ("ISIN" number) in Exhibit A of the Restraining Notice served on Citi on June 13, 2008. Paragraph 1 of Exhibit A to the Restraining Notice states that the basis for the restraints is an alleged beneficial ownership interest in the securities by a certain country identified in that paragraph. However, the essential problem with these restraints, as paragraph 2 of Exhibit A acknowledges, is that they also restrain other Clearstream customers' interests in the securities, including their assets in the Omnibus Account and their ability to transact with respect to their interests in the securities.

The Honorable John G. Koeltl

June 23, 2008

**WHITE & CASE**

Clearstream wants to cooperate with the Court and parties to resolve these restraints and is prepared to have a representative appear before the Court and testify as to the identity of the holders of accounts for those securities sub-deposited in the Omnibus Account which Clearstream claims should not be restrained, including providing documentation supporting its testimony. Under the Luxembourg banking secrecy laws governing Clearstream, this testimony and evidence cannot be provided first by affidavit: it must be provided in the course of oral testimony before the Court, upon order of the Court. We submit herewith pursuant to Rule 44.1 of the Federal Rules of Civil Procedure the legal opinion of Messrs. Philippe Dupont and Marc Mouton of the law firm of Arendt & Medernach, Avocats a la cour, Luxembourg counsel to Clearstream, discussing the relevant Luxembourg law.

In order to comply with the Luxembourg banking secrecy law, Clearstream has worked with Citi on a proposed order (attached hereto), that provides for: the Clearstream witness to appear this Friday afternoon and testify before the Court and provide the supporting documentary evidence; the opportunity for Plaintiffs, if they deem it necessary after hearing the testimony and viewing the evidence, to cross examine the witness at the conclusion of his direct testimony or to continue the hearing and submit response papers next Monday; a reply by Clearstream and Citi followed by a hearing next Thursday, July 3 at which argument would be presented and/or cross examination would continue if Plaintiffs deem it necessary. This procedure allows Clearstream to comply with the Luxembourg banking secrecy laws and affords Plaintiffs an opportunity to review and respond to the evidence, and cross-examine the witness, if they deem it necessary, after reviewing the evidence. We do not anticipate the direct testimony to last more than 2 hours, if that.

Plaintiffs' counsel was sent the proposed order last Thursday and counsel for Clearstream and Citi discussed it with Plaintiffs' counsel last Friday. Plaintiffs' counsel does not consent to the proposed order. Consequently, Clearstream and Citi are presenting it to the Court together so that the Court can both understand Clearstream's motivation in devising this procedure and help expedite the resolution of this matter. Citi fully supports Clearstream's request that the Court schedule this matter as expeditiously as possible. Clearstream fully appreciates the demands of the Court's trial calendar and begs the Court's pardon for this interruption. Nonetheless, Clearstream respectfully requests that the Court consider and act on the proposed order as soon as possible. Customer assets are currently restrained that, based on Clearstream's evidence, have no connection with the country that is the underlying reason for the restraint and, with respect to those assets, the restraints are having an immediate and damaging impact on the ability of customers holding those assets to do business. Counsel for Clearstream is available by telephone or to appear before the Court today, at the Court's convenience, to discuss the proposed order.

The Honorable John G. Koeltl

**WHITE & CASE**

June 23, 2008

Respectfully,

*Frank Panopoulos*

Frank Panopoulos (FP 6173)

FP:wu

<u>Attachments</u>

cc:  Sharon L. Schneir, Esq.
     Davis Wright Tremaine LLP
     (Via Fax (212) 489-8340
     and email sharonschneir@dwt.com)
     counsel for Citibank N.A.

     Liviu Vogel, Esq.
     Salon Marrow Dyckman Newman & Broudy LLP
     (Via Fax (212) 661-3339
     and email lvogel@salonmarrow.com)
     Counsel for Plaintiffs

# EXHIBIT 1

# Arendt & Medernach

Avocats a la cour

Luxembourg – Bruxelles

14, RUE ERASME • L-1468 LUXEMBOURG • B.P. 39 • L – 2010 LUXEMBOURG
TELEPHONE: (352) 40 78 78 • FACSIMILE: (352) 40 78 04
www.arendt-medernach.com

in alliance with dillon eustace dublin, ireland

## MEMORANDUM

| | | |
|---|---|---|
| To | : | White & Case |
| | | Mr Frank Panopoulos |
| From | : | Philippe Dupont / Marc Mouton |
| Date | : | 20 June 2008 |
| Subject | : | Luxembourg bank secrecy |
| Matter nr. | : | 37538 |
| Document nr. | : | 2238666v1 |

**CONFIDENTIAL AND PRIVILEGED**

We understand that you wish us to advise on the circumstances under which information protected by Luxembourg banking secrecy laws may be disclosed in foreign judicial proceedings without infringing the professional secrecy obligations imposed upon banks licensed in Luxembourg.

Article 41, paragraph 1 of the law of 5 April 1993 on the financial sector, as amended (hereinafter, the "Law of 1993"), provides that: "*All directors, members of managing and supervisory bodies, managers, employees and other persons employed by credit institutions, other financial sector professionals, settlement entities, central counterparties, clearing houses and foreign operators of systems authorised in Luxembourg as referred to in Part I of this Law, shall be required to keep secret any information confided to them in the context of their professional activities. Disclosure of such information shall be punishable by the penalties laid down in Article 458 of the Penal Code*".

Article 458 of the Criminal Code provides that "*Physicians, surgeons, medical officers, pharmacists, midwifes and all other persons who are, by virtue of their situation or profession, depository of the secrets confided to them and who reveal such secrets, to the exception of the cases where they have to testify in Court or are under a legal disclosure obligation, are punishable by eight days' to six months' imprisonment and by a fine of EUR 500.- to EUR 5.000.-*".

Case law has recently clarified the nature of the obligation to professional secrecy and confirmed that such obligation is to be considered as a public policy provision (Court of Appeal, 2 April 2003, Bull. Banque et Droit, 2003, n° 34, p. 52. Court of Appeal, 30 March 2004, n° 105/04 V). The Luxembourg supreme court, the *Cour de Cassation,* has also held that it is an absolute

obligation (*obligation de résultat*) (Cour de Cassation, 18 March 2004, Bull. Banque et Droit, 2004, n° 35, p. 46. confirming Court of Appeal, 2 April 2003, Bull. Banque et Droit, 2003, n° 34, p. 52).

Luxembourg banks are thus subject to an absolute legal obligation to professional secrecy pursuant to which they must ensure the confidentiality of any information confided to them by clients during the course of their business relations. This obligation covers all data enabling, directly or indirectly, an identification of the clients. Therefore, as a matter of principle, disclosure of information concerning its clients to any third party, is prohibited.

However, Article 41, paragraph 2 of the Law of 1993 adds: "*The obligation to maintain secrecy shall cease to exist where disclosure of information is authorised or required by or pursuant to any legal provision, even where the provision in question predates this Law*". Therefore, a credit institution can be released from its obligation to banking secrecy where expressly provided so by law. Article 458 of the Criminal Code contains such an exemption for cases where a person subject to professional secrecy obligations has to testify in Court.

It is doubtful whether compliance by a Luxembourg bank with a Court order issued by a foreign Court ordering the delivery of documents, without such Court using the available treaty based channels of international cooperation among judicial authorities is possible without the Luxembourg bank infringing its criminally sanctioned professional secrecy duty. Considering the risk of criminal sanctions and the civil liability risk described above, we do not recommend this route.

The answer is different where a Luxembourg bank is called as a witness before a foreign court.

In a judgement of the European Court of Justice of 10 December 2002 in the case C-153/00 (Criminal proceedings against Paul der Weduwe) the Luxembourg government intervened and the European Court of Justice summarised the position of the Luxembourg government as follows: "*The Luxembourg Government explains in that regard that factual situations giving rise to the type of dispute in question are too rare and too atypical to have come before the Luxembourg courts, which explains why the question of the extra-territorial scope of the Luxembourg provisions on banking secrecy has not yet been resolved by those courts. According to the Luxembourg Government those provisions do have extra-territorial scope. Moreover, the exemption from criminal liability for witnesses giving evidence in judicial proceedings, provided for in the Luxembourg legal system, also has extra-territorial scope. According to that government, the concept of judicial authority in Article 458 of the Luxembourg Criminal Code covers not only Luxembourg judicial authorities but also those of other Member States. Likewise, a defendant is always entitled to disclose information covered by banking secrecy where that disclosure is made in judicial proceedings.*" The opinion of the Luxembourg governement has not yet been tested before a Court and the final decision of the European Court of Justice does not contain a decision on this point.

We are, however, of the considered opinion that if a Luxembourg bank testifies as a witness in a foreign country, it may reveal information covered by its professional secrecy duty without being in breach of the above mentioned laws. The information provided to the foreign court must, however, be strictly limited to what is necessary for the resolution of the case in which the Luxembourg bank is called upon to testify.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

DEBORAH D. PETERSON,  : Case No. 18 Misc. 8302 (JGK)
Personal Representative of the :
Estate of James C. Knipple (Dec.), *et al.*, :
  : (Civil Action Nos.
        Plaintiffs, : 01-2094 (RCL) and 1-2684 (RCL) (D.D.C.))
  :
v.  :
  : **[PROPOSED] ORDER**
ISLAMIC REPUBLIC OF IRAN, *et al.*, :
  :
        Defendants. :

---------------------------------------------------------------x

Upon consideration of the Declaration of Sharon L. Schneier in Support of Citibank, N.A.'s ("Citi") Order to Show Cause for an Order to Vacate and/or Quash Writ of Execution Against Citibank, N.A., dated June 16, 2008, the Affidavit of Mary Fenoglio in Support of Citi's Order to Show Cause for an Order to Vacate and/or Quash Writ of Execution Against Citibank, N.A., sworn to on June 16, 2008, the exhibits attached to the declaration and affidavit, the accompanying memorandum of law, and upon all the pleadings and proceedings herein;

AND, the Court having held a conference on June 16, 2008 with counsel for Plaintiffs and Citi present, and directed Citi to file the Order to Show Cause with supporting papers under seal, pursuant to, and in accordance with, the protective order, entered into by the United States District Court for the District of Columbia (Lamberth, C.J.) on June 11, 2008 in Civil Action Nos.01-2094 (RCL) and 1-2684 (RCL) (D.D.C.) (the "D.C. Action") (the "Protective Order"), with a redacted set of papers to be filed publicly;

AND, the Court having directed that Clearstream Banking S.A. ("Clearstream") be provided with a copy of the Order to Show Cause and the papers upon which it is based in accordance with, and subject to, the Protective Order;

IT IS HEREBY ORDERED, that Clearstream is to appear before this Court on June 27, 2008 at 2:00 o'clock p.m., or at such time as scheduled by the Court, and provide oral testimony disclosing the identity of the holders of accounts related to securities sub-deposited in the Omnibus Account for which Clearstream claims are not subject to restraint, including providing documentation supporting its testimony; and it is further

ORDERED, such oral testimony and any information shall be subject to a protective order to be agreed to by the parties, and so-ordered by the court, which protective order shall provide that such information shall be under seal and the transcript of the testimony and supporting documentation provided during the testimony shall be placed under seal; and it is further

ORDERED, that Plaintiffs' counsel shall serve answering papers, if any, by hand, electronic mail and/or overnight mail so that they are received by Sharon L. Schneier, Esq., counsel for Citi, at the offices of Davis Wright Tremaine LLP, 1633 Broadway, 27th Floor, New York, New York, 10019-6708 and Francis A. Vasquez, Esq. and Frank Panopoulos, Esq., counsel for Clearstream, at the offices of White & Case LLP, 701 Thirteenth Street, NW Washington, DC 2005 on or before 5:00 p.m. on June 30, 2008; and it is further

ORDERED, that counsel for Citi and Clearstream shall serve reply papers, if any, by hand, electronic and/or overnight mail so that they are received by Liviu Vogel, Esq, counsel for plaintiffs, Salon Marrow Dyckman Newman & Broudy LLP, 292 Madison Avenue, New York, New York 10017 on or before 5:00 p.m. on July 3, 2008; and it is further

ORDERED, that counsel shall provide courtesy copies of said papers by hand or by fax upon serving opposing counsel; and it is further

ORDERED, that this matter will be continued before this Court, at the United States Courthouse, 500 Pearl Street, New York, New York 10007 on July 3, 2008 at _____ o'clock a.m./p.m.; and it is further

ORDERED, that pending the resolution of this matter before this Court, Plaintiffs will not serve any party any further supplementary proceedings or seek to further enforce the Restraints served upon Citibank and Clearstream.

Dated: June _____, 2008

_____
Judge John G. Koeltl
United States District Court Judge
