Exhibit C

LEXSEE 110 BILL TRACKING H.R. 4986

Copyright 2008 LexisNexis Academic & Library Solutions, a division of Reed Elsevier Inc.
All Rights Reserved
Bill Tracking Report

110th Congress, 2nd Session

HR 4986

2008 Bill Tracking H.R. 4986; 110 Bill Tracking H.R. 4986

**BILL TITLE:** NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2008

**LEGISLATIVE CHAMBER:** U.S. House of Representatives

**SPONSOR:** Representative Ike Skelton, D-MO

**SYNOPSIS:**

A bill to provide for the enactment of the National Defense Authorization Act for Fiscal Year 2008, as previously enrolled, with certain modifications to address the foreign sovereign immunities provisions of title 28, United States Code, with respect to the attachment of property in certain judgements against Iraq, the lapse of statutory authorities for the payment of bonuses, special pays, and similar benefits for members of the uniformed services, and for other purposes

**PROPOSED DATE:** January 16, 2008

**LAST ACTION DATE:** January 29, 2008

**STATUS:**
Introduced in the House, January 16, 2008
Considered in the House, January 16, 2008
Passed in the House, January 16, 2008
Considered in the Senate, January 22, 2008
Passed in the Senate, January 22, 2008
Passed both chambers (cleared for the President), January 22, 2008
Presented to the President, January 24, 2008
Became Public Law (P.L. 110-181), January 28, 2008

**TOTAL COSPONSORS:** 1

- 0 Democrats /
- 1 Republicans

Display Major Actions Only

**ACTIONS:**

Committee Referrals:

January 16, 2008            House Committee on Armed Services

Legislative Chronology:

2nd Session Activity:

| Date | Citation | Action |
|---|---|---|
| January 16, 2008 | 154 Cong Rec H 293 | Referred to the House Committee on Armed Services. |
| January 16, 2008 | 154 Cong Rec H 75 | House considered under suspension of the rules |
| January 16, 2008 | 154 Cong Rec H 259 | House passed, by 369 yeas to 46 nays (Roll No. 11) |
| January 16, 2008 | 154 Cong Rec H 260 | Remarks by Rep. Baca (D-CA) |
| January 17, 2008 | 154 Cong Rec H 334 | Remarks by Rep. Jackson-Lee (D-TX) |
| January 17, 2008 | 154 Cong Rec H 334 | Remarks by Rep. Blunt (R-MO) |
| January 17, 2008 | 154 Cong Rec H 334 | Remarks by Rep. Hoyer (D-MD) |
| January 17, 2008 | 154 Cong Rec H 335 | Remarks by Rep. Jackson-Lee (D-TX) |
| January 17, 2008 | 154 Cong Rec E 46 | Remarks by Rep. Conyers (D-MI) |
| January 22, 2008 | 154 Cong Rec S 53 | Remarks by Sen. Levin (D-MI) |
| January 22, 2008 | 154 Cong Rec S 54 | Senate considered |
| January 22, 2008 | 154 Cong Rec S 57 | Senate passed, by 91 yeas and 3 nays (Vote No. 1) |
| January 23, 2008 | 154 Cong Rec S 202 | Remarks by Sen. Thune (R-SD) |
| January 23, 2008 | 154 Cong Rec E 64 | Remarks by Rep. Berkley (D-NV) |
| January 24, 2008 | 154 Cong Rec H 477 | Presented to the President |
| January 28, 2008 | 154 Cong Rec D 58 | Signed by the President and became Public Law (P.L. 110-181) |
| January 29, 2008 | 154 Cong Rec S 429 | Remarks by Sen. Levin (D-MI) |

**SUMMARY:**
(from the CONGRESSIONAL RESEARCH SERVICE)

Digest:

National Defense Authorization Act for Fiscal Year 2008 -**Division A: Department of Defense Authorizations - Title I: Procurement - Subtitle A: Authorization of Appropriations**- (Sec. 101) Authorizes appropriations for FY2008 for the Army, Navy and Marine Corps, and Air Force for aircraft, missiles, weapons and tracked combat vehicles, ammunition, shipbuilding and conversion, the Joint Improvised Explosive Device Defeat Fund, and other procurement.

(Sec. 104) Authorizes appropriations for FY2008 for: (1) defense-wide procurement; and (2) National Guard and reserve equipment.

LexisNexis® Total Research System

Switch Client | Preferences  Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's | Alerts | Total Litigator | Transactional /

FOCUS™ Terms [P.L. 110-181 and terror!]    Search Within [Original Results (1 - 577)]    Go →

Advanced...

Source: Legal > Federal Legal - U.S. > Find Statutes, Regulations, Administrative Materials & Court Rules > United States Code Service (USCS) Materials > **United States Code Service - Titles 1 through 50**
TOC: United States Code Service - Titles 1 through 50 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES > **§ 1605A. Terrorism exception to the jurisdictional immunity of a foreign state**
Terms: P.L. 110-181  (Edit Search | Suggest Terms for My Search)
Focus: **P.L. 110-181 and terror!**  (Exit FOCUS™)

↙Select for FOCUS™ or Delivery
☐

28 USCS § 1605A

Retrieve Legislative Impact®  ($)

**Practitioner's Toolbox**

UNITED STATES CODE SERVICE
Copyright © 2008 Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved

↧ **History**

↧ **History; Ancillary Laws and Directives**

\*\*\* CURRENT THROUGH PL 110-379, APPROVED 10/8/2008 \*\*\*
\*\*\* WITH GAPS OF 110-343, 110-354 THROUGH 110-357, 110-359, 110-363 \*\*\*
\*\*\* 110-366, 110-369, 110-370, 110-372, 110-373, 110-376 and 110-378 \*\*\*

TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART IV. JURISDICTION AND VENUE
CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

**Go to the United States Code Service Archive Directory**

28 USCS § 1605A

§ 1605A. **Terrorism** exception to the jurisdictional immunity of a foreign state

(a) In general.
   (1) No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.
   (2) Claim heard. The court shall hear a claim under this section if--
      (A) (i) (I) the foreign state was designated as a state sponsor of **terrorism** at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or
         (II) in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of **terrorism** when the original

action or the related action under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note] was filed;
   (ii) the claimant or the victim was, at the time the act described in paragraph (1) occurred--
     (I) a national of the United States;
     (II) a member of the armed forces; or
     (III) otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and
   (iii) in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or
   (B) the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

(b) Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note] not later than the latter of--
   (1) 10 years after April 24, 1996; or
   (2) 10 years after the date on which the cause of action arose.

(c) Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
   (1) a national of the United States,
   (2) a member of the armed forces,
   (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
   (4) the legal representative of a person described in paragraph (1), (2), or (3),

for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

(d) Additional damages. After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

(e) Special masters.
   (1) In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.
   (2) Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

(f) Appeal. In an action brought under this section, appeals from orders not conclusively

ending the litigation may only be taken pursuant to section 1292(b) of this title [28 USCS § 1292(b)].

(g) Property disposition.
   (1) In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is--
      (A) subject to attachment in aid of execution, or execution, under section 1610 [28 USCS § 1610];
      (B) located within that judicial district; and
      (C) titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.
   (2) Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.
   (3) Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this title [28 USCS §§ 1651 et seq.].

(h) Definitions. For purposes of this section--
   (1) the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;
   (2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;
   (3) the term "material support or resources" has the meaning given that term in section 2339A of title 18;
   (4) the term "armed forces" has the meaning given that term in section 101 of title 10;
   (5) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));
   (6) the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and
   (7) the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (28 U.S.C. 1350 note).

## ✢ History:

(Added Jan. 28, 2008, **P.L. 110-181**, Div A, Title X, Subtitle F, § 1083(a)(1), 122 Stat. 338.)

## ✢ History; Ancillary Laws and Directives:

Other provisions

**Application to pending cases.** Act Jan. 28, 2008, **P.L. 110-181**, Div A, Title X, Subtitle F, § 1083(c), 122 Stat. 342, provides:
"(1) In general. The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.
"(2) Prior actions.
   (A) In general. With respect to any action that--
      "(i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act,

1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note], before the date of the enactment of this Act,

"(ii) relied upon either such provision as creating a cause of action,

"(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

"(iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,

that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

"(B) Defenses waived. The defenses of res judicata, collateral estoppel, and limitation period are waived--

"(i) in any action with respect to which a motion is made under subparagraph (A), or

"(ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note], and is refiled under section 1605A(c) of title 28, United States Code,

to the extent such defenses are based on the claim in the action.

"(C) Time limitations. A motion may be made or an action may be refiled under subparagraph (A) only--

"(i) if the original action was commenced not later than the latter of--

"(I) 10 years after April 24, 1996; or

"(II) 10 years after the cause of action arose; and

"(ii) within the 60-day period beginning on the date of the enactment of this Act.

"(3) Related actions. If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note], any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after--

"(A) the date of the entry of judgment in the original action; or

"(B) the date of the enactment of this Act.

"(4) Preserving the jurisdiction of the courts. Nothing in section 1503 of the Emergency Wartime Supplemental Appropriations Act, 2003 (Public Law 108-11, 117 Stat. 579) [unclassified] has ever authorized, directly or indirectly, the making inapplicable of any provision of chapter 97 of title 28, United States Code [28 USCS §§ 1602 et seq.], or the removal of the jurisdiction of any court of the United States.".

**Applicability to Iraq.** Act Jan. 28, 2008, P.L. 110-181, Div A, Title X, Subtitle F, § 1083(d), 122 Stat. 343, provides:

"(1) Applicability. The President may waive any provision of this section with respect to Iraq, insofar as that provision may, in the President's determination, affect Iraq or any agency or instrumentality thereof, if the President determines that--

"(A) the waiver is in the national security interest of the United States;

"(B) the waiver will promote the reconstruction of, the consolidation of democracy in, and the relations of the United States with, Iraq; and

"(C) Iraq continues to be a reliable ally of the United States and partner in combating acts of international **terrorism.**

"(2) Temporal scope. The authority under paragraph (1) shall apply--

"(A) with respect to any conduct or event occurring before or on the date of the enactment of this Act;

"(B) with respect to any conduct or event occurring before or on the date of the exercise of that authority; and

"(C) regardless of whether, or the extent to which, the exercise of that authority affects any action filed before, on, or after the date of the exercise of that authority or of the enactment of this Act.

"(3) Notification to Congress. A waiver by the President under paragraph (1) shall cease to be effective 30 days after it is made unless the President has notified Congress in writing of the basis for the waiver as determined by the President under paragraph (1).

"(4) Sense of Congress. It is the sense of the Congress that the President, acting through the Secretary of State, should work with the Government of Iraq on a state-to-state basis to ensure compensation for any meritorious claims based on **terrorist** acts committed by the Saddam Hussein regime against individuals who were United States nationals or members of the United States Armed Forces at the time of those **terrorist** acts and whose claims cannot be addressed in courts in the United States due to the exercise of the waiver authority under paragraph (1).".

**Severability.** Act Jan. 28, 2008, <u>P.L. 110-181</u>, Div A, Title X, Subtitle F, § 1083(e), <u>122 Stat. 344</u>, provides: "If any provision of this section or the amendments made by this section, or the application of such provision to any person or circumstance, is held invalid, the remainder of this section and such amendments, and the application of such provision to other persons not similarly situated or to other circumstances, shall not be affected by such invalidation.".

**Libyan Claims Resolution Act.** Act Aug. 4, 2008, <u>P.L. 110-301</u>, <u>122 Stat. 2999</u>, provides:
"Section 1. Short title.
"This Act may be cited as the 'Libyan Claims Resolution Act'.
"Sec. 2. Definitions.
"In this Act--
   "(1) the term 'appropriate congressional committees' means the Committee on Foreign Relations and the Committee on the Judiciary of the Senate and the Committee on Foreign Affairs and the Committee on the Judiciary of the House of Representatives;
   "(2) the term 'claims agreement' means an international agreement between the United States and Libya, binding under international law, that provides for the settlement of **terrorism**-related claims of nationals of the United States against Libya through fair compensation;
   "(3) the term 'national of the United States' has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (<u>8 U.S.C. 1101(a)(22)</u>);
   "(4) the term 'Secretary' means the Secretary of State; and
   "(5) the term 'state sponsor of **terrorism**' means a country the government of which the Secretary has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (<u>50 U.S.C. App. 2405(j)</u>), section 620A of the Foreign Assistance Act of 1961 (<u>22 U.S.C. 2371</u>), section 40 of the Arms Export Control Act (<u>22 U.S.C. 2780</u>), or any other provision of law, is a government that has repeatedly provided support for acts of international **terrorism**.
"Sec. 3. Sense of Congress.
"Congress supports the President in his efforts to provide fair compensation to all nationals of the United States who have **terrorism**-related claims against Libya through a comprehensive settlement of claims by such nationals against Libya pursuant to an international agreement between the United States and Libya as a part of the process of restoring normal relations between Libya and the United States.
"Sec. 4. Entity to assist in implementation of claims agreement.
"(a) Designation of entity.
   (1) Designation. The Secretary, by publication in the Federal Register, may, after consultation with the appropriate congressional committees, designate 1 or more entities to assist in providing compensation to nationals of the United States, pursuant to a claims agreement.
   "(2) Authority of the Secretary. The designation of an entity under paragraph (1) is within the sole discretion of the Secretary, and may not be delegated. The designation shall not be subject to judicial review.
"(b) Immunity.
   (1) Property.
      (A) In general. Notwithstanding any other provision of law, if the Secretary designates any entity under subsection (a)(1), any property described in subparagraph (B) of this paragraph shall be immune from attachment or any other judicial process. Such immunity shall be in addition to any other applicable immunity.

"(B) Property described. The property described in this subparagraph is any property that--
"(i) relates to the claims agreement; and
"(ii) for the purpose of implementing the claims agreement, is--
"(I) held by an entity designated by the Secretary under subsection (a)(1);
"(II) transferred to the entity; or
"(III) transferred from the entity.
"(2) Other acts. An entity designated by the Secretary under subsection (a)(1), and any person acting through or on behalf of such entity, shall not be liable in any Federal or State court for any action taken to implement a claims agreement.
"(c) Nonapplicability of the Government Corporation Control Act. An entity designated by the Secretary under subsection (a)(1) shall not be subject to chapter 91 of title 31, United States Code [31 USCS §§ 9101 et seq.] (commonly known as the 'Government Corporation Control Act').
"Sec. 5. Receipt of adequate funds; immunities of Libya.
"(a) Immunity.
(1) In general. Notwithstanding any other provision of law, upon submission of a certification described in paragraph (2)--
"(A) Libya, an agency or instrumentality of Libya, and the property of Libya or an agency or instrumentality of Libya, shall not be subject to the exceptions to immunity from jurisdiction, liens, attachment, and execution contained in section 1605A, 1605(a)(7), or 1610 [28 USCS § 1605A, 1605(a)(7), or 1610] (insofar as section 1610 relates to a judgment under such section 1605A or 1605(a)(7)) of title 28, United States Code;
"(B) section 1605A(c) of title 28, United States Code [subsec. (c) of this section], section 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 (Public Law 110-181; 122 Stat. 342; 28 U.S.C. 1605A note), section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (28 U.S.C. 1605 note), and any other private right of action relating to acts by a state sponsor of **terrorism** arising under Federal, State, or foreign law shall not apply with respect to claims against Libya, or any of its agencies, instrumentalities, officials, employees, or agents in any action in a Federal or State court; and
"(C) any attachment, decree, lien, execution, garnishment, or other judicial process brought against property of Libya, or property of any agency, instrumentality, official, employee, or agent of Libya, in connection with an action that would be precluded by subparagraph (A) or (B) shall be void.
"(2) Certification. A certification described in this paragraph is a certification--
"(A) by the Secretary to the appropriate congressional committees; and
"(B) stating that the United States Government has received funds pursuant to the claims agreement that are sufficient to ensure--
"(i) payment of the settlements referred to in section 654(b) of division J of the Consolidated Appropriations Act, 2008 (Public Law 110-161; 121 Stat. 2342) [Unclassified]; and
"(ii) fair compensation of claims of nationals of the United States for wrongful death or physical injury in cases pending on the date of enactment of this Act against Libya arising under section 1605A of title 28, United States Code [this section] (including any action brought under section 1605(a)(7) of title 28, United States Code [28 USCS § 1605(a)(7)], or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (28 U.S.C. 1605 note), that has been given effect as if the action had originally been filed under 1605A(c) of title 28, United States Code [subsec. (c) of this section], pursuant to section 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 (Public Law 110-181; 122 Stat. 342; 28 U.S.C. 1605A note)).
"(b) Temporal scope. Subsection (a) shall apply only with respect to any conduct or event occurring before June 30, 2006, regardless of whether, or the extent to which, application of that subsection affects any action filed before, on, or after that date.
"(c) Authority of the Secretary. The certification by the Secretary referred to in subsection (a)(2) may not be delegated, and shall not be subject to judicial review.".

Source: Legal > Federal Legal - U.S. > Find Statutes, Regulations, Administrative Materials & Court Rules > United States Code Service (USCS) Materials > **United States Code Service - Titles 1 through 50**
TOC: United States Code Service - Titles 1 through 50 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES > **§ 1605A. Terrorism exception to the jurisdictional immunity of a foreign state**
Terms: P.L. 110-181  (Edit Search | Suggest Terms for My Search)
Focus: **P.L. 110-181 and terror!** (Exit FOCUS™)
View: Full
Date/Time: Tuesday, October 14, 2008 - 7:44 PM EDT

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

 **LexisNexis®**  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.