UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
DEBORAH D. PETERSON                             :    Case No. 18 Misc. 8302 (JGK)
Personal Representative of the Estate           :
Of James C. Knipple (Dec.), et al.,             :    (Civil Action Nos. 01-2094 (RCL)
                                                :    and 1-2684 (RCL) D.D.C.)
                  Plaintiffs,                   :
                                                :
             v.                                 :    **DECLARATION OF**
                                                :    **LIVIU VOGEL**
                                                :
ISLAMIC REPUBLIC OF IRAN, et al.,               :
                                                :
                  Defendants.                   :
------------------------------------------------------------------x

    Liviu Vogel, an attorney duly licensed to practice law before this court, declares as follows under the penalties of perjury:

    1.    I am one of the attorneys of record for the Plaintiffs and make this declaration in support of Plaintiffs' Application for a Court Order deeming the Subpoena Dueces Tecum dated July 31, 2008 served on Clearstream Banking, S.A. ("Clearstream"), amended to call for testimony before the Court, and compelling Clearstream to produce a witness and requested documents in Court to testify with respect to issues relevant to enforcement of the judgment herein.

    2.    Prior to the hearing in this action before Judge Koeltl held on June 27, 2008, Plaintiffs had served a Subpoena Duces Tecum on Clearstream Banking, S.A. ("Clearstream"), seeking testimony of a witness and production of 57 categories of documents broadly described therein, as well as an Information Subpoena with 41 questions, copies of which are annexed hereto as Exhibit A.

    3.    I sent an e-mail to Clearstream's attorney, Frank Panapoulos, on June 21, 2008 with

137216.1

a draft description of documents to be annexed to a formal subpoena duces tecum. The e-mail acknowledged Clearstream's need to provide discovery pursuant to a Court Order by testimony in open Court according to Luxemburg Bank secrecy laws. The e-mail requested that the parties schedule a date for such testimony on consent. The July 21, 2008 e-mail together with its attachment is annexed hereto as Exhibit B. Mr. Panapoulos e-mailed me on July 21, 2008 acknowledging receipt of the proposed discovery and stating that he would discuss it with his client. A copy of that e-mail is annexed hereto as Exhibit C. Thereafter, counsel for Clearstream sent e-mails on July 25 and July 28, 2008 to me requesting that I call to discuss the discovery issues. On July 28, 2008, Mr. Panapoulos and I had a detailed discussion regarding each and every one of the 20 categories of the documents described in the proposed subpoena. The parties agreed with respect to the production of some of the items, but disagreed with respect to others. On July 30, 2008, Mr. Panopoulos and I again spoke on the telephone with Mr. Panapoulos suggesting that Clearstream's witness appear in Court to provide discovery testimony on August 20, 2008 and proposing to draft a scheduling order to that effect to be submitted to the Court for approval. During that conversation, I asked whether Clearsteam would consent to an in camera review of disputed documents by the Court. Mr. Panapoulos indicated that he would check with his client regarding that. In addition, I asked Mr. Panapoulos whether he would accept service on behalf of his client of the subpoena. Mr. Panapoulos indicated that the subpoena should instead be served on Clearstream at its Manhattan office.

    4.    On July 31, 2008, Mr. Panapoulos telephoned me indicating that his client would not consent to an in camera review of disputed documents. However, Clearstream would bring the documents to Court for possible review in camera if the Court disagreed with Clearstream's position. Mr. Panapoulos indicated that the parties should consider agreeing to a second date for a hearing and

testimony in the event that an <u>in camera</u> review of documents is required. The suggested dates to do so were either August 27, 28 or 29.

5.  On July 29, 2008, Mr. Panapoulos e-mailed me a draft letter to Judge Koeltl asking him to grant a hearing on discovery. A copy of that e-mail and the attached draft letter prepared by Mr. Panapoulos is annexed as Exhibit D.

6.  On July 31, 2008, Frank Panapoulos sent two e-mails to me concerning finalizing the proposed discovery order and attaching a draft order. Copies of the e-mails and draft order are annexed hereto as Exhibit E. I was scheduled to leave for a two week vacation outside the United States and had to leave the office quickly. Therefore, I authorized Mr. Panapoulos by telephone to sign the proposed letter to Judge Koeltl on my behalf.

7.  The Subpoena Duces Tecum at issue was served by personal delivery on Cleastream at its office located at 350 Madison Avenue, 23rd floor, New York, NY 10017 on July 31, 2007. A copy of the Subpoeana Duces Tecum and Affidavit of Service is annexed hereto as Exhibit F. The Subpoena contained virtually the same description of documents as was previously discussed between the attorneys for Plaintiffs and Clearstream, with some minor clarifications made as a result of their discussions. The Subpoena mistakenly requests appearance of the witness at Plaintiffs' attorney's office rather than the Court. But, the error was to be cured by the proposed consent order (see Exhibit E annexed hereto).

8.  Notwithstanding the agreement reached between the parties, on August 7, 2008, Clearstream's attorney, Frank Panapoulos, sent a letter to Judge Koeltl indicating that Clearstream intended to move to quash the discovery subpoena served by Plaintiffs and to seek modification of the restraints. A copy of Mr. Panapoulos' August 7th letter is annexed hereto as Exhibit G.

9.  On August 14, 2008, Mr. Panapoulos sent a letter to Hon. Paul A. Crotty briefly

137216.1                                  3

outlining Clearstream's argument with respect to discovery and the restraints. A copy of the August 14, 2008 letter is annexed hereto as Exhibit H.

10. On August 22, 2008, I, wrote to Hon. Paul A. Crotty in response to Clearstream's August 14, 2008 letter. A copy of my August 22, 2008 letter is annexed hereto as Exhibit I.

Dated:   December 12, 2008
         New York, New York

                                        Salon Marrow Dyckman Newman & Broudy LLP

                                        _____
                                        Liviu Vogel (LV-7552)
                                        Attorneys for Plaintiffs
                                        292 Madison Avenue, 6th floor
                                        New York, NY 10017
                                        (212) 661-7100

137216.1                                4

## AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Rosalie Cotignola Jurgrau, being duly sworn, deposes and says:

1. I am not a party to this action and am over the age of 18 years and reside in the State of New York, County of Queens.

2. On December 12, 2008, I served a copy of the **Memorandum of Law in Support of Plaintiffs' application for Order compelling Clearstream Banking, S.A. to comply with Subpoena Duces Tecum by Providing Testimony in Court, Declaration of Liviu Vogel and Exhibits** via e-mail and via Federal Express Saturday delivery, by depositing same in a depository under the exclusive custody and control of Federal Express in a sealed envelope with fees prepaid thereon within the State of New York, addressed to the last known address of the addressees as indicated below:

Via e-mail: fpanopoulos@washdc.whitecase.com
Frank Panopoulos, Esq.
White & Case LLP
701 13th Street, N.W.
Washington, D.C. 20005

ROSALIE COTIGNOLA JURGRAU

Sworn to before me on this
12th day of December, 2008

Notary Public

LIVIU VOGEL
Notary Public, State of New York
No. 02VO4913274
Qualified in New York County
Commission Expires December 8, 2009

135545.1