# EXHIBIT H

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

Direct Dial + 202-626-3626    fpanopoulos@whitecase.com

August 14, 2008

VIA FACSIMILE

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers 735
New York, N.Y. 10007

Re:  *Peterson v. Islamic Republic of Iran*, Case No. 18 Misc. 8302: Pre-Motion and Motion Conference Requests

Dear Judge Crotty:

This firm represents Clearstream Banking S.A. ("Clearstream"), a Luxembourg banking corporation that is a third-party garnishee whose interests are affected by the Restraints at issue in this case. In accordance with Your Honor's Individual Practice Rules, I write (1) pursuant to Rule 3C to request a conference regarding a discovery Subpoena served on Clearstream and the bases for Clearstream's anticipated motion to quash the Subpoena, and (2) pursuant to Rule 3D to request a conference with respect to, and inform the Court of the basis for, a motion by Clearstream to lift the Restraints under New York Uniform Commercial Code ("NY UCC") § 8-112(c).

Prior Proceedings

Plaintiffs were awarded a default judgment against the Islamic Republic of Iran in the amount of approximately US $2.6 billion by the U.S. District Court for the District of Columbia (Judge Royce C. Lamberth), arising from the 1983 bombing of a U.S. Marine barracks in Beirut, Lebanon. As part of their effort to enforce the judgment, Plaintiffs restrained 22 securities worth approximately US $2.1 billion that Clearstream maintained in a custodial account with Citibank N.A. ("Citi") in New York City. At the request of Clearstream, a hearing was held before Judge Koeltl on June 27, 2008 to lift and/or modify the restraints, at which Clearstream presented a witness and produced documents disclosing information about all the restrained securities and the two Clearstream customers holding (or that held) those securities. Because the hearing testimony concerned confidential material subject to a Protective Order issued by Judge

The Honorable Paul A. Crotty

August 14, 2008

**WHITE & CASE**

Lamberth, the hearing and documents were placed under seal. At the end of the hearing, Judge Koeltl released two of the restrained securities (in total, worth US $250 million), kept the remaining securities restrained pending further proceedings, and instructed the parties that further proceedings in this case should be before the Part I judge.

Request Pursuant to Rule 3D: Plaintiffs' Discovery Subpoena

On July 21, 2008 Plaintiffs' counsel sent me by email a draft of 20 discovery requests that he wanted to serve on Clearstream, and asked that we discuss a proposed hearing date for another hearing at which Clearstream would respond to the requests. The reason hearings are required is that under the Luxembourg banking secrecy laws governing Clearstream, disclosure of bank customer information must be provided in the course of oral testimony before a Court, upon order of the Court. I certify that Plaintiffs' counsel and I conferred by telephone in good faith on July 28, 30, and 31 about our respective positions on each request. On July 31 Plaintiffs' counsel formally served a Subpoena Duces Tecum on Clearstream commanding Clearstream to produce a witness for deposition and the 20 document requests by August 20, 2008.

I further certify that on August 14, 2008, Plaintiffs' counsel and I conferred again in good faith by telephone. At that time I informed him that our respective positions on the requests could not be resolved and, therefore, Clearstream had decided to move to quash the Subpoena. Specifically, the bases of the motion are the objections to the requests expressed during my telephone conferences with Plaintiffs' counsel: (1) Clearstream already testified and produced at the June 27 hearing the relevant and material documentation related to the restrained securities; (2) insofar as the Subpoena requests documents about every security held worldwide by one of the Clearstream customers, it seeks documents beyond the scope of the Restraints that are not relevant or material to this enforcement proceeding; (3) the Court lacks jurisdiction over securities outside the United States; (4) the Subpoena is overbroad and unduly burdensome because it requests information going back to January 2001 about every transaction related to the accounts of one of the Clearstream customers; (5) Plaintiffs cannot use discovery against Clearstream to obtain information about contacts in the forum by one of the Clearstream customers; (6) documents showing communications between Clearstream and its customers are not relevant as Clearstream testified about these communications at the June 27 hearing; and (7) to avoid violation of Luxembourg's banking secrecy laws, Clearstream cannot respond to any discovery requests unless they are served via a letter rogatory from the U.S. court to the Luxembourg Central Authority under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").

Plaintiffs counsel's position during our calls on these issues was: (1) Plaintiffs are entitled to seek further discovery that would help them find any assets belonging to Iran or in which Iran has an interest; (2) information about document transactions in the customer's account going back to January 2001 is relevant because it might show further assets or interests in securities belonging to Iran; (3) the Court has jurisdiction to order Clearstream to produce documents because Clearstream has a presence in New York and has appeared in this proceeding; (4) Plaintiffs want to know what Clearstream told its customers, if anything, about these proceedings; and (5) there is no need to proceed under the Hague Convention because

2

The Honorable Paul A. Crotty

WHITE & CASE

August 14, 2008

Clearstream did not invoke the Hague Convention for the information disclosed at the June 27 hearing.

<u>Request Pursuant to Rule 3D: Motion to Lift the Restraints Under NY UCC § 8-112(c).</u>

Clearstream intends to move to lift the restraints on 19 securities held in the account of one of its customers. The basis for Clearstream's motion is NY UCC § 8-112, which governs the legal process creditors can take against a judgment debtor's security interests and is incorporated by reference into the general provisions of New York law governing restraint of a judgment debtor's property and the proper garnishee for such restraints. *See* N.Y. Civil Practice Law and Rules § 5201(c)(4). According to UCC § 8-112(c), a judgment debtor's interest in a security entitlement like the ones restrained here can be reached by making an attachment or levy only upon the securities intermediary "with whom the debtor's securities account is maintained." *See Fidelity Partners, Inc. v. First Trust Company of New York*, 58 F. Supp. 2d 55, 57 (S.D.N.Y. 1999) (denying turnover and holding that under the U.C.C., "the judgment debtor's account can be reached only by process upon the financial intermediary upon whose books the interest of the debtor appears") (citing the predecessor section to current NY UCC § 8-112(c)).

The testimony and evidence produced at the June 27 hearing showed that for 19 of the securities that remain restrained, Clearstream is not the securities intermediary with whom the judgment debtor's securities account is maintained. What is maintained at Clearstream with respect to these 19 securities is the account of another intermediary bank. It is that intermediary bank that maintains the securities accounts in which Plaintiffs allege the judgment debtor has an interest, and it is that bank upon which Plaintiffs are required by NY UCC to serve restraining notices. Clearstream does not even know who that bank's customers are, let alone who holds the underlying interests in the securities maintained at that bank. Accordingly, the restraints on the 19 securities must be lifted as neither Clearstream, nor Citi, are a proper garnishee under NY CPLR 5201(c)(4) and UCC § 8-112(c).

Respectfully,

Frank Panopoulos

FP:wu

cc:  Liviu Vogel, Esq.
       Counsel for *Plaintiffs*
     Sharon L. Schneier, Esq.
       Counsel for *Citibank N.A.*

3