UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> -v- <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. <br><br><br> CITIBANK, N.A. <br><br> Third-Party Petitioner, <br><br> -v- <br><br> JAMES OWENS, et al. <br><br> Third-Party Respondents. | Case No. 10 Civ 4518 (BSJ) (MHD) |

### ANSWER OF THIRD-PARTY RESPONDENTS JEREMY LEVIN AND DR. LUCILLE LEVIN TO THE PETERSON PLAINTIFFS' CROSSCLAIM

Third-Party Respondents, Jeremy Levin and Dr. Lucille Levin (the "Levins"), by their undersigned attorneys, for their answer to the Peterson Plaintiffs' Crossclaim, allege as follows:

1. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaim and on that basis deny each and every allegation.

2. The Levins repeat, reallege, and incorporate by reference each and every response in their Answer to Citibank's Third-Party Petition and Crossclaim Against All Third-Party Judgment Creditors, including the Peterson Plaintiffs and, except as specifically admitted therein, the Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Peterson Crossclaim which states that it repeats and realleges each and every response contained in paragraphs 1 through 56 of the Peterson Plaintiffs' Answer to Citibank's Third-Party Petition and on that basis, except as specifically admitted, deny each and every allegation in paragraph 2.

3. The Levins admit that this Court has subject matter jurisdiction over this action. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

4. The Levins admit that venue is proper in this judicial district. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

5. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Crossclaim and on that basis deny each and every allegation.

6. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaim and on that basis deny each and every allegation.

7. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaim and on that basis deny each and every allegation.

8.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaim and on that basis deny each and every allegation.

9.     Paragraph 9 of the Crossclaim states conclusions of law as to which no response is required. To the extent a response is required, the Levins assert that they have a priority interest in the Restrained Assets. The Levins admit that on February 6, 2008, the United States District Court for the District of Columbia entered judgment in the amount of $28,807,719 against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp (together, the "Judgment Debtors" or "Iranian Judgment Debtors") in favor of the Levins in an action brought under 28 U.S.C. § 1605(a)(7). *Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1 (D.D.C. 2007). The Levins' judgment is entirely compensatory. Pursuant to 28 U.S.C. §1961, the Levins are entitled to post judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment, compounded annually. *See* Order of the Honorable Robert P. Patterson, Jr., Dated August 15, 2011, *Levin v. Bank of New York, et al.*, No. 09-CV-5900(RPP) (S.D.N.Y. June 30, 2011).

The Levins gave notice of the entry of judgment to Iranian Judgment Debtors through court and diplomatic channels on October 14, 2008, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), see *Levin v. Bank of New York, et al.*, No. 09-CV-5900, 2011 WL 812032, at 2 (S.D.N.Y. Mar. 4, 2011) ("March 4, 2011 Order").

On April 20, 2009, the Levins registered their judgment in this Court, Docket Number MI8-302. The Levins have identified property of the Judgment Debtors, the Islamic Republic of

Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp and their agencies and instrumentalities ("the Property"), including but not limited to assets blocked or identified ("Blocked Assets" or "Restrained Assets" or "Iranian Assets") by the Office of Foreign Asset Control ("OFAC") held in this District by Citibank, which assets include the assets identified by Citibank in its Interpleader Complaint. The Restrained Assets identified by Citibank are also claimed by the Levins and others in a case pending before the Honorable Robert P. Patterson, Jr.

After entry of judgment against Judgment Debtors and the giving of notice to the Judgment Debtors under 28 U.S.C. § 1608(e) a reasonable time passed before writs of execution were served on the U.S. Marshal and, further, the Levins obtained court ordered writs which have been delivered to the U.S. Marshal under 28 U.S.C. 1610(c). *See* Order of the Honorable Robert P. Patterson, Jr., Dated August 15, 2011, *Levin v. Bank of New York, et al.*, No. 09-CV-5900 (RPP) (S.D.N.Y. June 30, 2011). The Levins have given the Judgment Debtors and Citibank notice of their judgment and their efforts to satisfy their judgment from all Blocked Assets located in New York including all those held by Citibank. The Levins' judgment was partially satisfied from Blocked Assets paid over to the Levins by Citibank and other New York banks in the case of *Levin v. Bank of New York, et al.*, No. 09-CV-5900 (RPP) (S.D.N.Y. June 30, 2011). The balance of the judgment remains unsatisfied. The Levins obtained writs of execution and delivered those to the U.S. Marshal on June 19, 2009, and obtained an order directing the clerk to issue writs of execution from the Honorable Robert P. Patterson, Jr. on August 15, 2011. The Levins delivered their court ordered writs of execution to the U.S. Marshal on August 25, 2011. The Levins may be entitled to a finding of priority over the Peterson Judgment Creditors and all the other Third-Party Respondents in the identified

Restrained Assets set forth in the Petition. The Levins are entitled to collect their judgment from the assets identified in this interpleader action.

As to the Greenbaum, Acosta, and Heiser Judgment Creditors and Third-Party Respondents, which have been sued herein and also in the *Levin v. Bank of New York, et al.*, No. 09-CV-5900 (RPP) matter as Third-Party Interpleader Defendants, the Levins, Greenbaums, Acostas, and Heisers have entered into a settlement agreement, approved by the Court in the *Levin* matter, which governs the distribution of any assets, including the Restrained Assets herein to the extent they are OFAC Blocked Assets or assets in which Iranian Judgment Creditors have any nexus or interest whatsoever and are part of the *Levin* matter, pending before the Honorable Robert P. Patterson, Jr. and that settlement agreement and order controls the distribution of any award made by this court to any of the parties to that agreement. To the extent any allegation in paragraph 9 is not specifically admitted or denied, it is hereby denied.

10. Paragraph 10 of the Crossclaim states conclusions of law as to which no response is required. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Res Judicata and Collateral Estoppel)

11. For a first separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs are barred from denying the Levins claims or making any claim of their own by the doctrines of res judicata and/or collateral estoppel.

### Second Affirmative Defense

(Waiver)

12. For a second separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs have waived any and all claims asserted in the Crossclaim.

### Third Affirmative Defense

(Failure to Mitigate)

13. For a third separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs have failed to mitigate their damages, if any, and any recovery or other relief is therefore barred or must be reduced accordingly.

### Fourth Affirmative Defense

(Estoppel)

14. For a fourth separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that, based on the Peterson Plaintiffs conduct, omissions, and/or representations, the Peterson Plaintiffs are estopped from recovering upon any claims set forth in the Crossclaim and from denying the Levins' right to collect against the assets held by Citibank.

### Fifth Affirmative Defense

(Unclean Hands)

15.     For a fifth separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs' conduct constitutes unclean hands and therefore bars the granting of relief to the Peterson Plaintiffs herein.

### Sixth Affirmative Defense

(Unjust Enrichment)

16.     For a sixth separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs are barred from recovery on any claims by the doctrine of unjust enrichment.

### Seventh Affirmative Defense

(Lack of Damages)

17.     For a seventh separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs have not suffered and/or will not suffer any damages as a result of any actions taken by the Levins, and the Peterson Plaintiffs are thus barred from asserting any claim against the Levins.

### Eighth Affirmative Defense

(Other Causes)

18. For an eighth separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that any damages the Peterson Plaintiffs did suffer were caused by independent, intervening, and/or superseding events beyond the control, and unrelated to any conduct, of the Levins.

### Ninth Affirmative Defense

(In Pari Delicto)

19. For a ninth separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs' claims are barred in whole or in part as a result of the fault or conduct of the Peterson Plaintiffs.

### Tenth Affirmative Defense

(Assumption of Risk)

20. For a tenth separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Plaintiffs had full knowledge of all the risks associated with the events in question, and nevertheless, voluntarily and with full appreciation of the risks involved and the magnitude of those risks, assumed those risks of damage to themselves.

### Eleventh Affirmative Defense

21. For a eleventh separate and additional defense, the Levins without admitting any liability whatsoever and without admitting that the Peterson Plaintiffs have suffered or will suffer any injury, damage, or loss whatsoever, allege that neither the Peterson Plaintiffs nor any of the parties related to the assets referenced in the Third-Party Petition of Defendant Citibank, N.A. ("Citibank") have any legal claim of ownership to these assets because blocked assets of Iranian Judgment Debtors or any agency or instrumentality of Iranian Judgment or assets which in which Iranian Judgment Creditors have any nexus or interest whatsoever, including Wire Transfer funds or electronic fund transfers are specifically subject to collection of judgments by victims of terrorism notwithstanding any other law to the contrary. *See,* e.g. TRIA, *Weinstein* v. *The Islamic Republic a/Iran,* 624 F.Supp.2d 272 (2009); Rule 54(b) Judgment and Order Granting the Levin Plaintiffs And The Greenbaum, Acosta, and Heiser Judgment Creditors' Joint Motion for Partial Summary Judgment and Turnover of Phase One Assets and Entering Partial Final Judgment Directing Turnover of Funds and Discharging Garnishee Banks From Liability, *Levin* v. *Bank of New York, et al.,* No. 09-CV-5900 (RPP) Dated June 21, 2011; *Hausler* v. *JP Morgan Chase Bank, NA.,* 740 F. Supp. 2d 525,528-32 (S.D.N.Y. 2010).

### Twelfth Affirmative Defense

22. The Levins interest in, claims, and rights as to the Restrained Assets are, as a matter of law, superior to the interest, claims, and rights of all other parties by virtue of the Levins proper execution against such assets and their timely filing of claims for the turnover thereof in accordance with New York Civil Practice Law and Rules §§ 5225 and 5227, prior in time to any other party.

### Thirteenth Affirmative Defense

23. The Levins interest in, claims, and rights to the Restrained Assets are, as a matter of law, superior to the interest, claims, and rights of all other parties by virtue of the fact that other parties to these proceedings have premised their claims upon writs of execution and other legal process that are faulty, defective, and/or void as a matter of law.

### RESERVATION OF RIGHTS

24. The Levins reserve their rights to supplement their answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery and to amend its pleading accordingly.

WHEREFORE, the Levins respectfully demand judgment dismissing the Crossclaim against them and awarding the relief sought in their Answer to Third-Party Petition of Citibank, N.A. Alleging Claims in the Nature of Interpleader, and Third-Party Respondents Counterclaims and Crossclaims, filed August 26, 2011.

Dated: October 11, 2011

Respectfully submitted,

By: _____
Suzelle M. Smith (*Pro Hac Vice*)
Don Howarth (*Pro Hac Vice*)
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Tel: (213) 955-9400
Fax: (213) 622-0791
ssmith@howarth-smith.com

*Attorney for the Levins Third-Party Respondents and Third-Party Defendants/Judgment Creditors*