UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
DEBORAH D. PETERSON, et al.,         :
                                     :
                    Plaintiffs,      :   18 Misc. 302 (BSJ)
                                     :
          v.                         :         and
                                     :
ISLAMIC REPUBLIC OF IRAN, et al.,    :   10 Civ. 4518 (BSJ)(GWG)
                                     :
                    Defendants.      :   **Order**
                                     :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Jay Glenn seeks leave to intervene in Peterson v. Islamic Republic of Iran, 18 Misc. 302 (BSJ) (S.D.N.Y.), pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, Federal Rule of Civil Procedure 24(b)(1)(B). For the reasons provided below, Glenn's application is DENIED.

### BACKGROUND

Glenn seeks to intervene to protect his charging lien for attorneys' fees generated, in part, by his work in Peterson v. Islamic Republic of Iran, No. 1:01-cv-02094 (D.D.C.) (Lamberth, J.). Glenn was retained by the law firm of Fay & Perles ("F&P") to prove damages on behalf of the Peterson Plaintiffs in that case, which was before Judge Lamberth of the United States District Court for the District of Columbia. Judge Lamberth awarded the Peterson Plaintiffs judgment in the amount $309,741.881.00. The Peterson Plaintiffs seek to enforce that

judgment in Peterson v. Islamic Republic of Iran, 18 Misc. 302 (BSJ) (S.D.N.Y.) ("miscellaneous action"), which is consolidated with Peterson v. Islamic Republic of Iran, No. 10 Civ. 4518 (BSJ)(GWG) ("turnover action") (collectively with the miscellaneous action, "consolidated action").

According to Glenn, after Judge Lamberth ruled in favor of the Peterson Plaintiffs, a partner from F&P told Glenn that if the Peterson Plaintiffs recovered their judgment, Glenn would receive less than the legal fees promised to him. Glenn alleges this conversation took place on March 16, 2010. In November 2010, Glenn filed suit against F&P and two of its partners for a determination as to the computation of his legal fees and his charging lien. Glenn v. Fay, No. 10 Civ. 8287 (WHP) (S.D.N.Y.). Jude Pauley dismissed Glenn's action on July 29, 2011. Id. (Dkt. 32). In his application, Glenn explains that he seeks to intervene in this action to ensure that assets sufficient to pay any judgment in Glenn v. Fay remain in this jurisdiction while Glenn v. Fay is pending.

### STANDARD

In "R" Best Produce, Inc. v. Shulman-Rabin Marketing, Corp., the Second Circuit explained that "[w]here . . . a statute does not provide either an unconditional or a conditional right to intervene, . . . 'an applicant must (1) timely file an application, (2) show an interest in the action,

2

(3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" 467 F.3d 238, 240 (2d Cir. 2006) (citations omitted). "'Failure to satisfy <u>any one</u> of these [four] requirements is a sufficient ground to deny the application.'" <u>Id.</u> at 241 (citation omitted).

## ANALYSIS

Glenn's application fails for at least four reasons. First, it is untimely. Although Glenn was allegedly told he would not receive all of the money due to him if the Peterson Plaintiffs collected on their judgment on March 16, 2010, he did not file his application to intervene until over a year later, on March 22, 2011. In his reply, he admits he was aware the Peterson Plaintiffs commenced attachment proceedings in this Court in 2008. While the miscellaneous action was not on the Court's electronic filing system, as Glenn concedes, the existence of the miscellaneous action was a matter of public record. Accordingly, Glenn could have sought leave to intervene over a year before he actually did. Under these circumstances, the Court finds that Glenn's application is untimely. Glenn's failure to satisfy the timeliness requirement "'is a sufficient'" basis "'to deny [his] application.'" <u>See</u> <u>"R" Best Produce, Inc.</u>, 467 F.3d at 241 (citation omitted).

Second, Glenn has not shown that his interests are not being adequately protected by the parties in the miscellaneous action. As Glenn concedes, his interests are aligned with the interests of the Peterson Plaintiffs. If the Peterson Plaintiffs successfully enforce their judgment and recover, Glenn may be entitled to some of the recovery via attorneys' fees. If, by contrast, the Peterson Plaintiffs do not recover, Glenn will also not recover. In an attempt to show that his interests are not being adequately represented, Glenn calls into question the Peterson Plaintiffs litigation tactics in other cases where they are seeking to enforce their judgment from Judge Lamberth. The Peterson Plaintiffs litigation tactics in other cases, however, have nothing to do with this action. Since filing the miscellaneous action in 2008, counsel for the Peterson Plaintiffs has diligently represented the interests of the Peterson Plaintiffs, which, as explained above, are aligned with Glenn's interests. Glenn has, accordingly, failed to show that his "'interest is not [being] adequately protected by the'" Peterson Plaintiffs. See id. at 240 (citations omitted). This constitutes a second, independent basis for denying Glenn's application to intervene. Id. at 241.

Third, in view of Judge Pauley's decision to dismiss Glenn v. Fay, the underlying rationale for Glenn's application to

4

intervene—ensuring that assets sufficient to pay any judgment in Glenn v. Fay remain in this jurisdiction—no longer exists.

Lastly, to the extent Glenn asserts he seeks to intervene only to keep track of developments in the miscellaneous action, now that the miscellaneous action has been consolidated with Peterson v. Islamic Republic of Iran, 10 Civ. 4518 (BSJ)(GWG), which is unsealed, there is no reason Glenn cannot monitor developments in the consolidated action via the Court's electronic filing system. After the Court consolidated the miscellaneous action with the turnover action, the Court ordered the parties to make filings only in the consolidated action. Accordingly, all developments in the consolidated action are now publicly available via the Court's electronic filing system.

## CONCLUSION

For the reasons provided above, Jay Glenn's application to intervene in Peterson v. Islamic Republic of Iran, 18 Misc. 302 (BSJ), which is consolidated with Peterson v. Islamic Republic of Iran, No. 10 Civ. 4518 (BSJ)(GWG), is DENIED.

SO ORDERED:

*Barbara S. Jones* (signature)
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         November 4, 2011