UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate Of James C. Knipple (Dec.) (see Rider A), <br><br>                    Plaintiffs, <br><br>           v. <br><br>ISLAMIC REPUBLIC OF IRAN; BANK MARKAZI a/k/a CENTRAL BANK OF IRAN; BANCA UBAE SpA; CITIBANK, N.A., and CLEARSTREAM BANKING, S.A., <br><br>                    Defendants. | Case No.: 10 CIV 4518 <br><br><br>**AFFIDAVIT OF LIVIU VOGEL FOR ENTRY OF DEFAULT AGAINST DEFENDANT THE ISLAMIC REPUBLIC OF IRAN** |

**STATE OF NEW YORK**          :
                                                          SS:
**COUNTY OF NEW YORK**       :

Liviu Vogel, being duly sworn, says as follows:

1. I am an attorney duly licensed to practice law before this Court and the courts of the State of New York. I am a member of the firm of Salon Marrow Dyckman Newman & Broudy LLP, attorneys for Plaintiffs in the entitled matter.

2. Plaintiffs filed their Complaint dated June 7, 2010, against the Islamic Republic of Iran ("Iran") with this Court on June 8, 2011, followed by their Amended Complaint against Iran dated and filed with this Court on October 19, 2010.

3. Defendant, the Islamic Republic of Iran, is not an infant, in the military, or an incompetent person.

4. On November 24, 2010, Plaintiffs attempted service on Iran pursuant to 28 U.S.C.

§ 1608(a)(3) by sending, through the Clerk of the Court and in a package prepared by the Clerk of the Court via international mail, return receipt requested, a copy of the Summons, Complaint, Amended Complaint, Notice of Suit, together with a Farsi translation of each. The recipient, the Ministry of Foreign Affairs in Iran, refused delivery on November 28, 2010, at 9:22am, and the package was returned to Plaintiff. *A true and accurate copy of: Plaintiff's letter to the Clerk of Court requesting service on Iran via 28 U.S.C. § 1608(a)(3); the administrative assistant to Chief Deputy's affidavit of service of the package; the DHL shipping label used by the Clerk to transmit the documents, tracking details from DHL's website confirming the Iranian Ministry of Foreign Affairs' refusal to accept delivery; and DHL's letter dated December 16, 2011, further confirming the Iranian Ministry of Foreign Affairs' refusal to accept the package are annexed hereto as Exhibit A.*

5. On January 5, 2011, Plaintiffs attempted service on Defendants pursuant to 28 U.S.C. § 1608(a)(4) by sending a copy of the Summons, Complaint, Amended Complaint, Notice of Suit, together with a Farsi translation of each (the "Service Documents"), by way of the Clerk of the Court to the United States Department of State for service on Iran through diplomatic channels. *A true and accurate copy of Plaintiff's letter to the Clerk of Court requesting service on Iran via 28 U.S.C. § 1608(a)(4) is annexed hereto as Exhibit B.* On July 6, 2011, the Embassy of the United States at Bern, Switzerland under Embassy note number 20488 dated July 5, 2011, transmitted the Service Documents to the Swiss Ministry of Foreign Affairs for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran. On July 12, 2011, the Swiss Embassy in Tehran served the Iranian Ministry of Foreign Affairs with the

Service Documents directed to Iran under diplomatic note number 1084 –IE dated July 11, 2011. On July 12, 2011, the Iranian Ministry of Foreign Affairs refused the Service Documents. *A true and accurate copy of the correspondence, dated October 14, 2011, from the United States Department of State to Ruby J. Krajick, Clerk of this Court, enclosing a copy of the certification from the Foreign Interests Section of the Embassy of Switzerland in Tehran is annexed hereto as Exhibit C.*

6. Pursuant to 28 U.S.C. § 1608(c)(1) in the case of service under subsection (a)(4) of 28 U.S.C. § 1608, service shall be deemed to have been effectuated as of the date of transmittal indicated in the certified copy of the diplomatic note. The Service Documents were properly served on Iran pursuant to 28 U.S.C. 1608(a)(4) on July 12, 2011.

7. Pursuant to 28 U.S.C. § 1608(d) Iran had sixty (60) days from July 12, 2011, specifically, until September 10, 2011, to answer and/or to file some other responsive pleading. Iran has failed to enter any appearance or to file any responsive pleading. No extension has been given to Iran and the time for filing a responsive pleading has expired.

8. The Clerk of Court is requested to enter a Default against Defendant, the Islamic Republic of Iran. Accordingly, a Rule 55(a) default is timely and appropriate. *A proposed form of Certificate of Default is annexed hereto as Exhibit D.*

Dated: New York, New York
November 16, 2011

_____
Liviu Vogel

Subscribed and sworn to before me
this 16th day of November, 2011

_____
Notary Public

PETEK GUNAY
Notary Public, State of New York
No. 02GU6099174
Qualified in New York County
Commission Expires 9/22/2015