**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

-------------------------------------------------------x

| | | |
|---|---|---|
| DEBORAH D. PETERSON, | : | |
| Personal Representative of the Estate | : | Case No. 18 Misc. 302 (BSL) |
| of James C. Knipple (Dec.), et al., | : | |
| | : | |
| Plaintiffs, | : | (Civil Action Nos. 01-2094 (RCL) |
| | : | And 1-2684 (RCL) (D.D.C.)) |
| v. | : | |
| | : | |
| | : | FILED UNDER SEAL CONTAINS |
| | : | CONFIDENTIAL MATERIAL |
| ISLAMIC REPUBLIC OF IRAN, et al. | : | SUBJECT TO PROTECTIVE ORDER |
| | : | |
| Defendants. | : | **AFFIRMATION IN SUPPORT** |
| | | **OF APPLICATION FOR A** |
| -------------------------------------------------------x | | **LETTER OF REQUEST** |

Liviu Vogel, an attorney duly licensed to practice law before the Courts of the State of New York, affirms the following under the penalties of perjury:

1.     I am a member of the firm of Salon Marrow Dyckman Newman & Broudy LLP, attorneys for Plaintiffs, and I make this affirmation in support of Plaintiffs' application for a Letter of Request pursuant to Federal Rule of Civil Procedure 28 and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

2.     On June 27, 2008 this court heard testimony by Mr. Mark Gem, a representative of Clearstream Banking S.A., which is a non-party garnishee in this case.

3.     In his testimony, Mr. Gem stated that Banca UBAE SpA ("UBAE") was in possession of information concerning the ownership interest in securities that have been restrained in the custody of Citibank, N.A. and Clearstream S.A. in the United States in aid of execution of Plaintiff's judgment in the within case. Mr. Gem also testified that the Central Bank of Iran (also known as Bank Markazi), an instrumentality of the judgment debtor,

transferred securities to Banca UBAE SpA ▮▮▮▮▮▮ (i.e., ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮).     It is likely that the transfers were made without fair

consideration and for the purpose of defrauding creditors. The judgment debtors' continuing

ownership interest in, or control over, the securities in Banca UBAE SpA's ▮▮ is a fact

known by Banca UBAE SpA. Information is required from Baca UBAE SpA in order for

plaintiffs to commence a turnover proceeding with respect to the securities restrained in the

United States.

4.      On or about July 22, 2008, I telephoned the main office of Banca UBAE

SpA and spoke with its General Manager, Marco Ferrario. After introducing myself as the

attorney for the Plaintiffs in the referenced case, Mr. Ferrario stated that he was familiar with the

case and the proceedings involving the restraint of and proposed execution on securities believed

to belong to the judgment debtors that ▮▮▮▮▮▮ Banca UBAE SpA. I asked Mr.

Ferrario whether he would be willing to consent to giving a deposition concerning information

relating to the securities on deposit with his bank and the owner of interest in such securities. He

indicated that he wanted to cooperate, but unfortunately he could not do so because of Italian

Bank Secrecy Laws.

5.      Because Mr. Ferrario was unable to discuss the substance of his knowledge it is

unknown if he alone would be a satisfactory witness. Plaintiffs engaged Francesco Cavalieri, an

Italian attorney, who has advised that Italian Courts will not substitute witnesses or call

additional witnesses unless such witnesses are named in a Letter of Request. Consequently, the

proposed Letter of Request names all managers and executives of Banca UBAE SpA as well as

two people whose names appear on a communication from Banca UBAE SpA concerning the

opening of the account at Clearstream in which the securities are custodized. I have searched the

internet and found that Banca UBAE SpA is headquartered in Rome, Italy and has no apparent presence in the United States thereby making the use of normal discovery devices impossible, unless Banca UBAE SpA appears before the Court voluntarily.  It is materially necessary that Plaintiffs have the testimony of these witnesses.

6.      Testimony of the above-named witnesses is material and necessary to prove the identities of those with ownership interests in the assets which are currently being restrained in connection with this matter, and to prove the existence of a fraudulent conveyance from judgment debtors to Banca UBAE SpA.

7.      Plaintiffs desire to have the Italian Court examine these witnesses by questions set forth in the proposed Letter of Request, annexed hereto.  The proposed Letter of Request asks for a response by March 31, 2009 due to the impending expiration of the restraining notice served on Citibank and Clearstream in June, 2009.

8.      The witnesses are unable or unwilling to give testimony in any manner whatsoever unless they are compelled to do so by court order.  This is apparently the only method which provides them with a safe harbor from the Italian banking secrecy laws.

9.      This application should be granted *ex parte* because: (1) the Defendant has never appeared in the above-captioned proceeding, (2) the underlying judgment was entered upon default, (3) the matter is currently in the post-judgment phase, (4) the Letter of Request is to be issued for discovery in anticipation of a turnover proceeding, (5) there are no pending proceedings in connection with this matter, and (6) the desired deponent has not volunteered to be examined in this matter and is not located in the United States.

WHEREFORE, plaintiffs respectfully request that this Court issue a Letter of Request in the form attached hereto to be served in accordance with the Hague Convention upon the Italian

Ministry of Foreign Affairs, compelling the witnesses listed in Section 9 of the proposed Letter of Request to provide testimony relating to the ownership interest in, and fraudulent conveyance of, the assets in question, and that the Court grant such other relief as it may deem just.

Dated:      New York, New York

January 26, 2009

_____

Liviu Vogel

*Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

1. Sender

> (identity and address)
> United States District Court for the Southern District of New York
> 500 Pearl Street
> New York, NY 10017-1312
> U.S.A.

2. Central Authority of the Requested State

> (identity and address)
> Ministry of Foreign Affairs
> D.G.I.E.P.M. Office IV
> Piazzale della Farnesina, 1
> 001194
> Rome, Italy

3. Person to whom the executed request is to be returned

> (identity and address)
> Liviu Vogel, Esq.
> Salonn Marrow Dyckman Newman & Broudy LLP
> 292 Madison Avenue, 6th floor
> New York, NY 10017
> U.S.A.

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

Date

> March 31, 2009

Reason for urgency*

> The restraint on assets that are the subject of judgment enforcement proceeding is due to expire in June 2009. Proceedings to enforce the judgment against the assets must be commenced before expiration of the restraint.

---

\* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED
APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | a | Requesting judicial authority (Article 3,*a*)) | (identity and address)<br>United States District Court for the Southern District of New York<br>500 Pearl Street<br>New York, NY  10017-1312<br>U.S.A. |
| | b | To the competent authority of (Article 3, *a*)) | (the requested State)<br>Rome, Italy |
| | c | Names of the case and any identifying number | Deborah D. Peterson, personal representative of the Estate of James C. Knipple (Deceased), et al., Plaintiffs, against Islamic Republic of Iran, et al., Defendants; Case No. 18 Misc. 302. |

6.  Names and addresses of the
    parties and their representa-
    tives (including representa-
    tives in the requested State*)
    (Article 3, *b*))

| | | | |
|---|---|---|---|
| | a | Plaintiff | See attached Rider Section 6.a |
| | | Representatives | See attached Rider Section 6.a |
| | b | Defendant | Islamic Republic of Iran and Iranian Ministry of Information and Security.   See addresses on Rider Section 6.b attached hereto. |
| | | Representatives | No representatives for the Defendants have appeared in this case. |
| | c | Other parties | Clearstream Banking, S.A., 350 Madison Avenue, 23rd Floor, New York, NY  10017; Citibank, N.A., 1 Court Square, 7th floor, Long Island City, NY 11120. |
| | | Representatives | See attached rider Section 6.c |

---

* Omit if not applicable.

| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c)) | See attached rider Section 7.a |
| | b | Summary of complaint | See attached rider Section 7.b |
| | c | Summary of defence and counterclaim* | The Defendants failed to appear in the action and did not raise any defenses or counterclaims. |
| | d | Other necessary information or documents* | See attached rider Section 7.d |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, d)) | Examination of witnesses identified in Section 9. |
| | b | Purpose of the evidence or judicial act sought | See attached rider Section 8.b |
| 9. | | Identity and address of any person to be examined (Article 3, e))* | See attached Rider Section 9. |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, f))* | (or see attached list) See attached rider Section 10. |

---

* Omit if not applicable.

11. Documents or other property
    to be inspected
    (Article 3, *g)*)*

> None.

12. Any requirement that the
    evidence be given on oath
    or affirmation and any
    special form to be used
    (Article 3, *h)*)*

> (In the event that the evidence cannot be taken
> in the manner requested, specify whether it is to
> be taken in such manner as provided by local law
> for the formal taking of evidence)
>
> See attached rider Section 12.

13. Special methods or procedure
    to be followed (e.g. oral or
    in writing, verbatim,
    transcript or summary,
    cross-examination, etc.)
    (Articles 3, *i)* and 9)*

> (In the event that the evidence cannot be taken
> in the manner requested, specify whether it is to
> be taken in such manner as provided by local
> law)
>
> See attached rider Section 13.

14. Request for notification of
    the time and place for the
    execution of the Request
    and identity and address of
    any person to be notified
    (Article 7)*

> See attached rider Section 14.

15. Request for attendance or
    participation of judicial
    personnel of the requesting
    authority at the execution
    of the Letter of Request
    (Article 8)*

> None

---

* Omit if not applicable.

16. Specification of privilege
    or duty to refuse to give
    evidence under the law of
    the State of origin
    (Article 11, *b*))*

(attach copies of relevant laws or regulations)
None

17. The fees and costs incurred
    which are reimbursable under
    the second paragraph of
    Article 14 or under
    Article 26 of the Convention
    will be borne by*

(identity and address)
Salon Marrow Dyckman Newman & Broudy LLP
 292 Madison Avenue, 6th floor
 New York, NY  10017
 U.S.A.

DATE OF REQUEST

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY

------------------------------------------------------------------------------

Erase all entries          Print

---

* Omit if not applicable.

## Rider to Request for International Judicial Assistance

Section 6.a

See copy of judgment attached hereto as Exhibit A for names of judgment creditor plaintiffs. All Plaintiffs' addresses are c/o Liviu Vogel, Salon Marrow Dyckman Newman & Broudy LLP, 292 Madison Ave., NY 10017.

Liviu Vogel is the attorney representing all Plaintiffs; his address is: Salon Marrow Dyckman Newman & Broudy LLP, 292 Madison Avenue, New York, NY 10017 U.S.A.

Plaintiff's representative in the requested State (Italy) for the sole purpose of the execution of this Letter is Avvocato Francesco Cavaliere. His address is Cavaliere & Cavaliere, Studio Legale Associato, Piazza Gentile da Fabriano n. 3 – 00196 Rome, Italy.

Section 6.b

HIS EXCELLENCY AYATOLLAH ALI HOSEINI-KHAMENEI
THE OFFICE OF THE SUPREME LEADER
Islamic Republic Street
Shahid Keshvar Doust Street
Tehran, Islamic Republic of Iran

### President

HIS EXCELLENCY MAHMOUD AHMADINEJAD THE PRESIDENT
Palestine Avenue
Azerbaijan Intersection
Tehran, Islamic Republic of Iran
Fax: +98 21 6 649 5880

ISLAMIC REPUBLIC OF IRAN acting through its MINISTRY OF DEFENSE AND
SUPPORT FOR ARMED FORCES
No. 1 Shahid Kaboli Street
Beginning of Resalat Highway
Seyyed Khandan Bridge
P.O. Box 16765-1479
Tehran, Iran
Attn: President Dr. Ahmadinejad or
Agent for Service of Process or
Responsible Officer

THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,
ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue
Golestan Yekom
Teheran, Iran

135651.1

ATTN: President Dr. Ahmadinejad or
Agent for Service of Process or
Responsible Officer


ISLAMIC REPUBLIC OF IRAN
Khomeini Avenue
United Nations Street
Teheran, Iran
ATTN: President Dr. Ahmadinejad or
Agent for Service of Process or
Responsible Officer


**Director, Human Rights Headquarters of Iran**
HIS EXCELLENCY MOHAMMAD JAVAD LARIJANI
c/o Office of the Deputy for International Affairs
Ministry of Justice
Ministry of Justice Building
Panzdah-Khordad (Ark) Square
Tehran, Islamic Republic of Iran
Fax: +98 21 5 537 8827


**Minister of Intelligence**
GHOLAM HOSSEIN MOHSENI EJEIE
MINISTRY OF INTELLIGENCE
Second Negarestan Street
Pasdaran Avenue
Tehran, Islamic Republic of Iran


**Head of the Judiciary**
AYATOLLAH MAHMOUD HASHEMI SHAHROUDI
Howzeh Riyasat-e Qoveh Qazaiyeh
Office of the Head of the Judiciary
Pasteur Street, Vali Asr Avenue
South of Serah-e Jomhouri
Tehran 1316814737
Islamic Republic of Iran


Section 6.c

Clearstream Banking, S.A., 350 Madison Avenue, 23rd Floor, New York, NY 10017;
Citibank, N.A., 1 Court Square, 7th Floor, Long Island City, NY 11120

135651.1

Clearstream Banking, S.A., is represented by attorney Frank Panopoulos,
White & Case LLP, 701 Thirteenth Street, N.W., Washington, D.C., 20005, U.S.A.
Citibank, N.A., is represented by attorney Sharon L. Schneier,
Davis Wright Tremaine LLP, 1633 Broadway, New York, NY 10019-6708, U.S.A.

Section 7.a

The Plaintiffs recovered a judgment against the Defendants in the total aggregate amount
of $2,656,944,877.00, which was entered by the United States District Court for the
District of Columbia on September 7, 2007, in this action for damages arising out of the
Defendants' involvement in the October 23, 1983 terrorist bombing of a United States
Marine Barracks in Beirut, Lebanon, in which 241 United States Servicemen were killed.
On March 17 and 18, 2003, the United States District Court for the District of Columbia
conducted a trial to determine whether the defendants were responsible for providing
material support and assistance to Hezbollah, the terrorist organization that orchestraded
and carried out the bombing. The court issued an opinion finding that the Defendants
were legally responsible for providing material financial and logistical support to help
carry out the attack. In an opinion and judgment dated, September 7, 2007, the Court
awarded damages to Plaintiffs. The judgment was registered in the United States District
Court for the Southern District of New York on June 13, 2008 for the purpose of
enforcement.

Section 7. b

The Plaintiffs are surviving family members of the United States Military Servicemen
killed as well as United States Military Servicemen who were injured in the attack
described in 7a. The complaint alleged claims for (1) the wrongful death of the
servicemen, seeking compensation to the surviving family members for lost earnings that
the decedent would have earned, but for his untimely death, (2) battery of the surviving
servicemen seeking compensation to each for his injuries, and (3) for intentional
infliction of emotional distress.

Section 7.c

The Defendants failed to appear in the action and did not raise any defenses or
counterclaims. Nevertheless, a trial was held as described in Section 7.a and required by
the governing law.

Section 7.d

The information contained in this Letter of Request in Sections 7d, 9, 10 and 11 and the
evidence to be obtained by the Courts of Italy pursuant to this Letter of Request are
subject to a Protective Order issued by the United States District Court for the Southern
District of Columbia dated June 11, 2008, a copy of which is attached as Exhibit B. It is
respectfully requested that the foregoing be kept confidential as required by the attached
Protective Order. Upon receipt from the Requested State the Requesting Judicial

135651.1

authority shall maintain any transcripts of testimony and documentary evidence to be obtained hereunder confidential according to the terms of the Protective Order.

The evidence requested pertain to the following events described by Clearsream Banking, S.A. ("Clearstream"). On June 26, 2008, Clearstream a bank and securities settlement system with offices in Luxembourg and New York City, testified before the Requesting Court (United States District Court for the Southern District of New York) by its executive vice president, Mark Gem, as follows:



Attached to this request as Exhibit D, is the affidavit of Liviu Vogel sworn to on January 23, 2008, indicating that he spoke on the telephone with one of the persons to be examined, Marco Ferrario, the general manager of UBAE, who stated that he wished to cooperate with the Plaintiffs in this case by giving testimony, but could not do so without an order from an Italian court because of bank secrecy obligations and rules.

135651.1

Section 8.b

The purpose of the evidence sought is to determine whether the Defendants Islamic Republic of Iran and Iranian Ministry of Information and Security, through their instrumentality of Bank Markazi, own an interest in the securities identified in Exhibit C attached hereto and whether any of Defendants' interest in such securities were transferred in an attempt to defraud the Plaintiffs as judgment creditors. The securities are held in the United States, are currently restrained by the requesting court's order, and are subject to execution by the Plaintiff judgment creditors to the extent of the Defendant judgment debtors' interest in such securities. The Plaintiffs seek to enforce their judgment against the judgment debtors' interest in the securities located in the United States.


Section 9

The following persons are to be examined:

Marco Ferrario
Antonino Sprizzi
F. Fois
Jamal R. Elbeghazi
Marcello Fontana
Abdullatif A. El Kib
Alberto Rossetti
Ahmed Saliem Abusnina
Hadi N. Coobar
Julie Coulon
Paolo Fagorzi
Selim K. Ihmouda
Abdellatif Jouahri
Saleh Ahmed Keshlaf
Mohamed S. A. Madboly
Vito Umberto Vavalli

All of the above listed persons are employed at:

Banca UBAE SpA, Via Quintino Sella, 2
00187 Roma-P.O. Box 290


135651.1

Section 10

Please ask the following questions of each witness:

(1)   Does Banca UBAE SpA maintain an account at Clearstream Banking SA bearing account number ▮▮ ?

(2)   Is this a ▮▮▮ account for the benefit of UBAE's customers?

(3)   When was the account opened?

(4)   Did UBAE request that the account be opened by ▮▮ communication marked " ▮▮▮ on ▮▮▮ ? Is the attached Exhibit E a copy of such communication?

(5)   Why was the communication marked ▮▮▮ ?

(6)   Did UBAE communicate on or before ▮▮▮ with Bank Markazi about the transfer to UBAE of Bank Markazi's interest in securities identified in Exhibit C? If so, describe each communication stating:
    (a)   whether it was written or oral;
    (b)   the date of the communication;
    (c)   the substance of the communication; and
    (d)   the persons that participated in the communication.

(7)   When it opened its account number ▮▮ , did UBAE intend to use the account for the purpose of receiving deposits of securities on behalf of Bank Markazi or any other instrumentality of the Islamic Republic of Iran? When it opened its account number ▮▮ , did UBAE intend to use the account for the purpose of holding securities on behalf of UBAE's ▮▮▮ ?

(8)   Calling your attention to Exhibit C, there are 21 entries under the section entitled ▮▮▮ ", each entry representing the transfer of a security from Bank Markazi's account number ▮▮ at Clearstream to UBAE's account number ▮▮ at Clearstream. For each security transferred, the 3rd column shows the execution date, the 4th column shows the quantity of the security in U.S. Dollars and the 6th column shows the security's ISIN number. For each security identified, did UBAE receive the corresponding transfer of the security in its account number ▮▮ at Clearstream on or near the execution date and in the quantity shown on Exhibit C? If the information in Exhibit C concerning any such transfer is inaccurate, please identify the inaccuracy and state the correct information regarding such transfer, if any.

(9) As to each such transfer, for whose benefit or interest were you instructed to receive and hold the security in UBAE's account number ▮▮ at Clearstream? What is the beneficiary's address and telephone number? Does the beneficiary have any relation to Bank Markazi or Islamic Republic of Iran or any of its instrumentalities? If so, describe the relationship in detail. Does

Islamic Republic of Iran, Iranian Ministry of Information and Security, Bank
Markazi or any of their instrumentalities retain any interest in, or control over
the securities since they were transferred to UBAE's account ▮ at
Clearstream?

(10)   In exchange for each such transfer, did UBAE or anyone pay
consideration to or for the benefit of Bank Markazi? If so, describe:
  (a)   the value of consideration paid;
  (b)   the date paid;
  (c)   to whom paid;
  (d)   by whom paid;
  (e)   the manner in which such payment was made; and
  (f)   describe any documents that evidence the payments.

(11)   Were the interests in the securities identified in Exhibit C received and
held by you for the account of Bank Markazi or any other instrumentality of
Islamic Republic of Iran? If so, identify the account holder and provide its
address and telephone number. If so, describe the fees that UBAE charges
such account holder in connection with services rendered regarding the
account, including maintenance fees, transaction fees and commissions,
giving the amount of fees and frequency that it is charged. (e.g., is it a
monthly, quarterly, annual or per transaction fee?)

(12)   After you received such transfers (described in Exhibit C), into your
account number ▮ at Clearstream, did the owner of any interest in the
securities change? If there was a change, for each change state:

  (a)   the nature of the interest that changed and the security in which
such interest changed;
  (b)   the consideration paid for the change or transfer of such interest;
  (c)   the date of the change;
  (d)   the name, address and telephone number of the person instructing
you to make such change, and the substance of the instructions given by such
person; and
  (e)   the name, address and telephone number of the transferee or new
owner of such interest.

(13)   Describe the fees that Clearstream charges UBAE in connection with
account number ▮ and ▮ including maintenance fees, transaction
fees and commissions, giving the amount of the fee and frequency that it is
charged.

(14)   Calling your attention to Exhibit C, there are two entries under the Section
entitled, '▮," each entry representing the transfer of a security
from UBAE's account number ▮ to its account number ▮, both held
at Clearstream. For each security transferred, the 3rd column shows the
execution date, the 4th column shows the quantity of the security in U.S.
Dollars and the 6th column shows the security's ISIN number. For each
security identified, did UBAE receive the corresponding transfer of the

security into its account number ▮ at Clearstream on or near the
execution date and in the quantity shown on Exhibit C? If the information in
Exhibit C concerning such transfer is inaccurate, identify the inaccuracy and
state the correct information regarding such transfer, if any. As to each such
transfer, for whose benefit did UBAE receive the security into its account
number ▮. Who is the owner of interest in account number ▮ at
Clearstream? In exchange for each transfer, did UBAE or anyone pay
consideration to or for the benefit of Bank Markazi? If so, describe:

    (a)    the value of consideration paid;
    (b)    the date paid;
    (c)    to whom paid;
    (d)    by whom paid;
    (e)    the manner in which such payment was made; and
    (f)    describe any documents that evidence the payments.

(15)    After the securities were transferred to account number ▮, did UBAE
subsequently transfer the securities identified in Exhibit C under the heading,
"▮"? If so, when was interest in the securities transferred and
what consideration, if any, was received for the transfer? To whom was the
consideration paid? Was the consideration received for the benefit of Bank
Markazi or Islamic Republic of Iran or any of its instrumentalities?

(16)    Does UBAE have any employees, officers, directors or agents acting in
such capacity within the United States of America? If so, identify the name of
each such person, his address and telephone number, and describe the capacity
in which such person serves on behalf of UBAE and the date such service
began.

(17)    Does UBAE have any interest in any real or personal property located
within the United States of America? If so, for each such interest, describe:

    (a)    the property and UBAE's interest in it;
    (b)    the value of UBAE's interest;
    (c)    the location of the property;
    (d)    the custodian of the property (including name, address and
        telephone number), if any; and
    (e)    the date UBAE acquired the interest.

(18)    Does UBAE have ay relationship with a correspondent bank located in the
United States of America. If so, identify the bank, its address and telephone
number, the nature of the relationship and when such relationship began.

Section 12

It is respectfully requested that the testimony given by the witness be transcribed and be
given on oath of the witness. Alternatively, if the evidence cannot be taken in the manner

135651.1

requested, it is to be taken in such manner as provided by local law for the formal taking of evidence.

Section 13

It is preferable that a verbatim transcript of the testimony of the witness be made. Alternatively, in the event that the evidence cannot be taken in the manner requested, kindly take such evidence in such manner as provided by local law. Please allow Plaintiffs' representative, Liviu Vogel, Esq., to attend during the taking of evidence and allow Plaintiff's representative in Italy for the sole purpose of execution of this Letter, Avvocato Francesco Cavalieri, to also attend and participate in the taking of evidence.

Section 14

It is requested that notification of the time and place for the execution of this request be sent to the following representatives of the Plaintiffs:

Liviu Vogel, Esq.
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, NY 10017, U.S.A.
Tel: 212-661-7100
Fax: 212-661-3339
E-mail: lvogel@salonmarrow.com

Avvocato Francesco Cavaliere
Cavaliere & Cavaliere, Studio Legale Associato
Piazza Gentile da Fabriano n. 3
00196 Rome, Italy
Tel: 39 06 320.0153
Fax: 39 06 320.1172
E-mail: f.cavaliere@cavaliere-law.com

Section 17

Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue
New York, NY 10017
U.S.A.

135651.1

**EXHIBIT A**

Certification of Judgment (AO 451 Rev - DC 9/29/0

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEBORAH D. PETERSON, et al.
Personal Representative of the Estate
of James C. Knipple (Deceased)

     Plaintiff(s)

    v.

Civil Action No.   01-2094 (RCL)

ISLAMIC REPUBLIC OF IRAN, et al.

     Defendant(s)

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN ANOTHER DISTRICT

I, NANCY MAYER-WHITTINGTON, Clerk of this United States District Court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on

_____September 7, 2007_____, as it appears in the records of this court, and that:

☐ No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure have been disposed of, the latest order disposing of such a motion having been entered on _____ .

☐ An appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on _____ .

☒ An appeal was taken from this judgment and the appeal was dismissed by order entered on ___February 27, 2008___ .

IN TESTIMONY WHEREOF,   I sign my name and affix the seal of this Court on

April 15, 2008.

                    NANCY MAYER-WHITTINGTON, Clerk

                 By: _____T. Gunier_____

                         Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), *et al.*, Plaintiffs, v. ISLAMIC REPUBLIC OF IRAN, *et al.*, Defendants. | Consolidated Civil Actions: 01-2094 (RCL) 01-2684 (RCL) |

## JUDGMENT

In accord with the Memorandum Opinion issued this date, it is hereby

ORDERED that Default Judgment be entered in favor of plaintiffs and against

defendants, jointly and severally, in the amount of $2,656,944,877.00, which shall be allocated

in the following manner:

1. *Wrongful Death Claims Brought by the Personal Representatives and Estates of*

   *Deceased Servicemen*

| | |
|---|---|
| Abbott, Terry | $1,485,243.00 |
| Allman, John Robert | $545,937.00 |
| Bates, Ronny Kent | $2,991,659.00 |
| Baynard, James | $626,517.00 |
| Beamon, Jess W. | $988,897.00 |
| Belmer, Alvin Burton | $8,384,746.00 |
| Blankenship, Richard D. | $1,421,889.00 |
| Blocker, John W. | $975,621.00 |
| Boccia, Joseph John Jr. | $1,276,641.00 |
| Bohannon, Leon | $706,549.00 |

-1-

| | |
|---|---|
| Bonk, John Jr. | $904,220.00 |
| Boulos, Jeffrey Joseph | $1,154,112.00 |
| Boyett, John Norman | $2,235,375.00 |
| Burley, William | $170,847.00 |
| Callahan, Paul | $974,546.00 |
| Camara, Mecot | $1,882,308.00 |
| Campus, Bradley | $433,959.00 |
| Ceasar, Johnnie | $313,593.00 |
| Conley, Robert Allen | $962,677.00 |
| Cook, Charles Dennis | $837,147.00 |
| Copeland, Johnny Len | $541,325.00 |
| Cosner, David | $1,105,668.00 |
| Coulman, Kevin | $1,287,092.00 |
| Crudale, Rick | $1,004,731.00 |
| Cyzick, Russell | $575,554.00 |
| Devlin, Michael | $939,887.00 |
| Dorsey, Nathaniel | $638,703.00 |
| Dunnigan, Timothy | $709,232.00 |
| Earle, Bryan | $1,286,372.00 |
| Estes, Danny R. | $1,000,157.00 |
| Fluegel, Richard Andrew | $1,089,811.00 |
| Fulcher, Michael D. | $1,257,150.00 |
| Gallagher, Sean | $674,382.00 |
| Gangur, George | $1,000,935.00 |
| Garcia, Randall | $1,127,694.00 |
| Ghumm, Harold | $1,260,508.00 |
| Giblin, Timothy | $1,301,526.00 |
| Gorchinski, Michael | $1,931,668.00 |
| Gordon, Richard | $965,609.00 |
| Green, Davin M. | $1,025,050.00 |
| Hairston, Thomas | $1,489,395.00 |
| Haskell, Michael | $2,871,058.00 |
| Helms, Mark Anthony | $1,028,509.00 |
| Hester, Stanley G. | $1,493,349.00 |
| Hildreth, Donald Wayne | $1,425,177.00 |
| Holberton, Richard | $1,818,176.00 |
| Hudson, Dr. John | $4,072,010.00 |
| Hukill, Maurice Edward | $3,038,258.00 |
| Iacovino, Edward Jr. | $407,196.00 |
| Innocenzi, Paul III | $1,715,253.00 |
| Jackowski, James | $463,355.00 |
| James, Jeffrey Wilbur | $251,607.00 |
| Jenkins, Nathaniel Walter | $7,599,314 |

| | |
|---|---|
| Johnston, Edward Anthony | $1,246,535.00 |
| Jones, Steven | $801,721.00 |
| Julian, Thomas Adrian | $415,311.00 |
| Keown, Thomas | $1,013,901.00 |
| Kluck, Daniel | $922,630.00 |
| Knipple, James C. | $1,018,665.00 |
| Kreischer, Freas H. III | $1,059,185.00 |
| Laise, Keith | $447,984.00 |
| Langon, James IV | $1,066,903.00 |
| LaRiviere, Michael Scott | $1,056,282.00 |
| LaRiviere, Steven | $986,622.00 |
| Lemnah, Richard | $1,842,869.00 |
| Livingston, Joseph R. ("Joel") III | $1,762,193.00 |
| Lyon, Paul D. Jr. | $1,034,459.00 |
| Macroglou, John | $2,183,935.00 |
| Maitland, Samuel Jr. | $970,700.00 |
| Martin, Charlie Robert | $1,316,085.00 |
| Massa, David | $674,558.00 |
| McCall, John | $853,420.00 |
| McDonough, James E. | $952,847.00 |
| McMahon, Timothy R. | $984,020.00 |
| Menkins, Richard II | $850,938.00 |
| Meurer, Ronald | $1,855,272.00 |
| Milano, Joseph Peter | $674,258.00 |
| Moore, Joseph | $980,150.00 |
| Myers, Harry Douglas | $891,144.00 |
| Nairn, David | $1,562,682.00 |
| Olson, John Arne | $1,010,497.00 |
| Owens, Joseph Albert | $502,237.00 |
| Page, Connie Ray | $1,012,211.00 |
| Parker, Ulysses Gregory | $641,523.00 |
| Pearson, John L. | $1,816,369.00 |
| Perron, Thomas S. | $424,110.00 |
| Phillips, John Arthur Jr. | $1,030,308.00 |
| Pollard, William Roy | $1,111,556.00 |
| Prevatt, Victor Mark | $862,635.00 |
| Price, James | $989,921.00 |
| Prindeville, Patrick Kerry | $305,675.00 |
| Quirante, Diomedes J. | $2,178,822.00 |
| Richardson, Warren | $796,673.00 |
| Rotondo, Louis J. | $2,276,348.00 |
| Sauls, Michael Caleb | $974,601.00 |
| Schnorf, Charles Jeffrey | $2,790,541.00 |

-3-

| | |
|---|---|
| Schultz, Scott Lee | $675,361.00 |
| Scialabba, Peter | $2,462,179.00 |
| Scott, Gary Randall | $432,024.00 |
| Shipp, Thomas Alan | $738,895.00 |
| Shropshire, Jerryl | $212,061.00 |
| Simpson, Larry H. Jr. | $5,995,660.00 |
| Smith, Kirk Hall | $710,042.00 |
| Smith, Thomas Gerard | $980,543.00 |
| Smith, Vincent | $1,285,915.00 |
| Sommerhof, William Scott | $1,361,062.00 |
| Spencer, Stephen Eugene | $974,298.00 |
| Stelpflug, William | $1,094,429.00 |
| Stephens, Horace Renardo Jr. ("Ricky") | $446,107.00 |
| Stockton, Craig | $1,007,526.00 |
| Stokes, Jeffrey | $1,599,994.00 |
| Sturghill, Eric D. | $725,378.00 |
| Sundar, Devon | $1,394,608.00 |
| Thorstad, Thomas Paul | $1,921,086.00 |
| Tingley, Stephen | $1,439,655.00 |
| Vallone, Donald H. Jr. | $462,193.00 |
| Washington, Eric Glenn | $1,069,270.00 |
| Wigglesworth, Dwayne | $1,001,122.00 |
| Williams, Rodney J. | $671,206.00 |
| Williams, Scipio Jr. | $1,635,994.00 |
| Williamson, Johnny Adam | $443,409.00 |
| Winter, William Ellis | $2,534,910.00 |
| Woollett, Donald Elberan | $2,021,565.00 |
| Wyche, Craig | $1,025,860.00 |
| Young, Jeffrey D. | $618,891.00 |

2.  *Battery Claims Brought by Injured Servicemen*

| | |
|---|---|
| Albright, Marvin | $5,000,000.00 |
| Arroyo, Pablo | $5,000,000.00 |
| Banks, Anthony | $7,500,000.00 |
| Burnette, Rodney Darrell | $8,000,000.00 |
| Comes, Frank Jr. | $1,500,000.00 |
| Dolphin, Glenn | $3,000,000.00 |
| Eaves, Frederick Daniel | $1,500,000.00 |
| Frye, Charles | $2,200,000.00 |
| Garner, Truman Dale | $7,500,000.00 |
| Gerlach, Larry | $12,000,000.00 |
| Hlywiak, John | $1,500,000.00 |

-4-

| | |
|---|---|
| Hunt, Orval | $8,000,000.00 |
| Jacobs, Joseph P. | $5,000,000.00 |
| Kirkpatrick, Brian | $8,000,000.00 |
| Matthews, Burnham | $7,000,000.00 |
| Mitchell, Timothy | $4,555,099.00 |
| Moore, Lovelle "Darrell" | $8,314,513.00 |
| Nashton, Jeffrey | $11,776,632.00 |
| Oliver, John | $3,277,542.00 |
| Rivers, Paul | $7,000,000.00 |
| Russell, Stephen | $9,252,749.00 |
| Spaulding, Dana | $9,559,609.00 |
| Swinson, Craig Joseph | $1,500,000.00 |
| Toma, Michael | $7,500,000.00 |
| Wheeler, Danny | $5,000,000.00 |
| Young, Thomas D. | $1,500,000.00 |

3.    *Claims Brought by Family Members of Deceased Servicemen*

| | |
|---|---|
| Abbey, Lilla Woollett | $2,500,000.00 |
| Abbott, James | $5,000,000.00 |
| Abbott, Mary (Estate of) | $5,000,000.00 |
| Adams, Elizabeth | $2,500,000.00 |
| Ahlquist, Eileen Prindeville | $2,500,000.00 |
| Alarcon, Miralda (Judith Maitland) | $8,000,000.00 |
| Allman, Anne | $5,000,000.00 |
| Allman, Robert | $5,000,000.00 |
| Allman, Theodore (Estate of) | $2,500,000.00 |
| Allman, DiAnne Margaret ("Maggie") | $2,500,000.00 |
| Alvarez, Margaret E. | $2,500,000.00 |
| Angus, Kimberly F. | $2,500,000.00 |
| Bates, Donnie | $2,500,000.00 |
| Bates, Johnny | $2,500,000.00 |
| Bates, Laura | $5,000,000.00 |
| Bates, Margie | $5,000,000.00 |
| Bates, Monty | $2,500,000.00 |
| Bates, Thomas Jr. | $2,500,000.00 |
| Bates, Thomas C., Sr. | $5,000,000.00 |
| Baumgartner, Mary E. | $2,500,000.00 |
| Baynard, Anthony | $2,500,000.00 |
| Baynard, Barry | $2,500,000.00 |
| Baynard, Emerson | $2,500,000.00 |
| Baynard, Philip | $2,500,000.00 |
| Baynard, Thomasine | $8,000,000.00 |

-5-

| | |
|---|---|
| Baynard, Timothy | $2,500,000.00 |
| Baynard, Wayne | $2,500,000.00 |
| Baynard, Stephen | $5,000,000.00 |
| Beard, Anna | $2,500,000.00 |
| Beck, Mary Ann | $2,500,000.00 |
| Belmer, Alue | $5,000,000.00 |
| Belmer, Annette | $2,500,000.00 |
| Belmer, Clarence | $2,500,000.00 |
| Belmer, Colby Keith | $5,000,000.00 |
| Belmer, Denise | $2,500,000.00 |
| Belmer, Donna | $2,500,000.00 |
| Belmer, Faye | $8,000,000.00 |
| Belmer, Kenneth | $2,500,000.00 |
| Belmer, Luddie | $5,000,000.00 |
| Biellow, Shawn | $2,500,000.00 |
| Black, Mary Frances | $2,500,000.00 |
| Blankenship, Donald Jr. | $2,500,000.00 |
| Blankenship, Donald Sr. | $5,000,000.00 |
| Blankenship, Mary (Estate of) | $5,000,000.00 |
| Blocker, Alice | $5,000,000.00 |
| Blocker, Douglas | $2,500,000.00 |
| Blocker, John R. | $5,000,000.00 |
| Blocker, Robert | $2,500,000.00 |
| Boccia, James | $2,500,000.00 |
| Boccia, Joseph Sr. | $5,000,000.00 |
| Boccia, Patricia | $5,000,000.00 |
| Boccia, Raymond | $2,500,000.00 |
| Boccia, Richard | $2,500,000.00 |
| Boccia, Ronnie (Veronica) | $2,500,000.00 |
| Boddie, Leticia | $2,500,000.00 |
| Bohannon, Angela | $2,500,000.00 |
| Bohannon, Anthony | $2,500,000.00 |
| Bohannon, Carrie | $5,000,000.00 |
| Bohannon, David | $2,500,000.00 |
| Bohannon, Edna | $8,000,000.00 |
| Bohannon, Leon Sr. | $5,000,000.00 |
| Bohannon, Ricki | $2,500,000.00 |
| Bolinger, Billie Jean | $5,000,000.00 |
| Boulos, Joseph | $5,000,000.00 |
| Boulos, Lydia | $2,500,000.00 |
| Boulos, Marie | $5,000,000.00 |
| Bowler, Rebecca | $2,500,000.00 |
| Boyett, Lavon | $5,000,000.00 |
| Boyett, Norman E. Jr. (Estate of) | $5,000,000.00 |

-6-

| | |
|---|---|
| Boyett, Theresa U. Roth | $8,000,000.00 |
| Boyett, William A. | $2,500,000.00 |
| Breeden, Susan Schnorf | $2,500,000.00 |
| Briscoe, Damion | $2,500,000.00 |
| Brown, Christine | $5,000,000.00 |
| Brunette, Rosanne | $2,500,000.00 |
| Buckner, Mary Lynn | $8,000,000.00 |
| Burley, Claude (Estate of) | $5,000,000.00 |
| Burley, William Douglas (Estate of) | $2,500,000.00 |
| Burley, Myra | $2,500,000.00 |
| Calabro, Kathleen | $2,500,000.00 |
| Caldera, Rachel | $2,500,000.00 |
| Callahan, Avenell | $5,000,000.00 |
| Callahan, Michael | $2,500,000.00 |
| Calloway, Patricia (Patsy Ann) | $2,500,000.00 |
| Camara, Elisa Rock | $2,500,000.00 |
| Camara, Theresa Riggs | $2,500,000.00 |
| Campbell, Candace | $2,500,000.00 |
| Campus, Clare | $5,000,000.00 |
| Capobianco, Elaine | $2,500,000.00 |
| Carter, Florene Martin | $2,500,000.00 |
| Cash, Phyllis A. | $2,500,000.00 |
| Catano, Theresa | $2,500,000.00 |
| Ceasar, Bruce | $2,500,000.00 |
| Ceasar, Franklin | $2,500,000.00 |
| Ceasar, Fredrick | $2,500,000.00 |
| Ceasar, Robbie Nell | $5,000,000.00 |
| Ceasar, Sybil | $1,250,000.00 |
| Cecca, Christine Devlin | $2,500,000.00 |
| Chapman, Tammy | $2,500,000.00 |
| Cherry, James | $2,500,000.00 |
| Cherry, Sonia | $2,500,000.00 |
| Chios, Adele H. | $2,500,000.00 |
| Christian, Jana M. | $2,500,000.00 |
| Christian, Sharon Rose | $2,500,000.00 |
| Ciupaska, Susan | $2,500,000.00 |
| Clark, LeShune Stokes | $2,500,000.00 |
| Clark, Rosemary | $2,500,000.00 |
| Cobble, Mary Ann | $5,000,000.00 |
| Collard, Karen Shipp | $2,500,000.00 |
| Collier, Jennifer | $5,000,000.00 |
| Collier, Melia Winter | $8,000,000.00 |
| Coltrane, Deborah M. | $8,000,000.00 |
| Conley, James N. Jr. | $5,000,000.00 |

| | |
|---|---|
| Conley, Roberta Li | $5,000,000.00 |
| Cook, Charles F. | $5,000,000.00 |
| Cook, Elizabeth A. | $2,500,000.00 |
| Cook, Mary A. (Estate of) | $5,000,000.00 |
| Copeland, Alan Tracy | $2,500,000.00 |
| Copeland, Betty | $5,000,000.00 |
| Copeland, Donald | $5,000,000.00 |
| Corry, Blanche | $2,500,000.00 |
| Cosner, Harold | $5,000,000.00 |
| Cosner, Jeffrey | $2,500,000.00 |
| Cosner, Leanna | $5,000,000.00 |
| Cosner, Marva Lynn (Estate of) | $5,000,000.00 |
| Cossaboom, Cheryl | $2,500,000.00 |
| Coulman, Bryan Thomas | $2,500,000.00 |
| Coulman, Christopher J. | $2,500,000.00 |
| Coulman, Dennis P. | $2,500,000.00 |
| Coulman, Lorraine M. | $5,000,000.00 |
| Coulman, Robert D. | $2,500,000.00 |
| Coulman, Robert Louis | $5,000,000.00 |
| Covington, Charlita Martin | $5,000,000.00 |
| Crouch, Amanda | $5,000,000.00 |
| Crudale, Marie | $5,000,000.00 |
| Cyzick, Eugene | $2,500,000.00 |
| Dallachie, Lynn | $8,000,000.00 |
| Deal, Anne | $2,500,000.00 |
| Derbyshire, Lynn Smith | $2,500,000.00 |
| Desjardins, Theresa | $5,000,000.00 |
| Devlin, Christine | $5,000,000.00 |
| Devlin, Daniel | $2,500,000.00 |
| Devlin, Gabrielle | $2,500,000.00 |
| Devlin, Richard | $2,500,000.00 |
| Devlin, Sean | $2,500,000.00 |
| Donahue (Milano), Rosalie | $2,500,000.00 |
| Doray, Ashley | $5,000,000.00 |
| Doss, Rebecca | $2,500,000.00 |
| Dunnigan, Chester | $2,500,000.00 |
| Dunnigan, Elizabeth Ann | $2,500,000.00 |
| Dunnigan, Michael | $2,500,000.00 |
| Dunnigan, William | $2,500,000.00 |
| Dunnigan, Claudine | $5,000,000.00 |
| Edquist, Janice Thorstad | $2,500,000.00 |
| Ervin, Mary Ruth | $5,000,000.00 |
| Estes, Barbara | $5,000,000.00 |
| Estes, Charles | $5,000,000.00 |

| | |
|---|---|
| Estes, Frank | $2,500,000.00 |
| Fansler, Lori | $2,500,000.00 |
| Farthing, Angela Dawn | $2,500,000.00 |
| Ferguson, Arlington | $1,250,000.00 |
| Ferguson, Hilton | $1,250,000.00 |
| Fish, Linda Sandback | $8,000,000.00 |
| Fox, Nancy Brocksbank | $5,000,000.00 |
| Fox, Tia | $2,500,000.00 |
| Freshour, Tammy | $8,000,000.00 |
| Fulcher, Ruby | $5,000,000.00 |
| Gallagher, Barbara | $5,000,000.00 |
| Gallagher, Brian | $2,500,000.00 |
| Gallagher, James (Estate of) | $5,000,000.00 |
| Gallagher, James Jr. | $2,500,000.00 |
| Gallagher, Kevin | $2,500,000.00 |
| Gallagher, Michael | $2,500,000.00 |
| Gangur, Dimitri | $5,000,000.00 |
| Gangur, Mary | $5,000,000.00 |
| Garcia, Jess | $5,000,000.00 |
| Garcia, Ronald | $2,500,000.00 |
| Garcia, Roxanne | $2,500,000.00 |
| Garcia, Russell | $2,500,000.00 |
| Garcia, Violet | $5,000,000.00 |
| Garza, Suzanne Perron | $2,500,000.00 |
| Gattegno, Jeanne | $2,500,000.00 |
| Ghumm, Arlene | $8,000,000.00 |
| Ghumm, Ashley | $5,000,000.00 |
| Ghumm, Bill | $2,500,000.00 |
| Ghumm, Edward | $2,500,000.00 |
| Ghumm, Hildegard | $5,000,000.00 |
| Ghumm, Jedaiah (Estate of) | $5,000,000.00 |
| Ghumm, Jesse | $2,500,000.00 |
| Ghumm, Leroy | $5,000,000.00 |
| Ghumm, Moronica | $5,000,000.00 |
| Giblin, Donald | $2,500,000.00 |
| Giblin, Jeanne | $5,000,000.00 |
| Giblin, Michael | $2,500,000.00 |
| Giblin, Tiffany | $5,000,000.00 |
| Giblin, Valerie | $8,000,000.00 |
| Giblin, William | $2,500,000.00 |
| Gilford-Smith, Thad | $2,500,000.00 |
| Gintonio, Rebecca | $2,500,000.00 |
| Goff, Dawn | $2,500,000.00 |
| Gorchinski, Christina | $5,000,000.00 |

| | |
|---|---|
| Gorchinski, Judy | $8,000,000.00 |
| Gorchinski, Kevin | $5,000,000.00 |
| Gorchinski, Valerie | $5,000,000.00 |
| Gordon, Alice | $5,000,000.00 |
| Gordon, Joseph | $2,500,000.00 |
| Gordon, Linda | $2,500,000.00 |
| Gordon, Norris (Estate of) | $5,000,000.00 |
| Gordon, Paul | $2,500,000.00 |
| Grant, Andrea | $2,500,000.00 |
| Graves, Deborah | $2,500,000.00 |
| Green, Deborah | $8,000,000.00 |
| Gregg, Liberty Quirante | $2,500,000.00 |
| Griffin, Alex | $2,500,000.00 |
| Grimsley, Catherine E. | $2,500,000.00 |
| Gummer, Megan | $2,500,000.00 |
| Guz, Lyda Woollett | $2,500,000.00 |
| Hairston, Darlene | $8,000,000.00 |
| Hanrahan, Tara | $2,500,000.00 |
| Hart, Mary Clyde | $2,500,000.00 |
| Haskill, Brenda | $2,500,000.00 |
| Haskell, Jeffrey | $2,500,000.00 |
| Hedge, Kathleen S. | $8,000,000.00 |
| Helms, Christopher Todd | $2,500,000.00 |
| Helms, Marvin R. | $5,000,000.00 |
| Hester, Doris | $8,000,000.00 |
| Hildreth, Clifton | $5,000,000.00 |
| Hildreth, Julia | $5,000,000.00 |
| Hildreth, Mary Ann | $8,000,000.00 |
| Hildreth, Michael Wayne | $5,000,000.00 |
| Hilton, Sharon A. | $2,500,000.00 |
| Holberton, Donald | $2,500,000.00 |
| Holberton, Patricia Lee | $5,000,000.00 |
| Holberton, Thomas | $2,500,000.00 |
| Hollifield, Tangie | $2,500,000.00 |
| Horner, Debra | $8,000,000.00 |
| House, Elizabeth | $2,500,000.00 |
| Houston, Joyce A. | $5,000,000.00 |
| Howell, Tammy Camara | $8,000,000.00 |
| Hudson, Lisa H. | $8,000,000.00 |
| Hudson, Lorenzo | $2,500,000.00 |
| Hudson, Lucy | $5,000,000.00 |
| Hudson, Ruth | $2,500,000.00 |
| Hudson, Samuel (Estate of) | $5,000,000.00 |
| Hudson, William J. | $5,000,000.00 |

| | |
|---|---|
| Hugis, Susan Thorstad (Estate of) | $2,500,000.00 |
| Hurlburt, Nancy Tingley | $2,500,000.00 |
| Hurston, Cynthia Perron | $2,500,000.00 |
| Iacovino, Edward Sr. (Estate of) | $5,000,000.00 |
| Iacovino, Elizabeth | $5,000,000.00 |
| Innocenzi, Deborah | $8,000,000.00 |
| Innocenzi, Kristin | $5,000,000.00 |
| Innocenzi, Mark | $2,500,000.00 |
| Innocenzi, Paul IV | $5,000,000.00 |
| Jaccom, Bernadette | $2,500,000.00 |
| Jackowski, John Jr. | $2,500,000.00 |
| Jackowski, John Sr. | $5,000,000.00 |
| Jacobus, Victoria | $2,500,000.00 |
| James, Elaine | $5,000,000.00 |
| Jenkins, Nathalie C. | $5,000,000.00 |
| Jenkins, Stephen | $2,500,000.00 |
| Jewett, Rebecca | $2,500,000.00 |
| Johnson, Linda Martin | $2,500,000.00 |
| Johnson, Ray | $2,500,000.00 |
| Johnson, Rennitta Stokes | $2,500,000.00 |
| Johnson, Sherry | $5,000,000.00 |
| Johnston, Charles | $2,500,000.00 |
| Johnston, Edwin | $5,000,000.00 |
| Johnston, Mary Ann | $5,000,000.00 |
| Johnston, Zandra LaRiviere | $2,500,000.00 |
| Jones, Alicia | $2,500,000.00 |
| Jones, Corene Martin | $2,500,000.00 |
| Jones, Kia Briscoe | $2,500,000.00 |
| Jones, Mark | $2,500,000.00 |
| Jones, Ollie | $5,000,000.00 |
| Jones, Sandra D. | $5,000,000.00 |
| Jones, Synovure (Estate of) | $2,500,000.00 |
| Jordan, Robin Copeland | $2,500,000.00 |
| Jordan, Susan Scott | $2,500,000.00 |
| Julian, Joyce | $5,000,000.00 |
| Julian, Karl | $5,000,000.00 |
| Jurist, Nada | $2,500,000.00 |
| Keown, Adam | $2,500,000.00 |
| Keown, Bobby Jr. | $2,500,000.00 |
| Keown, Bobby Sr. | $5,000,000.00 |
| Keown, Darren | $2,500,000.00 |
| Keown, William | $2,500,000.00 |
| Kirker, Mary Joe | $2,500,000.00 |
| Kluck, Kelly | $2,500,000.00 |

| | |
|---|---|
| Kluck, Michael | $2,500,000.00 |
| Knipple, John D. (Estate of) | $5,000,000.00 |
| Knipple, John R. | $2,500,000.00 |
| Knipple, Pauline (Estate of) | $5,000,000.00 |
| Knox, Shirley L. | $2,500,000.00 |
| Kreischer, Doreen | $5,000,000.00 |
| Kreischer, Freas H. Jr. | $5,000,000.00 |
| Lake, Cynthia D. | $2,500,000.00 |
| Lange, Wendy L. | $2,500,000.00 |
| Langon, James III | $5,000,000.00 |
| LaRiviere, Eugene | $2,500,000.00 |
| LaRiviere, Janet | $5,000,000.00 |
| LaRiviere, John M. | $2,500,000.00 |
| LaRiviere, Lesley | $2,500,000.00 |
| LaRiviere, Michael | $2,500,000.00 |
| LaRiviere, Nancy | $2,500,000.00 |
| LaRiviere, Richard | $2,500,000.00 |
| LaRiviere, Richard G. (Estate of) | $5,000,000.00 |
| LaRiviere, Robert | $2,500,000.00 |
| LaRiviere, William | $2,500,000.00 |
| Lawton, Cathy L. | $2,500,000.00 |
| LeGault, Heidi Crudale | $8,000,000.00 |
| Lemnah, Clarence (Estate of) | $5,000,000.00 |
| Lemnah, Etta | $5,000,000.00 |
| Lemnah, Fay | $2,500,000.00 |
| Lemnah, Harold | $2,500,000.00 |
| Lemnah, Marlys | $8,000,000.00 |
| Lemnah, Robert | $2,500,000.00 |
| Lemnah, Ronald | $2,500,000.00 |
| Livingston, Annette R. | $8,000,000.00 |
| Livingston, Joseph R. IV | $5,000,000.00 |
| Livingston, Joseph R. Jr. (Estate of) | $5,000,000.00 |
| Lynch, Robin M. | $2,500,000.00 |
| Lyon, Earl | $2,500,000.00 |
| Lyon, Francisco | $2,500,000.00 |
| Lyon, June | $2,500,000.00 |
| Lyon, Maria | $5,000,000.00 |
| Lyon, Paul D. Sr. | $5,000,000.00 |
| Lyon, Valerie | $2,500,000.00 |
| Macroglou, Heather | $5,000,000.00 |
| Mahoney, Kathleen Devlin | $2,500,000.00 |
| Maitland, Kenty | $2,500,000.00 |
| Maitland, Leysnal | $5,000,000.00 |
| Maitland, Samuel Sr. | $5,000,000.00 |

| | |
|---|---|
| Maitland, Shirla | $2,500,000.00 |
| Marshall, Virginia Boccia | $2,500,000.00 |
| Martin, John | $2,500,000.00 |
| Martin, Pacita | $8,000,000.00 |
| Martin, Renerio | $5,000,000.00 |
| Martin, Ruby | $5,000,000.00 |
| Martin, Shirley | $5,000,000.00 |
| Mason, Mary | $5,000,000.00 |
| Massa, Cristina | $5,000,000.00 |
| Massa, Edmund | $2,500,000.00 |
| Massa, Joao ("John") | $2,500,000.00 |
| Massa, Jose ("Joe") | $2,500,000.00 |
| Massa, Manuel Jr. | $2,500,000.00 |
| Massa, Ramiro | $2,500,000.00 |
| McCall, Mary | $5,000,000.00 |
| McCall, Thomas (Estate of) | $5,000,000.00 |
| McCall, Valerie | $2,500,000.00 |
| McDermott, Gail | $2,500,000.00 |
| McFarlin, Julia A. | $2,500,000.00 |
| McMahon, George | $2,500,000.00 |
| McMahon, Michael | $2,500,000.00 |
| McPhee, Patty | $5,000,000.00 |
| Menkins, Darren | $2,500,000.00 |
| Menkins, Gregory | $2,500,000.00 |
| Menkins, Margaret | $5,000,000.00 |
| Menkins, Richard H. | $5,000,000.00 |
| Meurer, Jay T. | $2,500,000.00 |
| Meurer, John | $5,000,000.00 |
| Meurer, John Thomas | $2,500,000.00 |
| Meurer, Mary Lou | $5,000,000.00 |
| Meurer, Michael | $2,500,000.00 |
| Meyer, Penny | $2,500,000.00 |
| Milano, Angela | $5,000,000.00 |
| Milano, Peter Jr. | $5,000,000.00 |
| Miller, Earline | $5,000,000.00 |
| Miller, Henry | $2,500,000.00 |
| Miller, Patricia | $2,500,000.00 |
| Montgomery, Helen | $2,500,000.00 |
| Moore, Betty | $5,000,000.00 |
| Moore, Harry | $5,000,000.00 |
| Moore, Kimberly | $2,500,000.00 |
| Moore, Mary | $8,000,000.00 |
| Moore, Melissa Lea | $2,500,000.00 |
| Moore, Michael (Estate of) | $2,500,000.00 |

-13-

| | |
|---|---|
| Moy, Elizabeth Phillips | $2,500,000.00 |
| Myers, Debra | $2,500,000.00 |
| Myers, Geneva | $5,000,000.00 |
| Myers, Harry A. | $5,000,000.00 |
| Nairn, Billie Ann | $5,000,000.00 |
| Nairn, Campbell J. III | $2,500,000.00 |
| Nairn, Campbell J. Jr. (Estate of) | $5,000,000.00 |
| Nairn, William P. | $2,500,000.00 |
| Norfleet, Richard | $5,000,000.00 |
| O'Connor, Deborah | $2,500,000.00 |
| Olaniji, Pearl | $5,000,000.00 |
| Olson, Bertha (Estate of) | $5,000,000.00 |
| Olson, Karen L. | $2,500,000.00 |
| Olson, Randal D. | $2,500,000.00 |
| Olson, Roger S. | $2,500,000.00 |
| Olson, Ronald J. | $2,500,000.00 |
| Olson, Sigurd (Estate of) | $5,000,000.00 |
| Owens, David | $2,500,000.00 |
| Owens, Deanna | $2,500,000.00 |
| Owens, Frances | $5,000,000.00 |
| Owens, James (Estate of) | $5,000,000.00 |
| Owens, Steven | $2,500,000.00 |
| Page, Connie Mack | $5,000,000.00 |
| Page, Judith K. | $5,000,000.00 |
| Palmer, Lisa Menkins | $2,500,000.00 |
| Paolozzi, Geraldine | $2,500,000.00 |
| Pare, Maureen | $2,500,000.00 |
| Parker, Henry James | $2,500,000.00 |
| Parker, Sharon | $2,500,000.00 |
| Pearson, Helen M. | $5,000,000.00 |
| Pearson, John L. Jr. | $5,000,000.00 |
| Pearson, Sonia | $8,000,000.00 |
| Perron, Brett | $2,500,000.00 |
| Perron, Deborah Jean | $2,500,000.00 |
| Perron, Michelle | $2,500,000.00 |
| Perron, Ronald R. | $5,000,000.00 |
| Persky, Muriel | $5,000,000.00 |
| Peterson, Deborah D. | $2,500,000.00 |
| Petry, Sharon Conley | $2,500,000.00 |
| Petrick, Sandra | $2,500,000.00 |
| Phelps, Donna Vallone | $5,000,000.00 |
| Phillips, Harold | $2,500,000.00 |
| Phillips, John Arthur Sr. | $5,000,000.00 |
| Plickys, Donna Tingley | $2,500,000.00 |

-14-

| | |
|---|---|
| Pollard, Margaret Aileen | $8,000,000.00 |
| Pollard, Stacey Yvonne | $5,000,000.00 |
| Prevatt, Lee Hollan | $2,500,000.00 |
| Prevatt, Victor Thornton | $5,000,000.00 |
| Price, John | $5,000,000.00 |
| Price, Joseph | $2,500,000.00 |
| Prindeville, Barbara D. (Estate of) | $5,000,000.00 |
| Prindeville, Kathleen Tara | $2,500,000.00 |
| Prindeville, Michael | $2,500,000.00 |
| Prindeville, Paul | $5,000,000.00 |
| Prindeville, Sean | $2,500,000.00 |
| Quirante, Belinda J. | $5,000,000.00 |
| Quirante, Edgar | $2,500,000.00 |
| Quirante, Godofredo (Estate of) | $5,000,000.00 |
| Quirante, Milton | $2,500,000.00 |
| Quirante, Sabrina | $2,500,000.00 |
| Ray, Susan | $2,500,000.00 |
| Reininger, Laura M. | $2,500,000.00 |
| Richardson, Alan | $2,500,000.00 |
| Richardson, Beatrice | $5,000,000.00 |
| Richardson, Clarence | $5,000,000.00 |
| Richardson, Eric | $2,500,000.00 |
| Richardson, Lynette | $2,500,000.00 |
| Richardson, Vanessa | $2,500,000.00 |
| Richardson-Mills, Philiece | $5,000,000.00 |
| Ricks, Melrose | $5,000,000.00 |
| Riva, Belinda Quirante | $2,500,000.00 |
| Rockwell, Barbara | $5,000,000.00 |
| Rooney, Linda | $2,500,000.00 |
| Rose, Tara Smith | $2,500,000.00 |
| Ruark, Tammi | $2,500,000.00 |
| Rudkowski, Juliana | $2,500,000.00 |
| Russell, Marie McMahon | $2,500,000.00 |
| Sanchez, Alicia Lynn | $5,000,000.00 |
| Sauls, Andrew | $2,500,000.00 |
| Sauls, Henry Caleb | $2,500,000.00 |
| Sauls, Riley A. | $2,500,000.00 |
| Schnorf, Margaret Medler | $5,000,000.00 |
| Schnorf, Richard (brother) | $2,500,000.00 |
| Schnorf, Richard (father) | $5,000,000.00 |
| Schnorf, Robert | $2,500,000.00 |
| Schultz, Beverly | $5,000,000.00 |
| Schultz, Dennis James | $2,500,000.00 |
| Schultz, Dennis Ray | $5,000,000.00 |

-15-

| | |
|---|---|
| Scialabba, Frank | $5,000,000.00 |
| Scialabba, Jacqueline | $8,000,000.00 |
| Scialabba, Samuel Scott | $5,000,000.00 |
| Scott, Jon Christopher | $2,500,000.00 |
| Scott, Kevin James | $2,500,000.00 |
| Scott, Larry L. (Estate of) | $5,000,000.00 |
| Scott, Mary Ann | $5,000,000.00 |
| Scott, Sheria | $2,500,000.00 |
| Scott, Stephen Allen | $2,500,000.00 |
| Seguerra, Jacklyn | $2,500,000.00 |
| Shipp, Bryan Richard | $5,000,000.00 |
| Shipp, James David | $2,500,000.00 |
| Shipp, Janice | $2,500,000.00 |
| Shipp, Maurice | $2,500,000.00 |
| Shipp, Pauline | $8,000,000.00 |
| Shipp, Raymond Dennis | $2,500,000.00 |
| Shipp, Russell | $2,500,000.00 |
| Sinsioco, Susan J. | $2,500,000.00 |
| Smith-Ward, Ana | $8,000,000.00 |
| Smith, Angela Josephine (Estate of) | $5,000,000.00 |
| Smith, Bobbie Ann | $5,000,000.00 |
| Smith, Cynthia | $2,500,000.00 |
| Smith, Donna Marie | $2,500,000.00 |
| Smith, Erma | $2,500,000.00 |
| Smith, Holly | $2,500,000.00 |
| Smith, Ian | $5,000,000.00 |
| Smith, Janet | $2,500,000.00 |
| Smith, Joseph K. III | $2,500,000.00 |
| Smith, Joseph K. Jr. | $5,000,000.00 |
| Smith, Keith | $5,000,000.00 |
| Smith, Kelly B. | $2,500,000.00 |
| Smith, Shirley L. | $5,000,000.00 |
| Smith, Tadgh | $2,500,000.00 |
| Smith, Terrence | $2,500,000.00 |
| Smith, Timothy B. | $2,500,000.00 |
| Sommerhof, Jocelyn J. | $5,000,000.00 |
| Sommerhof, John | $2,500,000.00 |
| Sommerhof, William J. | $5,000,000.00 |
| Spencer, Douglas | $2,500,000.00 |
| Stelpflug, Christy Williford | $2,500,000.00 |
| Stelpflug, Joseph | $2,500,000.00 |
| Stelpflug, Kathy Nathan | $2,500,000.00 |
| Stelpflug, Laura Barfield | $2,500,000.00 |
| Stelpflug, Peggy | $5,000,000.00 |

-16-

| | |
|---|---|
| Stelpflug, William | $5,000,000.00 |
| Stephens, Horace Sr. | $5,000,000.00 |
| Stephens, Joyce | $5,000,000.00 |
| Stephens, Keith | $2,500,000.00 |
| Stockton, Dona | $5,000,000.00 |
| Stockton, Donald (Estate of) | $5,000,000.00 |
| Stockton, Richard | $2,500,000.00 |
| Stokes, Irene | $5,000,000.00 |
| Stokes, Nelson Jr. | $2,500,000.00 |
| Stokes, Nelson Sr. (Estate of) | $5,000,000.00 |
| Stokes, Robert | $2,500,000.00 |
| Stokes-Graham, Gwenn | $2,500,000.00 |
| Sturghill, Marcus D. | $2,500,000.00 |
| Sturghill, Marcus L. Jr. | $5,000,000.00 |
| Sturghill, NaKeisha Lynn | $2,500,000.00 |
| Sundar, Doreen | $8,000,000.00 |
| Tella, Margaret | $2,500,000.00 |
| Terlson, Susan L. | $2,500,000.00 |
| Thompson, Mary Ellen | $2,500,000.00 |
| Thorstad, Adam | $5,000,000.00 |
| Thorstad, Barbara | $5,000,000.00 |
| Thorstad, James Jr. | $2,500,000.00 |
| Thorstad, James Sr. | $5,000,000.00 |
| Thorstad, John | $2,500,000.00 |
| Thorstad, Ryan | $5,000,000.00 |
| Thurman, Betty Ann | $2,500,000.00 |
| Tingley, Barbara | $5,000,000.00 |
| Tingley, Richard L. | $5,000,000.00 |
| Tingley, Russell | $2,500,000.00 |
| Tolliver, Keysha | $5,000,000.00 |
| Turek, Mary Ann | $5,000,000.00 |
| Valenti, Karen | $5,000,000.00 |
| Vallone, Anthony | $2,500,000.00 |
| Vallone, Donald H. | $5,000,000.00 |
| Vallone, Timothy | $2,500,000.00 |
| Vargas, Leona Mae | $2,500,000.00 |
| Voyles, Denise | $2,500,000.00 |
| Wallace, Ila | $5,000,000.00 |
| Wallace, Kathryn Thorstad | $2,500,000.00 |
| Wallace, Richard J. | $2,500,000.00 |
| Warwick, Barbara Thorstad | $2,500,000.00 |
| Washington, Linda | $2,500,000.00 |
| Washington, Vancine | $2,500,000.00 |
| Watson, Kenneth | $2,500,000.00 |

-17-

| | |
|---|---|
| Whitener, Diane | $2,500,000.00 |
| Wigglesworth, Daryl | $2,500,000.00 |
| Wigglesworth, Darrin A. | $2,500,000.00 |
| Wigglesworth, Henry | $5,000,000.00 |
| Wigglesworth, Mark | $2,500,000.00 |
| Wigglesworth, Robyn | $2,500,000.00 |
| Wigglesworth, Sandra | $5,000,000.00 |
| Wigglesworth, Shawn | $2,500,000.00 |
| Williams, Dianne Stokes | $2,500,000.00 |
| Williams, Gussie Martin | $2,500,000.00 |
| Williams, Janet | $5,000,000.00 |
| Williams, Johnny | $2,500,000.00 |
| Williams, Rhonda | $2,500,000.00 |
| Williams, Ronald | $2,500,000.00 |
| Williams, Ruth | $5,000,000.00 |
| Williams, Scipio J. | $5,000,000.00 |
| Williams, Wesley | $5,000,000.00 |
| Williams-Edwards, Delma | $2,500,000.00 |
| Williamson, Tony | $2,500,000.00 |
| Williamson, Jewelene | $5,000,000.00 |
| Winter, Michael | $5,000,000.00 |
| Wiseman, Barbara | $8,000,000.00 |
| Woodford, Phyllis | $2,500,000.00 |
| Woodle, Joyce | $2,500,000.00 |
| Woollett, Beverly | $5,000,000.00 |
| Woollett, Paul | $5,000,000.00 |
| Wright, Melvina Stokes | $2,500,000.00 |
| Wright, Patricia | $5,000,000.00 |
| Wyche, Glenn | $2,500,000.00 |
| Wyche, John | $2,500,000.00 |
| Young, John F. | $5,000,000.00 |
| Young, John W. | $2,500,000.00 |
| Young, Judith Carol | $5,000,000.00 |
| Young, Sandra Rhodes | $5,000,000.00 |
| Zimmerman, Joanne | $2,500,000.00 |
| Zone, Stephen Thomas | $2,500,000.00 |
| Zosso, Patricia Thorstad | $2,500,000.00 |

4.   *Claims Brought by Family Members of Injured Servicemen*

| | |
|---|---|
| Ali, Jamaal Muata | $1,250,000.00 |
| Angeloni, Margaret | $1,250,000.00 |
| Arroyo, Jesus | $1,250,000.00 |
| Arroyo, Milagros | $1,250,000.00 |

-18-

| | |
|---|---|
| Carletta, Olympia | $2,500,000.00 |
| Carpenter, Kimberly | $4,000,000.00 |
| Comes, Joan | $2,500,000.00 |
| Comes, Patrick | $1,250,000.00 |
| Comes, Christopher | $1,250,000.00 |
| Comes, Frank Sr. | $2,500,000.00 |
| Crawford, Deborah | $1,250,000.00 |
| Davis, Barbara | $4,000,000.00 |
| Franklin, Alice Warren | $1,250,000.00 |
| Gerlach, Patricia | $4,000,000.00 |
| Gerlach, Travis | $2,500,000.00 |
| Gerlach, Megan | $2,500,000.00 |
| Hernandez, Arminda | $1,250,000.00 |
| Hlywiak, Margaret | $2,500,000.00 |
| Hlywiak, Peter Jr. | $1,250,000.00 |
| Hlywiak, Peter Sr. | $2,500,000.00 |
| Hlywiak, Paul | $1,250,000.00 |
| Hlywiak, Joseph | $1,250,000.00 |
| Hunt, Cynthia Lou | $4,000,000.00 |
| Ibarro, Rosa | $2,500,000.00 |
| Jacobs, Andrew Scott | $2,500,000.00 |
| Jacobs, Daniel Joseph | $2,500,000.00 |
| Jacobs, Danita | $4,000,000.00 |
| Kirkpatrick, Kathleen | $4,000,000.00 |
| Lewis, Grace | $2,500,000.00 |
| Magnotti, Lisa | $1,250,000.00 |
| Mitchell, Wendy | $4,000,000.00 |
| Moore, James Otis (Estate of) | $1,250,000.00 |
| Moore, Johnney S. (Estate of) | $2,500,000.00 |
| Moore, Marvin S. | $1,250,000.00 |
| Moore, Alie Mae | $2,500,000.00 |
| Moore-Jones, Jonnie Mae | $1,250,000.00 |
| Nashton, Alex W. (Estate of) | $2,500,000.00 |
| Oliver, Paul | $2,500,000.00 |
| Oliver, Riley | $2,500,000.00 |
| Oliver, Michael John | $2,500,000.00 |
| Oliver, Ashley E. | $2,500,000.00 |
| Oliver, Patrick S. | $2,500,000.00 |
| Oliver, Kayley | $2,500,000.00 |
| Russell, Tanya | $2,500,000.00 |
| Russell, Wanda | $4,000,000.00 |
| Russell, Jason | $2,500,000.00 |
| Shaver, Clydia | $1,250,000.00 |
| Spaulding, Scott | $1,250,000.00 |

-19-

| | |
|---|---|
| Stanley, Cecilia | $2,500,000.00 |
| Stilpen, Mary | $1,250,000.00 |
| Swank, Kelly | $1,250,000.00 |
| Swinson, Kenneth J. (Estate of) | $2,500,000.00 |
| Swinson, Ingrid M. (Estate of) | $2,500,000.00 |
| Swinson, Daniel | $1,250,000.00 |
| Swinson, William | $1,250,000.00 |
| Swinson, Dawn | $1,250,000.00 |
| Swinson, Teresa | $1,250,000.00 |
| Warren, Bronzell | $1,250,000.00 |
| Watson, Jessica | $1,250,000.00 |
| Webb, Audrey | $1,250,000.00 |
| Wheeler, Jonathan | $2,500,000.00 |
| Wheeler, Benjamin | $2,500,000.00 |
| Wheeler, Marlis "Molly" (Estate of) | $2,500,000.00 |
| Wheeler, Kerry | $1,250,000.00 |
| Wheeler, Andrew | $2,500,000.00 |
| Wheeler, Brenda June | $4,000,000.00 |
| Wold, Jill | $1,250,000.00 |
| Young, Nora (Estate of) | $2,500,000.00 |
| Young, James | $1,250,000.00 |
| Young, Robert (Estate of) | $2,500,000.00 |

IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are

hereby DISMISSED WITHOUT PREJUDICE:

Albright, Marvin Jr.
Albright, Mirequrn
Albright, Shertara
Banks, Anthony (son)
Banks, Michael
Banks, Taiarra
Berry, Lori
Burnette, Christopher
Burnette, Gwen
Camara, Mecot Jr.
Comes, Dale
Comes, Tommy
Crop, Kimberly
Decker, Connie
Dolphin, Erin
Douglass, Frederick (Estate of)
Eaves, Christopher

-20-

Eaves, India
Eaves, Sylvia Jean
Foister, Gerald
Frye, Charles Jr.
Frye, Gina
Frye, Lialani
Frye, Lincoln
Frye, Randall
Garner, Joseph
Garner, Justina
Garner, Penny
Garner, Reva
Goodman, Karl
Haskell, Barbara
Haskell, Richard
Hlywiak, Jordan
Hlywiak, Taylor
Hunt, Jack Darrell
Hunt, Marcy Elizabeth
Hunt, Mendy Leigh
Hunt, Molly Faye
Livingston, Carol
Massa, Manuel Sr. (Estate of)
Matthews, Chadwick
Matthews, Debra
Matthews, Drew
Meurer, Deborah
Miller, Shirley D.
Mitchell, Elvera
Mitchell, Robert
Price, Betty Lou (Estate of)
Price, Timothy
Rivers, Jeremy
Rivers, Paul (son)
Rivers, Sandra
Schak, Carol
Schak, George
Spencer, Lynne M.
Washington, Patrice
Williams, Kevin Coker
Williams, George Robinson
Williams, Dorothy (Estate of)
Williamson, Bill
Wise, Debra

-21-

Woodcock, Gwen

   IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are

hereby DISMISSED WITH PREJUDICE:

Beamon, Ashley Tutwiler
Beresford, Michael
Beresford, Susan
Beresford, William
Bianco, Sandra Karen
Bianco, Sandra
Bonk, Catherine
Bonk, John Sr.
Bonk, Kevin
Bonk, Thomas
Calloway, Donald
Clark, Michael Jr.
Corry, Charles
DiGiovanni, Lisa
DiGiovanni, Marion
DiGiovanni, Robert
DiGiovanni, Danielle
Fiedler, Sherry Lynn
Fluegel, Robert
Fluegel, Thomas A.
Fluegel, Marilou
Green, Rebecca Iverson
Hairston, Evans
Hairston, Felicia
Hairston, Julia Bell
Hukill, Henry Durban
Hukill, Mark Andrew
Hukill, Matthew Scott
Hukill, Melissa
Hukill, Meredith Anne
Hukill, Mitchell Charles
Hukill, Monte
Hukill, Virginia Ellen
Jackowski, Mary
Jones, Storm
Joyce, Penni
Kirkwood, Carl Sr.
Kirkwood, Jeff

Kirkwood, Shirley
Kirkwood, Carl Arnold Jr.
Kronenbitter, Patricia
Laise, Kris
Laise, Bill
Laise, Betty
Lewis, Natalie
Macroglou, James
Macroglou, Lorraine
Macroglou, Bill
Mason, Richard
McDonald, Kathy
McDonough, Edward W.
McDonough, Sean
McDonough, Edward Joseph
Morgan, Geraldine
Nashton, Pamela J.
Persky, Herbert
Phelps, Charles Jr.
Phelps, Charles Sr.
Prevatt-Wood, Victoria
Rhosto, Deborah Spencer
Rochwell, Natalie
Rockwell, Donald
Rotondo, Rose (Estate of)
Rotondo, Luis (Estate of) (father)
Santoserre, Phyllis (Estate of)
Simpson, Robert
Simpson, Renee Eileen
Simpson, Larry H. Sr.
Simpson, Anna Marie
Vallone, Donna Beresford
Wallace, Bobby L.
Watkins, Lula Mae (Estate of)
Watkins, Simon
Wirick, Sally Jo

IT IS FURTHER ORDERED that plaintiffs, at their own cost and consistent with the

requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and

Conclusions of Law issued this date to defendants.

IT IS FURTHER ORDERED that the Clerk of this Court shall terminate this case from

the dockets of this Court.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, September 7, 2007.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON, et al., | ) |
| Plaintiffs, | ) Civil Action No. 01-2094 (RCL) |
| v. | ) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) |
| Defendants. | ) |
| STEVEN GREENBAUM, et al., | ) |
| Plaintiffs, | ) Civil Action No. 02-2148 (RCL) |
| v. | ) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) |
| Defendants. | ) |

### PROTECTIVE ORDER

Based upon the Court's consideration of this matter, including the Rule 45 Third-Party subpoenas issued by plaintiffs in the above-referenced cases, and the Department of the Treasury's Office of Foreign Assets Control's ("OFAC") Unopposed Emergency Motion concerning those subpoenas (Docket No. 325), it is hereby ordered that:

1.  OFAC is authorized, pursuant to the terms set forth herein, to disclose information responsive to the subpoenas issued by the plaintiffs in the above-referenced cases on February 27, 2008, and March 10, 2008.

2.     All information produced in response to the Subpoena, and any portion thereof, is

to be deemed confidential ("Confidential Information"), unless plaintiffs are otherwise advised

by OFAC.

3.     Confidential Information may be used only for the purpose of attempting to

collect upon the judgment entered in the above-captioned matters ("the Greenbaum/Peterson

Litigation"), pursuant to procedures authorized by law, and for no other purpose.

4.     No person shall be permitted to have access to Confidential Information, nor shall

any person be informed of the substance of the Confidential Information by any person permitted

to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties

to the Greenbaum/Peterson Litigation and OFAC in writing, or by order of the Court.

5.     Confidential Information shall not be disclosed or distributed to any person or

entity other than the following:

> a.     the attorneys (including their paralegal, clerical, or other assistants) for
> parties to the Greenbaum/Peterson Litigation or in any proceedings incident to
> efforts to collect on the judgments entered therein who have a need therefore in
> connection with said proceedings;
>
> b.     the courts and their support personnel in the Greenbaum/Peterson
> Litigation and in any proceedings incident to efforts to collect on the judgments
> entered therein;
>
> c.     persons and entities and their counsel served with writs of attachment or
> other legal process incident to efforts to collect on the judgments entered in the
> Greenbaum/Peterson Litigation or those holding assets identified in the
> Confidential Information;
>
> d.     local or federal law enforcement personnel involved in any legal
> proceedings incident to efforts to collect on the judgments entered in the
> Greenbaum/Peterson Litigation; and
>
> e.     any other person to whom disclosure is required in order to pursue
> proceedings incident to efforts to collect on the judgments entered in the
> Greenbaum/Peterson Litigation, pursuant to procedures authorized by law.

6.      To the extent that Confidential Information is disclosed to persons as described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the judgments or that relate to the specific assets at issue shall be disclosed to such persons.  All persons described in subparagraphs 5(a)-(e) above shall be provided with a copy of this Protective Order and restricted to using Confidential Information only for purposes directly related to the satisfaction of judgments issued in the Greenbaum/Peterson Litigation and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7.      Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(e) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form.  A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of whom disclosure is made pursuant to subparagraph 5(e).

8.      The termination of the Greenbaum/Peterson Litigation or any proceeding incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

9.      All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10.     Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court.  Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11.     The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

12.     Entry of this Order constitutes only a determination that OFAC is authorized to disclose information as provided herein under the Trade Secrets Act.  Entry of this Order does not constitute a determination as to any right, privilege, or immunity OFAC may have with respect to plaintiffs' subpoenas, or as to any objection(s) OFAC may have to plaintiffs' subpoenas.  OFAC's disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity OFAC may have with respect to such information.

13.     Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information for any other purposes authorized or allowed by law.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on June 11, 2008.

EXHIBIT C

CONFIDENTIAL



# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| DEBORAH D. PETERSON, | : | |
| Personal Representative of the Estate | : | Case No. 18 Misc. 302 (BSJ) |
| of James C. Knipple (Dec.), et al., | : | |
| | : | |
| Plaintiffs, | : | (Civil Action Nos. 01-2094 (RCL) |
| v. | : | and 1-2684 (RCL) (D.D.C.)) |
| | : | |
| ISLAMIC REPUBLIC OF IRAN, et al., | : | **AFFIRMATION** |
| | : | |
| Defendants. | : | |

-------------------------------------------------------x

STATE OF NEW YORK  )
                      ) SS:
COUNTY OF NEW YORK  )

      Liviu Vogel, being duly sworn, deposes and says as follows:

      1.     I am a member of the firm of Salon Marrow Dyckman Newman & Broudy LLP, attorneys of record for the Plaintiffs in the within action.

      2.     On or about July 22, 2008, I telephoned the main office of Banca UBAE SpA and spoke with its General Manager, Marco Ferrario. After introducing myself as the attorney for the Plaintiffs in the referenced case, Mr. Ferrario stated that he was familiar with the case and the proceedings involving the restraint of and proposed execution on securities believed to belong to the judgment debtors that are ███████

███Banca UBAE SpA. I asked Mr. Ferrario whether he would be willing to consent to giving a deposition concerning information relating to the securities on deposit with his bank and the owner of interest in such securities. He indicated that he wanted to

cooperate, but unfortunately he could not do so because of Italian Bank Secrecy Laws.

He stated that he could only provide information to me under an Italian Court Order to do

so.

Liviu Vogel

Sworn to before me this
23rd day of January, 2009

Notary Public

WILLIAM J. CORTELLESSA
Notary Public, State Of New York
No. 02CO6080249
Qualified In Westchester County
Commission Expires September 9, 20____

