UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
DEBORAH D. PETERSON                          : Case No. 18 Misc. 302 (BSJ)
Personal Representative of the Estate        :
Of James C. Knipple (Dec.), et al.,          : (Civil Action Nos. 01-2094 (RCL)
                                             : and 1-2684 (RCL) D.D.C.)
                    Plaintiffs,              :
                                             :
            v.                               : FILED UNDER SEAL
                                             : SUBJECT TO PROTECTIVE ORDER
                                             :
ISLAMIC REPUBLIC OF IRAN, et al.,            :
                                             :
                    Defendants.              :
------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SERVE A SECOND
RESTRAINING NOTICE OR FOR AN ORDER EXTENDING THE
RESTRAINING NOTICES PREVIOUSLY SERVED UPON
CITIBANK AND CLEARSTREAM**


SALON MARROW DYCKMAN NEWMAN & BROUDY LLP
ATTORNEYS AT LAW
292 MADISON AVENUE • NEW YORK, N.Y. 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEBORAH D. PETERSON, Personal Representative
of the Estate of James C. Knipple (Deceased) et al.,

                                Plaintiffs,

    -against-

ISLAMIC REPUBLIC OF IRAN et al.,

                                Defendants.
-----------------------------------------------------------------X

Civil Action No.: 18 Misc. 302 (BSJ)

Civil Action No.: 01-2094 (RCL)
and 1-2684 (RCL)(D.D.C.)

**FILED UNDER SEAL SUBJECT
TO PROTECTIVE ORDER**

# MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SERVE A SECOND RESTRAINING
NOTICE OR FOR AN ORDER EXTENDING THE RESTRAINING NOTICES
PREVIOUSLY SERVED UPON CITIBANK AND CLEARSTREAM

140158

# Table of Contents

STATEMENT OF FACTS..................................................................................3


POINT I...........................................................................................................7
N. Y. C.P.L.R. §5222(c)  ALLOWS A JUDGMENT CREDITOR TO OBTAIN
LEAVE OF COURT TO SERVE AN ADDITIONAL RESTRAINING NOTICE
TO EXTEND A RESTRAINT PLACED UPON A JUDGMENT
DEBTOR'S ASSETS


POINT II..........................................................................................................8
N.Y. C.P.L.R. 5240 ALLOWS A COURT THE ABILITY TO EXTEND THE
DURATION OF PLAINTIFF'S RESTRAINING NOTICE BEYOND THE
ONE YEAR STATUTORY DURATION


CONCLUSION  .............................................................................................9

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying affirmation of Liviu Vogel for a full recitation of the facts.

Plaintiffs were awarded a judgment against the defendants in the amount of $2,656,944,877.00 by the United States District Court, for the District of Columbia on September 7, 2007, in this action for damages arising out of the defendants' involvement in the October 23, 1983 terrorist bombing of a United States Marine Barricks in Beirut, Lebanon, in which 241 United States Servicemen were killed. The judgment was registered in the United States District Court for the Southern District of New York on June 13, 2008 and in the Supreme Court of the State of New York, County of New York on June 16, 2008, for the purpose of enforcement.

On June 12, 2008, at plaintiffs' request, the U.S. Marshal served an execution on Citibank. On June 17, 2008, plaintiff served restraining notices on Citibank and Clearstream. Amended restraining notices dated June 20, 2008 were served on both Citibank and Clearstream on June 24, 2008 to correct a possible photocopying error in the original restraining notices. Pursuant to New York CPLR Section 5222, restraining notices expire one year after the date they are served.

On June 27, 2008, Clearstream produced a witness who testified at a hearing in Court concerning details of transactions affecting the securities that are currently restrained in the custody and possession of Citibank and Clearstream. Clearstream also produced a thick binder of documents evidencing various transactions of securities that were, and are still believed to be, owned by the judgment debtors.[1]

---

[1] Notably, neither the judgment debtor nor BANCA UBAE has appeared to contest the restraints or the execution.

Based on the information provided by Clearstream at the June 27, 2008 hearing, plaintiffs served a subpoena duces tecum on Clearstream on July 31, 2007. The subpoena duces tecum requests the appearance of Clearsteam at a deposition as well as production of documents. Clearstream, through its attorneys, initially negotiated the contents of the subpoena duces tecum in good faith, and agreed to produce some of the documents demanded together with a witness to testify in Court in order to comply with Luxembourg bank secrecy laws. Thereafter, however, Clearstream changed its mind, and made a motion on September 4, 2008 to vacate the restraints and to quash plaintiffs' subpoena duces tecum. Plaintiff cross-moved to compel Clearstream to comply with the subpoena duces tecum. Both motions are still pending before this Court. Since service of the subpoena duces tecum on Clearsteam, Clearstream has not produced any documents or testimony in response thereto.

The testimony given by Clearsteam in Court indicated that the majority of the securities at issue were transferred from the Central Bank of Iran's account at Clearstream to an account at Clearstream held by BANCA UBAE, a bank headquartered in Italy and having no offices in the United States. Based on Plaintiffs' attorney's telephone discussion with an officer of BANCA UBAE, he was told that the bank wanted to cooperate, but could not do so without a court order because of Italy's bank secrecy laws. Consequently, the plaintiffs applied for a Letter of Request for International Judicial Assistance under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. This Court granted plaintiffs' application for such Letter of Request by Order dated January 27, 2009. Plaintiffs served the Letter of Request on the Italian Ministry of Foreign Affairs on February 11, 2009.

Plaintiffs engaged an Italian attorney to represent plaintiffs before the Italian court in connection with the Letter of Request. Plaintiffs' Italian attorney has met repeatedly with the judge concerning procedural issues for the implementation of the Letter of Request. The Italian Court has issued an order directing witnesses of BANCA UBAE to appear on July 15, 2009 in the Court of Rome, Italy to give testimony in response to the Letter of Request.

In addition, plaintiffs served an Information Subpoena Upon Written Questions dated March 26, 2009 on the defendants by registered mail, return receipt requested in accordance with Rule 69(a) of the Federal Rules of Civil Procedure and New York CPLR Section 5224. Service was made on March 27, 2009. Plaintiffs received return receipt cards addressed to the defendants, indicating that they received the Information Subpoena Upon Written Questions. More than seven days have Elapsed since the defendants received the Information Subpoena, nevertheless, they have failed to serve responses thereto.

Based on experience of plaintiffs' attorney, it appears that return of the receipt from Iran takes approximately 30 days and, therefore, at least 30 days' notice should be ordered by the Court in advance of hearing of this motion. Because the restraints will expire before adequate notice is given to the judgment debtors, the Court is respectfully requested to extend the restrains until such time as the parties are heard and a determination is made by the court on this motion. The return receipts showed receipt by judgment debtors at: His Excellency Mahmoud Ahmadinejad, the President, Palestine Avenue, Azerbaijan Intersection, Tehran, Islamic Republic of Iran; and, Islamic Republic of Iran, Khomeini Avenue, United Nations Street, Tehran, Iran, Attn:   President Dr.

Ahmadinejad or Agent for Service or Responsible Officer. Plaintiff requests that service of notice of this motion be made on His Excellency Mahmoud Ahmadinejad, the President, Palestine Avenue, Azerbaijan Intersection, Tehran, Islamic Republic of Iran.

The Plaintiffs have made diligent efforts to obtain discovery concerning the ownership interest in the securities and proceeds thereof that are the subject of the restraining notices. However, Clearstream, BANCA UBAE and the defendants have thwarted plaintiffs' discovery efforts to date.

Moreover, a review of a chart prepared by Clearstream and produced on June 27, 2008 at the Court hearing, entitled "Securities Affected by Writ of Execution and Restraining Notice," a copy of which is annexed to the accompanying affirmation of Liviu Vogel as Exhibit E, shows that a majority of the bonds and notes restrained have maturity dates after the date that the current restraints expire (i.e., after June 16, 2009). Therefore, in order to preserve the plaintiffs' interest in the future payment of the principal and interest on the restrained securities, it is necessary to extend the restraining notices until further order of this Court or until the plaintiffs have had an opportunity to enforce a final order for turnover of the securities in partial satisfaction of plaintiffs' judgment, whichever occurs first.

## POINT I

## N.Y. C.P.L.R. §5222(c) ALLOWS A JUDGMENT CREDITOR TO OBTAIN LEAVE OF COURT TO SERVE AN ADDITIONAL RESTRAINING NOTICE TO EXTEND A RESTRAINT PLACED UPON A JUDGMENT DEBTOR'S ASSETS

N.Y. C.P.L.R. §5222(c) states, in relevant part, that "Leave of court is required to serve more than one restraining notice upon the same person with respect to the same judgment or order." See also Planned Consumer Marketing, Inc. v. Coats & Clark, Inc., 141 Misc.2d 956, 535 N.Y.S.2d 520 (Sup. Ct. N.Y. Co. 1988); and Faustino Foods Co. v. Banca Nazionale Del Lavoro, 1992 U.S. Dist. Lexis 7901 (S.D.N.Y. 1992).

N.Y.C.P.L.R. §5222(c) requires a judgment creditor to demonstrate "need" any time he seeks to serve a new restraint. "Need" may be satisfied by demonstrating that the judgment creditor was unaware of the existence of the judgment debtor's interest in certain property or debts despite diligent attempts to ascertain the existence and location of all of the debtor's assets or if the judgment creditor is unable to apply the property to the satisfaction of the judgment during that prior one-year period. See Weinstein, Korn & Miller, New York Civil Practice: C.P.L.R. §5222.22 pp. 52-305 to 52-306 (David L. Ferstendig ed., LexisNexis Matthew Bender) (2009).

The purpose of limiting a restraining notice to one year is premised on the assumption that the period allowed will ordinarily be sufficient for a judgment creditor to obtain a determination of entitlement to the money or property. However, where the defendants frustrate the process by failing to provide discovery responses, it is appropriate for the Court to grant leave to serve additional restraining notices. Grossman

v. Liker, 83 A.D.2d 818, 442 N.Y.S.2d 63 (1st Dept. 1981) (Granting plaintiff leave to serve a third restraining notice to garnishee where defendants stonewalled and frustrated plaintiff's post-judgment discovery efforts).

In the instant case, plaintiffs have diligently pursued discovery from Clearstream, BANCA UBAE and the judgment debtors, but to date have received no responses. Accordingly, an extension of the restraints is warranted to give plaintiffs an opportunity to complete discovery efforts that are in process.

Moreover, as shown by the chart prepared by Clearstream (Exhibit E to Liviu Vogel's affirmation dated May 28, 2009), the majority of the bonds and notes that are restrained will not mature until after expiration of the existing restraints on June 16, 2009. Therefore, the restraints should be extended to enable plaintiffs to collect the payments due at maturity should they succeed in a turnover proceeding. See Rodac Distrib. Corp. v. Crafcon Corp., 15 Misc. 2d 196, 184 N.Y.S.2d 670 (Nassau County Ct. 1958), (extending restraint under Section 781 of the Civil Practice Act, the precursor to the C.P.L.R. to cover a payment from the garnishee to the judgment debtor which was not to become due until after expiration of the restraint..)

### POINT II

### N.Y. C.P.L.R. 5240 ALLOWS A COURT THE ABILITY TO EXTEND THE DURATION OF PLAINTIFF'S RESTRAINING NOTICE BEYOND THE ONE YEAR STATUTORY DURATION

N.Y. C.P.L.R. §5240 states, "The court may at any time, on its own initiative or the motion of any interested party, and upon such notice as it may require, make an order

denying, limiting, conditioning, regulating, <u>extending</u> or modifying the use of any enforcement procedure. Section 3104 is applicable to procedures under this article." [Emphasis added]

A restraining notice may be extended upon motion pursuant to N.Y.P.L.R. §5240, which authorizes a court to at any time extend or modify the use of any enforcement procedure. <u>Kitson & Kitson v. City of Yonkers</u>, 40 A.D.3d 758, 835 N.Y.S.2d 670 (2nd Dept. 2007).

Courts have broad discretionary power under N.Y. C.P.L.R. §5240 to alter the use of procedures set forth in statutes governing enforcement of money judgments. <u>Sweeney, Cohn, Stahl & Vacaro v. Kane</u>, 33 A.D.3d 785, 822 N.Y.S.2d 632 (2nd Dept. 2006)

A Court pursuant to N.Y. C.P.L.R. §5240 can extend by protective order the duration of a restraining notice. David D. Siegel, Esq., New York Practice, Practitioner Treatise Series, 4th Ed. Section 508, page 861 (2008).

## CONCLUSION

WHEREFORE, plaintiffs respectfully request that this Court grant their motion for leave to serve additional restraining notices on Citibank and Clearstream; or alternatively, for a protective order extending the duration of the plaintiffs' restraining notices previously served on Citibank and Clearstream beyond the one year statutory duration until the earlier of either, another order of the Court terminating or modifying the restraints, or implementation of the Court's final determination in a turnover proceeding as to whether the restrained securities and proceeds thereof referenced in the restraining notices are to be paid to plaintiffs in partial satisfaction of their judgment; and

for interim relief extending the effect of the restraining notices pending the hearing and determination of this motion.

Dated: New York, New York
May 28, 2009

> SALON MARROW DYCKMAN NEWMAN & BROUDY, LLP
>
> By: /s/ Liviu Vogel
> Liviu Vogel, (LV-7552)
> Attorneys for Plaintiff/Judgment Creditor
> 292 Madison Avenue 6th Floor
> New York, New York 10017
> (212) 661-7100

TO:  Frank Panopulos
     White & Case LLP
     Attorneys for Clearstream
     701 Thirteenth Street, NW
     Washington, DC 20005
     (202) 626-3600

     Sharon L. Schneier, Esq.
     Davis Wright Tremaine LLP
     Counsel for Citibank, N.A
     1633 Broadway, 27th Floor
     New York, NY 10019-6708

     His Excellency Mahmoud Ahmadinejad,
     The President
     Palestine Avenue,
     Azerbaijan Intersection
     Tehran, Islamic Republic of Iran

140158                          10