UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
DEBORAH D. PETERSON, Personal : Civil No.: 18 Misc. 302 (BSJ)
Representatives of the Estate of James C. :
Knipple (Dec.), et al. :
 :
 : **AFFIRMATION OF**
        Plaintiffs-Judgment Creditors, : **LIVIU VOGEL**
 :
    v. :
 : **FILED UNDER SEAL**
ISLAMIC REPUBLIC OF IRAN et al., : **SUBJECT TO PROTECTIVE**
 : **ORDER**
 :
        Defendants-Judgment Debtors. :
 :
-----------------------------------------------------------------x

Liviu Vogel, an attorney duly licensed to practice law before the Courts of the State of New York and this Court, affirms the following under the penalties of perjury.

1.  I make this affirmation in support of plaintiffs' application by order to show cause for an order granting leave to the plaintiffs to serve additional restraining notices on Citibank and Clearstream; or alternatively, for a protective order extending the duration of the plaintiffs' restraining notices previously served on Citibank and Clearstream beyond the one year statutory duration until the earlier of either, another order of the Court terminating or modifying the restraints, or implementation of the Court's final determination in a turnover proceeding as to whether the restrained securities and proceeds thereof referenced in the restraining notices are to be paid to plaintiffs in partial satisfaction of their judgment; and for interim relief extending the effect of the restraining notices pending the hearing and determination of this motion.

2.      Plaintiffs were awarded a judgment against the defendants in the amount of $2,656,944,877.00 by the United States District Court, for the District of Columbia on September 7, 2007, in this action for damages arising out of the defendants' involvement in the October 23, 1983 terrorist bombing of a United States Marine Barricks in Beirut, Lebanon, in which 241 United States Servicemen were killed. The judgment was registered in the United States District Court for the Southern District of New York on June 13, 2008 and in the Supreme Court of the State of New York, County of New York on June 16, 2008, for the purpose of enforcement.

3.      On June 12, 2008, at plaintiffs' request, the U.S. Marshal served an execution on Citibank. On June 17, 2008, plaintiff served restraining notices on Citibank and Clearstream, copies of which are annexed hereto as Exhibit A. Amended restraining notices dated June 20, 2008 were served on both Citibank and Clearstream on June 24, 2008 to correct a possible photocopying error in the original restraining notices. Copies of the amended restraining notices are annexed hereto as Exhibit B. Pursuant to New York CPLR Section 5222, restraining notices expire one year after the date they are served. This application is made by order to show cause because the plaintiffs seek an order extending the effect of the restraining notices pending the hearing and determination of plaintiffs' motion and because service by mail on the defendants is likely to take longer than would normally be the case if the defendants were U.S. residents. The restraining notices will expire as of June 16, 2008. If the Court does not grant the interim relief requested, Citibank and/or Clearstream may transfer the assets currently restrained to the judgment debtors or others outside the United States, and

beyond the reach of the plaintiffs[1]. This will result in irreparable harm to the plaintiffs since the defendants are not residents of the United States, and have not voluntarily attempted to satisfy the judgment rendered against them in this action. Furthermore, an order is required on the manner of service of this motion on defendants who are located in the Islamic Republic of Iran.

4. On June 27, 2008, Clearstream produced a witness who testified at a hearing in Court concerning details of transactions affecting the securities that are currently restrained in the custody and possession of Citibank and Clearstream. Clearstream also produced a thick binder of documents evidencing various transactions of securities that were, and are still believed to be, owned by the judgment debtors.[2]

5. Based on the information provided by Clearstream at the June 27, 2008 hearing, plaintiffs served a subpoena duces tecum on Clearstream on July 31, 2007. The subpoena duces tecum requests the appearance of Clearsteam at a deposition as well as production of documents. Clearstream, through its attorneys, initially negotiated the contents of the subpoena duces tecum in good faith, and agreed to produce some of the documents demanded together with a witness to testify in Court in order to comply with Luxembourg bank secrecy laws. Thereafter, however, Clearstream changed its mind, and made a motion on September 4, 2008 to vacate the restraints and to quash plaintiffs' subpoena duces tecum. Plaintiff cross-moved to compel Clearstream to comply with the subpoena duces tecum. Both motions are still pending before this Court. Since service

---

[1] Clearstream's representative testified on June 27, 2008 before this Court that transactions affecting the restrained property had been attempted after the restraints were in effect.
[2] Notably, neither the judgment debtor nor BANCA UBAE has appeared to contest the restraints or the execution.

of the subpoena duces tecum on Clearsteam, Clearstream has not produced any documents or testimony in response thereto.

6. The testimony given by Clearsteam in Court indicated that the majority of the securities at issue were transferred from the Central Bank of Iran's account at Clearstream to an account at Clearstream held by BANCA UBAE, a bank headquartered in Italy and having no offices in the United States. Based on my telephone discussion with an officer of BANCA UBAE, I was told that the bank wanted to cooperate, but could not do so without a court order because of Italy's bank secrecy laws. Consequently, the plaintiffs applied for a Letter of Request for International Judicial Assistance under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. This Court granted plaintiffs' application for such Letter of Request by Order dated January 27, 2009. Plaintiffs served the Letter of Request on the Italian Ministry of Foreign Affairs on February 11, 2009. Plaintiffs engaged an Italian attorney to represent plaintiffs before the Italian court in connection with the Letter of Request. Plaintiffs' Italian attorney has met repeatedly with the judge concerning procedural issues for the implementation of the Letter of Request. The Italian Court has issued an order directing witnesses of BANCA UBAE to appear on July 15, 2009 in the Court of Rome, Italy to give testimony in response to the Letter of Request. A copy of the Italian Court's order is annexed hereto as Exhibit C.

7. In addition, plaintiffs served an Information Subpoena Upon Written Questions dated March 26, 2009 on the defendants by registered mail, return receipt requested in accordance with Rule 69(a) of the Federal Rules of Civil Procedure and New York CPLR Section 5224. Service was made on March 27, 2009. Plaintiffs received

return receipt cards addressed to the defendants, indicating that they received the Information Subpoena Upon Written Questions. Annexed hereto as Exhibit D is a copy of the Information Subpoena Upon Written Questions, together with a certificate of service and the two return receipt cards. More than seven days have elapsed since the defendants received the Information Subpoena, nevertheless, they have failed to serve responses thereto.

8. Based on experience, it appears that return of the receipt from Iran takes approximately 30 days and, therefore, at least 30 days' notice should be ordered by the Court in advance of hearing of this motion. Because the restraints will expire before adequate notice is given to the judgment debtors, the Court is respectfully requested to extend the restrains until such time as the parties are heard and a determination is made by the court on this motion. The return receipts showed receipt by judgment debtors at: His Excellency Mahmoud Ahmadinejad, the President, Palestine Avenue, Azerbaijan Intersection, Tehran, Islamic Republic of Iran; and, Islamic Republic of Iran, Khomeini Avenue, United Nations Street, Tehran, Iran, Attn: President Dr. Ahmadinejad or Agent for Service or Responsible Officer. Plaintiff requests that service of notice of this motion be made on His Excellency Mahmoud Ahmadinejad, the President, Palestine Avenue, Azerbaijan Intersection, Tehran, Islamic Republic of Iran.

9. The Plaintiffs have made diligent efforts to obtain discovery concerning the ownership interest in the securities and proceeds thereof that are the subject of the restraining notices. However, Clearstream, BANCA UBAE and the defendants have thwarted plaintiffs' discovery efforts to date.

10. Moreover, a review of a chart prepared by Clearstream and produced on June 27, 2008 at the Court hearing, entitled "Securities Affected by Writ of Execution and Restraining Notice," a copy of which is annexed hereto as Exhibit E, shows that a majority of the bonds and notes restrained have maturity dates after the date that the current restraints expire (i.e., after June 16, 2009). Therefore, in order to preserve the plaintiffs' interest in the future payment of the principal and interest on the restrained securities, it is necessary to extend the restraining notices until further order of this Court or until the plaintiffs have had an opportunity to enforce a final order for turnover of the securities in partial satisfaction of plaintiffs' judgment, whichever occurs first.

Dated: New York, New York

      May 28, 2009

                                                               _____
                                                                Liviu Vogel