**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

-------------------------------------------------------------- x

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), et al.,

               Plaintiffs,

       v.

ISLAMIC REPUBLIC OF IRAN, et al.,

             Defendants.

-------------------------------------------------------------- x

: Case No. 18 Misc. 302 (BSJ)

**CLEARSTREAM BANKING, S.A.'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO SERVE A SECOND**
**RESTRAINING NOTICE OR FOR AN ORDER EXTENDING THE**
**RESTRAINING NOTICES PREVIOUSLY SERVED UPON CLEARSTREAM**

Nicole E. Erb (NEE-7104)
Frank Panopoulos (FP-6975)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Tel: (202) 626-3600
Fax: (202) 639-9355

*Counsel for Clearstream Banking, S.A.*

June 15, 2009

Clearstream Banking, S.A. ("Clearstream") opposes Plaintiffs' Motion For Leave To Serve A Second Restraining Notice Or For An Order Extending The Restraining Notices Previously Served Upon Clearstream ("Motion"). Plaintiffs' Motion should be denied for the reasons discussed in Clearstream's briefs supporting its pending Motion to Vacate Restraints, at oral argument on November 25, 2008, and in Clearstream's supplemental briefs: namely, with respect to Bank B's 19 security entitlements, N.Y. UCC § 8-112(c) precludes restraint of those entitlements at the Clearstream intermediary level, and in the circumstances of this case fraudulent conveyance law does not preempt the express limitations of UCC § 8-112(c); and with respect to all 20 security entitlements, assuming that Bank A (1) retained the underlying beneficial ownership interest and (2) is the same as the judgment debtor, the Foreign Sovereign Immunities Act ("FSIA") precludes restraint because the judgment debtor's security entitlements are in accounts abroad and not "in the United States" as required by the FSIA. *See* 28 U.S.C. §§ 1609, 1610. These arguments need not be restated here, but are incorporated fully herein by reference.

In addition to the above, Clearstream makes the following, further objections to Plaintiffs' Motion:

1.      Clearstream objects to Plaintiffs conflating Clearstream's opposition to Plaintiffs'discovery subpoena with the judgment debtors' and Bank B's conduct. *See* Vogel Affirmation ¶ 9; Plaintiffs' memorandum in support of Motion at 6 ("Clearstream . . . and the defendants have thwarted plaintiffs' discovery efforts to date."). Clearstream is the only entity that has provided information and documents in what Judge Koeltl noted was an "extraordinary" amount of disclosure. June 27 Hr'g Tr. at 75:24. This information was provided in good faith,

candidly, and in accord with Luxembourg banking secrecy law. It is simply disingenuous for Plaintiffs to assert that Clearstream has "thwarted" their discovery efforts and to conflate Clearstream's opposition to Plaintiffs' discovery subpoena with Bank B's and the judgment debtors' conduct. Clearstream's response opposing Plaintiffs' Supplemental Memorandum Regarding Discovery is pending before the Court. For the reasons stated therein, which are incorporated fully herein by reference, Plaintiffs' discovery subpoena should be quashed and rejected as a basis for granting their Motion.

2.   Plaintiffs claim that Clearstream's representative testified on June 27, 2008, that transactions affecting the restrained property had been attempted after the restraints were in effect. Vogel Affirmation n.1. Plaintiffs fail to provide a citation for this claim, which mischaracterizes the testimony. Clearstream's representative's testimony was that Clearstream already had initiated redemption payments to Bank B before Clearstream was notified of the restraints over a weekend, and that first thing on the following Monday Clearstream retracted the payments to comply with the restraints. June 27 Hr'g Tr. at 28:6-29:16.

3.   An additional restraining notice is not necessary in this matter. The Court can extend the Restraining Notice pursuant to N.Y. C.P.L.R. § 5240 until it decides the pending Motion to Vacate Restraints. At that time, depending on its decision, the Court either would terminate the Restraining Notice or extend it for another term. In the cases cited by Plaintiffs, an additional restraining notice was required because the original restraining notice was ineffective. For example, in *Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, No. 90 Civ. 334 (JMC), 1992 WL 123650, at *2 (S.D.N.Y. May 28, 1992), the original restraining notice was ineffective because at the time it was served the garnishee was not in possession of any property belonging to the judgment debtor. Here, property allegedly belonging to the judgment debtors has been

restrained.  In *Grossman v. Liker*, 442 N.Y.S.2d 63, 64-65 (App. Div. 1981), a third restraining notice was necessary because the second one already had expired.  That is not the case with Plaintiffs' Restraining Notice.

4.     Clearstream is concerned about the maintenance of confidentiality in any foreign proceedings with respect to Confidential Information covered by Judge Lamberth's Protective Order and other proprietary information disclosed by Clearstream.  Plaintiffs' counsel has informed Clearstream that the Italian court was furnished a copy of the Protective Order and he understands the Italian proceedings on July 15th will be sealed.  Clearstream reserves its right to petition this Court for relief in the event that does not turn out to be the case or there is disclosure of protected information.

Dated:  June 15, 2009                              Respectfully submitted,

WHITE & CASE LLP

By: _____
      Nicole E. Erb (NEE-7104)
      Frank Panopoulos (FP-6975)
      701 Thirteenth Street, N.W.
      Washington, D.C.  20005
      Tel: (202) 626-3600
      Fax: (202) 639-9355

*Counsel for Clearstream Banking, S.A.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June 2009, I caused to be served the foregoing

Opposition To Plaintiffs' Motion For Leave To Serve A Second Restraining Notice Or For An

Order Extending The Restraining Notices Previously Served Upon Clearstream on the following

parties, by e-mail and hand delivery:

Liviu Vogel, Esq.                                Sharon L. Schneier, Esq.
Salon Marrow Dyckman Newman & Broudy LLP         Davis Wright Tremaine LLP
292 Madison Avenue,                              1633 Broadway, 27th Floor
New York, New York 10017                         New York, New York 10019-6708

*Counsel for Plaintiffs*                         *Counsel for Citibank, N.A.*


_____
Frank Panopoulos