

# memorandum

| | |
|---|---|
| To | : White & Case LLP |
| | Attn.: Mr Franck Panopoulos |
| From | : Glenn Meyer and Pierre-Michaël de Waersegger |
| Date | : September 13, 2010 |
| Subject | : Legal regime applicable to cash deposits under Luxembourg law |

Dear Colleague,

We are lawyers admitted to practice under the laws of Luxembourg.

You have sought our advice on the legal regime applicable under Luxembourg law to cash deposited by a client with a Luxembourg credit institution, as well as on the rights of the depositor on such cash deposit.

There seem to have been some discussions on the legal definition of a cash deposit with a credit institution, in particular in France and in Belgium[1].

However, in Luxembourg, scholars[2] and case law[3] consider that it should be qualified as an irregular deposit (*dépôt irrégulier*).

Since cash is a fungible asset, i.e. not individually identifiable, the deposit should hence be considered as "irregular" (as opposed to the regular deposit in the sense of Article 1915 and following of the Civil Code) in the sense that the custodian is granted ownership rights over the deposited cash, whereas the depositor only retains a cash claim (*créance de sommes d'argent*) against the custodian.

The Luxembourg Court of Appeal stated in this context that "*since the deposited goods consist in cash amounts, being fungible goods, the custodian bank benefits from the use of the cash and becomes the owner of said cash, but remains subject to an obligation to return the received amount.*"[4]

Such approach is further confirmed by other Luxembourg laws. Indeed, Article 2 of the law of 5 April 1993 on financial sector, as amended, assimilates the deposited cash with the

---

[1] H. De Page, *Traité élémentaire de droit civil belge*, 1941, Ed. Bruylant, n°268. Y. Merchiers and M.-F De Pover, *La vente, Les contrats spéciaux, Chroniques de jurisprudence (1988-1995)*, Ed. Larcier, p.69. F. Grua, Le dépôt de monnaie en banque, *Recueil Dalloz*, 1998, I, chron., p. 259.
In any legal definition given to a cash deposit, it is always agreed that the consequence of a cash deposit is that the custodian becomes the legal owner of the cash.
[2] A. Schmitt and E. Omes, *La responsabilité du banquier en droit bancaire privé luxembourgeois*, Ed. Larcier, 2006, p. 83 and ff.
G. Ravarani, *La responsabilité civile des personnes privées et publiques*, 2nd édition, Pasicrisie luxembourgeoise, 2006, n°525.
[3] Cour d'Appel., 26 March 1997, *Bull. Droit et Banque*, 1998, n°27, p. 85.
Cour d'Appel, 10 December 1997, *Pas.*, 30, p.301.
[4] Cour d'Appel, 10 December 1997, *op. cit.* (our translation).

Arendt & Medernach - Avocats
14, rue Erasme   L-2082 Luxembourg            Tel : (352) 40 78 78 1    Fax : (352) 40 78 04            www.arendt.com
LUXEMBOURG   BRUSSELS   DUBAI   HONG KONG   LONDON   NEW YORK   in alliance with DILLON EUSTACE DUBLIN



repayable funds. In addition, the law of 17 June 1992 relating to the annual and consolidated accounts of credit institutions governed by the laws of Luxembourg, as amended, considers the savings deposits (*dépôts d'épargne*) as debts owed to the clients.

It results from the above that where a client deposits cash with a credit institution, said credit institution becomes the legal owner of the deposited cash. The depositor is only entitled to a cash claim on the deposited cash.

Another consequence for the depositor is that in case an insolvency proceeding is opened in Luxembourg against a Luxembourg credit institution, the clients of such credit institution will, at least as far as their cash deposits are concerned, be considered as unsecured creditors (*créanciers chirographaires*) of the Luxembourg credit institution. Cash deposits accordingly fall within the estate of the credit institution in case of the latter's insolvency. Cash depositors are thus subject to the *pari passu* rule together with all other unsecured creditors[5].

\* \* \*

We remain at your entire disposal for any further question you may have.

Kind regards,

Pierre-Michaël de Waersegger

Glenn Meyer

---

[5] Please note that the treatment of the cash could be different if such cash stems from financial instruments that have matured after the opening of an insolvency proceeding (Trib. Arr. Lux., 29 October 2008, n° 1341/08).