Exhibit F

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
DEBORAH D. PETERSON                 :
Personal Representative of the      :
Estate of James C. Knipple (Dec.),  :
et al.                              :
                                    :
                        Plaintiffs, :
            v.                      : Case No.18 Misc.8302
                                    :      Order
ISLAMIC REPUBLIC OF IRAN, et al.    :
                                    :
                        Defendants. :
                                    :
----------------------------------- X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The Court issues this order in anticipation of a July 1st, 2009 conference on the issue of Plaintiff's application for leave to serve a second restraining notice or for an order extending the restraining notices previously served upon Citibank and Clearstream.

At that conference, the Court intends to discuss, in addition to Plaintiffs' application, the other motions pending in this case. The Court has come to certain conclusions concerning some but not all of the issues raised in these motions. In the hopes of moving toward a final determination, the Court advises the parties of the following holdings:

The Court agrees with Clearstream that the assets that are the subject of Clearstream's September 4, 2008 motion to vacate restraints are governed by NY UCC 8-112(c). Under the plain meaning of NY UCC 8-112(c), Clearstream is not a proper garnishee. NY UCC 8-112(c) states: "The interest of a debtor in a security entitlement may be reached by a creditor only by legal process upon the securities intermediary with whom the debtor's securities account is maintained." Clearstream does not currently

carry on its books, in relation to the restraints in question, an account in the name of the Islamic Republic of Iran or one of its state agencies.

However, prior to a series of transfers in February 2008 between certain Clearstream accounts (discussed in parties' moving papers), Clearstream may have been a proper garnishee under NY UCC 8-112(c), if at that time the securities account of an Iran state entity was maintained with Clearstream.

Plaintiffs argue that Clearstream is still a proper garnishee, because the February 2008 activity related to those accounts was fraudulent and should be set aside (returning the relevant parties to their pre-February 2008 positions).

The restraints will remain in place until the Court has determined whether Clearstream is, or could be made, a proper garnishee, assuming a fraudulent conveyance could be shown by Plaintiffs. Although Plaintiffs and Clearstream submitted briefs discussing the law of fraudulent conveyance, the Court is not able at this time to determine whether or how that law could be applied in this situation. At the July 1st, 2009 conference, the Court intends to discuss with the parties the issues that must be resolved in order for that determination to be made.

Specifically, the Court will make inquiry of the parties on the following issues: 1) Plaintiffs' progress in discovery efforts; 2) whether security entitlements may be "transferred" in a manner susceptible to a fraudulent conveyance analysis; 3) what, if any, badges of fraud surrounded the February 2008 "transfers" challenged by Plaintiffs; 4) what remedies would be proper and viable in the event that a fraudulent conveyance were shown; 5) whether this Court has jurisdiction over the various parties holding an interest in the restrained assets; 6) the applicability of the FSIA; and 7) Plaintiffs'

submission of revised subpoena requests in light of this order and those to be made at the July 1st hearing.

SO ORDERED:

Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         June 23, 2009