```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 13 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBORAH D. PETERSON, Personal             :
Representative of the Estate of James C. Knipple :
(Dec.), et al.,                           :           10 Civ. 4518 (KBF)
                                          :
            Plaintiffs,                   :           ORDER
                                          :
        -v-                               :
                                          :
ISLAMIC REPUBLIC OF IRAN, et al.,         :
                                          :
            Defendants.                   :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

   The Court has reviewed defendants' joint submission requesting certain redactions of the Court's Opinion and Order of February 28, 2013, currently filed under temporary seal. (ECF No. 340.) Plaintiffs did not file a redaction request.

   Defendants seek the redactions pursuant to a protective order entered by Judge Royce Lamberth of the U.S. District Court for the District of Columbia on June 11, 2008. See Protective Order ("2008 Protective Order"), Peterson, et al. v. Islamic Republic of Iran, et al., No. 01 Civ. 2094 (RCL)(D.D.C. June 11, 2008), ECF No. 326. Judge Lamberth entered the 2008 Protective Order at the request of the Department of the Treasury's Office of Foreign Assets Control ("OFAC"), which was concerned that the disclosure of subpoenaed banking information to the Peterson plaintiffs would violate the Trade Secrets Act, 18 U.S.C. § 1905. See Unopposed Emerg. Mot. on Behalf of the Office of Foreign Assets Control for Entry of Protective

Order Auth. Disclosure in Response to R. 45 Subpoena, Peterson., No. 01 Civ. 2094 (RCL)(D.D.C. June 11, 2008), ECF No. 325.

After five years of active litigation—much of it conducted under partial seal—the interest of OFAC and defendants in protecting confidential information must be balanced with the interest of public access to Court proceedings. The items that defendants wish to redact in the Opinion and Order merely disclose an approximate dollar value of the assets at issue and explain the existence of account and agency relationships amongst the defendants. The identity of those defendants has been released to the public by the fact of their appearance in this matter; OFAC did not object to that disclosure. (See Letter of David S. Jones, Ass't U.S. Atty, to Hon. Gabriel Gorenstein, Nov. 4, 2011, ECF No. 147.) Nowhere in its Feb. 28 Opinion and Order does the Court provide account numbers or precise balances that might unlawfully "disclose[ ] . . . the identity . . . amount or source of any income, profits, losses, or expenditures" of the defendants pursuant to the Trade Secrets Act. 18 U.S.C. § 1905.

As such, the Court hereby ORDERS the Opinion and Order of Feb. 28, 2013, to be unsealed in its full, unredacted form. The remaining documents filed under seal in this action shall remain under seal pending further order of the Court.

The Clerk of Court is directed to unseal the Opinion and Order at ECF No. 340.

SO ORDERED.

Dated:   New York, New York
         March 12, 2013

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge