UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DEBORAH D. PETERSON,
Personal Representative of the Estate of
James C. Knipple (Dec.), et al.,

                Plaintiffs,

         v.

ISLAMIC REPUBLIC OF IRAN, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 10 Civ. 4518 (KBF)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CLEARSTREAM BANKING, S.A.'s MOTION FOR PARTIAL RECONSIDERATION

Karen E. Wagner
Jennifer G. Newstead
Jonathan D. Martin
Gerald M. Moody, Jr.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Nicole Erb
Frank Panopoulos
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant Clearstream Banking, S.A.*

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

ARGUMENT ...................................................................................................................................2

CONCLUSION ................................................................................................................................6

# TABLE OF AUTHORITIES

### CASES

PAGE

*Calderon-Cardona v. JPMorgan Chase Bank, N.A.*,
   867 F. Supp. 2d 389 (S.D.N.Y. 2011)......................................................................................2

*Catskill Dev., LLC v. Park Place Ent. Corp.*,
   154 F. Supp. 2d 696 (S.D.N.Y. 2001)......................................................................................1

*Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*,
   609 F.3d 111 (2d Cir. 2010).................................................................................................3, 4

*Hausler v. JP Morgan Chase Bank, N.A.*,
   740 F. Supp. 2d 525 (S.D.N.Y. 2010)......................................................................................2

*Ray v. Jama Productions, Inc.*, 425 N.Y.S.2d 630
   (App. Div. 2d Dep't 1980).......................................................................................................4

*United States v. Coluccio*, 51 F.3d 337 (2d Cir. 1995)...................................................................4

*United States v. O'Brien*, 391 U.S. 367 (1968) .............................................................................3

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992)...................................................................................................1

### STATUTES AND RULES

22 U.S.C. § 8772............................................................................................................... passim

N.Y. U.C.C. § 8-112 .......................................................................................................................5

N.Y. U.C.C. § 8-503 .......................................................................................................................5

N.Y. U.C.C. § 8-503 cmt. 2 .......................................................................................................4, 5

N.Y. U.C.C. § 8-505(b)...................................................................................................................5

N.Y. C.P.L.R. § 5222......................................................................................................................4

N.Y. C.P.L.R. § 5225(b).................................................................................................................5

S.D.N.Y. Local Rule 6.3.................................................................................................................1

Defendant Clearstream Banking, S.A. ("Clearstream") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Local Rule 6.3, seeking partial reconsideration of this Court's February 28, 2013 opinion and order (the "Order").

## PRELIMINARY STATEMENT

Plaintiffs argue that Clearstream cannot have property rights in its account at Citibank because 22 U.S.C. § 8772 acts "notwithstanding any other provision of law," and "preempt[s] any inconsistent provision of State law." (Pls.' Opp. Br. at 6.) Plaintiffs simply ignore the fact that these provisions are "[s]ubject to paragraph (2)," which directs this Court to determine that no person other than Iran "possesses a constitutionally protected interest" in the assets held at Citibank – in order to "ensure that Iran is held accountable for paying [Plaintiffs'] judgments." 22 U.S.C. § 8772(a). The Court can make that determination only by reference to Article 8 of the New York Uniform Commercial Code ("UCC"), the statute that determines property rights in the indirect holding system for securities ownership.

Plaintiffs' interpretation ignores the words of the statute, and creates constitutional infirmities by eliminating this Court's adjudicative role and by taking Clearstream's property. Because the Order adopts Plaintiffs' erroneous analysis, it merits reconsideration. *See Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 154 F. Supp. 2d 696, 702 (S.D.N.Y. 2001) (granting motion for reconsideration where court determined that its application of a statute "was in error"); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (explaining that "[t]he major grounds justifying reconsideration [include] . . . the need to correct a clear error" (internal quotation marks and citation omitted)).

1

## ARGUMENT

Plaintiffs correctly observe that Clearstream has persistently maintained that assets held in its omnibus account at Citibank belong to Clearstream, and only to Clearstream, and that Bank Markazi has no legally cognizable claim to those assets.  (Pls.' Opp. Br. at 1.)  Indeed, had the assets in Clearstream's account at Citibank belonged to Bank Markazi, Plaintiffs would have had no need of Section 8772 – Plaintiffs could have executed upon Bank Markazi's assets pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), which was designed to permit victims of terrorist acts by terrorist states to recover on blocked assets *belonging to* those terrorist states.  *See* Order at 15-16; *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F. Supp. 2d 389, 399-400 (S.D.N.Y. 2011).

However, TRIA does not permit attachment or execution against assets that are not "of," or owned by, the relevant terrorist state or its instrumentality:

> TRIA permits attachment not of 'blocked assets in which that terrorist party has any property interest,' or 'all assets blocked pursuant to OFAC sanctions regulations targeting that terrorist party.'  Rather, it allows for attachment only of 'blocked assets *of that terrorist party*.'  TRIA § 201(a) (emphasis supplied).

*Calderon-Cardona*, 867 F. Supp. 2d at 403; *but see Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 533-41 (S.D.N.Y. 2010).  Plaintiffs therefore prevailed upon Senator Menendez to enact legislation that would require this Court to rule that Clearstream's assets actually belong to Iran.  As Plaintiffs put it, "the immutable fact [is] that Section 8772 'specifically provides that the assets at issue *in this very lawsuit*'" must be turned over to Plaintiffs.  (Pls.' Opp. Br. at 5-6 (quoting Order at 45 (emphasis in original)).)  In other words, Plaintiffs asked Senator Menendez for a bill of attainder:

> This Court's decisions have defined a bill of attainder as a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial. In determining whether a particular statute is a bill of attainder, the analysis necessarily requires an inquiry into whether the three definitional elements—specificity in identification, punishment, and lack of a judicial trial—are contained in the statute. The inquiry into whether the challenged statute contains the necessary element of punishment has on occasion led the Court to examine the legislative motive in enacting the statute.

*United States v. O'Brien*, 391 U.S. 367, 384 n. 30 (1968).

But Section 8772 expressly requires that the Court determine whether any party other than Iran holds a constitutionally protected interest in the assets in Clearstream's account at Citibank, and permits turnover of those assets only to the extent that any such constitutionally protected interest is not infringed. 22 U.S.C. §8772(a)(2). As Section 8772 contains no criteria for determining who has a constitutionally protected interest in the assets at Citibank, the relevant judicial determinations can be made only by reference to Article 8.[1] *See Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.,* 609 F.3d 111, 117 (2d Cir. 2010).

While Plaintiffs argue that Section 8772 wholly preempts Article 8, that argument is contradicted by the first words of the statute, which make paragraph (a)(1) "[s]ubject to paragraph 2." This key proviso expressly carves out from the preemption language in paragraph (a)(1) the determination required by paragraph (a)(2). Plaintiffs omit any reference to this proviso. The Order also overlooks its significance, and the unconstitutional consequences that follow Plaintiffs' erroneous construction of Section 8772. A proper reading of Section 8772,

---

[1] Contrary to Plaintiffs' assertion, Clearstream has never conceded that Section 8772 preempts the UCC for purposes of the judicial determination required by Section 8772(a)(2). (Pls.' Opp. Br. at 6 n.2.) Clearstream stated only that Section 8772(a)(1) "preempts any of Clearstream's defenses under state and federal law." (Clearstream's Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment Under the Iran Threat Reduction and Syria Human Rights Act of 2012, ECF No. 286, at 7.) Section 8772(a)(1) is expressly made "[s]ubject to" Section 8772(a)(2), which contains no preemption of the UCC. Clearstream has consistently maintained that the Court must apply the UCC in making its determination under Section 8772(a)(2). (*See id*. at 11-14.)

3

including its proviso, contravenes neither the prohibition on bills of attainder, nor the Fifth Amendment – and precludes turnover. Plaintiffs' construction, necessary to support turnover, violates both.

Plaintiffs offer no interpretive response. Instead, they argue that Iran's ownership of the assets at Citibank is proved by Bank Markazi's claimed interest in them.[2] But Plaintiffs themselves recognize that the issue is one of law.

> It should go without saying . . . that the nature and extent of Clearstream's purported property interest in the Blocked Assets is not a question of fact, but an issue of law.

(Pls.' Opp. Br. at 3.) Bank Markazi's contrary statements are irrelevant. As a matter of law, Bank Markazi has no claim to the Blocked Assets and no recourse against Citibank.

Plaintiffs also continue to elide the distinction between Bank Markazi's custody account at Clearstream in Luxembourg, and Clearstream's omnibus account at Citibank in New York, a distinction that is fundamental to the operation of the indirect holding system. They quote Clearstream's statement that "[a]s custodian, Clearstream does not acquire any proprietary rights in the securities entitlements in Bank Markazi's account," (Pls.' Opp. Br. at 4), but the statement relates to Bank Markazi's account at Clearstream *in Luxembourg*. Bank Markazi has no account at Citibank in New York. In another misstatement, Plaintiffs contend that Clearstream has recognized "Markazi's intangible right of payment from Clearstream." (Pls.' Opp. Br. at 4.)

---

[2] In determining erroneously that Bank Markazi has a "beneficial interest" in the assets held at Citibank, the Court relied on Black's Law Dictionary and *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 609 F.3d 111, 120 (2d Cir. 2010). (Order at 62.) The source of the *Exp.-Imp.* court's discussion of "beneficial interest" is a New York state court decision interpreting N.Y. C.P.L.R. § 5222. *See Exp.-Imp. Bank of U.S.*, 609 F.3d at 120 (citing *United States v. Coluccio*, 51 F.3d 337, 341 (2d Cir. 1995) (citing *Ray v. Jama Productions, Inc.*, 425 N.Y.S.2d 630, 631 (App. Div. 2d Dep't 1980))). *Ray* long predated Article 8, which supplants such concepts as "beneficial ownership" or "beneficial interest." UCC § 8-503. cmt. 2 ("Although this section recognizes that the entitlement holders of a securities intermediary have a property interest in the financial assets held by the intermediary, the incidents of this property interest are established by the rules of Article 8, *not* by common law property concepts." (emphasis added)).

What Clearstream actually said was: "Bank Markazi's intangible right to payment from Clearstream *in Luxembourg* is not the type of property interest that would allow for turnover under TRIA from the [assets held at Citibank]." (Clearstream's Opposition to Plaintiffs' Motion for Partial Summary Judgment, ECF No. 233, at 1 (emphasis added).)[3]

Plaintiffs only other argument is that Article 8 does not apply because the security entitlements held by Clearstream have turned into cash proceeds while they have been blocked. (Pls.' Opp. Br. at 7-8.)  Again, Plaintiffs are wrong.  Clearstream is the account holder of the account at Citibank, and Citibank is indebted to its customer for the assets held in the account, whether security entitlements or their proceeds.[4]  Under Article 8, "[Citibank] is obligated to [Clearstream] for a payment or distribution made by the issuer of a financial asset if the payment or distribution is received by [Citibank]."  UCC § 8-505(b).  Contrary to Plaintiffs' assertion, Clearstream has no obligation – indeed it has no legal right – "to pay the blocked cash proceeds of securities entitlements over to Markazi." (Pls.' Opp. Br. at 8.)  Citibank has no obligation to Bank Markazi, and any payment by Clearstream would be made in Luxembourg and would not be made from the Blocked Assets in Clearstream's account at Citibank.

---

[3] Plaintiffs also mischaracterize Clearstream's statement that the security entitlements in the Citibank account were "held ultimately for the benefit of Markazi." (Pls.' Opp. Br. at 4.)  Clearstream had a contractual obligation to establish security entitlements in New York once it established security entitlements for Bank Markazi in Luxembourg.  *See* UCC § 8-503.  But under the UCC there is no right to "trace" from one account to another, and no concept of "beneficial" interest.  Neither Bank Markazi nor its creditors have any rights in the assets held at Citibank.  *See* UCC §§ 8-112(c), 8-503 cmt. 2 ("The fundamental principles of the indirect holding system rules are that an entitlement holder's own intermediary has the obligation to see to it that the entitlement holder receives all of the economic and corporate rights that comprise the financial asset, and that the entitlement holder can look only to that intermediary for performance of the obligations.").

[4] C.P.L.R. § 5225(b) is not directly applicable, because the assets at Citibank are debts to Clearstream, not a pile of cash.  Those debts would be subject to execution by service upon Citibank, but Clearstream is not Plaintiffs' judgment debtor.

**CONCLUSION**

Plaintiffs' argument that Section 8772 permits disregard of Clearstream's state law property ownership rights and the Fifth Amendment constitutes clear error.  Clearstream respectfully requests that the Court grant Clearstream's motion for reconsideration and deny Plaintiffs' motion for summary judgment for turnover.

Dated: April 4, 2013
       New York, New York

        Respectfully submitted,

        DAVIS POLK & WARDWELL LLP

By:  /s/ Karen E. Wagner
     Karen E. Wagner
     karen.wagner@davispolk.com
     Jennifer G. Newstead
     jennifer.newstead@davispolk.com
     Jonathan D. Martin
     jonathan.martin@davispolk.com
     Gerald M. Moody, Jr.
     gerald.moody@davispolk.com

450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

WHITE & CASE LLP

By:  /s/ Nicole Erb
     Nicole Erb
     nerb@whitecase.com
     Frank Panopoulos
     fpanopoulos@whitecase.com

701 Thirteenth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant Clearstream Banking, S.A.*