UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH D. PETERSON,
Personal Representative of the Estate of
James C. Knipple (Dec.) et al.,

        Plaintiffs,

        v.

ISLAMIC REPUBLIC OF IRAN, et al.,

        Defendants.

Case No. 10 CIV 4518 (KBF)
ECF

**DEFENDANT BANK MARKAZI'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THE REMAINING CLAIMS IN THE SECOND
AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND
<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>**

David M. Lindsey
Andreas A. Frischknecht

**CHAFFETZ LINDSEY LLP**
505 Fifth Avenue, 4th Floor
New York, NY 10017
Tel. (212) 257-6960
Fax (212) 257-6950
www.chaffetzlindsey.com

*Attorneys for Defendant Bank Markazi*

June 3, 2013

– i –

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PROCEDURAL BACKGROUND .................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    I.    The Remaining Claims Must Be Dismissed for Lack of Subject Matter Jurisdiction Under the FSIA. ........................................................................................ 2

    II.    The Remaining Claims Fail to State a Claim Upon Which Relief May Be Granted. ................................................................................................................. 4

CONCLUSION ................................................................................................................................. 6

## **TABLE OF AUTHORITIES**

**Cases**

*Aurelius Capital Partners, LP v. Republic of Argentina*,
    584 F.3d 120 (2d Cir. 2009)…....................................................................................3

*Bank of Tokyo-Mitsubishi, UFJ, Ltd. New York Branch v. Peterson*,
    No. 12 Civ. 4038 (BSJ), 2012 WL 1963382
    (S.D.N.Y. May 29, 2012)………………...................................................................3

*Elliott Assocs., L.P. v. Banco De La Nacion*,
    No. 96 Civ. 7916 RWS, 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000)…........................3

*EM Ltd. v. Republic of Argentina*,
    695 F.3d 201 (2d Cir. 2012)…....................................................................................3-4

*Fidelity Partners, Inc. v. Philippine Export & Foreign Loan Guarantee Corp.*,
    921 F. Supp. 1113 (S.D.N.Y. 1996)…........................................................................3

*HBE Leasing Corp. v. Frank*,
    48 F.3d 623 (2d Cir. 1995)…......................................................................................5

*SEC v. Universal Express, Inc.*,
    No. 04 Civ. 2322 (GEL), 2008 WL 1944803 (S.D.N.Y. Apr. 30, 2008)…..................5

*U.S. Bancorp Equip. Fin., Inc. v. Rubashkin*,
    98 A.D.3d 1057 (2d Dep't. 2012)…............................................................................6

**Statutes & Rules**

22 U.S.C. § 8772…………………………………………………………………..…....4

Fed. R. Civ. P. 12(b)(1)…………….......……………………………………………..…..1

Fed. R. Civ. P. 12(b)(6)…………….......……………………………………………..…..1

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611……….….…....……....1, 3

N.Y. Debt. & Cred. Law § 273-a…………….......………………………………...…..2, 5

N.Y. Debt. & Cred. Law § 276-a…………….......………………………………...…..2, 5

Terrorism Risk Insurance Act of 2002,
    Pub. L. No. 107-297, Title II, § 201,
    116 Stat. 2337 (2002).......................................................................……......….4

Defendant Bank Markazi ("Bank Markazi" or "the Bank"), the Central Bank of Iran, respectfully submits this Memorandum of Law in support of its Motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "Motion") to dismiss Counts 2 and 3 (the "Remaining Claims") of the Second Amended Complaint dated December 7, 2011 (the "Complaint," Dkt. # 216), as well as all remaining Cross-Claims asserted by any Third Party Respondent (as defined in the Court's November 29, 2011 Scheduling Order, Dkt. # 157) in this action (the "Turnover Action") for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1602-1611, and failure to state a claim upon which relief may be granted.

## PROCEDURAL BACKGROUND

In its Opinion and Order dated February 28, 2013 and publicly filed on the Court's ECF filing system on March 13, 2013 (the "February 28 Order," Dkt. # 367), 2013 WL 1155576, this Court *inter alia* granted Plaintiffs' motion for partial summary judgment with respect to their claims for turnover of over $1.75 billion in blocked assets (the "Blocked Assets") held in a segregated account at Citibank N.A. ("Citibank") in New York.[1]  As the Court noted in the February 28 Order, however, an additional "two securities with a face value of $250 million [that are] alleged to have been conveyed fraudulently in early 2008" (the "Sold Securities") were "not at issue in the plaintiffs' motion for partial summary judgment." 2013 WL 1155576, at *28, n.14.  Accordingly, the Court "d[id] not resolve any merits issues as regards claims based on this alleged conveyance" in the February 28 Order. *Id.*

A total of four Counts in Plaintiffs' Complaint—Counts 2, 3, 7 and 8—assert claims with respect to the Sold Securities.  Bank Markazi is named as a nominal defendant in the two Counts defined above as the "Remaining Claims" (Counts 2 and 3).  Those two Counts seek rescission

---

[1] On March 29, 2013, Bank Markazi filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit with respect to the February 28 Order (Dkt. # 383).

of the underlying sales of the Sold Securities to third parties in early 2008 pursuant to sections 276-a[2] and 273-a, respectively, of the New York Debtor and Creditor Law.  Bank Markazi is not named as a defendant in two other Counts pertaining to the Sold Securities: Counts 7 (Tortious Interference with Collection of Money Judgment) and 8 (Prima Facie Tort).  Clearstream Banking, S.A. ("Clearstream") and Banca UBAE SpA ("UBAE") are the only Defendants named in Counts 7 and 8.

Plaintiffs have since represented to the Court, however, that they are not pursuing any claims against Bank Markazi with respect to the Sold Securities.  Specifically, Plaintiffs confirmed in a March 27, 2013 letter to the Court that they "assert the remaining claims *against Clearstream and UBAE only*; whereas, Plaintiffs asserted the claims decided by the Court on summary judgment against all defendants, including Citibank, [Bank] Markazi and Iran."[3]

Because the Complaint names Bank Markazi as a nominal defendant with respect to the Remaining Claims, however, the Bank now seeks their formal dismissal.

## ARGUMENT

### I. The Remaining Claims Must Be Dismissed for Lack of Subject Matter Jurisdiction Under the FSIA.

This Court lacks subject matter jurisdiction over the Remaining Claims, which seek rescission of the underlying sale of the Sold Securities in March 2008 to third-party purchasers

---

[2] Plaintiffs' reference to "section 276(a)" of the New York Debtor and Creditor Law appears to be a typographical error, as no subsection (a) exists in section 276.  Instead, the purported basis for Plaintiffs' claim for attorneys' fees appears to be section 276-a.

[3] Mar. 27, 2013 letter from Liviu Vogel to Hon. Katherine B. Forrest (Dkt. # 385), at 1 (emphasis added).  Plaintiffs' letter adds in a footnote that some of the other plaintiff groups have included "similar claims in their pleadings," and that "certain of" those plaintiff groups "assert their remaining claims against Citibank and/or [Bank] Markazi in addition to Clearstream and UBAE."  Nothing in Plaintiffs' letter indicates, however, that any plaintiff group is actively pursuing claims against Bank Markazi with respect to the Sold Securities at this juncture.  Thus, it is unclear whether any party is currently maintaining claims against Bank Markazi with respect to the Sold Securities.

abroad.[4]  It is undisputed that neither the Sold Securities themselves, nor the proceeds from their sale, are present in the United States.[5]

Accordingly, none of the exceptions to immunity enumerated in the FSIA—which apply only to property located within the United States—can confer subject matter jurisdiction over the Remaining Claims against Bank Markazi.  As Judge Jones found in a related proceeding last year involving these very same Plaintiffs, the "limited exceptions to the otherwise complete immunity from attachment and execution to which a foreign state is entitled" under the FSIA apply "only with respect to property located within the United States."  *Bank of Tokyo-Mitsubishi, UFJ, Ltd. New York Branch v. Peterson,* No. 12 Civ. 4038 (BSJ), 2012 WL 1963382, at *2 n.3 (S.D.N.Y. May 29, 2012).[6]

As a result, "a district court sitting in Manhattan does not have the power to attach [a foreign sovereign's] property in foreign countries."  *EM Ltd. v. Republic of Argentina,* 695 F.3d

---

[4] *See* Compl. ¶ 213 (Plaintiffs seek rescission of the "transfer and conveyance of . . . two bonds valued at $250,000,000 . . . to third parties").

[5] The sale of the Sold Securities resulted in their "transfer . . . out of the United States."  May 20, 2013 Memorandum Decision & Order denying Clearstream and UBAE's respective motions for reconsideration ("May 20 Order," Dkt. # 405), 2013 WL 2246790, at *1.  Moreover, while the "pathway of proceeds" from that sale is disputed as between Plaintiffs and UBAE, it is common ground that the proceeds ended up in Italy.  *See* Feb. 28 Order, 2013 WL 1155576, at *4 (plaintiffs contend that "UBAE . . . wired the cash from HSBC [in New York] to UBAE in Italy"); May 20 Order, 2013 WL 2246790, at *6 (UBAE contends that "payments were withdrawn from its Clearstream account and paid to its own accounts in Rome").

[6] *Accord. Elliott Assocs., L.P. v. Banco De La Nacion,* No. 96 Civ. 7916 RWS, 2000 WL 1449862, at *3 (S.D.N.Y. Sept. 29, 2000) ("[T]he FSIA's exception to immunity from attachment—whether for foreign states or their instrumentalities—extends at most to property located 'in the United States.'") (quoting 28 U.S.C. § 1610); *Fidelity Partners, Inc. v. Philippine Export & Foreign Loan Guarantee Corp.,* 921 F. Supp. 1113, 1119 (S.D.N.Y. 1996) ("Under the FSIA, assets of foreign states located outside the United States retain their traditional immunity from execution to satisfy judgments entered in United States courts."); *see also Aurelius Capital Partners, LP v. Republic of Argentina,* 584 F.3d 120, 130 (2d Cir. 2009) ("[T]he property that is subject to attachment and execution must be property in the United States of a foreign state[.]" (citation and quotation marks omitted).

201, 208 (2d Cir. 2012), *cert filed*, 81 USLW 3394 (Jan. 7, 2013). *A fortiori,* therefore, this Court lacks subject matter jurisdiction over Plaintiffs' claims arising from the sale of securities in which Bank Markazi previously had an interest to purchasers located in a foreign country where neither the securities themselves, nor the proceeds from their sale, are present in the United States.[7]

Nor can the two provisions relied on by the Plaintiffs to support their claims for turnover of the Blocked Assets—namely section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA")[8] and 22 U.S.C. § 8772—confer subject matter jurisdiction over the Remaining Claims. By their plain terms, the scope of both provisions is limited to certain categories of blocked assets. Because they do not implicate any blocked assets, the Remaining Claims are not within the purview of either statute.

In sum, the reason why Plaintiffs have abandoned the Remaining Claims against Bank Markazi is obvious: this Court lacks subject matter jurisdiction over the Remaining Claims. Accordingly, they must be dismissed.

## II. The Remaining Claims Fail to State a Claim Upon Which Relief May Be Granted.

Should the Court even find it necessary to reach the issue given the clear absence of subject matter jurisdiction over the Remaining Claims, Bank Markazi hereby adopts and incorporates as though fully set forth herein the arguments raised by Clearstream in its Rule 12(b)(6) motion to dismiss to the extent Clearstream's arguments are applicable to the

---

[7] As this Court has stated, all of Plaintiffs' claims with respect to the Sold Securities—whether couched as claims for fraudulent conveyance, tortious interference with collection of a money judgment, or prima facie tort—"relate to defendants' transfer of [the Sold Securities] out of the United States." May 20 Order, 2013 WL 2246790, at *1.

[8] Pub. L. No. 107-297, Title II, § 201, 116 Stat. 2337 (2002), codified as a note to 28 U.S.C. § 1610.

– 5 –

Remaining Claims and/or any remaining Cross-Claims asserted by any Third Party Respondent against Bank Markazi.

In particular, but without limitation, Bank Markazi adopts the argument that the Remaining Claims are barred because a plaintiff cannot seek rescission pursuant to the New York Debtor and Creditor Law against a good faith purchaser for value. Section 273-a of the New York Debtor and Creditor law explicitly excludes conveyances made with "fair consideration." N.Y. Debt. & Cred. Law § 273-a (McKinney). Under section 272, "[f]air consideration has two components—the exchange of fair value and good faith—and both are required." *SEC v. Universal Express, Inc.*, No. 04 Civ. 2322 (GEL), 2008 WL 1944803, at *5 (S.D.N.Y. Apr. 30, 2008) (citations omitted).

Where, as here, the conveyance in question was to a good faith purchaser for value, the conveyance cannot be rescinded. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 636 (2d Cir. 1995) (holding that where "a transferee has given equivalent value in exchange for the debtor's property, the statutory requirement of 'good faith' is satisfied if the transferee acted without either actual or constructive knowledge of any fraudulent scheme."). Given Plaintiffs' failure to allege <u>any</u> facts whatsoever to support their conclusory assertion that the Sold Securities were transferred without fair consideration (Compl. ¶¶ 218, 233), Plaintiffs' claim for recession under section 273-a is subject to dismissal as a matter of law.

Similarly, section 276-a of the New York Debtor and Creditor Law permits an award of attorney's fees only where the conveyance "is found to have been made by the debtor and received by the transferee <u>with actual intent</u>, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors . . . ." N.Y. Debt. & Cred. Law § 276-a (McKinney) (emphasis added). Here too, Plaintiffs have alleged no facts whatsoever (and none

exist) to show that the entities which purchased the Sold Securities did so with an actual intent to defraud the Plaintiffs. *See, e.g.*, *U.S. Bancorp Equip. Fin., Inc. v. Rubashkin*, 98 A.D.3d 1057, 1060-61 (2d Dep't 2012) (denying a request for attorney's fees where the transferee acted in good faith and without knowledge of the alleged fraud). Accordingly, Plaintiffs' claim for recession and attorneys' fees under section 276-a must be dismissed.

## CONCLUSION

For all of the foregoing reasons, Bank Markazi respectfully requests that the Court grant this Motion to Dismiss.

Dated:	New York, New York
	June 3, 2013

Respectfully Submitted,

/s/ David M. Lindsey
_____
David M. Lindsey
Andreas A. Frischknecht

**CHAFFETZ LINDSEY LLP**
505 Fifth Avenue, 4th Floor
New York, NY 10017
Tel. (212) 257-6960
Fax (212) 257-6950
david.lindsey@chaffetzlindsey.com
andreas.frischknecht@chaffetzlindsey.com
www.chaffetzlindsey.com

*Attorneys for Defendant Bank Markazi*