# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

ATTORNEYS AT LAW

LIVIU VOGEL*
Partner

lvogel@salonmarrow.com
direct dial (646) 843-1909

*also admitted in Connecticut

292 MADISON AVENUE • NEW YORK, NY 10017

Telephone (212) 661-7100

Facsimile (212) 661-3339

One University Plaza, Suite 408
Hackensack, NJ 07601
Telephone (201) 662-0656
Facsimile (201) 487-9054

257 Lyons Plains Road
Weston, CT 06883
Telephone (203) 227-0023
Facsimile (646) 843-1910

800 Corporate Drive, Suite 208
Ft. Lauderdale, FL 33334
Telephone (954) 491-0099
Facsimile (954) 491-1544

July 1, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/13

Via e-mail: Forrestnysdchambers@nysd.uscourts.gov
The Honorable Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, NY 10007

Re:   Peterson v. Islamic Republic of Iran, 10-cv-04518 (KBF)

Dear Judge Forrest:

We write on behalf of the Peterson Plaintiffs, the Acosta, Greenbaum, Beer and Kirschenbaum judgment creditors, and Clearstream and UBAE to request a modification of the dates set forth in the Court's scheduling order dated May 23, 2013 (Dkt. No. 411). On March 27, 2013, the plaintiffs served document demands on each of the defendants. Initially, the defendants claimed the requests were improper and premature because the Court had not yet entered a scheduling order. Clearstream and UBAE served written responses and objections on May 30, 2013, but neither has produced any documents in response to the document demands. Citibank has not produced any responses to the document demands because a protective order has not yet been entered. The parties have engaged in several "meet and confer" telephone conferences primarily addressing the objections raised by Clearstream and UBAE with respect to the document demands. The conferences have produced some agreed upon compromises, but unresolved differences remain.

During the conferences, we learned that Luxemburg bank secrecy and privacy laws purportedly restrict the information that can be produced by Clearstream concerning the identity of any individual whose name appears in the documents requested as well as customer account-related information. We are informed that Luxemburg law allegedly requires Clearstream to redact the names or other identifying information of every individual from the documents to be produced, and to replace it with an anonymous designation. After review of the redacted documents, the plaintiffs will then have an opportunity to request that the names of certain people appearing in the documents be disclosed. Luxemburg law allegedly then requires

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Katherine B. Forrest, U.S.D.J.
July 1, 2013
Page 2

conducting an analysis that balances the plaintiff's need for the information against the individual's privacy rights.[1] This two-step process purportedly mandated by Luxemburg law is very time consuming. Consequently, the parties have not been able to accomplish the required discovery within the Schedule provided by the Court.

The Plaintiffs also served a notice of deposition on Clearstream on June 20, 2013, pursuant to F.R.C.P. 30(b)(6). Counsel for Clearstream has advised that, under Luxemberg law, employees of Luxemburg companies are entitled to a certain period of vacation during the summer months. Consequently, it is likely that witnesses, once identified, are likely to be unavailable for deposition in time to meet the deadlines in the Court's schedule.

The parties have negotiated a proposed protective order that is being submitted by Clearstream to the Court for approval today.

In order to accommodate the difficulties allegedly presented by Luxemburg and EU law, we respectfully request that the deadlines set forth in the Court's scheduling order be modified as indicated below:

| Activity | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Status Conference | July 9, 2013 | August 1, 2013 |
| Close of Fact Discovery | July 15, 2013 | September 30, 2013 |
| Close of Expert Discovery | August 8, 2013 | November 15, 2013 |
| Dispositive Motions Due | August 9, 2013 | December 20, 2013 |
| Oppositions Due | September 6, 2013 | January17, 2014 |
| Replies Due | September 20, 2013 | January 31, 2014 |
| Pretrial Order Due | November 1, 2013 | March 14, 2014 |
| Final Pretrial Conference | November 8, 2013 | March 21, 2014 |
| Trial | November 18, 2013 | March 31, 2014 |

---

[1] UBAE's counsel has advised that UBAE is bound by similar European Union privacy laws.

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Katherine B. Forrest, U.S.D.J.
July 1, 2013
Page 3

      Counsel for Markazi objects to any discovery demands against it on sovereign immunity grounds, but does not object to the requested extension.

                          Respectfully submitted,

                          Liviu Vogel

LV:rcj

cc:    all counsel via e-mail

ORDERED: The Court will discuss any adjustments to the scheduling order at the status conference scheduled for July 9.
SO ORDERED.
7/2/13

_____
KATHERINE B. FORREST, USDJ