

**DLA Piper LLP (US)**
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Richard M. Kremen
richard.kremen@dlapiper.com
T 410.580.4191
F 410.580.3191

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/3/13

June 20, 2013
*VIA E-MAIL – forrestnysdchambers@nysd.uscourts.gov*

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

**Re: *Peterson v. Islamic Republic of Iran, et al., Case No. 10-4518 (KBF)* (the "Peterson Matter")**

Dear Judge Forrest:

This office represents the Estate of Michael Heiser, *et al*. (the "Heisers") in the Peterson Matter. We are writing this letter in response to the letter from counsel for CitiBank, N.A. dated June 18, 2013 (the "CitiBank 6/18 Letter"). By the CitiBank 6/18 Letter, counsel for CitiBank suggests that there was a "misunderstanding" with CitiBank's original June 11, 2013 letter in that CitiBank is not really requesting that the Court dismiss two (2) proceedings that are pending before the Honorable Judge Robert P. Patterson and the Honorable Leonard B. Sand (the "Other Cases"), but, instead, CitiBank is simply requesting that the Court order the Heisers to voluntarily dismiss the Other Cases with respect to the Blocked Assets. The Heisers reject this latest request which they believe is improper and potentially extremely prejudicial to the Heisers.

By the CitiBank 6/18 Letter, CitiBank is requesting that this Court order the Heisers to ***involuntarily*** execute ***voluntary stipulations of dismissal*** with prejudice under Fed.R.Civ. P. 41(a) of the Other Cases ***which are not even pending*** before your Honor. As set forth in detail in the Heisers' June 13, 2013 letter to the Court, this request is improper, highly prejudicial to the Heisers and completely unnecessary. First, it is completely inappropriate and procedurally not permissible for CitiBank to ask your Honor to order the Heisers to sign voluntary stipulations of dismissal with prejudice under Fed.R.Civ.P. 41(a) in two cases which are not pending before your Honor. Additionally, as set forth in detail in the Heiser's June 13, 2013 letter, the dismissal with prejudice (even as purportedly modified by the CitiBank 6/18 Letter) of the Other Cases could jeopardize the Heisers' status and its priority depending on the outcome of these proceedings on appeal. Finally, CitiBank is already **fully** protected by the Draft Rule 54(b) Order submitted by Liviu Vogel.

The purported misunderstanding set forth in the CitiBank 6/18 Letter does not change the analysis with respect to CitiBank's requested relief. For the reasons set forth in the Heisers' June





13, 2013 Letter, this letter, and the Court's June 17, 2013 order denying CitiBank's initial request to order the Heisers to sign stipulations of dismissal in the Other Cases, the Court should reject CitiBank's renewed request and enter the Draft Order in the form submitted by Mr. Vogel.

Respectfully submitted,

Richard M. Kremen

cc: All counsel of record via e-mail

EAST\56381037.1