USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 0 9 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), *et al.*,

               Plaintiffs,

     v.

ISLAMIC REPUBLIC OF IRAN, BANK
MARKAZI a/k/a CENTRAL BANK OF IRAN;
BANCA UBAE SpA; CITIBANK, N.A., and
CLEARSTREAM BANKING, S.A.,

               Defendants.

---

10 Civ. 4518 (KBF)

**ORDER ENTERING PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b), DIRECTING TURNOVER OF THE BLOCKED ASSETS, DISMISSAL OF CITIBANK WITH PREJUDICE AND DISCHARGING CITIBANK FROM LIABILITY**

### The Miscellaneous Proceeding

WHEREAS, the plaintiffs in the action captioned *Peterson, et al. v. Islamic Republic of Iran, et al.,* Civil Action Nos. 01-cv-2094 and 2684 (D.D.C.) (the "Peterson Judgment Creditors") obtained a default judgment for damages pursuant to 28 U.S.C. § 1605(a)(7) against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS");

WHEREAS, on or about June 13, June 17, and June 24, 2008, the Peterson Judgment Creditors served a writ of execution, a restraining notice and an amended restraining notice on Citibank, N.A. ("Citibank") with respect to 22 debt securities and related cash held by Citibank in an omnibus account for its customer Clearstream Banking, S.A. ("Clearstream") in which Iran was alleged to have an interest (the "Miscellaneous Proceeding");

WHEREAS, the aforementioned debt instruments and securities have varying maturity dates all of which have now matured and been converted to cash;

WHEREAS, on or about June 16, June 23 and October 27, 2008, the Peterson Judgment Creditors served writs and amended writs of execution and restraining and amended restraining notices on Clearstream in New York with respect to the same assets;

WHEREAS, upon consideration of the Order to Show Cause submitted by Citibank with supporting documentation, and following a hearing on June 27, 2008, the Court issued an Order vacating the restraints corresponding to securities ISIN US298785DM51 and ISIN US465410BK38 and upheld the restraints with respect to the remaining assets (the "Restrained Assets");

WHEREAS, the restraints, writs of execution and levies upon Citibank and Clearstream were extended by Court Order through the date of commencement of this action;

### The Turnover and Interpleader Proceedings

WHEREAS, on or about June 8, 2010, the Peterson Judgment Creditors commenced this action seeking turnover of the Restrained Assets (the "Turnover Proceeding"). On or about October 20, 2010, the Peterson Judgment Creditors filed an Amended Complaint naming as defendants Iran, Bank Markazi a/k/a Central Bank of Iran ("Bank Markazi"), Banca UBAE SpA ("UBAE"), Citibank and Clearstream. The Peterson Judgment Creditors filed a Second Amended Complaint on or about December 7, 2011;

WHEREAS, on or about June 27, 2011, the Court consolidated the Miscellaneous Proceeding and the Turnover Proceeding, and authorized Citibank to file and serve third-party interpleader petitions (the "Interpleader Petitions") on all those persons or entities who had served Citibank or Clearstream with writs of execution, lis pendens or other process indicating that they may have an interest in the Restrained Assets. Citibank filed the interpleader action (the "Interpleader Action" which, together with the Miscellaneous Proceeding and the Turnover Proceeding constitute the "Consolidated Proceedings") to provide notice to potential claimants who were not parties to the proceeding, to provide notice to potential claimants to funds targeted for turnover by plaintiffs, and to obtain a discharge from liability in interpleader. On or about May 24, 2012, the Court authorized Citibank to file and serve additional third-party interpleader petitions on additional third-parties similarly situated;

2

WHEREAS, Citibank is a stakeholder without interest in the ultimate outcome of this dispute and its interest is in resolution of ownership of the funds at issue herein so that it may, when so ordered, ensure that they are appropriately disbursed;

WHEREAS, by Order dated November 28, 2011 the Interpleader Petitions were consolidated with the Turnover Proceeding;

WHEREAS, the judgment creditors and third-party respondents named in the Interpleader Petitions include the following plaintiffs in the following actions: (1) the Peterson Judgment Creditors; (2) *Acosta, et al. v. Islamic Republic of Iran, et al.,* 06-cv-00745 (D.D.C.); (3) *Greenbaum v. Islamic Republic of Iran, et al.,* 02-cv-02148-RCL (D.D.C.); (4) *Estate of Michael Heiser v. Islamic Republic of Iran et al.,* 00-02329 and 00-cv-2104 (D.D.C.) (the "Heiser Judgment Creditors"); (5) *Jeremy and Dr. Lucille Levin v. The Islamic Republic of Iran, et al.,* Civil Action No. 05-cv-2494 (D.D.C.); (6) *Valore v. The Islamic Republic of Iran, et al.,* Civil Action No. 08-cv-1273 (D.D.C.); (7) *Beer, et al. v. Islamic Republic of Iran, et al.,* Civil Action Nos. 06-cv-473 and 08-cv-1807 (D.D.C.); (8) *Kirschenbaum, et al. v. Islamic Republic of Iran, et al.,* Civil Action Nos. 03-cv-1708 and 08-cv-1814 (D.D.C.); (9) *Murphy, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 06-cv-596 (D.D.C.) (the "Murphy Judgment Creditors"); (10) *Rubin v. Islamic Republic of Iran, et al.,* Civil Action No. 01-cv-1655 (D.D.C.); (11) *Estate of Anthony K. Brown v. Islamic Republic of Iran, et al.,* Civil Action No. 08-cv-531 (D.D.C.); (12) *Estate of Stephen B. Bland v. Islamic Republic of Iran, et al.,* Civil Action No. 05-cv-2124 (D.D.C.); (13) )*Bonk, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 08-cv-1273 (D.D.C.); (14) *Arnold, et al. v. Islamic Republic of Iran, et al.,* Civil Action 06-cv-516 (D.D.C.); (15) *Estate of James Silvia, et al. v. Islamic Republic of Iran , et al.,* Civil Action No. 06-cv-750 (D.D.C.) (the foregoing judgment creditors numbered (1) through (15)are collectively referred to herein as "Plaintiffs"); (16) Mwila, et al. v. Islamic Republic of Iran, et al., Civil Action No. 08-cv-1377 (D.D.C.) (the "Mwila Action"); (17) Owens, et al., v. Republic of Sudan, et al., Civil Action No. 01-cv-2244 (D.D.C.) (the "Owens Action"); and (18) Khaliq, et al. v. Republic of Sudan, et al., Civil Action No. 08-cv-1273 (D.D.C.) (the "Khaliq Action");

3

WHEREAS, on or about January 13, 2013, judgment creditors of Iran who were plaintiffs in the case captioned *Shahintaj Bakhtiar v. Islamic Republic of Iran*, Civil Action No. 02-cv-92 (D.D.C.) moved this Court to intervene in this proceeding and assert a claim to the Blocked Assets. The Bakhtiar Plaintiffs withdrew the motion, and the writ of execution served on Citibank, on January 25, 2013;

WHEREAS, Iran and MOIS were served with the Summons and Complaint and with the Amended and Second Amended Complaint, and Iran with the Interpleader Petition (both in English and Farsi), and that said service constitutes good and sufficient service pursuant to 28 U.S.C. §1608, but they have not appeared and default was entered against them by this Court;

WHEREAS, on or about February 5, 2012, the President of the United States issued Executive Order 13599, declaring "[a]ll property and interests in property of" Iran or Bank Markazi held in the United States or by a "United States person" "blocked" pursuant to the President's authority under the International Emergency Economic Powers Act. In compliance therewith, Citibank designated the Restrained Assets as "blocked" (hereinafter the "Blocked Assets"), reported the blocking to the United States Treasury Department's Office of Foreign Assets Control ("OFAC") as required by applicable OFAC regulations, and has held the funds in a blocked account in accordance with OFAC regulations;

### The Motions and the Court's Decision

WHEREAS, on or about December 22, 2011, Clearstream moved to vacate the writs of execution and restraining orders with respect to the Restrained Assets (the "Motion to Vacate Restraints");

WHEREAS, on or about March 15, 2012, Bank Markazi moved to dismiss the Second Amended Complaint;

WHEREAS, on or about April 2, 2012, a Motion for Partial Summary Judgment with respect to the Blocked Assets was filed by and/or on behalf of the Plaintiffs, which sought to enforce turnover of the Blocked Assets pursuant to § 201 of the Terrorism Risk Insurance Act ("TRIA"), codified as a note to 28 U.S.C. §1610;

WHEREAS, on or about August 10, 2012, President Obama signed into law the Iran Threat Reduction and Syria Human Rights Act of 2012 (the "2012 Act"), 22 U.S.C. §8701, *et seq.*, §8772 of which refers explicitly to the Blocked Assets and makes them subject to turnover to the Plaintiffs subject to Court determination of certain issues enumerated therein;

WHEREAS, Plaintiffs supplemented their motion for summary judgment based on the grounds set forth in 22 U.S.C. §8772;

WHEREAS, on or about December 10, 2012 and December 14, 2012, Clearstream moved to dismiss the turnover claims alleged in the Second Amended Complaint and certain cross-claims by incorporating by reference its Motion to Vacate Restraints, and its prior briefing concerning the supposed lack of personal jurisdiction over it;

WHEREAS, on or about December 21, 2012, UBAE moved to dismiss the Second Amended Complaint based upon the supposed lack of personal jurisdiction over it;

WHEREAS, on or about February 25, 2013, judgment creditors of Iran who were plaintiffs in the case captioned *Wultz v. Islamic Republic of Iran*, Civil Action No. 08-cv-1460 (D.D.C.) moved this Court to intervene in this proceeding and assert a claim to the Blocked Assets, which motion was opposed by Plaintiffs. On May 10, 2013, the Court granted the motion shortly after Plaintiffs and the Wultz plaintiffs had reached a resolution regarding the Wultz plaintiffs' interest in the Restrained Assets;

WHEREAS, on February 28, 2013, the Court issued an Opinion and Order (the "Turnover Order"), denying in their entirety the Motions to Dismiss filed by Clearstream, UBAE and Bank Markazi, and Clearstream's Motion to Vacate Restraints, and granting Plaintiffs' Motion for Partial Summary Judgment in favor of turnover and the Bland judgment creditors' motion for execution;

WHEREAS, Clearstream and UBAE moved for reconsideration of the Turnover Order, which motion was denied by order dated May 20, 2013 (the "Reconsideration Order");

WHEREAS the findings and conclusions of the Turnover Order and the Reconsideration Order, are incorporated in this Partial Judgment by reference and with respect to which this

5

Partial Judgment constitutes the final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for purposes of an appeal;

WHEREAS, counsel for the plaintiffs in the Owens Action, the Khaliq Action and the Mwila Action filed declarations dated June 26, 2013, informing the Court that none of the plaintiffs in those actions have obtained judgments for damages against Iran and thus have no claim to the Blocked Assets, and consenting to entry of an order vacating the Turnover Order to the extent that it granted partial summary judgment in favor of the plaintiffs in the Owens Action, the Khaliq Action and the Mwila Action and to entry of a final order to the same extent as provided in this Partial Judgment releasing and discharging Citibank and Clearstream from any obligations to the plaintiffs in those actions  pursuant to C.P.L.R. §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure as applicable, from any and all liability and obligations or other liabilities of any nature, which relate to the Blocked Assets, to the full extent that any such order also discharges and releases Citibank's obligations and liabilities as to all other parties to this action, and as further provided therein;

WHEREAS, the Plaintiffs have agreed among themselves to settle their competing claims with respect to the Blocked Assets;

WHEREAS, the Court has found that only Bank Markazi has a beneficial interest in the Blocked Assets;

WHEREAS, UBAE has represented to the Court that it claims no legally cognizable interest in or to the Blocked Assets;

WHEREAS, the Court has found that Citibank and Clearstream are neutral stakeholders of the Blocked Assets;

WHEREAS, by Order of this Court dated July 9, 2013, a trust was created for the benefit of the Plaintiffs (the "QSF") for the purpose of, *inter alia*, receiving the turnover of the Blocked Assets; holding the Blocked Assets in accordance with the terms of that Order pending appeal of this Partial Judgment Pursuant to Fed. R. Civ. P. 54(b) (the "Partial Judgment") and the Turnover Order; and distributing the Blocked Assets to the individual Plaintiffs;

WHEREAS, the Restrained and/or Blocked Assets have been maintained at Citibank in segregated and/or blocked accounts;

WHEREAS, Citibank, having commenced third-party proceedings in the nature of interpleader, as described above, pursuant to Rule 22 of the Federal Rules of Civil Procedure and other applicable provisions of law, and having brought before the Court in these proceedings all potential claimants to the Blocked Assets as in accordance with, and pursuant to the Court's June 27, 2011 and May 24, 2012 Orders so that they could assert their claims to the Blocked Assets, is entitled to an order discharging it from any and all liability with respect to any and all claims made by any party with regard to the Blocked Assets, as more fully described below;

WHEREAS, 22 U.S.C. § 8772(a)(2) provides that the Court's determination thereunder to turn over the Blocked Assets to judgment creditors like the Plaintiffs is in furtherance of the broader goals of the 2012 Act, which, as expressed in 22 U.S.C. § 8711, are to sanction Iran in order to compel Iran to abandon efforts to acquire a nuclear weapons capability and other threatening activities by imposing all available sanctions against Iran, including those imposed by the 2012 Act, in a complete, timely, and vigorous manner;

WHEREAS, the vast majority of the more than one thousand individual Plaintiffs suffered serious injuries at the hands of Iran in connection with the terrorist bombing of the U.S. Marine barracks in Beirut, Lebanon on October 23, 1983, and the balance of the Plaintiffs suffered serious injuries a number of years ago in connection with various terrorist attacks sponsored by Iran;

WHEREAS, the issues presented by the remaining claims asserted by only some of the Plaintiffs are based upon fraudulent conveyance and tort theories alleged against defendants Clearstream, Markazi and UBAE only and are related to Markazi's 2008 sales of debt securities with a face amount of $250 million, and the facts and law relevant to those claims differ from the legal and factual issues presented by Plaintiffs' claims for turnover of the Blocked Assets, as decided by the Court in connection with the Turnover Order; and

7

WHEREAS, by email dated May 16, 2013 the Office of the Chief Counsel (Foreign Assets Control) of the U.S. Department of the Treasury advised counsel for Citibank and the Peterson Judgment Creditors that OFAC will issue a license (the "License") authorizing the transfer of the Blocked Assets pursuant to 31 C.F.R. 501 on receipt of an order from the Court directing Citibank to turnover the Blocked Assets in accordance with this Order (*see* ECF No. 404);

For the foregoing reasons, and those set forth in the Turnover Order and the Reconsideration Order,

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Court has jurisdiction over the subject matter of this action and the *res*.  This Court has personal jurisdiction over Citibank, Clearstream, and Bank Markazi.  This Court has not made a final determination as to personal jurisdiction over UBAE with respect to the remaining claims asserted by some of the Plaintiffs against UBAE.

2.     Plaintiffs are awarded judgment for turnover of the Blocked Assets.

3.     OFAC shall issue the License within fourteen (14) business days after entry of this  Order, and such License shall include a License to the Trustee of the QSF and UBS Wealth Management (Americas) Inc. to transfer the Blocked Assets to the Registry of the Court as may be required under paragraph 7 of this Order.  Citibank shall, within fourteen (14) business days of the issuance by OFAC of the License, deposit the Blocked Assets, plus all accrued interest thereon to date, minus any reasonable fees calculated thereon (the amount of which remains subject to Court approval), which as of June 4, 2013 constituted $1,895,600,513.03, in an account opened in the name of the QSF at UBS Wealth Management (Americas) Inc. (the "QSF Account") in accordance with, and under the terms of, the Order approving the formation of the QSF dated July 9, 2013.

219419.4

4.       Until either of the events in paragraphs 5 or 7 of this Order have occurred, the funds shall be held in the QSF Account and shall not be distributed therefrom to any party other than to pay to Citibank such reasonable attorneys' fees as shall be awarded by the Court in accordance with paragraph 17 hereof, to pay fees on the QSF Account, taxes on earnings from the QSF Account, and any fees and expenses payable to the trustee of the QSF as may be approved by further order of the Court.

5.       Within thirty days after this Partial Judgment becomes a "Non-Appealable Sustained Judgment" (as defined below), the Plaintiffs shall apply to the Court for an order authorizing the distribution of the funds in the QSF Account in accordance with the terms of the Plaintiffs' agreement concerning the distribution of those funds.

6.       This Partial Judgment shall be considered a Non-Appealable Sustained Judgment when the time to file an appeal from the Partial Judgment has expired or, if any appeal is filed and not dismissed, after the Partial Judgment is upheld in all material respects on appeal or after review by writ of certiorari and is no longer subject to review upon appeal or review by writ of certiorari.

7.       If this Partial Judgment does not become a Non-Appealable Sustained Judgment because the Partial Judgment is not upheld in all material respects on appeal or after review by writ of certiorari, the Blocked Assets will be transferred to the Registry of the Court upon application for, and receipt of the License from OFAC, and shall not, in any event, be transferred to Citibank.

8.       The Court intends that the deposit by Citibank of the Blocked Assets plus interest and minus fees calculated thereon, into the QSF Account in accordance with paragraph 3 hereof, shall constitute a turnover to the Plaintiffs.  Nevertheless, to the extent that an appellate court deems the effect of this Partial Judgment or the Turnover Order stayed pending appeal, the Court

9

hereby extends the priority established in favor of the Plaintiffs upon the filing of this Partial

Judgment under New York C.P.L.R. §5234(c) until sixty (60) days after the later of (a) the date

this Partial Judgment becomes a Non-Appealable Sustained Judgment, or (b) the filing of an

order of the Court directing turnover of the Blocked Assets or any part thereof that is issued on

remand from any appeal of this Partial Judgment .

9.      Upon deposit by Citibank of the Blocked Assets, plus all accrued interest thereon

to date, and minus any reasonable fees calculated thereon, into the QSF Account in accordance

with paragraph 3 hereof, Citibank shall be fully discharged pursuant to C.P.L.R. §§ 5209 or 6204

and Rule 22 of the Federal Rules of Civil Procedure as applicable, and released from any and all

liability and obligations or other liabilities of any nature, to any person or entity including but not

limited to defendant Iran, any agency and instrumentality of Iran, Bank Markazi, Clearstream

and UBAE, the Plaintiffs, and any other person or entity, which relate to the Blocked Assets, to

the full extent of such amounts so held and deposited in the QSF Account in compliance with

this Partial Judgment.

10.     Upon deposit by Citibank of the Blocked Assets, plus all accrued interest thereon

to date, and minus any reasonable fees calculated thereon, into the QSF Account in accordance

with paragraph 3 hereof, Defendants Iran, Bank Markazi, Clearstream and UBAE, the Plaintiffs

and all other persons and entities, shall be permanently restrained and enjoined from instituting

or prosecuting any claim, or pursuing any actions against Citibank in any jurisdiction or tribunal

arising from or relating to any claim (whether legal or equitable) to the Blocked Assets to the full

extent of such amounts so held and turned over to the QSF Account in compliance with

paragraph 3 of this Order.

11.     Once Citibank deposits the Blocked Assets, plus all accrued interest thereon, and

minus any reasonable fees payable thereon, into the QSF Account in accordance with paragraph

10

3 hereof, Citibank's obligations shall be deemed discharged with respect to the Blocked Assets only under all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to Citibank, to the extent that they apply, purport to apply or attach only to the Blocked Assets (Citibank's obligations shall continue with respect to such writs of execution, notices of pending action, restraining notices and other judgment creditor process with respect to any assets other than the Blocked Assets as provided by applicable law); provided, however, that such writs of execution, notices of pending action, restraining notices or other creditor process served on behalf of any of the Plaintiffs shall continue as a lien on assets of Markazi, MOIS, and/or Iran or any of its agencies and instrumentalities, as provided by applicable law.

12.     Upon the issuance of an order authorizing the distribution of the funds in the QSF Account in accordance with paragraph 5 hereof, and provided that Clearstream does not interfere with the implementation and execution of such order in any way (including but not limited to motions or appeals directed at such order), Clearstream shall be fully discharged pursuant to C.P.L.R. §§5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedures as applicable, and released from any and all liability and obligations or other liabilities of any nature, to any person or entity, including but not limited to defendant Iran, any agency or instrumentality of Iran, Bank Markazi, UBAE, the Plaintiffs, and any other person or entity, which relate to the Blocked Assets, to the full extent of such amounts deposited by Citibank in the QSF Account in compliance with this Partial Judgment.

13.     Upon the issuance of an order authorizing the distribution of the funds in the QSF Account in accordance with paragraph 5 hereof, and provided Clearstream does not interfere with the implementation and execution of such order in any way (including but not limited to motions or appeals directed at such order), Defendants Iran, Bank Markazi and UBAE, the

11

Plaintiffs and all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim or pursuing any actions against Clearstream in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the Blocked Assets to the full extent of those funds that are being deposited by Citibank in compliance with this Partial Judgment.

14.     Within fourteen (14) business days after this Partial Judgment becomes a Non-Appealable Sustained Judgment and the issuance of a payment to the Heiser Judgment Creditors in accordance with paragraph 5 hereof, the Heiser Judgment Creditors shall file a stipulation of voluntary partial dismissal with prejudice with respect to Citibank and the Blocked Assets only in the form attached to this Partial Judgment as Exhibit A in the following actions  Estate of Michael Heiser, et al. v. Clearstream Banking, S.A., Case No. 11 Civ. 1597 (S.D.N.Y.), Estate of Michael Heiser, et al. v. Citibank, N.A., Case No. 11-cv-1698 (RPB) (S.D.N.Y.) and Estate of Michael Heiser, et al. v. JPMorgan Chase Bank, N.A., et al., Case No. 11-cv-2570 (LBS) (S.D.N.Y.).

15.     Within fourteen (14) business days after Citibank deposits the Blocked Assets, plus all interest accrued thereon, and minus any reasonable fees payable thereon, into the QSF Account in accordance with paragraph 3 hereof, the Murphy Judgment Creditors shall file a stipulation of voluntary dismissal with prejudice with respect to the remaining claims asserted in their pleadings against Citibank that have not been adjudicated by this Partial Judgment, in the form attached to this Partial Judgment as Exhibit B.

16.     Citibank shall be entitled to apply for its reasonable costs and attorneys' fees in connection with these proceedings and the parties reserve their right to object to such application.  Notwithstanding Fed. R. Civ. P. 54(d)(2)(B), Citibank shall be entitled to submit its

12

motion or application for attorney's fees and costs at any time until fourteen (14) days after this Partial Judgment and the Turnover Order shall be considered a Non-Appealable Sustained Judgment.

17.     Upon the later of: (a) fourteen (14) business days from the date on which the Court approves any award in respect of Citibank's reasonable costs and attorneys' fees; or (b) fourteen business days after this Partial Judgment becomes a Non-Appealable Sustained Judgment, the QSF shall pay Citibank any amount of attorneys' fees and costs awarded by the Court from the QSF Account. The payment of those fees and expenses from the QSF Account shall not prejudice the right of any party to pursue an appeal of any decision reached by the Court with respect to the payment of Citibank's fees and expenses.

18.     This Partial Judgment, which incorporates the Turnover Order and the Reconsideration Order, constitutes a final judgment within the meaning of Federal Rule of Civil Procedure 54(b), and there is no just reason for delay of the entry of judgment as provided herein.

19.     The Turnover Order is hereby vacated only to the extent that it granted partial summary judgment in favor of the plaintiffs in the Owens Action, the Khaliq Action and the Mwila Action.

20.     Among other reasons, the Court concludes that entry of a final judgment pursuant to Rule 54(b) is appropriate because: (a) the factual and legal issues raised by the remainder of the claims that Plaintiffs have alleged are substantially different from the factual and legal issues presented by the claims under TRIA and 22 U.S.C. § 8772 adjudicated in connection with the Turnover Order regarding Plaintiffs' motion for partial summary judgment; (b) the Plaintiffs in this action are victims of terrorism who have been waiting for some compensation for their losses for many years, and most Plaintiffs are victims of the 1983 attack on the Marine Barracks

13

in Beirut, Lebanon; (c) the Court credits the representations of Plaintiffs' counsel that many of

the Plaintiffs are elderly and many others have passed away since the terrorist attacks that

underlie this matter, and further delay in payment to the Plaintiffs will result in many victims of

the relevant terrorist attacks receiving no compensation at all for their losses; (d) the Court

credits the representations of Plaintiffs' counsel that many of the Plaintiffs face difficult financial

circumstances and have a significant need for the funds owed to them in connection with this

action; (e) several groups of creditor plaintiffs are not asserting any claims that remain to be

adjudicated in this matter, so this Partial Judgment resolves all matters relevant to those

Plaintiffs; and (f) the goal of Congress to compel Iran to abandon efforts to acquire a nuclear

weapons capability and other threatening activities by timely and vigorous imposition of

sanctions on Iran under the 2012 Act is furthered by the finality of any determination by this

Court to turn over the Blocked Assets to the Plaintiffs in accordance with 28 U.S.C. § 8772.

      21.     Upon deposit by Citibank of the Blocked Assets, plus all interest accrued thereon,

and minus any reasonable fees into the QSF Account in accordance with paragraph 3 hereof,

Citibank shall be deemed to have satisfied all duties and responsibilities of an interpleader

Stakeholder in these Consolidated Proceedings.  Citibank shall have no continuing or further

obligations with respect to those assets, and all claims, counterclaims and cross-claims that were

or could have been asserted against Citibank in this action by any party herein relating to the

Blocked Assets (to the full extent of such amounts so held and turned over to the QSF Account

in compliance with Paragraph 3 of this Order) shall be dismissed with prejudice.  There being no

additional claims asserted against Citibank in this action, upon deposit of the Blocked Assets,

plus interest and minus reasonable fees payable thereon, into the QSF Account in accordance

with Paragraph 3 hereof, it shall be dismissed as a party from this action; provided however, that

if, notwithstanding paragraph 7 of this Order, the Blocked Assets are returned to Citibank

14

pending proceedings on remand after any appeal of this Partial Judgment, Citibank may again be joined in this action by order of the court and the dismissal, discharge and release contained in this Partial Judgment shall be deemed null and void.

22.     This Court shall retain jurisdiction over this matter to adjudicate the remaining claims asserted by the Plaintiffs against Clearstream, Markazi and UBAE, and all funds deposited into the QSF Account shall remain subject to the Court's jurisdiction until they are distributed in accordance with the terms of this Partial Judgment.

SO ORDERED.

Dated: New York, New York
       July 9, 2013

KATHERINE B. FORREST
United States District Judge

219419.4

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| THE ESTATE OF MICHAEL HEISER, deceased, et al., | 11-CV-1598 |
| Petitioners, | [RE: Islamic Republic of Iran, Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps., Judgment Debtors] |
| v. | |
| CITIBANK, N.A., | |
| Respondent. | |

## STIPULATION OF VOLUNTARY PARTIAL DISMISSAL WITH PREJUDICE OF CLAIMS AND RIGHTS TO CERTAIN FUNDS HELD BY CITIBANK, N.A.

Petitioners the Estate of Michael Heiser, *et al.* (collectively, the "Petitioners") and

Citibank, N.A. ("Citibank"), by their undersigned attorneys, hereby submit this stipulation and

state as follows:

WHEREAS, on or about December 10, 2010, the Petitioners served writs of execution

issued by this Court (collectively, the "Writs") on the United States Marshal for the Southern

District of New York (the "U.S. Marshal"); [add others]

WHEREAS, on January 3, 2011, the U.S. Marshal levied the Writs upon Citibank; and

WHEREAS, the Petitioners instituted this action by filing a Petition for Turnover Order

Pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225 & 5227 (this "Civil Action"); and

WHEREAS, on May __, 2013, in the matter styled *Peterson et al. v. Islamic Republic of

Iran, et al.*, Civ. No 10 Civ 4518 (KBF), the United States District Court for the Southern

District of New York entered a turnover order and discharge (the "Peterson Judgment") with

respect to certain assets (the "Blocked Assets");

16

WHEREAS, the Blocked Assets have been paid to the Petitioners pursuant to the terms of the Peterson Judgment and the order of the Court dated [_____];

WHEREAS, the Petitioners and Citibank have resolved all pending claims in this matter with respect to the Blocked Assets pursuant to the terms of this stipulation;

NOW, THEREFORE, the Petitioners and Citibank hereby stipulate as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a), the Petitioners and Citibank, by their undersigned counsel, hereby stipulate and agree that the Civil Action shall be dismissed with prejudice with respect to Citibank and the Blocked Assets only. This Civil Action shall not be dismissed with respect to any other assets subject to this proceeding.

**STIPULATED AND AGREED TO:**

Dated: New York, New York
        May __, 2013

_____
Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, MD  21209
Telephone:  410-580-3000
Facsimile:  410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com
*Attorneys for the Petitioners*

Dated: New York, New York
        May __, 2013

_____
Sharon L. Schneier
Christopher J. Robinson
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York  10019
Telephone:  212-603-6448
Facsimile:  212-489-8340

17

sharonschneier@dwt.com
chrisrobinson@dwt.com
*Attorneys for Citibank, N.A.*

219419.4

.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. | **10 Civ 4518 (KBF)** |

                                Plaintiffs,

        v.

ISLAMIC REPUBLIC OF IRAN, et. al.

                              Defendants.

CITIBANK, N.A.

                          Third-Party Petitioner,

        v.

ANNA BEER, HARRY BEER, ESTATE OF ALAN BEER, ESTELLE CARROL, PHYLLIS MAISEL, JASON KIRSCHENBAUM, ISABELLE KIRSCHENBAUM, ESTATE OF MARTIN KIRSCHENBAUM, DANIELLE TEITLEBAUM, DAVID KIRSCHENBAUM, JOSHUA KIRSCHENBAUM, LOLITA M. ARNOLD, ESTATE OF MOSES ARNOLD JR., NEALE SCOTT BOLEN, SHELDON H. BOLEN, BETTY J. BOLEN, KEITH EDWIN BOLEN, SHARLA M. KORZ, LISA ANN BECK, ELIZABETH MURPHY, ARMANDO YBARRA, ESTATE OF TERRANCE RICH, JOHN L'HEUREUX, KERRY L'HEUREUX, JANE L'HEUREUX, MARY WELLS, and BRYAN HARRIS,

                        Third-Party Respondents.

ELIZABETH MURPHY, ARMANDO YBARRA, ESTATE OF TERRANCE RICH, JOHN L'HEUREUX, KERRY L'HEUREUX, JANE L'HEUREUX, MARY WELLS, and BRYAN HARRIS,

                        Counterclaim Claimants/Plaintiffs,

        v.

CITIBANK, N.A.

                        Counterclaim Respondent/Defendant.

ELIZABETH MURPHY, ARMANDO YBARRA, ESTATE OF TERRANCE RICH, JOHN L'HEUREUX, KERRY L'HEUREUX, JANE L'HEUREUX, MARY WELLS, and BRYAN HARRIS,

                        Cross-claimants,

19

v.

ISLAMIC REPUBLIC OF IRAN; BANK MARKAZI (Central Bank of Iran); BANCA UBAE, S.p.A., CLEARSTREAM BANKING, S.A.

Cross-claim Defendants.

## STIPULATION OF DISMISSAL WITH PREJUDICE OF CITIBANK, N.A.

WHEREAS, Citibank, N.A. served Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris (hereinafter "Murphy Judgment Creditors") with a Supplemental Third Party Petition Alleging Claims in the Nature of Interpleader in the above action on or about May 29, 2012, in response to which the Murphy Judgment Creditors served their Answer, Counterclaims and Cross-claims on or about June 19, 2012 (the "Counterclaim");

WHEREAS, on May __, 2013, in the above captioned matter, the United States District Court for the Southern District of New York entered a turnover order and discharge (the "Peterson Judgment") with respect to certain assets (the "Blocked Assets") in favor of all judgment creditors of the Islamic Republic of Iran who are parties to this consolidated action ("Plaintiffs");

WHEREAS, the Blocked Assets have been deposited in a Qualified Settlement Fund in accordance with the Peterson Judgment and the order of the Court dated [_____];

WHEREAS, the Plaintiffs and Citibank have resolved all pending claims in this matter with respect to the Blocked Assets pursuant to the terms of this stipulation;

NOW, THEREFORE, the Petitioners and Citibank hereby stipulate as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a), the Plaintiffs and Citibank, by their undersigned counsel, hereby stipulate and agree that the remaining claims asserted in their Counterclaims against Citibank that have not been adjudicated by the Peterson Judgment shall

20

be dismissed with prejudice with respect to Citibank only, and that the above-referenced action

shall be dismissed with prejudice against Citibank.

**STIPULATED AND AGREED TO:**

Dated: New York, New York
      May __, 2013

 

John W. Karr
KARR & ALLISON, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, DC 20036
Tel. (202) 331-7600
Fax. (202) 618-6211
E-mail  jwkarr@msn.com

*Pro hac vice*
*Attorneys for the Murphy Judgment Creditors*

Dated: New York, New York
      May __, 2013

 

Sharon L. Schneier
Christopher J. Robinson
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York  10019
Telephone:  212-603-6448
Facsimile:  212-489-8340
sharonschneier@dwt.com
chrisrobinson@dwt.com

*Attorneys for Citibank, N.A.*