USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 10 2013

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH D. PETERSON,
Personal Representative of the Estate
Of James C. Knipple (Dec.) et al.,

    Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN; BANK
MARKAZI a/k/a CENTRAL BANK OF
IRAN; BANCA UBAE SpA; CITIBANK,
N.A.; and CLEARSTREAM BANKING,
S.A.

    Defendants.

Case No.: 10 CIV 4518

---

## STIPULATED PROTECTIVE ORDER
## GOVERNING THE PRODUCTION OF CONFIDENTIAL MATERIALS

    Plaintiffs and Defendants, (individually, each a "Party" and, collectively, the "Parties"), by and through their undersigned counsel of record ("Undersigned Counsel") in connection with the above-captioned action (the "Litigation"), hereby stipulate and agree to the following Stipulation and Protective Order (the "Protective Order"):

    1.    This Protective Order shall govern the designation and handling of any documents, or other information disclosed or produced in the Litigation by or on behalf of a Party (or any of its attorneys or agents), and all information derived therefrom ("Discovery Materials"). Discovery Materials include, but are not limited to, the documents and information, including identifying information, of one Defendant (the "Identified Defendant") in the possession, custody or control of another Defendant (the "Producing Defendant") which may be produced, exchanged or filed by the Producing Defendant consistent with the terms of this Protective Order.

2.     "Document" or "Documents" means all documents and things subject to discovery under Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, prescriptions, package inserts or other information accompanying medications, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, other data compilations (in any form) from which information can be obtained, recordings made through data processing techniques and the written information necessary to understand and use such materials, and any other documents discoverable under the FRCP.

3.     "Person" or "Persons" means any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), domestic or foreign company, corporation, partnership, joint venture,

sole proprietorship, association, business trust, government or government agency or any other incorporated or unincorporated business, government or legal entity.

4. This Protective Order shall govern the handling of all Discovery Materials in the Litigation. This Protective Order shall also govern the handling after the termination of the Litigation of all Discovery Materials that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" pursuant to paragraphs 7 and 8, respectively, that do not become part of the record.

5. Any person who produces Discovery Materials in the Litigation may designate such Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" pursuant to this Protective Order by affixing to such materials the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" in a size and location that makes the designation readily apparent.

6. In the case of depositions or other pre-trial testimony, any person may designate such Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" by: (i) a statement on the record, by counsel, that certain information or testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," or (ii) written notice, sent by counsel to all Parties within two (2) business days of the receipt of the final transcript, providing that the entire deposition transcript or testimony, or part thereof, is so designated. All deposition and other pre-trial testimony (including exhibits designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" in conformity with this Protective Order) shall be deemed "CONFIDENTIAL" until two (2) business days after counsel for all Parties have received a copy of the transcript. Other than situations described by the preceding sentence, only those portions of the transcripts or testimony designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" in the Litigation shall be so deemed.

7. Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief by the producing Party that such materials contain (a) proprietary banking information, trade secret or other commercially sensitive business information, (b) customer or proprietary account or transactional information, (c) information subject by law (including non-U.S. law) or by contract to a legally protected right of non-disclosure, or (d) information which the producing Party is obligated to keep confidential, as reasonably determined by the producing Party.

8. In the event a producing Party produces Discovery Materials that it reasonably believes would not be adequately protected by designation as "CONFIDENTIAL" under the terms of this Protective Order, it shall identify such material as "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

9. Except as set forth herein or in any subsequent order of the Court, Discovery Materials designated "CONFIDENTIAL," and any part of the information contained therein, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

   (a) the Court and persons employed by it or appointed by it in connection with the Litigation;

   (b) court reporters, videographers, stenographers, or other qualified persons taking testimony in connection with the Litigation;

   (c) current employees of each of the Parties, including their parents, subsidiaries and affiliates, except that material designated "HIGHLY CONFIDENTIAL –

Attorneys' Eyes Only" shall not be disclosed to a non-producing Party or any of its officers or employees;

(d) Undersigned Counsel for a Party to the Litigation, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or process any Discovery Materials;

(f) independent experts or consultants retained by Undersigned Counsel to assist such counsel in connection with the Litigation, or to testify at deposition, in a hearing or at trial in connection with the Litigation, including persons or entities retained to provide photocopying, document imaging or document database services;

(g) actual or potential Party or non-Party fact witnesses, provided there is a reasonable basis to believe that the fact witness will give relevant testimony regarding the designated Discovery Materials, and except that material designated "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" shall not be provided to any actual or potential fact witness of a non-producing Party without the express consent of the producing Party or as otherwise provided by the Court;

(h) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

(i) such other persons as the Parties may agree upon in writing.

10. All Discovery Materials shall be used by the Parties solely in accordance with this Protective Order.

11. In order to comply with any non-U.S. data privacy and/or bank secrecy laws to which a producing Party's production of Discovery Materials may be subject, such

producing Party may take reasonable steps to remove, redact or otherwise mask information contained in the Discovery Materials to be produced, the disclosure of which would violate said data privacy and/or bank secrecy laws, including but not limited to, anonymizing or pseudonymizing names or other personal or identifying information contained therein. All identifying information redacted or masked shall be coded in such a manner as to provide the receiving Party with sufficient information so as to identify the recurrence in the Discovery Materials of the person or entity whose identifying information has been redacted or masked. Once the receiving Party has had a reasonable opportunity to review the redacted Discovery Materials, the Parties shall meet and confer on an appropriate procedure for the unmasking of identifying information pertaining to any particularly relevant individual(s) or entity(ies). If any dispute regarding the removal, redaction or masking of information contained in Discovery Materials or the means for unmasking identifying information pertaining to any particularly relevant individual(s) or entity(ies) is not resolved through the meet-and-confer process, the objecting Party may seek appropriate relief from the Court on an expedited basis. The foregoing notwithstanding, nothing in this paragraph 11 shall require a Producing Defendant to redact or otherwise mask any identifying information of any entity named as a Defendant herein regardless of whether that entity has settled, been dismissed or otherwise discharged from the Litigation at the time the identifying information is disclosed so long as the identifying information to be disclosed is designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the terms of this Protective Order. The terms of this paragraph shall not be deemed an admission by any Party that anonymizing or pseudonymizing any Discovery Materials is necessary or appropriate.

12. Any Discovery Materials that are inadvertently produced, after the entry of this Protective Order but prior to the trial in this Litigation, without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" designation, or that are mistakenly designated such that the designation given affords a lesser protection than the designation the producing Party believes should have been assigned, may be subsequently redesignated by the producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" upon written notice making such designations by specific reference to the production numbers of documents previously produced. No person shall be liable for disclosing a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" if that disclosure occurred prior to receipt of the written notice described in the previous sentence. In addition, the producing Party shall provide each other party with replacement versions of such Discovery Materials that bear the new designations within two (2) business days of providing such notice.

13. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" Discovery Materials filed with the Court for any purpose shall be filed and clearly marked "Under Seal" and shall not be part of the public record.

14. Undersigned Counsel agree that they will instruct all persons employed by any Party to the Litigation who are given access to protected Discovery Materials that they are bound, and the Parties are bound, by the terms of this Protective Order.

15. Undersigned Counsel shall require that all persons described in paragraph 9(f) of this Protective Order, before they are given access to Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," must read and agree to be bound by this Protective Order by endorsing the certification attached hereto as

Exhibit A (the "Certification"). All Certifications shall be maintained by the counsel authorizing the disclosure of designated Discovery Materials.

16. The provisions of this Protective Order, insofar as they restrict the disclosure and use of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," shall continue to be binding on all Parties and persons subject to the terms of this Protective Order, as well as Undersigned Counsel, notwithstanding the final termination of the Litigation.

17. If any Party is legally required, by formal discovery request, interrogatory, subpoena, civil investigative demand, court order, or similar legal process or applicable law or regulation, to disclose any Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" received from another Party or non-Party in connection with the Litigation, that Party shall give notice to the producing Party within three (3) business days of receipt of such request or demand, and in no event less than five (5) business days prior to the time for production of such Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only." If such written notice cannot be made, the Party receiving the request or demand must immediately give notice to counsel for the producing Party by telephone. In no event shall production or disclosure of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" be made before notice is given. The purpose of this paragraph is to provide the producing Party the opportunity to intervene at its own expense to object to the production of such Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- Attorneys' Eyes Only".

18. Any Party may object to the designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" made by the other Party. If any dispute regarding the designation of any document is not resolved through a meet-and-confer process, the non-designating Party may convene a joint telephone call with the Court to obtain a ruling. The designating Party shall have the burden to demonstrate that the Discovery Materials that are the subject of the dispute brought to the Court were properly designated pursuant to the terms of this Protective Order. In the event that the designations of a large number of such Discovery Materials are in dispute, the Parties shall use their best efforts to agree upon a reasonable amount of time during which any Party may move the Court for appropriate relief. Any disputed Discovery Materials shall be treated in accordance with their designation under this Protective Order until the Court rules otherwise.

19. If a Party objects to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" designation by a non-Party, the Party shall notify Undersigned Counsel and the non-Party. If the designation is not lifted by agreement of the non-Party so designating, the objecting Party may convene a joint telephone call with the Court to obtain a ruling. Until the matter is resolved by the Court, the disputed Discovery Materials shall be treated in accordance with the non-Party's designation under this Protective Order.

20. Nothing in this Protective Order shall prejudice the right of any Party to apply to the Court for a further Protective Order.

21. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Materials introduced in evidence at trial, even if such Discovery Material has previously been sealed or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only." The Court also

retains discretion whether or not to afford confidential treatment to any Discovery Materials or information contained in any Discovery Materials submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

22. The inadvertent production of any document or other disclosure of any document or information that the producing Party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within five (5) days after the discovery of the inadvertent production, the producing Party shall provide written notice to the receiving Party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents or information. Within five (5) days of such notice, any document, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned, and the disclosing Party shall produce a privilege log with respect to such information.

23. If any Party objects to a claim of privilege, a claim of inadvertent production and/or the timeliness of notice of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other. The Parties shall attempt to resolve the dispute amicably within two (2) days following such notice. If the dispute is not resolved, the Party seeking to claim privilege may move the Court for a protective order or the receiving Party may move the Court for an order compelling production concerning the document(s) at issue. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of the inadvertent production. From the time of the notification of inadvertent production,

any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree. Nothing in this Protective Order shall limit the right of any party to request an in camera review of the inadvertently disclosed information.

24. Within thirty (30) days following the conclusion of the Litigation, including any appeal or petition for certiorari, and after the termination of the Litigation has become final, a producing Party may request the destruction of all copies of all Discovery Materials produced by that Party in connection with the Litigation, except those filed with the Court. If such a request is made in writing, the recipient of such a request shall have ten (10) days in which to destroy all copies of the Discovery Materials and to certify in writing that such destruction has occurred; provided, however, that nothing herein shall be deemed to require a Party to destroy such Party's attorney client work product, including without limitation, drafts, memoranda, and attorney notes, containing information protected under this Protective Order, and nothing herein shall be deemed to affect or impair the right of each Party to maintain in their files a complete set of all documents submitted to the Court in connection with the Litigation.

25. Nothing in this Protective Order shall limit any producing Party's use of its own documents or prevent any producing Party from disclosing its confidential information to any person. Such disclosures shall not affect any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" designations made pursuant to the terms of this Protective Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information disclosed.

26. "Disclosed Information" means any Discovery Materials that are publicly disclosed or disclosed to any third party or otherwise treated in a manner that does not maintain

the confidentiality of the information with respect to any third party. Disclosed Information does not include any documents or information obtained illegally, in violation of this Protective Order (or another order of the Court) or as a result of inadvertent disclosure by a producing Party. Any Party who receives Disclosed Information is no longer bound by this Protective Order with respect to the Disclosed Information. Nothing in this Order shall prevent a Party from obtaining Discovery Materials from a third party on terms that are less restrictive than, but not in violation of, this Protective Order; under those circumstances this Protective Order shall not apply to the documents and information so obtained.

27.     The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" Discovery Materials in accordance with this Protective Order is intended solely to facilitate the Litigation. The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" shall not be construed as an admission or concession that the designated Discovery Materials contain trade secrets or proprietary business information or is otherwise confidential information. Conversely, the failure to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" shall not constitute a waiver of any claim outside the Litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

28.     This Protective Order does not supersede the June 11, 2008 Protective Order entered by Judge Lamberth in *Peterson v. Islamic Republic of Iran*, Case. No. 00-cv-2410 (DDC), which Protective Order remains in full force and effect.

29.     Any producing Party for good cause may apply to the Court for the modification of this Protective Order, provided that the Party seeking such modification shall

first attempt in good faith to reach agreement with the other Party regarding any proposed modification.

30. Nothing in this Order shall restrict the Parties' ability to utilize or reference material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" during the course of court proceedings (including, but not limited to, oral argument and trial), or the Parties' ability to seek to restrict the use of material deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" during such proceedings by means of a motion for a protective order or otherwise.

31. This Protective Order may be signed in counterparts.

32. The Parties agree to be bound by the terms of this Protective Order upon the signing of the Protective Order by all Undersigned Counsel.

33. This Protective Order shall be governed and construed in accordance with the laws of the State of New York without regard to the conflicts of law provisions thereof.

34. During the pendency of this Litigation only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. A Party's agreement to this Order shall not be construed as a waiver of that Party's jurisdictional defenses.

IT IS HEREBY STIPULATED AND AGREED:

Dated: New York, New York
       June 25, 2013

By: _____[signature]_____          By: _____

COUNSEL FOR PLAINTIFFS              COUNSEL FOR CLEARSTREAM
                                    BANKING S.A.

By: _____              By: _____

COUNSEL FOR BANK MARKAZI a/k/a      COUNSEL FOR BANCA UBAE SpA
CENTRAL BANK OF IRAN

By: _____

COUNSEL FOR CITIBANK N.A.

IT IS SO ORDERED:

___[signature] K. B. Fou___
United States District Judge
                          7/9/13

IT IS HEREBY STIPULATED AND AGREED:

Dated: New York, New York
       June 25, 2013

By: _____          By: /s/ [signature] _____

COUNSEL FOR PLAINTIFFS               COUNSEL FOR CLEARSTREAM
                                     BANKING S.A.

By: _____          By: _____

COUNSEL FOR BANK MARKAZI a/k/a       COUNSEL FOR BANCA UBAE SpA
CENTRAL BANK OF IRAN

By: _____

COUNSEL FOR CITIBANK N.A.

**IT IS SO ORDERED:**

_____
United States District Judge

Case 1:10-cv-04518-KBF   Document 465   Filed 07/10/13   Page 16 of 17

IT IS HEREBY STIPULATED AND AGREED:

Dated: New York, New York
       June 25, 2013

By: _____   By: _____

COUNSEL FOR PLAINTIFFS                 COUNSEL FOR CLEARSTREAM
                                       BANKING S.A.

By: _____   By: *[signed]* Ugo Colella

COUNSEL FOR BANK MARKAZI a/k/a         COUNSEL FOR BANCA UBAE SpA
CENTRAL BANK OF IRAN

By: _____


COUNSEL FOR CITIBANK N.A.


**IT IS SO ORDERED:**

_____
United States District Judge

IT IS HEREBY STIPULATED AND AGREED:

Dated: New York, New York
       June 25, 2013

By: _____            By: _____

COUNSEL FOR PLAINTIFFS                          COUNSEL FOR CLEARSTREAM
                                                BANKING S.A.

By: _____            By: _____

COUNSEL FOR BANK MARKAZI a/k/a                  COUNSEL FOR BANCA UBAE SpA
CENTRAL BANK OF IRAN

By: _____

COUNSEL FOR CITIBANK N.A.

By: *Shawn So* (signature)

**IT IS SO ORDERED:**

_____
United States District Judge