Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON,<br>**Personal Representative of the**<br>**Estate of James C. Knipple (Dec.),** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.*,<br><br>Defendants. | Consolidated Civil Actions:<br>**01-2094 (RCL)**<br>**01-2684 (RCL)** |

## JUDGMENT

In accord with the Memorandum Opinion issued this date, it is hereby

ORDERED that Default Judgment be entered in favor of plaintiffs and against

defendants, jointly and severally, in the amount of $2,656,944,877.00, which shall be allocated

in the following manner:

1. *Wrongful Death Claims Brought by the Personal Representatives and Estates of*

     *Deceased Servicemen*

| | |
|---|---|
| Abbott, Terry | $1,485,243.00 |
| Allman, John Robert | $545,937.00 |
| Bates, Ronny Kent | $2,991,659.00 |
| Baynard, James | $626,517.00 |
| Beamon, Jess W. | $988,897.00 |
| Belmer, Alvin Burton | $8,384,746.00 |
| Blankenship, Richard D. | $1,421,889.00 |
| Blocker, John W. | $975,621.00 |
| Boccia, Joseph John Jr. | $1,276,641.00 |
| Bohannon, Leon | $706,549.00 |

| | |
|---|---|
| Bonk, John Jr. | $904,220.00 |
| Boulos, Jeffrey Joseph | $1,154,112.00 |
| Boyett, John Norman | $2,235,375.00 |
| Burley, William | $170,847.00 |
| Callahan, Paul | $974,546.00 |
| Camara, Mecot | $1,882,308.00 |
| Campus, Bradley | $433,959.00 |
| Ceasar, Johnnie | $313,593.00 |
| Conley, Robert Allen | $962,677.00 |
| Cook, Charles Dennis | $837,147.00 |
| Copeland, Johnny Len | $541,325.00 |
| Cosner, David | $1,105,668.00 |
| Coulman, Kevin | $1,287,092.00 |
| Crudale, Rick | $1,004,731.00 |
| Cyzick, Russell | $575,554.00 |
| Devlin, Michael | $939,887.00 |
| Dorsey, Nathaniel | $638,703.00 |
| Dunnigan, Timothy | $709,232.00 |
| Earle, Bryan | $1,286,372.00 |
| Estes, Danny R. | $1,000,157.00 |
| Fluegel, Richard Andrew | $1,089,811.00 |
| Fulcher, Michael D. | $1,257,150.00 |
| Gallagher, Sean | $674,382.00 |
| Gangur, George | $1,000,935.00 |
| Garcia, Randall | $1,127,694.00 |
| Ghumm, Harold | $1,260,508.00 |
| Giblin, Timothy | $1,301,526.00 |
| Gorchinski, Michael | $1,931,668.00 |
| Gordon, Richard | $965,609.00 |
| Green, Davin M. | $1,025,050.00 |
| Hairston, Thomas | $1,489,395.00 |
| Haskell, Michael | $2,871,058.00 |
| Helms, Mark Anthony | $1,028,509.00 |
| Hester, Stanley G. | $1,493,349.00 |
| Hildreth, Donald Wayne | $1,425,177.00 |
| Holberton, Richard | $1,818,176.00 |
| Hudson, Dr. John | $4,072,010.00 |
| Hukill, Maurice Edward | $3,038,258.00 |
| Iacovino, Edward Jr. | $407,196.00 |
| Innocenzi, Paul III | $1,715,253.00 |
| Jackowski, James | $463,355.00 |
| James, Jeffrey Wilbur | $251,607.00 |
| Jenkins, Nathaniel Walter | $7,599,314 |

| | |
|---|---|
| Johnston, Edward Anthony | $1,246,535.00 |
| Jones, Steven | $801,721.00 |
| Julian, Thomas Adrian | $415,311.00 |
| Keown, Thomas | $1,013,901.00 |
| Kluck, Daniel | $922,630.00 |
| Knipple, James C. | $1,018,665.00 |
| Kreischer, Freas H. III | $1,059,185.00 |
| Laise, Keith | $447,984.00 |
| Langon, James IV | $1,066,903.00 |
| LaRiviere, Michael Scott | $1,056,282.00 |
| LaRiviere, Steven | $986,622.00 |
| Lemnah, Richard | $1,842,869.00 |
| Livingston, Joseph R. ("Joel") III | $1,762,193.00 |
| Lyon, Paul D. Jr. | $1,034,459.00 |
| Macroglou, John | $2,183,935.00 |
| Maitland, Samuel Jr. | $970,700.00 |
| Martin, Charlie Robert | $1,316,085.00 |
| Massa, David | $674,558.00 |
| McCall, John | $853,420.00 |
| McDonough, James E. | $952,847.00 |
| McMahon, Timothy R. | $984,020.00 |
| Menkins, Richard II | $850,938.00 |
| Meurer, Ronald | $1,855,272.00 |
| Milano, Joseph Peter | $674,258.00 |
| Moore, Joseph | $980,150.00 |
| Myers, Harry Douglas | $891,144.00 |
| Nairn, David | $1,562,682.00 |
| Olson, John Arne | $1,010,497.00 |
| Owens, Joseph Albert | $502,237.00 |
| Page, Connie Ray | $1,012,211.00 |
| Parker, Ulysses Gregory | $641,523.00 |
| Pearson, John L. | $1,816,369.00 |
| Perron, Thomas S. | $424,110.00 |
| Phillips, John Arthur Jr. | $1,030,308.00 |
| Pollard, William Roy | $1,111,556.00 |
| Prevatt, Victor Mark | $862,635.00 |
| Price, James | $989,921.00 |
| Prindeville, Patrick Kerry | $305,675.00 |
| Quirante, Diomedes J. | $2,178,822.00 |
| Richardson, Warren | $796,673.00 |
| Rotondo, Louis J. | $2,276,348.00 |
| Sauls, Michael Caleb | $974,601.00 |
| Schnorf, Charles Jeffrey | $2,790,541.00 |

| | |
|---|---|
| Schultz, Scott Lee | $675,361.00 |
| Scialabba, Peter | $2,462,179.00 |
| Scott, Gary Randall | $432,024.00 |
| Shipp, Thomas Alan | $738,895.00 |
| Shropshire, Jerryl | $212,061.00 |
| Simpson, Larry H. Jr. | $5,995,660.00 |
| Smith, Kirk Hall | $710,042.00 |
| Smith, Thomas Gerard | $980,543.00 |
| Smith, Vincent | $1,285,915.00 |
| Sommerhof, William Scott | $1,361,062.00 |
| Spencer, Stephen Eugene | $974,298.00 |
| Stelpflug, William | $1,094,429.00 |
| Stephens, Horace Renardo Jr. ("Ricky") | $446,107.00 |
| Stockton, Craig | $1,007,526.00 |
| Stokes, Jeffrey | $1,599,994.00 |
| Sturghill, Eric D. | $725,378.00 |
| Sundar, Devon | $1,394,608.00 |
| Thorstad, Thomas Paul | $1,921,086.00 |
| Tingley, Stephen | $1,439,655.00 |
| Vallone, Donald H. Jr. | $462,193.00 |
| Washington, Eric Glenn | $1,069,270.00 |
| Wigglesworth, Dwayne | $1,001,122.00 |
| Williams, Rodney J. | $671,206.00 |
| Williams, Scipio Jr. | $1,635,994.00 |
| Williamson, Johnny Adam | $443,409.00 |
| Winter, William Ellis | $2,534,910.00 |
| Woollett, Donald Elberan | $2,021,565.00 |
| Wyche, Craig | $1,025,860.00 |
| Young, Jeffrey D. | $618,891.00 |

2.      *Battery Claims Brought by Injured Servicemen*

| | |
|---|---|
| Albright, Marvin | $5,000,000.00 |
| Arroyo, Pablo | $5,000,000.00 |
| Banks, Anthony | $7,500,000.00 |
| Burnette, Rodney Darrell | $8,000,000.00 |
| Comes, Frank Jr. | $1,500,000.00 |
| Dolphin, Glenn | $3,000,000.00 |
| Eaves, Frederick Daniel | $1,500,000.00 |
| Frye, Charles | $2,200,000.00 |
| Garner, Truman Dale | $7,500,000.00 |
| Gerlach, Larry | $12,000,000.00 |
| Hlywiak, John | $1,500,000.00 |

| | |
|---|---|
| Hunt, Orval | $8,000,000.00 |
| Jacobs, Joseph P. | $5,000,000.00 |
| Kirkpatrick, Brian | $8,000,000.00 |
| Matthews, Burnham | $7,000,000.00 |
| Mitchell, Timothy | $4,555,099.00 |
| Moore, Lovelle "Darrell" | $8,314,513.00 |
| Nashton, Jeffrey | $11,776,632.00 |
| Oliver, John | $3,277,542.00 |
| Rivers, Paul | $7,000,000.00 |
| Russell, Stephen | $9,252,749.00 |
| Spaulding, Dana | $9,559,609.00 |
| Swinson, Craig Joseph | $1,500,000.00 |
| Toma, Michael | $7,500,000.00 |
| Wheeler, Danny | $5,000,000.00 |
| Young, Thomas D. | $1,500,000.00 |

3.    *Claims Brought by Family Members of Deceased Servicemen*

| | |
|---|---|
| Abbey, Lilla Woollett | $2,500,000.00 |
| Abbott, James | $5,000,000.00 |
| Abbott, Mary (Estate of) | $5,000,000.00 |
| Adams, Elizabeth | $2,500,000.00 |
| Ahlquist, Eileen Prindeville | $2,500,000.00 |
| Alarcon, Miralda (Judith Maitland) | $8,000,000.00 |
| Allman, Anne | $5,000,000.00 |
| Allman, Robert | $5,000,000.00 |
| Allman, Theodore (Estate of) | $2,500,000.00 |
| Allman, DiAnne Margaret ("Maggie") | $2,500,000.00 |
| Alvarez, Margaret E. | $2,500,000.00 |
| Angus, Kimberly F. | $2,500,000.00 |
| Bates, Donnie | $2,500,000.00 |
| Bates, Johnny | $2,500,000.00 |
| Bates, Laura | $5,000,000.00 |
| Bates, Margie | $5,000,000.00 |
| Bates, Monty | $2,500,000.00 |
| Bates, Thomas Jr. | $2,500,000.00 |
| Bates, Thomas C., Sr. | $5,000,000.00 |
| Baumgartner, Mary E. | $2,500,000.00 |
| Baynard, Anthony | $2,500,000.00 |
| Baynard, Barry | $2,500,000.00 |
| Baynard, Emerson | $2,500,000.00 |
| Baynard, Philip | $2,500,000.00 |
| Baynard, Thomasine | $8,000,000.00 |

| | |
|---|---|
| Baynard, Timothy | $2,500,000.00 |
| Baynard, Wayne | $2,500,000.00 |
| Baynard, Stephen | $5,000,000.00 |
| Beard, Anna | $2,500,000.00 |
| Beck, Mary Ann | $2,500,000.00 |
| Belmer, Alue | $5,000,000.00 |
| Belmer, Annette | $2,500,000.00 |
| Belmer, Clarence | $2,500,000.00 |
| Belmer, Colby Keith | $5,000,000.00 |
| Belmer, Denise | $2,500,000.00 |
| Belmer, Donna | $2,500,000.00 |
| Belmer, Faye | $8,000,000.00 |
| Belmer, Kenneth | $2,500,000.00 |
| Belmer, Luddie | $5,000,000.00 |
| Biellow, Shawn | $2,500,000.00 |
| Black, Mary Frances | $2,500,000.00 |
| Blankenship, Donald Jr. | $2,500,000.00 |
| Blankenship, Donald Sr. | $5,000,000.00 |
| Blankenship, Mary (Estate of) | $5,000,000.00 |
| Blocker, Alice | $5,000,000.00 |
| Blocker, Douglas | $2,500,000.00 |
| Blocker, John R. | $5,000,000.00 |
| Blocker, Robert | $2,500,000.00 |
| Boccia, James | $2,500,000.00 |
| Boccia, Joseph Sr. | $5,000,000.00 |
| Boccia, Patricia | $5,000,000.00 |
| Boccia, Raymond | $2,500,000.00 |
| Boccia, Richard | $2,500,000.00 |
| Boccia, Ronnie (Veronica) | $2,500,000.00 |
| Boddie, Leticia | $2,500,000.00 |
| Bohannon, Angela | $2,500,000.00 |
| Bohannon, Anthony | $2,500,000.00 |
| Bohannon, Carrie | $5,000,000.00 |
| Bohannon, David | $2,500,000.00 |
| Bohannon, Edna | $8,000,000.00 |
| Bohannon, Leon Sr. | $5,000,000.00 |
| Bohannon, Ricki | $2,500,000.00 |
| Bolinger, Billie Jean | $5,000,000.00 |
| Boulos, Joseph | $5,000,000.00 |
| Boulos, Lydia | $2,500,000.00 |
| Boulos, Marie | $5,000,000.00 |
| Bowler, Rebecca | $2,500,000.00 |
| Boyett, Lavon | $5,000,000.00 |
| Boyett, Norman E. Jr. (Estate of) | $5,000,000.00 |

-6-

| | |
|---|---|
| Boyett, Theresa U. Roth | $8,000,000.00 |
| Boyett, William A. | $2,500,000.00 |
| Breeden, Susan Schnorf | $2,500,000.00 |
| Briscoe, Damion | $2,500,000.00 |
| Brown, Christine | $5,000,000.00 |
| Brunette, Rosanne | $2,500,000.00 |
| Buckner, Mary Lynn | $8,000,000.00 |
| Burley, Claude (Estate of) | $5,000,000.00 |
| Burley, William Douglas (Estate of) | $2,500,000.00 |
| Burley, Myra | $2,500,000.00 |
| Calabro, Kathleen | $2,500,000.00 |
| Caldera, Rachel | $2,500,000.00 |
| Callahan, Avenell | $5,000,000.00 |
| Callahan, Michael | $2,500,000.00 |
| Calloway, Patricia (Patsy Ann) | $2,500,000.00 |
| Camara, Elisa Rock | $2,500,000.00 |
| Camara, Theresa Riggs | $2,500,000.00 |
| Campbell, Candace | $2,500,000.00 |
| Campus, Clare | $5,000,000.00 |
| Capobianco, Elaine | $2,500,000.00 |
| Carter, Florene Martin | $2,500,000.00 |
| Cash, Phyllis A. | $2,500,000.00 |
| Catano, Theresa | $2,500,000.00 |
| Ceasar, Bruce | $2,500,000.00 |
| Ceasar, Franklin | $2,500,000.00 |
| Ceasar, Fredrick | $2,500,000.00 |
| Ceasar, Robbie Nell | $5,000,000.00 |
| Ceasar, Sybil | $1,250,000.00 |
| Cecca, Christine Devlin | $2,500,000.00 |
| Chapman, Tammy | $2,500,000.00 |
| Cherry, James | $2,500,000.00 |
| Cherry, Sonia | $2,500,000.00 |
| Chios, Adele H. | $2,500,000.00 |
| Christian, Jana M. | $2,500,000.00 |
| Christian, Sharon Rose | $2,500,000.00 |
| Ciupaska, Susan | $2,500,000.00 |
| Clark, LeShune Stokes | $2,500,000.00 |
| Clark, Rosemary | $2,500,000.00 |
| Cobble, Mary Ann | $5,000,000.00 |
| Collard, Karen Shipp | $2,500,000.00 |
| Collier, Jennifer | $5,000,000.00 |
| Collier, Melia Winter | $8,000,000.00 |
| Coltrane, Deborah M. | $8,000,000.00 |
| Conley, James N. Jr. | $5,000,000.00 |

| | |
|---|---|
| Conley, Roberta Li | $5,000,000.00 |
| Cook, Charles F. | $5,000,000.00 |
| Cook, Elizabeth A. | $2,500,000.00 |
| Cook, Mary A. (Estate of) | $5,000,000.00 |
| Copeland, Alan Tracy | $2,500,000.00 |
| Copeland, Betty | $5,000,000.00 |
| Copeland, Donald | $5,000,000.00 |
| Corry, Blanche | $2,500,000.00 |
| Cosner, Harold | $5,000,000.00 |
| Cosner, Jeffrey | $2,500,000.00 |
| Cosner, Leanna | $5,000,000.00 |
| Cosner, Marva Lynn (Estate of) | $5,000,000.00 |
| Cossaboom, Cheryl | $2,500,000.00 |
| Coulman, Bryan Thomas | $2,500,000.00 |
| Coulman, Christopher J. | $2,500,000.00 |
| Coulman, Dennis P. | $2,500,000.00 |
| Coulman, Lorraine M. | $5,000,000.00 |
| Coulman, Robert D. | $2,500,000.00 |
| Coulman, Robert Louis | $5,000,000.00 |
| Covington, Charlita Martin | $5,000,000.00 |
| Crouch, Amanda | $5,000,000.00 |
| Crudale, Marie | $5,000,000.00 |
| Cyzick, Eugene | $2,500,000.00 |
| Dallachie, Lynn | $8,000,000.00 |
| Deal, Anne | $2,500,000.00 |
| Derbyshire, Lynn Smith | $2,500,000.00 |
| Desjardins, Theresa | $5,000,000.00 |
| Devlin, Christine | $5,000,000.00 |
| Devlin, Daniel | $2,500,000.00 |
| Devlin, Gabrielle | $2,500,000.00 |
| Devlin, Richard | $2,500,000.00 |
| Devlin, Sean | $2,500,000.00 |
| Donahue (Milano), Rosalie | $2,500,000.00 |
| Doray, Ashley | $5,000,000.00 |
| Doss, Rebecca | $2,500,000.00 |
| Dunnigan, Chester | $2,500,000.00 |
| Dunnigan, Elizabeth Ann | $2,500,000.00 |
| Dunnigan, Michael | $2,500,000.00 |
| Dunnigan, William | $2,500,000.00 |
| Dunnigan, Claudine | $5,000,000.00 |
| Edquist, Janice Thorstad | $2,500,000.00 |
| Ervin, Mary Ruth | $5,000,000.00 |
| Estes, Barbara | $5,000,000.00 |
| Estes, Charles | $5,000,000.00 |

| | |
|---|---|
| Estes, Frank | $2,500,000.00 |
| Fansler, Lori | $2,500,000.00 |
| Farthing, Angela Dawn | $2,500,000.00 |
| Ferguson, Arlington | $1,250,000.00 |
| Ferguson, Hilton | $1,250,000.00 |
| Fish, Linda Sandback | $8,000,000.00 |
| Fox, Nancy Brocksbank | $5,000,000.00 |
| Fox, Tia | $2,500,000.00 |
| Freshour, Tammy | $8,000,000.00 |
| Fulcher, Ruby | $5,000,000.00 |
| Gallagher, Barbara | $5,000,000.00 |
| Gallagher, Brian | $2,500,000.00 |
| Gallagher, James (Estate of) | $5,000,000.00 |
| Gallagher, James Jr. | $2,500,000.00 |
| Gallagher, Kevin | $2,500,000.00 |
| Gallagher, Michael | $2,500,000.00 |
| Gangur, Dimitri | $5,000,000.00 |
| Gangur, Mary | $5,000,000.00 |
| Garcia, Jess | $5,000,000.00 |
| Garcia, Ronald | $2,500,000.00 |
| Garcia, Roxanne | $2,500,000.00 |
| Garcia, Russell | $2,500,000.00 |
| Garcia, Violet | $5,000,000.00 |
| Garza, Suzanne Perron | $2,500,000.00 |
| Gattegno, Jeanne | $2,500,000.00 |
| Ghumm, Arlene | $8,000,000.00 |
| Ghumm, Ashley | $5,000,000.00 |
| Ghumm, Bill | $2,500,000.00 |
| Ghumm, Edward | $2,500,000.00 |
| Ghumm, Hildegard | $5,000,000.00 |
| Ghumm, Jedaiah (Estate of) | $5,000,000.00 |
| Ghumm, Jesse | $2,500,000.00 |
| Ghumm, Leroy | $5,000,000.00 |
| Ghumm, Moronica | $5,000,000.00 |
| Giblin, Donald | $2,500,000.00 |
| Giblin, Jeanne | $5,000,000.00 |
| Giblin, Michael | $2,500,000.00 |
| Giblin, Tiffany | $5,000,000.00 |
| Giblin, Valerie | $8,000,000.00 |
| Giblin, William | $2,500,000.00 |
| Gilford-Smith, Thad | $2,500,000.00 |
| Gintonio, Rebecca | $2,500,000.00 |
| Goff, Dawn | $2,500,000.00 |
| Gorchinski, Christina | $5,000,000.00 |

| | |
|---|---|
| Gorchinski, Judy | $8,000,000.00 |
| Gorchinski, Kevin | $5,000,000.00 |
| Gorchinski, Valerie | $5,000,000.00 |
| Gordon, Alice | $5,000,000.00 |
| Gordon, Joseph | $2,500,000.00 |
| Gordon, Linda | $2,500,000.00 |
| Gordon, Norris (Estate of) | $5,000,000.00 |
| Gordon, Paul | $2,500,000.00 |
| Grant, Andrea | $2,500,000.00 |
| Graves, Deborah | $2,500,000.00 |
| Green, Deborah | $8,000,000.00 |
| Gregg, Liberty Quirante | $2,500,000.00 |
| Griffin, Alex | $2,500,000.00 |
| Grimsley, Catherine E. | $2,500,000.00 |
| Gummer, Megan | $2,500,000.00 |
| Guz, Lyda Woollett | $2,500,000.00 |
| Hairston, Darlene | $8,000,000.00 |
| Hanrahan, Tara | $2,500,000.00 |
| Hart, Mary Clyde | $2,500,000.00 |
| Haskill, Brenda | $2,500,000.00 |
| Haskell, Jeffrey | $2,500,000.00 |
| Hedge, Kathleen S. | $8,000,000.00 |
| Helms, Christopher Todd | $2,500,000.00 |
| Helms, Marvin R. | $5,000,000.00 |
| Hester, Doris | $8,000,000.00 |
| Hildreth, Clifton | $5,000,000.00 |
| Hildreth, Julia | $5,000,000.00 |
| Hildreth, Mary Ann | $8,000,000.00 |
| Hildreth, Michael Wayne | $5,000,000.00 |
| Hilton, Sharon A. | $2,500,000.00 |
| Holberton, Donald | $2,500,000.00 |
| Holberton, Patricia Lee | $5,000,000.00 |
| Holberton, Thomas | $2,500,000.00 |
| Hollifield, Tangie | $2,500,000.00 |
| Horner, Debra | $8,000,000.00 |
| House, Elizabeth | $2,500,000.00 |
| Houston, Joyce A. | $5,000,000.00 |
| Howell, Tammy Camara | $8,000,000.00 |
| Hudson, Lisa H. | $8,000,000.00 |
| Hudson, Lorenzo | $2,500,000.00 |
| Hudson, Lucy | $5,000,000.00 |
| Hudson, Ruth | $2,500,000.00 |
| Hudson, Samuel (Estate of) | $5,000,000.00 |
| Hudson, William J. | $5,000,000.00 |

| | |
|---|---|
| Hugis, Susan Thorstad (Estate of) | $2,500,000.00 |
| Hurlburt, Nancy Tingley | $2,500,000.00 |
| Hurston, Cynthia Perron | $2,500,000.00 |
| Iacovino, Edward Sr. (Estate of) | $5,000,000.00 |
| Iacovino, Elizabeth | $5,000,000.00 |
| Innocenzi, Deborah | $8,000,000.00 |
| Innocenzi, Kristin | $5,000,000.00 |
| Innocenzi, Mark | $2,500,000.00 |
| Innocenzi, Paul IV | $5,000,000.00 |
| Jaccom, Bernadette | $2,500,000.00 |
| Jackowski, John Jr. | $2,500,000.00 |
| Jackowski, John Sr. | $5,000,000.00 |
| Jacobus, Victoria | $2,500,000.00 |
| James, Elaine | $5,000,000.00 |
| Jenkins, Nathalie C. | $5,000,000.00 |
| Jenkins, Stephen | $2,500,000.00 |
| Jewett, Rebecca | $2,500,000.00 |
| Johnson, Linda Martin | $2,500,000.00 |
| Johnson, Ray | $2,500,000.00 |
| Johnson, Rennitta Stokes | $2,500,000.00 |
| Johnson, Sherry | $5,000,000.00 |
| Johnston, Charles | $2,500,000.00 |
| Johnston, Edwin | $5,000,000.00 |
| Johnston, Mary Ann | $5,000,000.00 |
| Johnston, Zandra LaRiviere | $2,500,000.00 |
| Jones, Alicia | $2,500,000.00 |
| Jones, Corene Martin | $2,500,000.00 |
| Jones, Kia Briscoe | $2,500,000.00 |
| Jones, Mark | $2,500,000.00 |
| Jones, Ollie | $5,000,000.00 |
| Jones, Sandra D. | $5,000,000.00 |
| Jones, Synovure (Estate of) | $2,500,000.00 |
| Jordan, Robin Copeland | $2,500,000.00 |
| Jordan, Susan Scott | $2,500,000.00 |
| Julian, Joyce | $5,000,000.00 |
| Julian, Karl | $5,000,000.00 |
| Jurist, Nada | $2,500,000.00 |
| Keown, Adam | $2,500,000.00 |
| Keown, Bobby Jr. | $2,500,000.00 |
| Keown, Bobby Sr. | $5,000,000.00 |
| Keown, Darren | $2,500,000.00 |
| Keown, William | $2,500,000.00 |
| Kirker, Mary Joe | $2,500,000.00 |
| Kluck, Kelly | $2,500,000.00 |

| | |
|---|---|
| Kluck, Michael | $2,500,000.00 |
| Knipple, John D. (Estate of) | $5,000,000.00 |
| Knipple, John R. | $2,500,000.00 |
| Knipple, Pauline (Estate of) | $5,000,000.00 |
| Knox, Shirley L. | $2,500,000.00 |
| Kreischer, Doreen | $5,000,000.00 |
| Kreischer, Freas H. Jr. | $5,000,000.00 |
| Lake, Cynthia D. | $2,500,000.00 |
| Lange, Wendy L. | $2,500,000.00 |
| Langon, James III | $5,000,000.00 |
| LaRiviere, Eugene | $2,500,000.00 |
| LaRiviere, Janet | $5,000,000.00 |
| LaRiviere, John M. | $2,500,000.00 |
| LaRiviere, Lesley | $2,500,000.00 |
| LaRiviere, Michael | $2,500,000.00 |
| LaRiviere, Nancy | $2,500,000.00 |
| LaRiviere, Richard | $2,500,000.00 |
| LaRiviere, Richard G. (Estate of) | $5,000,000.00 |
| LaRiviere, Robert | $2,500,000.00 |
| LaRiviere, William | $2,500,000.00 |
| Lawton, Cathy L. | $2,500,000.00 |
| LeGault, Heidi Crudale | $8,000,000.00 |
| Lemnah, Clarence (Estate of) | $5,000,000.00 |
| Lemnah, Etta | $5,000,000.00 |
| Lemnah, Fay | $2,500,000.00 |
| Lemnah, Harold | $2,500,000.00 |
| Lemnah, Marlys | $8,000,000.00 |
| Lemnah, Robert | $2,500,000.00 |
| Lemnah, Ronald | $2,500,000.00 |
| Livingston, Annette R. | $8,000,000.00 |
| Livingston, Joseph R. IV | $5,000,000.00 |
| Livingston, Joseph R. Jr. (Estate of) | $5,000,000.00 |
| Lynch, Robin M. | $2,500,000.00 |
| Lyon, Earl | $2,500,000.00 |
| Lyon, Francisco | $2,500,000.00 |
| Lyon, June | $2,500,000.00 |
| Lyon, Maria | $5,000,000.00 |
| Lyon, Paul D. Sr. | $5,000,000.00 |
| Lyon, Valerie | $2,500,000.00 |
| Macroglou, Heather | $5,000,000.00 |
| Mahoney, Kathleen Devlin | $2,500,000.00 |
| Maitland, Kenty | $2,500,000.00 |
| Maitland, Leysnal | $5,000,000.00 |
| Maitland, Samuel Sr. | $5,000,000.00 |

| | |
|---|---|
| Maitland, Shirla | $2,500,000.00 |
| Marshall, Virginia Boccia | $2,500,000.00 |
| Martin, John | $2,500,000.00 |
| Martin, Pacita | $8,000,000.00 |
| Martin, Renerio | $5,000,000.00 |
| Martin, Ruby | $5,000,000.00 |
| Martin, Shirley | $5,000,000.00 |
| Mason, Mary | $5,000,000.00 |
| Massa, Cristina | $5,000,000.00 |
| Massa, Edmund | $2,500,000.00 |
| Massa, Joao ("John") | $2,500,000.00 |
| Massa, Jose ("Joe") | $2,500,000.00 |
| Massa, Manuel Jr. | $2,500,000.00 |
| Massa, Ramiro | $2,500,000.00 |
| McCall, Mary | $5,000,000.00 |
| McCall, Thomas (Estate of) | $5,000,000.00 |
| McCall, Valerie | $2,500,000.00 |
| McDermott, Gail | $2,500,000.00 |
| McFarlin, Julia A. | $2,500,000.00 |
| McMahon, George | $2,500,000.00 |
| McMahon, Michael | $2,500,000.00 |
| McPhee, Patty | $5,000,000.00 |
| Menkins, Darren | $2,500,000.00 |
| Menkins, Gregory | $2,500,000.00 |
| Menkins, Margaret | $5,000,000.00 |
| Menkins, Richard H. | $5,000,000.00 |
| Meurer, Jay T. | $2,500,000.00 |
| Meurer, John | $5,000,000.00 |
| Meurer, John Thomas | $2,500,000.00 |
| Meurer, Mary Lou | $5,000,000.00 |
| Meurer, Michael | $2,500,000.00 |
| Meyer, Penny | $2,500,000.00 |
| Milano, Angela | $5,000,000.00 |
| Milano, Peter Jr. | $5,000,000.00 |
| Miller, Earline | $5,000,000.00 |
| Miller, Henry | $2,500,000.00 |
| Miller, Patricia | $2,500,000.00 |
| Montgomery, Helen | $2,500,000.00 |
| Moore, Betty | $5,000,000.00 |
| Moore, Harry | $5,000,000.00 |
| Moore, Kimberly | $2,500,000.00 |
| Moore, Mary | $8,000,000.00 |
| Moore, Melissa Lea | $2,500,000.00 |
| Moore, Michael (Estate of) | $2,500,000.00 |

| | |
|---|---|
| Moy, Elizabeth Phillips | $2,500,000.00 |
| Myers, Debra | $2,500,000.00 |
| Myers, Geneva | $5,000,000.00 |
| Myers, Harry A. | $5,000,000.00 |
| Nairn, Billie Ann | $5,000,000.00 |
| Nairn, Campbell J. III | $2,500,000.00 |
| Nairn, Campbell J. Jr. (Estate of) | $5,000,000.00 |
| Nairn, William P. | $2,500,000.00 |
| Norfleet, Richard | $5,000,000.00 |
| O'Connor, Deborah | $2,500,000.00 |
| Olaniji, Pearl | $5,000,000.00 |
| Olson, Bertha (Estate of) | $5,000,000.00 |
| Olson, Karen L. | $2,500,000.00 |
| Olson, Randal D. | $2,500,000.00 |
| Olson, Roger S. | $2,500,000.00 |
| Olson, Ronald J. | $2,500,000.00 |
| Olson, Sigurd (Estate of) | $5,000,000.00 |
| Owens, David | $2,500,000.00 |
| Owens, Deanna | $2,500,000.00 |
| Owens, Frances | $5,000,000.00 |
| Owens, James (Estate of) | $5,000,000.00 |
| Owens, Steven | $2,500,000.00 |
| Page, Connie Mack | $5,000,000.00 |
| Page, Judith K. | $5,000,000.00 |
| Palmer, Lisa Menkins | $2,500,000.00 |
| Paolozzi, Geraldine | $2,500,000.00 |
| Pare, Maureen | $2,500,000.00 |
| Parker, Henry James | $2,500,000.00 |
| Parker, Sharon | $2,500,000.00 |
| Pearson, Helen M. | $5,000,000.00 |
| Pearson, John L. Jr. | $5,000,000.00 |
| Pearson, Sonia | $8,000,000.00 |
| Perron, Brett | $2,500,000.00 |
| Perron, Deborah Jean | $2,500,000.00 |
| Perron, Michelle | $2,500,000.00 |
| Perron, Ronald R. | $5,000,000.00 |
| Persky, Muriel | $5,000,000.00 |
| Peterson, Deborah D. | $2,500,000.00 |
| Petry, Sharon Conley | $2,500,000.00 |
| Petrick, Sandra | $2,500,000.00 |
| Phelps, Donna Vallone | $5,000,000.00 |
| Phillips, Harold | $2,500,000.00 |
| Phillips, John Arthur Sr. | $5,000,000.00 |
| Plickys, Donna Tingley | $2,500,000.00 |

-14-

| | |
|---|---|
| Pollard, Margaret Aileen | $8,000,000.00 |
| Pollard, Stacey Yvonne | $5,000,000.00 |
| Prevatt, Lee Hollan | $2,500,000.00 |
| Prevatt, Victor Thornton | $5,000,000.00 |
| Price, John | $5,000,000.00 |
| Price, Joseph | $2,500,000.00 |
| Prindeville, Barbara D. (Estate of) | $5,000,000.00 |
| Prindeville, Kathleen Tara | $2,500,000.00 |
| Prindeville, Michael | $2,500,000.00 |
| Prindeville, Paul | $5,000,000.00 |
| Prindeville, Sean | $2,500,000.00 |
| Quirante, Belinda J. | $5,000,000.00 |
| Quirante, Edgar | $2,500,000.00 |
| Quirante, Godofredo (Estate of) | $5,000,000.00 |
| Quirante, Milton | $2,500,000.00 |
| Quirante, Sabrina | $2,500,000.00 |
| Ray, Susan | $2,500,000.00 |
| Reininger, Laura M. | $2,500,000.00 |
| Richardson, Alan | $2,500,000.00 |
| Richardson, Beatrice | $5,000,000.00 |
| Richardson, Clarence | $5,000,000.00 |
| Richardson, Eric | $2,500,000.00 |
| Richardson, Lynette | $2,500,000.00 |
| Richardson, Vanessa | $2,500,000.00 |
| Richardson-Mills, Philiece | $5,000,000.00 |
| Ricks, Melrose | $5,000,000.00 |
| Riva, Belinda Quirante | $2,500,000.00 |
| Rockwell, Barbara | $5,000,000.00 |
| Rooney, Linda | $2,500,000.00 |
| Rose, Tara Smith | $2,500,000.00 |
| Ruark, Tammi | $2,500,000.00 |
| Rudkowski, Juliana | $2,500,000.00 |
| Russell, Marie McMahon | $2,500,000.00 |
| Sanchez, Alicia Lynn | $5,000,000.00 |
| Sauls, Andrew | $2,500,000.00 |
| Sauls, Henry Caleb | $2,500,000.00 |
| Sauls, Riley A. | $2,500,000.00 |
| Schnorf, Margaret Medler | $5,000,000.00 |
| Schnorf, Richard (brother) | $2,500,000.00 |
| Schnorf, Richard (father) | $5,000,000.00 |
| Schnorf, Robert | $2,500,000.00 |
| Schultz, Beverly | $5,000,000.00 |
| Schultz, Dennis James | $2,500,000.00 |
| Schultz, Dennis Ray | $5,000,000.00 |

-15-

| | |
|---|---|
| Scialabba, Frank | $5,000,000.00 |
| Scialabba, Jacqueline | $8,000,000.00 |
| Scialabba, Samuel Scott | $5,000,000.00 |
| Scott, Jon Christopher | $2,500,000.00 |
| Scott, Kevin James | $2,500,000.00 |
| Scott, Larry L. (Estate of) | $5,000,000.00 |
| Scott, Mary Ann | $5,000,000.00 |
| Scott, Sheria | $2,500,000.00 |
| Scott, Stephen Allen | $2,500,000.00 |
| Seguerra, Jacklyn | $2,500,000.00 |
| Shipp, Bryan Richard | $5,000,000.00 |
| Shipp, James David | $2,500,000.00 |
| Shipp, Janice | $2,500,000.00 |
| Shipp, Maurice | $2,500,000.00 |
| Shipp, Pauline | $8,000,000.00 |
| Shipp, Raymond Dennis | $2,500,000.00 |
| Shipp, Russell | $2,500,000.00 |
| Sinsioco, Susan J. | $2,500,000.00 |
| Smith-Ward, Ana | $8,000,000.00 |
| Smith, Angela Josephine (Estate of) | $5,000,000.00 |
| Smith, Bobbie Ann | $5,000,000.00 |
| Smith, Cynthia | $2,500,000.00 |
| Smith, Donna Marie | $2,500,000.00 |
| Smith, Erma | $2,500,000.00 |
| Smith, Holly | $2,500,000.00 |
| Smith, Ian | $5,000,000.00 |
| Smith, Janet | $2,500,000.00 |
| Smith, Joseph K. III | $2,500,000.00 |
| Smith, Joseph K. Jr. | $5,000,000.00 |
| Smith, Keith | $5,000,000.00 |
| Smith, Kelly B. | $2,500,000.00 |
| Smith, Shirley L. | $5,000,000.00 |
| Smith, Tadgh | $2,500,000.00 |
| Smith, Terrence | $2,500,000.00 |
| Smith, Timothy B. | $2,500,000.00 |
| Sommerhof, Jocelyn J. | $5,000,000.00 |
| Sommerhof, John | $2,500,000.00 |
| Sommerhof, William J. | $5,000,000.00 |
| Spencer, Douglas | $2,500,000.00 |
| Stelpflug, Christy Williford | $2,500,000.00 |
| Stelpflug, Joseph | $2,500,000.00 |
| Stelpflug, Kathy Nathan | $2,500,000.00 |
| Stelpflug, Laura Barfield | $2,500,000.00 |
| Stelpflug, Peggy | $5,000,000.00 |

| | |
|---|---|
| Stelpflug, William | $5,000,000.00 |
| Stephens, Horace Sr. | $5,000,000.00 |
| Stephens, Joyce | $5,000,000.00 |
| Stephens, Keith | $2,500,000.00 |
| Stockton, Dona | $5,000,000.00 |
| Stockton, Donald (Estate of) | $5,000,000.00 |
| Stockton, Richard | $2,500,000.00 |
| Stokes, Irene | $5,000,000.00 |
| Stokes, Nelson Jr. | $2,500,000.00 |
| Stokes, Nelson Sr. (Estate of) | $5,000,000.00 |
| Stokes, Robert | $2,500,000.00 |
| Stokes-Graham, Gwenn | $2,500,000.00 |
| Sturghill, Marcus D. | $2,500,000.00 |
| Sturghill, Marcus L. Jr. | $5,000,000.00 |
| Sturghill, NaKeisha Lynn | $2,500,000.00 |
| Sundar, Doreen | $8,000,000.00 |
| Tella, Margaret | $2,500,000.00 |
| Terlson, Susan L. | $2,500,000.00 |
| Thompson, Mary Ellen | $2,500,000.00 |
| Thorstad, Adam | $5,000,000.00 |
| Thorstad, Barbara | $5,000,000.00 |
| Thorstad, James Jr. | $2,500,000.00 |
| Thorstad, James Sr. | $5,000,000.00 |
| Thorstad, John | $2,500,000.00 |
| Thorstad, Ryan | $5,000,000.00 |
| Thurman, Betty Ann | $2,500,000.00 |
| Tingley, Barbara | $5,000,000.00 |
| Tingley, Richard L. | $5,000,000.00 |
| Tingley, Russell | $2,500,000.00 |
| Tolliver, Keysha | $5,000,000.00 |
| Turek, Mary Ann | $5,000,000.00 |
| Valenti, Karen | $5,000,000.00 |
| Vallone, Anthony | $2,500,000.00 |
| Vallone, Donald H. | $5,000,000.00 |
| Vallone, Timothy | $2,500,000.00 |
| Vargas, Leona Mae | $2,500,000.00 |
| Voyles, Denise | $2,500,000.00 |
| Wallace, Ila | $5,000,000.00 |
| Wallace, Kathryn Thorstad | $2,500,000.00 |
| Wallace, Richard J. | $2,500,000.00 |
| Warwick, Barbara Thorstad | $2,500,000.00 |
| Washington, Linda | $2,500,000.00 |
| Washington, Vancine | $2,500,000.00 |
| Watson, Kenneth | $2,500,000.00 |

| | |
|---|---|
| Whitener, Diane | $2,500,000.00 |
| Wigglesworth, Daryl | $2,500,000.00 |
| Wigglesworth, Darrin A. | $2,500,000.00 |
| Wigglesworth, Henry | $5,000,000.00 |
| Wigglesworth, Mark | $2,500,000.00 |
| Wigglesworth, Robyn | $2,500,000.00 |
| Wigglesworth, Sandra | $5,000,000.00 |
| Wigglesworth, Shawn | $2,500,000.00 |
| Williams, Dianne Stokes | $2,500,000.00 |
| Williams, Gussie Martin | $2,500,000.00 |
| Williams, Janet | $5,000,000.00 |
| Williams, Johnny | $2,500,000.00 |
| Williams, Rhonda | $2,500,000.00 |
| Williams, Ronald | $2,500,000.00 |
| Williams, Ruth | $5,000,000.00 |
| Williams, Scipio J. | $5,000,000.00 |
| Williams, Wesley | $5,000,000.00 |
| Williams-Edwards, Delma | $2,500,000.00 |
| Williamson, Tony | $2,500,000.00 |
| Williamson, Jewelene | $5,000,000.00 |
| Winter, Michael | $5,000,000.00 |
| Wiseman, Barbara | $8,000,000.00 |
| Woodford, Phyllis | $2,500,000.00 |
| Woodle, Joyce | $2,500,000.00 |
| Woollett, Beverly | $5,000,000.00 |
| Woollett, Paul | $5,000,000.00 |
| Wright, Melvina Stokes | $2,500,000.00 |
| Wright, Patricia | $5,000,000.00 |
| Wyche, Glenn | $2,500,000.00 |
| Wyche, John | $2,500,000.00 |
| Young, John F. | $5,000,000.00 |
| Young, John W. | $2,500,000.00 |
| Young, Judith Carol | $5,000,000.00 |
| Young, Sandra Rhodes | $5,000,000.00 |
| Zimmerman, Joanne | $2,500,000.00 |
| Zone, Stephen Thomas | $2,500,000.00 |
| Zosso, Patricia Thorstad | $2,500,000.00 |

4.      *Claims Brought by Family Members of Injured Servicemen*

| | |
|---|---|
| Ali, Jamaal Muata | $1,250,000.00 |
| Angeloni, Margaret | $1,250,000.00 |
| Arroyo, Jesus | $1,250,000.00 |
| Arroyo, Milagros | $1,250,000.00 |

-18-

| | |
|---|---|
| Carletta, Olympia | $2,500,000.00 |
| Carpenter, Kimberly | $4,000,000.00 |
| Comes, Joan | $2,500,000.00 |
| Comes, Patrick | $1,250,000.00 |
| Comes, Christopher | $1,250,000.00 |
| Comes, Frank Sr. | $2,500,000.00 |
| Crawford, Deborah | $1,250,000.00 |
| Davis, Barbara | $4,000,000.00 |
| Franklin, Alice Warren | $1,250,000.00 |
| Gerlach, Patricia | $4,000,000.00 |
| Gerlach, Travis | $2,500,000.00 |
| Gerlach, Megan | $2,500,000.00 |
| Hernandez, Arminda | $1,250,000.00 |
| Hlywiak, Margaret | $2,500,000.00 |
| Hlywiak, Peter Jr. | $1,250,000.00 |
| Hlywiak, Peter Sr. | $2,500,000.00 |
| Hlywiak, Paul | $1,250,000.00 |
| Hlywiak, Joseph | $1,250,000.00 |
| Hunt, Cynthia Lou | $4,000,000.00 |
| Ibarro, Rosa | $2,500,000.00 |
| Jacobs, Andrew Scott | $2,500,000.00 |
| Jacobs, Daniel Joseph | $2,500,000.00 |
| Jacobs, Danita | $4,000,000.00 |
| Kirkpatrick, Kathleen | $4,000,000.00 |
| Lewis, Grace | $2,500,000.00 |
| Magnotti, Lisa | $1,250,000.00 |
| Mitchell, Wendy | $4,000,000.00 |
| Moore, James Otis (Estate of) | $1,250,000.00 |
| Moore, Johnney S. (Estate of) | $2,500,000.00 |
| Moore, Marvin S. | $1,250,000.00 |
| Moore, Alie Mae | $2,500,000.00 |
| Moore-Jones, Jonnie Mae | $1,250,000.00 |
| Nashton, Alex W. (Estate of) | $2,500,000.00 |
| Oliver, Paul | $2,500,000.00 |
| Oliver, Riley | $2,500,000.00 |
| Oliver, Michael John | $2,500,000.00 |
| Oliver, Ashley E. | $2,500,000.00 |
| Oliver, Patrick S. | $2,500,000.00 |
| Oliver, Kayley | $2,500,000.00 |
| Russell, Tanya | $2,500,000.00 |
| Russell, Wanda | $4,000,000.00 |
| Russell, Jason | $2,500,000.00 |
| Shaver, Clydia | $1,250,000.00 |
| Spaulding, Scott | $1,250,000.00 |

| | |
|---|---|
| Stanley, Cecilia | $2,500,000.00 |
| Stilpen, Mary | $1,250,000.00 |
| Swank, Kelly | $1,250,000.00 |
| Swinson, Kenneth J. (Estate of) | $2,500,000.00 |
| Swinson, Ingrid M. (Estate of) | $2,500,000.00 |
| Swinson, Daniel | $1,250,000.00 |
| Swinson, William | $1,250,000.00 |
| Swinson, Dawn | $1,250,000.00 |
| Swinson, Teresa | $1,250,000.00 |
| Warren, Bronzell | $1,250,000.00 |
| Watson, Jessica | $1,250,000.00 |
| Webb, Audrey | $1,250,000.00 |
| Wheeler, Jonathan | $2,500,000.00 |
| Wheeler, Benjamin | $2,500,000.00 |
| Wheeler, Marlis "Molly" (Estate of) | $2,500,000.00 |
| Wheeler, Kerry | $1,250,000.00 |
| Wheeler, Andrew | $2,500,000.00 |
| Wheeler, Brenda June | $4,000,000.00 |
| Wold, Jill | $1,250,000.00 |
| Young, Nora (Estate of) | $2,500,000.00 |
| Young, James | $1,250,000.00 |
| Young, Robert (Estate of) | $2,500,000.00 |

IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are

hereby DISMISSED WITHOUT PREJUDICE:

Albright, Marvin Jr.
Albright, Mirequrn
Albright, Shertara
Banks, Anthony (son)
Banks, Michael
Banks, Taiarra
Berry, Lori
Burnette, Christopher
Burnette, Gwen
Camara, Mecot Jr.
Comes, Dale
Comes, Tommy
Crop, Kimberly
Decker, Connie
Dolphin, Erin
Douglass, Frederick (Estate of)
Eaves, Christopher

Eaves, India
Eaves, Sylvia Jean
Foister, Gerald
Frye, Charles Jr.
Frye, Gina
Frye, Lialani
Frye, Lincoln
Frye, Randall
Garner, Joseph
Garner, Justina
Garner, Penny
Garner, Reva
Goodman, Karl
Haskell, Barbara
Haskell, Richard
Hlywiak, Jordan
Hlywiak, Taylor
Hunt, Jack Darrell
Hunt, Marcy Elizabeth
Hunt, Mendy Leigh
Hunt, Molly Faye
Livingston, Carol
Massa, Manuel Sr. (Estate of)
Matthews, Chadwick
Matthews, Debra
Matthews, Drew
Meurer, Deborah
Miller, Shirley D.
Mitchell, Elvera
Mitchell, Robert
Price, Betty Lou (Estate of)
Price, Timothy
Rivers, Jeremy
Rivers, Paul (son)
Rivers, Sandra
Schak, Carol
Schak, George
Spencer, Lynne M.
Washington, Patrice
Williams, Kevin Coker
Williams, George Robinson
Williams, Dorothy (Estate of)
Williamson, Bill
Wise, Debra

Woodcock, Gwen

IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are

hereby DISMISSED WITH PREJUDICE:

Beamon, Ashley Tutwiler
Beresford, Michael
Beresford, Susan
Beresford, William
Bianco, Sandra Karen
Bianco, Sandra
Bonk, Catherine
Bonk, John Sr.
Bonk, Kevin
Bonk, Thomas
Calloway, Donald
Clark, Michael Jr.
Corry, Charles
DiGiovanni, Lisa
DiGiovanni, Marion
DiGiovanni, Robert
DiGiovanni, Danielle
Fiedler, Sherry Lynn
Fluegel, Robert
Fluegel, Thomas A.
Fluegel, Marilou
Green, Rebecca Iverson
Hairston, Evans
Hairston, Felicia
Hairston, Julia Bell
Hukill, Henry Durban
Hukill, Mark Andrew
Hukill, Matthew Scott
Hukill, Melissa
Hukill, Meredith Anne
Hukill, Mitchell Charles
Hukill, Monte
Hukill, Virginia Ellen
Jackowski, Mary
Jones, Storm
Joyce, Penni
Kirkwood, Carl Sr.
Kirkwood, Jeff

Kirkwood, Shirley
Kirkwood, Carl Arnold Jr.
Kronenbitter, Patricia
Laise, Kris
Laise, Bill
Laise, Betty
Lewis, Natalie
Macroglou, James
Macroglou, Lorraine
Macroglou, Bill
Mason, Richard
McDonald, Kathy
McDonough, Edward W.
McDonough, Sean
McDonough, Edward Joseph
Morgan, Geraldine
Nashton, Pamela J.
Persky, Herbert
Phelps, Charles Jr.
Phelps, Charles Sr.
Prevatt-Wood, Victoria
Rhosto, Deborah Spencer
Rochwell, Natalie
Rockwell, Donald
Rotondo, Rose (Estate of)
Rotondo, Luis (Estate of) (father)
Santoserre, Phyllis (Estate of)
Simpson, Robert
Simpson, Renee Eileen
Simpson, Larry H. Sr.
Simpson, Anna Marie
Vallone, Donna Beresford
Wallace, Bobby L.
Watkins, Lula Mae (Estate of)
Watkins, Simon
Wirick, Sally Jo

IT IS FURTHER ORDERED that plaintiffs, at their own cost and consistent with the

requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and

Conclusions of Law issued this date to defendants.

IT IS FURTHER ORDERED that the Clerk of this Court shall terminate this case from

the dockets of this Court.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, September 7, 2007.

Exhibit B

Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBORAH D. PETERSON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 01-2094 (RCL) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) | |
| Defendants. | ) | |
| STEVEN GREENBAUM, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 02-2148 (RCL) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Based upon the Court's consideration of this matter, including the Rule 45 Third-Party subpoenas issued by plaintiffs in the above-referenced cases, and the Department of the Treasury's Office of Foreign Assets Control's ("OFAC") Unopposed Emergency Motion concerning those subpoenas (Docket No. 325), it is hereby ordered that:

1.    OFAC is authorized, pursuant to the terms set forth herein, to disclose information responsive to the subpoenas issued by the plaintiffs in the above-referenced cases on February 27, 2008, and March 10, 2008.

2.      All information produced in response to the Subpoena, and any portion thereof, is to be deemed confidential ("Confidential Information"), unless plaintiffs are otherwise advised by OFAC.

3.      Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in the above-captioned matters ("the Greenbaum/Peterson Litigation"), pursuant to procedures authorized by law, and for no other purpose.

4.      No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties to the Greenbaum/Peterson Litigation and OFAC in writing, or by order of the Court.

5.      Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    a.      the attorneys (including their paralegal, clerical, or other assistants) for parties to the Greenbaum/Peterson Litigation or in any proceedings incident to efforts to collect on the judgments entered therein who have a need therefore in connection with said proceedings;

    b.      the courts and their support personnel in the Greenbaum/Peterson Litigation and in any proceedings incident to efforts to collect on the judgments entered therein;

    c.      persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation or those holding assets identified in the Confidential Information;

    d.      local or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation; and

    e.      any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation, pursuant to procedures authorized by law.

6.    To the extent that Confidential Information is disclosed to persons as described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the judgments or that relate to the specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(e) above shall be provided with a copy of this Protective Order and restricted to using Confidential Information only for purposes directly related to the satisfaction of judgments issued in the Greenbaum/Peterson Litigation and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7.    Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(e) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of whom disclosure is made pursuant to subparagraph 5(e).

8.    The termination of the Greenbaum/Peterson Litigation or any proceeding incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

9.    All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10.     Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court.  Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11.     The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

12.     Entry of this Order constitutes only a determination that OFAC is authorized to disclose information as provided herein under the Trade Secrets Act.  Entry of this Order does not constitute a determination as to any right, privilege, or immunity OFAC may have with respect to plaintiffs' subpoenas, or as to any objection(s) OFAC may have to plaintiffs' subpoenas.  OFAC's disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity OFAC may have with respect to such information.

13.     Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information for any other purposes authorized or allowed by law.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on June 11, 2008.

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. _08,0472_            DOCKET NO. M18302

Control # 080472

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

*To the Marshal of the Southern District of New York, GREETING:*

_Islamic Republic of Iran who has an interest in accounts held by_

YOU ARE COMMANDED, that of the goods and chattels of ∧ Citibank, N.A., Legal Service Intake

Unit, 1 Court Square, 7th Floor, Long Island City, NY 11120,
as custodian for the accounts and assets described on attached Exhibit A.

in your district you cause to be made the sum of _Two Billion, Six Hundred and Fifty Six Million, Nine hundred and forty four thousand, Eight Hundred and Seventy Seven and 00/100_ dollars and _____ cents, ($2,656,944,877.00 )

which lately in the United States District Court of the United States for the Southern District of New York, in the Second

Circuit, _DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased),_ et al.

recovered against the said _ISLAMIC REPUBLIC OF IRAN, et al._

in an action between _DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased), et al._

PLAINTIFF and _ISLAMIC REPUBLIC OF IRAN, et al._

DEFENDANT, in favor of said _Plaintiff, DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased), et al._

as appears by the record filed in the Clerk's Office of said District Court on the _24th_ day

of _March_ , in the year of _2008_

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to the Clerk of said District Court.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern District of New York, at the City of New York, on the _12th_ day of _June_ in the year of our Lord _2008_ , and of the Independence of the United States the two hundred twenty-seventh year.

*(year)*

J. Michael McMahon

CLERK

Exhibit E

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DEBORAH PETERSON Personal Representative of the Estate of James C. Knipple (Deceased), et al.,

*Plaintiff(s)*

*against*

Islamic Republic of Iran et al,

*Defendants,*

---

*Index No. 08 - 0472*

**RESTRAINING NOTICE TO GARNISHEE**

Islamic Republic of Iran
c/o Ministry of Foreign Affiars
Iman Khomeini SQ
Tehran-Iran

Iranian Ministry of Information and Security
c/o Gholam Hossein Mohseni Ejeie
Second Negarestan Street
Pasdaran Avenue
Tehran-Iran

Judgment debtors

---

## THE PEOPLE of the STATE OF NEW YORK

TO:     **CITIBANK NORTH AMERICA**                                    Garnishee: GREETINGS:
Restraining Order Unit, Litigation Support
1 Court Square, 7th Floor Zone 5
Long Island City, NY 11120

**WHEREAS,** in an action in the United States District Court, District of Columbia, between DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, as Plaintiffs, and ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY as defendants, who are all the parties named in said action, a judgment was entered on September 9, 2007 in favor of Plaintiffs, DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, judgment creditors against Defendants, ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY, judgment debtors, in the amount of $2,656,944,877.00 of which $2,656,944,877.00, together with interest thereon from September 9, 2007 remains due and unpaid; and

**WHEREAS,** said Judgment was filed in the Clerk's office of the Supreme Court of the State of New York, County of New York on June 16, 2008, and

**WHEREAS,** it appears that you owe a debt to the judgment debtors or are in possession or in custody of property in which the judgment debtors have a beneficial ownership interest in assets as described in Exhibit "A" annexed hereto; and

**TAKE NOTICE** *that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.*

**TAKE FURTHER NOTICE** *that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.*

---

## CIVIL PRACTICE LAW AND RULES

133744

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** *that disobedience of this Restraining Notice is punishable as a contempt of court.*

Dated: June 16, 2008
New York, NY

Liviu Vogel, Esq.
*Attorneys for Judgment Creditor:*
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, New York 10017
(212) 661-7100

**Exhibit A**

THE CONTENTS OF EXHIBIT "A" IS
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
ISSUED ON JUNE 11, 2008, IN

PETERSON v. ISLAMIC REPUBLIC OF
IRAN, 01-cv-2094 (D.D.C.) (RCL)

GREENBAUM v. ISLAMIC REPUBLIC
OF IRAN, 02-cv-2148 (D.D.C.) (RCL)

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**EXBIBIT B**

The Judgment that was attached to the original hereof is omitted to conserve paper.  See copy of Judgment at Exhibit A to the Complaint herein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEBORAH PETERSON Personal Representative of the
Estate of James C. Knipple (Deceased), et al.,

*Index No. 08-0472*

Plaintiff(s)

AFFIDAVIT OF SERVICE

against

Islamic Republic of Iran et al,

Defendants,

State of New York      )
                       )      ss.:
County of New York     )

Demetrius Perkins, being duly sworn, deposes and says:

1.      That I am over 18 years of age and not a party to this action.

2.      That I served a Restraining Notice to Garnishee on Citibank N.A., in the

following manner:

By personally delivering to and leaving a true copy thereof with Ming C. James, a

project analyst, at Citibank N.A., Legal Service Intake Unit, a person of suitable age and

discretion, on June 17, 2008 at 1:15pm at 1 Court Square, 7th Floor, Zone 5, Long Island

City, NY 11120.

I mailed a true copy thereof to Citibank, N.A., to the attention of the Legal

Services Intake Unit at 1 Court Square, 7th Floor, Zone 5, Long Island City, NY 11120 on

June 18, 2008.

3.      The description of the person served is:

133796

Sex: Female;

Eye color: Brown;

Race/Ethnicity:  Asian;

Hair color: silver and black;

Approximate age: 45-55 years old;

Approximate weight: 130-150 lbs;

Approximate height: 5' 3"- 5' 5";

Other identifying features:     Glasses;

_____

Demetrius Perkins

Sworn to before me, on

this _24ᵀʰ_ day of June, 2008.

_____

Notary Public

WILLIAM J. CORTELLESSA
Notary Public, State Of New York
No. 02CO6080249
Qualified In Westchester County
Commission Expires September 9, 20 10

133796

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEBORAH PETERSON Personal Representative of the Estate
of James C. Knipple (Deceased), et al.,

*Plaintiff(s)*

*against*

Islamic Republic of Iran et al,

*Defendants,*

*Index No. 08 - 0472*

***AMENDED RESTRAINING NOTICE
TO GARNISHEE***

Islamic Republic of Iran
c/o Ministry of Foreign Affiars
Iman Khomeini SQ
Tehran-Iran

Iranian Ministry of Information and
Security
c/o Gholam Hossein Mohseni Ejeie
Second Negarestan Street
Pasdaran Avenue
Tehran-Iran

Judgment debtors

## THE PEOPLE of the STATE OF NEW YORK

TO:          **CITIBANK N.A.**                          Garnishee: GREETINGS:
             Restraining Order Unit, Litigation Support
             1 Court Square, 7th Floor Zone 5
             Long Island City, NY 11120

   **WHEREAS**, in an action in the United States District Court, District of Columbia, between DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, as Plaintiffs, and ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY as defendants, who are all the parties named in said action, a judgment was entered on September 9, 2007 in favor of Plaintiffs, DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, judgment creditors against Defendants, ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY, judgment debtors, in the amount of $2,656,944,877.00 o f  w h i c h $2,656,944,877.00, together with interest thereon from September 9, 2007 remains due and unpaid; and

   **WHEREAS**, said Judgment was filed in the Clerk's office of the Supreme Court of the State of New York, County of New York on June 16, 2008, and

   **WHEREAS**, it appears that you owe a debt to the judgment debtors or are in possession or in custody of property in which the judgment debtors have a beneficial ownership interest in assets as described in Exhibit "A" annexed hereto; and

   **TAKE NOTICE** *that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.*

   **TAKE FURTHER NOTICE** *that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.*

**CIVIL PRACTICE LAW AND RULES**

53869

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** *that disobedience of this Restraining Notice is punishable as a contempt of court.*

Dated: June 20, 2008
      New York, NY

*Liviu Vogel, Esq.*
*Attorneys for Judgment Creditor:*
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, New York 10017
(212) 661-7100

Exhibit A

THE CONTENTS OF EXHIBIT "A" IS
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
ISSUED ON JUNE 11, 2008, IN

<u>PETERSON v. ISLAMIC REPUBLIC OF
IRAN</u>, 01-cv-2094 (D.D.C.) (RCL)

<u>GREENBAUM v. ISLAMIC REPUBLIC
OF IRAN</u>, 02-cv-2148 (D.D.C.) (RCL)

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**EXBIBIT B**

The Judgment that was attached to the original hereof is omitted to conserve paper.  See copy of Judgment at Exhibit A to the Complaint herein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEBORAH PETERSON Personal Representative of the
Estate of James C. Knipple (Deceased), et al.,

*Index No. 08-0472*

**AFFIDAVIT OF SERVICE**

*Plaintiff(s)*

*against*

Islamic Republic of Iran et al,

*Defendants,*

State of New York      )
                                      )   ss.:
County of New York   )

Demetrius Perkins, being duly sworn, deposes and says:

1.      That I am over 18 years of age and not a party to this action.

2.      That I served a Amended Restraining Notice to Garnishee, cover letter
regarding the Amended Restraining Notice to Garnishee, Subpoena Duces Tecum
Witness, an original and a copy of an Information Subpoena, with a self addressed
stamped envelope, and $15.00 in cash, on Citibank N.A., in the following manner:

By personally delivering to and leaving a true copy thereof with Ming C. James, a
project analyst, at Citibank N.A., Legal Service Intake Unit, a person of suitable age and
discretion, on June 24, 2008 at 10:01 am at 1 Court Square, 7th Floor, Zone 5, Long
Island City, NY 11120.

I mailed a true copy thereof to Citibank, N.A., to the attention of the Legal
Services Intake Unit at 1 Court Square, 7th Floor, Zone 5, Long Island City, NY 11120 on
June 24, 2008.

133978

3.    The description of the person served is:

Sex: Female;

Eye color: Brown;

Race/Ethnicity:  Asian;

Hair color: silver and black;

Approximate age: 45-55 years old;

Approximate weight: 130-150 lbs;

Approximate height: 5' 3"- 5' 5";

Other identifying features:    Glasses;

_____
Demetrius Perkins

Sworn to before me, on

this _24th_ day of June, 2008.

_____
Notary Public

SETH R. GOTTLIEB
Notary Public, State of New York
Registration #02GO6054429
Qualified In New York County
Commission Expires _7/5/11_

133978

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK



DEBORAH PETERSON Personal Representative of the Estate
of James C. Knipple (Deceased), et al.,

Plaintiff(s)

against

Islamic Republic of Iran et al,

Defendants,

*Index No. 08 - 0472*

***RESTRAINING NOTICE TO
GARNISHEE***

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Iman Khomeini SQ
Tehran-Iran

Iranian Ministry of Information and
Security
c/o Gholam Hossein Mohseni Ejeie
Second Negarestan Street
Pasdaran Avenue
Tehran-Iran

Judgment debtors

## THE PEOPLE of the STATE OF NEW YORK

TO:   **CLEARSTREAM BANKING S.A.**            Garnishee: GREETINGS:
350 Madison Avenue
23rd Floor
New York, NY 10017

**WHEREAS,** in an action in the United States District Court, District of Columbia, between DEBORAH
PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B"
annexed hereto, as Plaintiffs, and ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION
AND SECURITY as defendants, who are all the parties named in said action, a judgment was entered on September 9,
2007 in favor of Plaintiffs, DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple
(Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, judgment creditors against Defendants, ISLAMIC
REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY, judgment debtors, in the
amount of $2,656,944,877.00 of which $2,656,944,877.00, together with interest thereon from September 9, 2007
remains due and unpaid; and

**WHEREAS,** said Judgment was filed in the Clerk's office of the Supreme Court of the State of New York,
County of New York on June 16, 2008, and

**WHEREAS,** it appears that you owe a debt to the judgment debtors or are in possession or in custody of property
in which the judgment debtors have a beneficial ownership interest in assets as described in Exhibit "A" annexed hereto;
and

**TAKE NOTICE** *that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to
make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest,
except as therein provided.*

**TAKE FURTHER NOTICE** *that this notice also covers all property in which the judgment debtor has an
interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment
debtor.*

### CIVIL PRACTICE LAW AND RULES

133744

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** *that disobedience of this Restraining Notice is punishable as a contempt of court.*

Dated: June 16, 2008
     New York, NY

*Liviu Vogel, Esq.*
*Attorneys for Judgment Creditor:*
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, New York 10017
(212) 661-7100

Exhibit A

THE CONTENTS OF EXHIBIT "A" IS
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
ISSUED ON JUNE 11, 2008, IN

PETERSON v. ISLAMIC REPUBLIC OF
IRAN, 01-cv-2094 (D.D.C.) (RCL)

GREENBAUM v. ISLAMIC REPUBLIC
OF IRAN, 02-cv-2148 (D.D.C.) (RCL)

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**EXBIBIT B**

The Judgment that was attached to the original hereof is omitted to conserve paper.  See copy of Judgment at Exhibit A to the Complaint herein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEBORAH PETERSON Personal Representative of the
Estate of James C. Knipple (Deceased), et al.,

*Index No. 08-0472*

AFFIDAVIT OF SERVICE

*Plaintiff(s)*

*against*

Islamic Republic of Iran et al,

*Defendants,*

| State of New York | ) | |
|---|---|---|
| | ) | ss.: |
| County of New York | ) | |

William Cortellessa, being duly sworn, deposes and says:

1.     That I am over 18 years of age and not a party to this action.

2.     That I served a Restraining Notice on Clearstream Banking S.A. in the following manner:

By personally delivering to and leaving a true copy thereof with Precy Lopez, the secretary/assistant to Michael J. Barrett, Director of Clearstream Banking S.A., a person of suitable age and discretion, on June 16, 2008 at 4:15pm at 350 Madison Avenue, 23rd Floor, New York, NY 10017.

I mailed a true copy thereof to the Michael J. Barrett, Director of Clearstream Banking S.A at 350 Madison Avenue, 23rd Floor, New York, NY 10017 on June 16, 2008.

3.     The description of the person served is:

Sex: Female;

Skin Color: Brown

133758

Race/Ethnicity:  Hispanic;

Hair color: Black;

Approximate age: 40-50 years old;

Approximate weight: 140-160 lbs;

Approximate height: 5' 4"- 5' 6";

Other identifying features: glasses.

4.      To the best of my knowledge, information, and belief, Michael J. Barrett,

Director of Clearstream Banking S.A, was not engaged in military service of the United

States at the time of service.

_____
William Cortellessa

Sworn to before me, on
this 17 day of June, 2008.

_____
Notary Public

ADRIA MERCEDES PONCE
Notary Public, State of New York
No. 01PO6067690
Qualifiedin Bronx County
Commission Expires December 17, 2008 09

133758

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK   )

William J. Cortellessa, being duly sworn, deposes and says:

1.     I am not a party to this action and am over the age of 18 years and reside in the State of New York, County of Westchester.

2.     On June 17, 2008, I served a true copy of the within Restraining Notice to Garnishee and supporting papers via certified mail return receipt request by enclosing a true copy of same in a postpaid properly addressed wrapper and depositing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon the following at his last known address designated for that purpose to:

Clearstream Banking S.A.
350 Madison Avenue
23rd Floor
New York, NY 10017

William J. Cortellessa

Sworn to before me this

17 TH day of June , 2008

Notary Public

SETH R. GOTTLIEB
Notary Public, State of New York
Registration #02GO6054429
Qualified in New York County
Commission Expires 7/5/11

127251

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEBORAH PETERSON Personal Representative of the Estate
of James C. Knipple (Deceased), et al.,

*Plaintiff(s)*

*against*

Islamic Republic of Iran et al,

*Defendants,*

*Index No. 08 - 0472*

*AMENDED RESTRAINING NOTICE*
*TO GARNISHEE*

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Iman Khomeini SQ
Tehran-Iran

Iranian Ministry of Information and
Security
c/o Gholam Hossein Mohseni Ejeie
Second Negarestan Street
Pasdaran Avenue
Tehran-Iran

Judgment debtors

## THE PEOPLE of the STATE OF NEW YORK

TO:   **CLEARSTREAM BANKING S.A.**                    Garnishee: GREETINGS:
      350 Madison Avenue
      23rd Floor
      New York, NY 10017

**WHEREAS,** in an action in the United States District Court, District of Columbia, between DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, as Plaintiffs, and ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY as defendants, who are all the parties named in said action, a judgment was entered on September 9, 2007 in favor of Plaintiffs, DEBORAH PETERSON, Personal Representative of the Estate of James C. Knipple (Deceased) and the plaintiffs listed in Exhibit "B" annexed hereto, judgment creditors against Defendants, ISLAMIC REPUBLIC OF IRAN and the IRANIAN MINISTRY OF INFORMATION AND SECURITY, judgment debtors, in the amount of $2,656,944,877.00 of which $2,656,944,877.00, together with interest thereon from September 9, 2007 remains due and unpaid; and

**WHEREAS,** said Judgment was filed in the Clerk's office of the Supreme Court of the State of New York, County of New York on June 16, 2008, and

**WHEREAS,** it appears that you owe a debt to the judgment debtors or are in possession or in custody of property in which the judgment debtors have a beneficial ownership interest in assets as described in Exhibit "A" annexed hereto; and

**TAKE NOTICE** *that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.*

**TAKE FURTHER NOTICE** *that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.*

CIVIL PRACTICE LAW AND RULES

133744

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** *that disobedience of this Restraining Notice is punishable as a contempt of court.*

Dated: June 20, 2008
    New York, NY

*Liviu Vogel, Esq.*
*Attorneys for Judgment Creditor:*
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, New York 10017
(212) 661-7100

THE CONTENTS OF EXHIBIT "A" IS
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
ISSUED ON JUNE 11, 2008, IN

<u>PETERSON v. ISLAMIC REPUBLIC OF
IRAN</u>, 01-cv-2094 (D.D.C.) (RCL)

<u>GREENBAUM v. ISLAMIC REPUBLIC
OF IRAN</u>, 02-cv-2148 (D.D.C.) (RCL)

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**EXBIBIT B**


The Judgment that was attached to the original hereof is omitted to conserve paper.  See copy of Judgment at Exhibit A to the Complaint herein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| DEBORAH PETERSON Personal Representative of the Estate of James C. Knipple (Deceased), et al., | Index No. 08-0472 |
| Plaintiff(s) | AFFIDAVIT OF SERVICE |
| against |  |
| Islamic Republic of Iran et al, |  |
| Defendants, |  |

State of New York       )
                         )  ss.:
County of New York      )

William Cortellessa, being duly sworn, deposes and says:

1.       That I am over 18 years of age and not a party to this action.

2.       That I served an Amended Restraining Notice to Garnishee, cover letter regarding the Amended Restraining Notice to Garnishee, Subpoena Duces Tecum Witness, and an original and a copy of an Information Subpoena, with a self addressed stamped envelope, on Clearstream Banking S.A. in the following manner:

By personally delivering to and leaving a true copy thereof with Precy Lopez, the secretary/assistant to Michael J. Barrett, Director of Clearstream Banking S.A., a person of suitable age and discretion, on June 23, 2008 at 3:31 pm at 350 Madison Avenue, 23rd Floor, New York, NY 10017.

I mailed a true copy thereof to the Michael J. Barrett, Director of Clearstream Banking S.A at 350 Madison Avenue, 23rd Floor, New York, NY 10017 on June 23, 2008.

3.       The description of the person served is:

133954

Sex: Female;

Skin Color: Brown

Race/Ethnicity:  Hispanic;

Hair color: Black;

Approximate age: 40-50 years old;

Approximate weight: 140-160 lbs;

Approximate height: 5' 4"- 5' 6";

Other identifying features: glasses.

4.      To the best of my knowledge, information, and belief, Michael J. Barrett,

Director of Clearstream Banking S.A, was not engaged in military service of the United

States at the time of service.

William Cortellessa

Sworn to before me, on
this  23rd day of June, 2008.

Notary Public

SETH R. GOTTLIEB
Notary Public, State of New York
Registration #02GO6054429
Qualified in New York County
Commission Expires  7/5/11

133954

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEBORAH PETERSON Personal Representative of the
Estate of James C. Knipple (Deceased), et al.,

*Index No. 08-0472*

*Plaintiff(s)*

AFFIDAVIT OF SERVICE

*against*

Islamic Republic of Iran et al,

*Defendants,*

State of New York          )
                           )    ss.:
County of New York         )

William J. Cortellessa, being duly sworn, deposes and says:

1.      That I am over 18 years of age and not a party to this action.

2.      That I served a check for $15.00 on Clearstream Banking, S.A. in the

following manner:

I initially attempted to deliver the $15.00 check to Precy Lopez, the

secretary/assistant to Michael J. Barrett, while she was sitting at the front desk. Ms.

Lopez initially refused to accept the check and disappeared into the office. Ms. Lopez

returned with a man who identified himself as Thomas Hopkins. Mr. Hopkins accepted

the check and stated to me that he was a customer service manager of Clearstream

Banking, S.A.

I then personally delivered to and left the check for $15.00 payable to Clearstream

Banking, S.A., with Thomas Hopkins, who indicated he was a customer service manager,

133976

a person of suitable age and discretion, on June 24, 2008 at 1:09 pm at 350 Madison

Avenue, 23rd Floor, New York, NY 10017, in the presence of Precy Lopez.

     I then mailed a true copy thereof to the Michael J. Barrett, Director of Clearstream

Banking S.A at 350 Madison Avenue, 23rd Floor, New York, NY 10017 on June 24,

2008.

    3.     The description of Precy Lopez is:

Sex: Female;

Skin Color: Brown

Race/Ethnicity:  Hispanic;

Hair color: Black;

Approximate age: 40-50 years old;

Approximate weight: 140-160 lbs;

Approximate height: 5' 4"- 5' 6";

Other identifying features: glasses.


The description of Thomas Hopkins, the person served is:

Sex:     Male;

Skin Color: White;

Race:   Caucasian;

Hair Color:     Gray (intermixed with black/dark brown);

Age:    50-60 years old;

Approximate weight: 180-220 lbs;

Approximate height:  5'8- 5'11;

133976

Other identifying features: glasses.

4.      To the best of my knowledge, information, and belief, Michael J. Barrett,

Director of Clearstream Banking S.A, was not engaged in military service of the United

States at the time of service.

William J. Cortellessa

Sworn to before me, on
this 24th day of June, 2008.

Notary Public

SETH R. GOTTLIEB
Notary Public, State of New York
Registration #02GO6054429
Qualified In New York County
Commission Expires 7/5/11

133976

Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-------------------------------------------- x

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), et al.,

                  Plaintiffs,

        v.

ISLAMIC REPUBLIC OF IRAN, et al.,

                  Defendants.

-------------------------------------------- x

Case No. 18 Misc. 8302 (JGK)


(Civil Action Nos. 01-2094 (RCL)
and 1-2684 (RCL) (D.D.C.))

## FINAL ORDER

    Upon consideration of the Order to Show Cause submitted by Citibank, N.A. ("Citi") with supporting documentation, the testimony and documentary evidence submitted by Clearstream Banking, S.A. ("Clearstream") at the hearing in the above-captioned action, which commenced on June 27, 2008 at 10:00 a.m. in Courtroom 12B, and the argument of counsel, and for the reasons stated by the Court in the record, it is hereby

    **ORDERED**, that the restraints on funds segregated at Citi totaling $250,000,000.00 and corresponding to securities ISIN US298785DM51 and ISIN US465410BK38 are hereby vacated; and it is further

    **ORDERED**, that the Writ of Execution served on Citi on June 13, 2008 and the Amended Restraining Notice served on Clearstream Banking S.A. on June 19, 2008 are modified to the extent of excluding ISIN US298785DM51 and ISIN US46510BK38 from the list of securities listed in Exhibit A of the aforementioned Writ and Restraining Notice; and it is further

    **ORDERED**, that the discovery Plaintiffs served on Clearstream and Citi thus far are hereby withdrawn without prejudice and it is hereby;

    **ORDERED**, that the prior scheduling order entered in this case on June 23, 2008 is hereby vacated; and it is further

    **ORDERED**, that the portions of the transcript of the hearing held on June 27, 2008 in this case containing Confidential Material and proprietary banking information shall remain sealed and subject to Judge Lamberth's June 11, 2008 Protective Order; and it is further

    **ORDERED**, that Citi and Clearstream will reconcile the restraint with respect to ISIN US676167AJ88 in accordance with the statements made on the record .

So ordered.

6/27/08

U.S.D.J.

Exhibit G