# CHAFFETZ LINDSEY LLP

ANDREAS A. FRISCHKNECHT | PARTNER

DIRECT: 212 257 6965 | A.FRISCHKNECHT@CHAFFETZLINDSEY.COM

October 15, 2013

By E-Mail (ForrestNYSDChambers@nysd.uscourts.gov) and ECF

Hon. Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 17 2013

Re: *Peterson et al. v. Islamic Republic of Iran et al.*, No. 10 Civ. 4518 (KBF)

Dear Judge Forrest:

I write on behalf of Bank Markazi, the Central Bank of Iran ("Bank Markazi" or "the Bank") to raise the issue of this Court's jurisdiction over Plaintiffs' remaining claims against Bank Markazi in this action (the "Remaining Claims") in light of Bank Markazi's notice of appeal (Dkt # 514) from the Court's October 8, 2013 Order (Dkt. # 508) denying the Bank's motion to dismiss the Remaining Claims for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 (the "FSIA"). For the reasons that follow, we respectfully submit that the Court lacks jurisdiction over the Remaining Claims against Bank Markazi pending the Second Circuit's resolution of Bank Markazi's appeal.

Consequently, this action cannot proceed with respect to Bank Markazi unless and until the Second Circuit remands jurisdiction over the Remaining Claims to this Court. **Accordingly, Bank Markazi respectfully requests that the Court (1) vacate as to Bank Markazi the October 15, 2013 Revised Scheduling Order (Dkt. # 513) entered in this action, which *inter alia* requires Bank Markazi to complete fact discovery by November 15, 2013 and expert discovery by November 22, 2013 and provides for a trial on the merits commencing on March 10, 2014; and (2) defer all further proceedings against Bank Markazi in this Court until the Second Circuit resolves Bank Markazi's appeal or otherwise remands jurisdiction over the Remaining Claims against the Bank to this Court.**

1. Bank Markazi's Appeal from the Court's Denial of FSIA Immunity Divests This Court of Jurisdiction Over Plaintiffs' Remaining Claims Against the Bank.

The Second Circuit has consistently held that a sovereign defendant such as Bank Markazi here has an immediate right to appeal an order denying immunity from suit under the collateral order doctrine. *See, e.g., Blue Ridge Investments, L.L.C. v. Republic of Argentina*, --- F.3d ----, No. 12-4139-cv, 2013 WL 4405316, *5 (2d Cir. Aug. 19, 2013) ("[A] denial of foreign sovereign immunity satisfies the conditions necessary to invoke the collateral order doctrine."); *Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Corp.*, 204 F.3d

384, 387 (2d Cir. 2000) ("[T]he denial, on FSIA immunity grounds, of a motion to dismiss is immediately appealable as a collateral order."); *see generally Balintulo v. Daimler AG*, 727 F.3d 174, 193 (2d Cir. 2013) ("In contrast to the discretionary review mechanisms of certification and mandamus, collateral order appeals are taken as of right and do not depend on an individualized jurisdictional inquiry.") (internal quotations and citations omitted).

The purpose of a sovereign defendant's immediate right to appeal a denial of immunity under the FSIA is to "allow[] a foreign sovereign to avoid trial and the attendant burdens of litigation." *Blue Ridge Investments*, 2013 WL 4405316, *5. It necessarily follows that litigation against a sovereign defendant in the district court cannot proceed during the pendency of the sovereign defendant's appeal. *Ungar v. Palestine Liberation Organization*, 402 F.3d 274, 293 (1st Cir. 2005) ("[A] district court's denial of a motion to dismiss a complaint on the ground of foreign sovereign immunity is immediately appealable under the collateral order doctrine. *And such an appeal ordinarily divests the district court of jurisdiction to proceed with the litigation pending its resolution.*") (internal quotation and citations omitted, emphasis added); *Licea v. Curaçao Drydock Co., Inc.*, 870 F.Supp.2d 1360, 1366 (S.D. Fla. 2012) (same).

Yet here, the Court has entered the Revised Scheduling Order requiring Bank Markazi to complete fact discovery by November 15, 2013 and expert discovery by November 22, 2013, and providing for a trial on the merits beginning on March 10, 2014. If allowed to stand, the Revised Scheduling Order will render illusory Bank Markazi's right to avoid trial and the attendant burdens of litigation unless and until the threshold issue of the Bank's immunity from suit is definitely resolved in Plaintiffs' favor on appeal. The Second Circuit has made abundantly clear that allowing this case to proceed to trial in the interim would contravene the very purpose of Bank Markazi's right to an immediate appeal from this Court's denial of FSIA immunity in the October 8, 2013 Order:

> [W]hen the jurisdictional issue is one of *immunity*, including sovereign immunity, appeal from final judgment cannot repair the damage that is caused by requiring the defendant to litigate. [S]overeign immunity is an immunity from trial and the attendant burdens of litigation[.] A sovereign that is required to litigate a case on the merits before it can appeal the assertion of jurisdiction over it has not been afforded the benefit of the immunity to which it is entitled.

*Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) (internal quotations and citations omitted, second and third alterations and emphasis in original). In sum, this Court lacked jurisdiction to enter the October 15, 2013 Revised Scheduling Order, and it must be vacated as to Bank Markazi.

### 2. Absent a Remand From the Second Circuit, Litigation Against Bank Markazi Cannot Proceed in this Court.

At the October 11, 2013 status conference in this action, the Court indicated that it believes it retains jurisdiction over the Remaining Claims against Bank Markazi notwithstanding Bank Markazi's appeal from the October 8, 2013 Order, *unless* the Second Circuit affirmatively withdraws the mandate from this Court. *See* Oct. 11, 2013 Tr. at 11-12. Respectfully, that is incorrect. Indeed, the opposite is true: absent an order from the Second Circuit remanding the

litigation to this Court, the Court now lacks jurisdiction over Plaintiffs' Remaining Claims against Bank Markazi in light of the Bank's pending appeal of the Court's Order denying FSIA immunity.

Where, as here, a defendant has appealed from a denial of immunity, only the Second Circuit has the necessary authority to allow further litigation in the district court to go forward before the appeal is resolved by "remand[ing] the litigation to the District Court, *thereby restoring its jurisdiction to proceed* with pretrial proceedings and a trial." *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 171 (2d Cir. 2007) (emphasis added); *cf. Balintulo*, 727 F.3d at 193 n.30 (where defendant-appellant *did not* contend that it was immune from suit and instead appealed on other grounds, remand was unnecessary because the Second Circuit "presume[d] that the District Court ha[d] jurisdiction to continue with the case in the absence of a stay from this Court pending resolution of the appeal") (internal quotation and citation omitted).

Nor is Bank Markazi required to seek a stay of proceedings in this Court, because the Bank's appeal from this Court's denial of FSIA immunity *ipso facto* divested the Court of jurisdiction over Plaintiffs' Remaining Claims against the Bank. *See New York v. Locke*, No. 08-CV-2503 (CPS)(RLM), 2009 WL 2413463, *3 (E.D.N.Y. Aug. 3, 2009) (where defendant had "a colorable claim to a sovereign immunity defense" and appeal was not "frivolous," district court held that under "the Second Circuit's decision in the World Trade Center litigation, . . . I am without jurisdiction over further proceedings against defendant . . . pending resolution of [defendant]'s interlocutory appeal"). Therefore, the defendant's motion for a stay of proceedings was "superfluous." *Id.*; *accord. Bradley v. Jusino*, No. 04 Civ. 8411, 2009 WL 1403891, *2 (S.D.N.Y. May 18, 2009) (defendant's request for a stay of proceedings pending appeal was moot where district court "lack[ed] jurisdiction to proceed with the damages trial in light of Defendant's interlocutory appeal" on grounds of qualified immunity).

For all of these reasons, Bank Markazi respectfully requests that the Court vacate the October 15, 2013 Revised Scheduling Order as to Bank Markazi and defer all further proceedings against Bank Markazi in this action pending an order from the Second Circuit remanding the litigation to this Court. Alternatively, should the Court conclude—contrary to Bank Markazi's argument and the authorities discussed above—that it retains jurisdiction over the Remaining Claims notwithstanding Bank Markazi's pending appeal from the Court's October 8, 2013 Order, Bank Markazi respectfully requests that the Court enter an order to that effect in the interest of a clear record, so that Bank Markazi may then seek appropriate relief from the Second Circuit on an expedited basis.

Respectfully submitted,

Andreas A. Frischknecht

cc: all counsel of record (by e-mail)

210614 2

**Order**

If you believe the Court is divested of jurisdiction there should be no need for the Court to vacate orders — such orders would be unenforceable. If you are correct, so be it. If you are incorrect, the orders stand.

K.B.F. U.S.D.J.

10/17/13