UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 17, 2015
```

------------------------------------------------------------X
                                                            :
                                                            :
                                                            :
IN RE: 650 FIFTH AVENUE AND                                 :       08-cv-10934 (KBF)
RELATED PROPERTIES                                          :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X
                                                            :
                                                            :
DEBORAH D. PETERSON, Personal                               :
Representative of the Estate of James C. Knipple            :
(Dec.) et al.,                                              :       10-cv-4518 (KBF)
                                                            :
                          Plaintiffs,                       :
                                                            :       MEMORANDUM
             -v-                                            :       DECISION & ORDER
                                                            :
ISLAMIC REPUBLIC OF IRAN et al.,                            :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On March 11, 2015, John Relvas, John Kees, and Mark Boyd (the "movants")

filed a motion to intervene in the above-captioned actions.  (ECF No. 1295 in 08-cv-

10934; ECF No. 573 in 10-cv-4518.)  Although the movants have not yet obtained

any judgment against Iran,[1] they seek to intervene individually and on behalf of a

_____

[1] The movants filed a liability action against Iran and the Iranian Ministry of Information and
Security ("MOIS") on October 20, 2014.  The amended complaint, which is attached to the
intervention motion before the Court, is dated March 6, 2015.  (See Memorandum of Law in Support
of the Motion to Intervene ("Opening Mem.") at Ex. 1, ECF No. 1298 (08-cv-10934) and ECF No. 574
(10-cv-4518).)

"limited fund" class under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure in order to have the assets at issue in the above-captioned actions distributed <u>pro rata</u> among all victims of Iran-sponsored terrorism.[2]  For the reasons set forth below, the motion to intervene is DENIED.

To start, this Court lacks jurisdiction to entertain the motion to intervene because the Court's summary judgment orders in the <u>650 Fifth Avenue</u> action (08-cv-10934) are on appeal before the Second Circuit, and a petition for certiorari is pending before the U.S. Supreme Court in the <u>Peterson</u> action (10-cv-4518).[3]  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982) (citation omitted).  Here, the movants move to intervene in order to seek substantially the same relief that is the subject of the pending appeals.  If the Court grants the motion to intervene, the movants would have standing to participate in, and thereby disrupt, the ongoing proceedings in the Second Circuit and the Supreme Court.  As a result, the Court lacks jurisdiction to

---

[2] Specifically, the proposed class is defined as follows:

> All persons who have filed claims against the Islamic Republic of Iran pursuant to 28 U.S.C. §§ 1605(a)(7) or 1605A by a date to be determined by the court and who obtain a judgment on those claims, provided such claims arise from an act for which Iran was previously adjudged liable under 28 U.S.C. §§ 1605(a)(7) or 1605A.

(Class Action Complaint ¶ 60, ECF No. 1298-2 (08-cv-10934) and ECF No. 574-2 (10-cv-4518).)

[3] The Second Circuit affirmed this Court's turnover order in <u>Peterson</u>, <u>see</u> <u>Peterson v. Islamic Republic of Iran</u>, 758 F.3d 185 (2d Cir. 2014), but granted Bank Markazi's motion to stay the mandate.  Bank Markazi filed a petition for certiorari with the U.S. Supreme Court on December 29, 2014.

entertain the motion to intervene.  See Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs. Inc., 488 F.3d 88, 94 (2d Cir. 2007).

Even if the Court had jurisdiction to entertain the motion, the motion must be denied as untimely for the reasons set forth in the Court's orders denying other intervention motions.  (See ECF Nos. 1133 and 1299 in 08-cv-10934.)

"Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'  If it is untimely, intervention must be denied." NAACP v. New York, 413 U.S. 345, 365 (1973).  "Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness."  United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987) (citations omitted).[4]

The movants knew or should have known for many years of their interest in the assets at issue in 650 Fifth Avenue and Peterson.  These actions—which have received significant media coverage—were filed in 2008 (650 Fifth Avenue)[5] and

---

[4] In the Second Circuit, "substantially the same factors" govern motions to intervene "whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)."  "R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir. 2006) (citation omitted).

[5] The Government provided notice by publication of the 650 Fifth Avenue forfeiture action, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  This notice by publication clearly set forth the procedure for filing a claim to the properties at issue in 650 Fifth Avenue.  The movants did not file any such claim.

2010 (<u>Peterson</u>), yet the movants did not seek to intervene until March 11, 2015—
one day before the appeal in <u>650 Fifth Avenue</u> became fully briefed and 2.5 months
after Bank Markazi filed a certiorari petition in <u>Peterson</u>.  Moreover, while other
terrorism victims have been pursuing recoveries against Iran for over a decade, the
movants filed a liability action against Iran only six months ago.

    The movants' intervention would prejudice the plaintiffs in the <u>650 Fifth
Avenue</u> and <u>Peterson</u> actions—both of which are at very advanced stages—by
interfering with multiple settlement agreements.  <u>See</u> <u>United States v. Pitney
Bowes, Inc.</u>, 25 F.3d 66, 72 (2d Cir. 1994) ("[J]eopardizing a settlement agreement
causes prejudice to the existing parties to a lawsuit." (citation omitted)).  In <u>650
Fifth Avenue</u>, all but one of the judgment-creditor groups settled issues of priority
among themselves and between themselves and the Government.  In <u>Peterson</u>, all
plaintiffs settled issues of priority among themselves.  The judgment creditors in
<u>Peterson</u> also settled certain claims against defendants Clearstream Banking, S.A.
and Banca UBAE S.p.A.

    The intervention would also undermine the extensive efforts that plaintiffs
have undertaken in the <u>650 Fifth Avenue</u> and <u>Peterson</u> actions.  <u>See</u> <u>Nat'l Union
Fire Ins. Co. of Pittsburgh, Pa. v. Sun</u>, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at
*6 (S.D.N.Y. Aug. 25, 1994) (denying intervention where it would "take advantage
unfairly of money and effort expended by others").  Unlike the movants, the
judgment creditors in both actions have diligently pursued their claims and the

enforcement of their judgments over many years, and they would be substantially prejudiced by intervention at this advanced stage of the proceedings.

By contrast, the movants will not be significantly prejudiced by a denial of intervention.  While the movants assert that "[i]t is unlikely that substantial additional, seizable Iranian assets are present in the United States" and that the assets located in Iran are "useless as a means for satisfying the class's claims" (Opening Mem. at 9), the movants have not made a showing that no other assets could be collected to satisfy any future judgment.  See Republic of Philippines v. Christie's, No. 98 Civ. 3871 (RPP), 2000 WL 1056300, at *4 (S.D.N.Y. Aug. 1, 2000).

Finally, there are no "unusual circumstances" militating for a finding of timeliness.  The movants argue that "[d]enying the motion to intervene is likely tantamount to permanently denying many of Iran's victims compensation for injuries to themselves and for injuries to and deaths of their loved ones."  (Opening Mem. at 18-19).  The Court is, of course, sympathetic to victims of terrorism. However, while some victims sat on their rights, the judgment creditors in 650 Fifth Avenue and Peterson diligently pursued their claims for many years and at great expense.  To frustrate their efforts now, at such a late stage in the proceedings, would be manifestly unjust.

In sum, upon considering the relevant factors, the Court finds that the intervention motion is untimely.

The motion must be denied for an additional reason: the movants have failed to show a "direct, substantial, and legally protectable" interest in the assets at issue

in the 650 Fifth Avenue and Peterson actions.  See Washington Elec. Coop., Inc. v.

Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).  The movants have

not even obtained a liability judgment against Iran, much less demonstrated any

cognizable interest in the specific assets at issue in these actions.[6]

In any event, a limited fund class action is inappropriate here.  In Ortiz v.

Fibreboard Corp., 527 U.S. 815 (1999), the Supreme Court identified "presumptively

necessary" conditions for certification in limited fund cases.  One of these conditions

is "a 'fund' with a definitely ascertained limit," id. at 841, such that "the totals of the

aggregated liquidated claims and the fund available for satisfying them, set

definitely at their maximums, demonstrate the inadequacy of the fund to pay all the

claims," id. at 838.  Classic examples include "trust assets, a bank account,

insurance proceeds, company assets in a liquidation sale, [and] proceeds of a ship

sale in a maritime accident suit."  Id. at 834 (quoting 1 Newberg § 4.09, at 4-33)

(internal quotation mark omitted); see also id. at 842 ("[T]he greater the leniency in

departing from the historical limited fund model, the greater the likelihood of

abuse.").  Here, the "fund" for satisfying judgments against Iran—a solvent

---

[6] The movants' reliance on the Third Circuit's decision in Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361 (3d Cir. 1995), is misplaced.  In Mountain Top, the Third Circuit determined that condominium owners could intervene in a pending lawsuit between their condominium association and two contractors.  That lawsuit concerned a dispute over funds that the association's board was required to hold in trust for the owners' benefit—and as to which the intervening owners had filed a separate action against the association.  See id. at 364-65, 367.  Here, by contrast, the movants' asserted interest is that the assets at issue may, someday, be used to satisfy their yet-nonexistent judgments against Iran.  That is not a legally cognizable interest.  See id. at 366 ("In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene.  Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." (citations omitted)).

defendant with unlimited liability—does not have any definitely ascertained limit, and certainly is not limited to the assets at issue in 650 Fifth Avenue and Peterson. As noted above, the movants have not made—and cannot make—any affirmative showing that no other assets are, or will become, available to satisfy judgments against Iran.

Finally, the Court notes that the Levins' argument (which the movants adopt)—that "[a]ny victim has the right to claim compensation from a government forfeiture action, at any time until the funds at issue have been distributed" (ECF No. 577 in 10-cv-4518)—does not warrant intervention in 650 Fifth Avenue. While 28 C.F.R. § 9.8 does set up a remission procedure for victims, the Government has discretion in deciding whether and how to remit forfeited assets. See 18 U.S.C. § 981(d) ("The Attorney General shall have sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding."); see also id. § 981(e) ("[T]he Attorney General . . . is authorized to retain property forfeited pursuant to this section, or to transfer such property on such terms and conditions as he may determine . . . as restoration to any victim of the offense giving rise to the forfeiture . . . .").  The Court is not aware of any case law suggesting that the Government may not decide to remit forfeited assets to a particular group of judgment creditors via settlement.

For these reasons, the motion to intervene is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 1295 (08-cv-10934) and 573 (10-cv-4518).

SO ORDERED.

Dated:      New York, New York
            April 17, 2015

_____
      KATHERINE B. FORREST
      United States District Judge