```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 6, 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DEBORAH D. PETERSON, Personal                                     :
Representative of the Estate of James C. Knipple                  :
(Dec.) et al.,                                                    :    10 Civ. 4518 (KBF)
                                                                  :
                              Plaintiffs,                         :    MEMORANDUM
                                                                  :    DECISION & ORDER
           -v-                                                    :
                                                                  :
ISLAMIC REPUBLIC OF IRAN et al.,                                  :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      This is the final chapter in a protracted saga. Plaintiffs are judgment creditors comprised of more than a thousand individuals, each of whom are victims or estates of victims who have suffered injury or wrongful death arising from acts of Iran-sponsored terrorism. Plaintiffs had obtained judgments against Iran totaling billions of dollars and had duly registered those judgments with this Court. Plaintiffs brought this action in June 2010, seeking turnover of approximately $ 1.75 billion assets then held at Citibank, N.A.—the cash proceeds of bonds that the Central Bank of Iran, Bank Markazi, had held in an account with financial intermediary Clearstream S.A.—in order to satisfy those outstanding judgments. On February 28, 2013, this Court granted the plaintiff's motion for partial summary judgment and turnover of the assets. (ECF No. 367.) On July 9, 2013, by Court order, a trust was created for the benefit of the plaintiffs (the "QSF"), and the funds were transferred to the QSF.

Bank Markazi appealed.  The Second Circuit affirmed this Court's judgment on July 9, 2014, and the Supreme Court affirmed on April 20, 2016.  The Supreme Court issued judgment on May 23, 2014, and the Mandate and Judgment of the Second Circuit issued on May 24, 2016.  Having received a number of rather random filings, this Court then directed all parties to make any final submissions not later than June 1, 2016.  (ECF No. 621.)

Before the Court now are the following requests:

1) Plaintiffs / Judgment Creditors' motion for entry of an order authorizing distribution of funds in the QSF pursuant to the Court's Partial Final Judgment dated July 9, 2013 ("Distribution Motion") (ECF No. 617)[1];

2) Opposition to Distribution Motion by Jay Glenn ("Glenn") and parallel Motion for Intervention (ECF Nos. 625, 636);

3) Opposition to Distribution Motion by David J. Cook and Cook Collection Attorneys, PLC ("Cook") and parallel Motion for Intervention (ECF Nos. 620, 626, 364);[2]

4) Request of Gregg Salzman and Avi Elishis ("Salzman and Elishis") to set aside $29.5 million in escrow and parallel Motion for Intervention (ECF Nos. 614, 615, 618);[3] and

---

[1] The Court has also received plaintiffs' response to the below motions, (ECF No. 638) and a response from the Estate of Michael Heiser, et. al. ("Heisers") which objected to the requests to intervene to the extent that they seek to attach any of the moneys due to the Heisers and their counsel or otherwise delay the distribution of such funds, (ECF No. 632).

[2] Cook also filed a motion to expedite—which was actually a motion to submit further filings—on June 3, 2016.  (ECF No. 643.)

[3] The Court has also received non-party Neal M. Sherr's opposition to this motion.  (ECF No. 641.)

5) Banca UBAE, S.p.A.'s ("UBAE") request for $70,128.40 plus post-judgment interest to be set aside to satisfy the Supplemental Judgment in a separate action, Peterson v. Islamic Republic of Iran, 13 Civ. 9195 ("Peterson II") (ECF No. 184) which is currently on appeal to the Second Circuit (ECF Nos. 611, 619)

The Court has also received a short letter from Bank Markazi stating that it has "no further comment at this juncture concerning any of the recent filings in this action." (ECF No. 627.)

As to the applications of Glenn, Cook, and Salzman and Elishis, none adequately establish the elements required in Fed. R. Civ. P. 24. All three motions to intervene are untimely for similar reasons as those this Court articulated in its denial of a prior motion to intervene in this action on April 17, 2015. (ECF No. 586.) The Court focuses in particular on the element of timeliness. Each of the proposed intervenors have sat on their alleged rights to intervene for years. Salzman and Elishis, who argue that their attorneys' malpractice resulted in their inability to partake in the distribution, did not provide the Court with any basis for intervention under Fed. R. Civ. P. 24 and have failed to provide any rationale for why their motion is timely. While both Glenn and Cook claim that their motions are timely because there was no guarantee that the judgment for turnover of assets would be upheld on appeal and that the funds would actually be distributed given the appeal, this merit is without argument. For any intervention action, there is no "guarantee" that the outcome the party seeking intervention wishes to avoid would

happen until final judgment; Glenn and Cook's interpretation would actually render the timeliness requirement of Rule 24 effectively useless.

In addition, both Glenn and Cook reference charging liens they have each filed in the District of Columbia. To enforce a charging lien in federal courts in New York, an attorney must meet the requirements of N.Y. Jud. Law § 475, which requires that any such lien must be "for the benefit of an 'attorney of record' only." Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 450 (2d Cir. 1998) (quoting N.Y. Jud. Law § 475). Neither Glenn nor Cook, two attorneys who claim that they are entitled to a share of the attorneys' fees from the plaintiffs, neither had entered an appearance in this action. Thus, they have not advanced a proper basis for enforcing any charging lien under N.Y. Jud. Law § 475.

Thus, the motions to intervene are DENIED.

The Court notes separately that Salzman and Elishis have submitted a copy of an order issued by the U.S. District Court for the District of Columbia in connection with a different action before this Court, In re 650 Fifth Ave & Related Properties, 08 Civ. 10934. (ECF No. 1360.) That District of Columbia order references the fact that Salzman and Elishis entered into an agreement with their former attorneys Sher and the American Center for Civil Justice that Salzman and Elishis shall pay 30% of any recovery they may obtain in their default judgments into an escrow account. These matters do not require action by this Court; these parties should abide by any agreements they have made. This Court will not separately escrow funds from the QSF for Salzman and Elishis.

As to UBAE's request to set aside $70,128.40 for the supplemental judgment, the Court understands that plaintiffs have consented to escrowing that amount pending the outcome of the Peterson II appeal. Accordingly, plaintiffs shall ensure that such amounts are properly escrowed. The Court declines any application to escrow additional funds.

For the above reasons, the three motions to intervene are DENIED. Salzman and Elishis's application to hold funds in escrow is DENIED. Plaintiffs shall escrow funds for the supplemental judgment referenced above. The Court shall separately enter an Order authorizing the distribution of QSF funds **and to terminate this action**. The Clerk of Court shall terminate the motions at ECF Nos. 613, 631, 633, 634, 635, 639, and 643.

SO ORDERED:

Dated:   New York, New York
         June 6, 2016

_____
KATHERINE B. FORREST
United States District Judge