UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), *et al.*,

                    Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, BANK
MARKAZI a/k/a CENTRAL BANK OF IRAN;
BANCA UBAE SpA; CITIBANK, N.A., and
CLEARSTREAM BANKING, S.A.,

                    Defendants.

10 Civ 4518 (KBF)

ORDER AUTHORIZING
DISTRIBUTION OF FUNDS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 06 2016

      WHEREAS, the Court entered a partial final judgment in this matter pursuant to Fed. R. Civ. P. 54(b) on July 9, 2013, awarding turnover of the sum of $1,895,600,513.03 plus interest ("Blocked Assets") by Citibank, N.A. to certain judgment creditors holding judgments against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"), who are identified as the "Plaintiffs" in said partial final judgment (the "Turnover Judgment") (Dkt. No. 462);

      WHEREAS, the Court entered an Order on July 9, 2013, by which it created a trust for the benefit of the Plaintiffs (the "QSF") for the purpose of, *inter alia*, receiving the turnover of the Blocked Assets; holding the Blocked Assets in accordance with the terms of that Order pending appeal of the Turnover Judgment; and distributing the Blocked Assets to the individual Plaintiffs in accordance with the terms of Plaintiffs' agreement concerning the distribution of those funds, as set forth in a written agreement executed by counsel for the Plaintiffs dated as of June 1, 2012 entitled "Litigation Cooperation and Settlement Agreement" (hereinafter, "Cooperation Agreement") and in written agreements between the Plaintiffs and other judgment creditors of Iran (the "QSF Order") (Dkt. No. 460);

1

WHEREAS, the QSF is governed by the Agreement for the Peterson §468B Fund Pursuant to 26 U.S.C. §468B, executed by the trustee of the QSF, Hon. Stanley Sporkin (the "Trustee"), and filed with the Court on July 9, 2013 (the "QSF Agreement") (Dkt. No. 461);

WHEREAS, the QSF Order mistakenly defined the "Plaintiffs" for whose benefit the QSF was created to include groups of plaintiffs in the following underlying actions identified in the Turnover Judgment who were excluded from the award of turnover of the Blocked Assets for reasons stated therein: *Mwila, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-cv-1377 (D.D.C.) (the "Mwila Action"); *Owens, et al., v. Republic of Sudan, et al.*, Civil Action No. 01-cv-2244 (D.D.C.) (the "Owens Action"); and *Khaliq, et al. v. Republic of Sudan, et al.*, Civil Action No. 08-cv-1273 (D.D.C.) (the "Khaliq Action");

WHEREAS, Citibank turned over the Blocked Assets to the QSF in the amount of $1,895,672,127.31 on August 8, 2013;

WHEREAS, the Turnover Judgment directed the Office of the Chief Counsel (Foreign Assets Control) of the U.S. Department of the Treasury ("OFAC") to issue a license authorizing the transfers of the Blocked Assets as set forth in the Turnover Judgment, and OFAC issued such a license bearing license number IA-2013-303215-1 on July 24, 2013, which authorizes the Trustee to engage in all transactions necessary to administer the QSF;

WHEREAS, the Turnover Judgment directs Plaintiffs to apply to the Court for an order authorizing the distribution of the funds held by the QSF in accordance with the terms of the Plaintiffs' agreements concerning the distribution of those funds within thirty days after the Turnover Judgment becomes a "Non-Appealable Sustained Judgment" (as defined therein);

WHEREAS, the Turnover Judgment became a Non-Appealable Sustained Judgment as defined in the Turnover Judgment by virtue of Defendants Clearstream Banking S.A. and Banca UBAE SpA having appealed the Turnover Judgment to the United States Court of Appeal for the Second Circuit and said appeals having been withdrawn by Orders of said court dated December 4, 2013 and December 3, 2013, respectively, Bank Markazi having appealed the Turnover Judgment to the United States Court of Appeals for the Second Circuit, the affirmance thereof by

judgment of the United States Court of Appeals for the Second Circuit dated July 9, 2014, the Order of the United States Court of Appeals for the Second Circuit denying Bank Markazi's petition for rehearing, or in the alternative for rehearing *en banc* dated September 29, 2014, Bank Markazi having petitioned the Supreme Court of the United States for a writ of certiorari, and the Supreme Court of the United States having issued an Order dated October 1, 2015, granting Bank Markazi's petition for a writ of certiorari, the Supreme Court of the United States having heard argument on January 13, 2016 and having issued an opinion and judgment on April 20, 2016 affirming the Judgment of the United States Court of Appeals for the Second Circuit dated July 9, 2014, the United States Court of Appeals for the Second Circuit having issued its mandate on May 24, 2016 and this Court having received the mandate on May 24, 2016 (Dkt. No. 616), the time to file an appeal from the Turnover Judgment having expired and no other party having appealed therefrom, and the Turnover Judgment being no longer subject to review upon appeal or review by writ of certiorari;

   NOW, ON MOTION OF THE PLAINTIFFS, IT IS HEREBY ORDERED that the QSF Order is hereby modified by deleting from the definition of "Plaintiffs" the plaintiffs in the Mwila Action, the Owens Action and the Khaliq Action.

   AND IT IS FURTHER ORDERED that, effective immediately upon execution of this Order, the Trustee of the QSF is hereby authorized to commence distribution of the assets held by the QSF in accordance with the terms of the Cooperation Agreement and in written agreements between the Plaintiffs and other judgment creditors of Iran. The Trustee of the QSF shall distribute the assets of the Fund, reserving a reasonable amount for expenses and contingencies, by making payments to the Plaintiffs and other judgment creditors of Iran that have written agreements with any of the Plaintiffs to share in the distribution of the Fund, and their respective attorneys in accordance with paragraph 3.1.3 of the QSF (Dkt. No. 461), and no further order from the Court shall be required to make such distributions. The Trustee is authorized to engage such service providers as he reasonably deems necessary to carry out his duties under the QSF Agreement and to pay such service providers' agreed reasonable fees and

expenses from the assets of the Fund without further order from the Court. The Court's prior Orders dated October 1, 2013 (Dkt. No. 500) and December 16, 2013 (Dkt. No. 538) are hereby superseded to the extent that they prevent the Trustee from paying service providers reasonable and necessary fees and expenses incurred in connection with the performance of the Trustee's duties. Nothing herein shall be construed as terminating the QSF Trust, nor this Court's continuing jurisdiction over the Fund, pursuant to Treasury Regulation Section 1.468B-1 (c)(1) and the QSF Order.

The Clerk of the Court is directed to terminate this case upon entry of this Order.

SO ORDERED:

Dated: New York, New York
       6/6     , 2016

_____
U.S.D.J.