UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEBORAH D. PETERSON,                              :
Personal Representative of the Estate of          :
James C. Knipple (Dec.), et al.,                  :
                                                  :
                                                  :
                            Plaintiffs,           :
                                                  :
                  - against -                     :        Case No. 10 Civ. 4518 (KBF)
                                                  :
ISLAMIC REPUBLIC OF IRAN, et al.,                 :
                                                  :
                            Defendants.           :
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STIPULATION AND ORDER

WHEREAS, on July 9, 2013 the Court entered the Order Entering Partial Final Judgment

Pursuant to Fed. R. of Civ. P 54(b), Directing Turnover of the Blocked Assets, Dismissal of

Citibank With Prejudice and Discharging Citibank From Liability (the "Turnover Order");

WHEREAS, the Turnover Order provides at paragraph 5:

> Within thirty days after this Partial Judgment becomes a "Non-Appealable
> Sustained Judgment" . . . the Plaintiffs shall apply to the Court for an order
> authorizing the distribution of the funds in the QSF Account in accordance
> with the terms of the Plaintiffs' agreement concerning the distribution of
> those funds.

WHEREAS, the Turnover Order provides at paragraph 7:

> If this Partial Judgment does not become a Non-Appealable Sustained
> Judgment because the Partial Judgment is not upheld in all material
> respects on appeal or after review by writ of certiorari, the Blocked Assets
> will be transferred to the Registry of the Court upon application for, and
> receipt of the License from OFAC, and shall not, in any event, be
> transferred to Citibank.

WHEREAS, on or about September 8, 2013, counsel for plaintiffs in *Peterson v. Islamic Republic of Iran*, 10 Civ. 4518 (S.D.N.Y.) (KBF), entered into a settlement agreement with defendant Clearstream Banking, S.A. (the "Clearstream Settlement Agreement");

WHEREAS, the Clearstream Settlement Agreement provides in Section 1:

Termination of Litigation.  Within three business days after:

(A)     the conditions in paragraph 3(A) are satisfied; or

(B)     the Conditional Termination Date (as defined herein), provided that Clearstream has not provided counsel for Plaintiffs with a Termination Notice by such date in accordance with paragraph 3(B);

the Parties shall execute, and counsel for Plaintiffs shall file with the Court, a stipulation and order providing for dismissal of all Peterson Direct Claims against Clearstream, with prejudice and without cost to any Party, based upon this Agreement (the "Dismissal Order").  The Dismissal Order shall toll any applicable statute of limitations with respect to the Peterson Direct Claims for those Plaintiffs who do not execute a Ratification Agreement as defined in paragraph 2 of this Agreement for the period beginning on the Effective Date and ending one hundred twenty (120) days thereafter (the "Tolling Period"), and the Dismissal Order shall not bar such Plaintiffs from re-filing their claims.   Nothing in this Agreement or the Dismissal Order shall be construed to revive any claims that had already expired or become time-barred prior to the Effective Date, or preclude Clearstream from asserting any statute of limitations defense on the basis of any period of time prior to the Effective Date or after the conclusion of the Tolling Period.  The date that the Dismissal Order is entered by the Court shall be the effective date of this Agreement (the "Effective Date");

WHEREAS the Effective Date[1] of the Clearstream Settlement Agreement was November 8, 2013, when the Court entered a Stipulation and Order Dismissing the Peterson Direct Claims (the "Dismissal Order");

WHEREAS, the Dismissal Order provides at paragraph 2:

---

[1] Unless otherwise defined herein or contained in a passage from a document excerpted herein, all capitalized terms used herein shall have the same meaning as defined in the Clearstream Settlement Agreement.

2

Any applicable statute of limitations with respect to the Peterson Direct Claims shall be tolled for the period beginning on the date of the entry of this Order and ending one hundred and twenty (120) days thereafter (the "Tolling Period") with respect to any Plaintiff who does not execute a Ratification Agreement; provided, however, that nothing in this Order or the Settlement Agreement shall be construed to revive any claims that had already expired or become time-barred prior to the entry of this Order, or to preclude Clearstream from asserting any statute of limitations defense on the basis of the passage of any period of time prior to the entry of this Order or after the conclusion of the Tolling Period; and

WHEREAS, Clearstream and counsel for certain of the Plaintiffs entered into five stipulations so ordered by the Court on March 11, 2014, December 15, 2014, June 15, 2015, December 10, 2015, and June 17, 2016, which collectively extended the Tolling Period until October 11, 2016 for the Plaintiffs listed in Schedule B annexed thereto;

WHEREAS, the Tolling Period will expire on October 11, 2016;

WHEREAS, counsel for plaintiffs has provided to Clearstream copies of the Ratification Agreements executed by the Plaintiffs, listed on Schedule A;

WHEREAS, counsel for plaintiffs has represented and warranted to Clearstream that they have either been unable to establish communication with or to fully advise the Plaintiffs listed on Schedule B to this stipulation, or their representatives, regarding the Clearstream Settlement Agreement and/or the Dismissal Order, and to the knowledge of plaintiffs' counsel, that is the sole reason why the Plaintiffs listed on Schedule B have not executed Ratification Agreements before the expiration of the Tolling Period;

WHEREAS, counsel for plaintiffs has represented and warranted to Clearstream that no Plaintiff, including the Plaintiffs listed on Schedule B, has indicated that he or she objects to the Clearstream Settlement Agreement;

3

WHEREAS, counsel for plaintiffs has represented and warranted to Clearstream that no Plaintiff, including the Plaintiffs listed on Schedule B, has indicated that he or she does not intend to execute a Ratification Agreement;

WHEREAS, in light of the foregoing, an extension of the Tolling Period is appropriate to permit additional time for counsel for plaintiffs to establish communication with and advise the Plaintiffs listed on Schedule B regarding the Clearstream Settlement Agreement, the Dismissal Order, and to obtain Ratification Agreements executed by them; and

WHEREAS, the Court on June 6, 2016 issued an order authorizing the distribution of the funds in the QSF Account in accordance with the terms of the Plaintiffs' agreements concerning the distribution of those funds; NOW

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that:

1.      The Tolling Period shall be extended for the Plaintiffs listed on Schedule B until the earlier of April 11, 2017 or the date upon which the funds in the QSF Account have been transferred to the control of the Plaintiffs.

2.      Counsel for plaintiffs shall continue to use their best efforts to obtain executed Ratification Agreements from all Plaintiffs, including Probate Plaintiffs, who have not yet executed such agreements, in a timely manner in advance of any disbursement of funds to such Plaintiffs, and to deliver such executed Ratification Agreements to Clearstream in a timely manner.

Peterson Plaintiffs By:

Liviu Vogel
Salon Marrow Dyckman Newman & Broudy
LLP
292 Madison Avenue
New York, New York 10017
LVogel@salonmarrow.com


Thomas Fortune Fay
Fay Law Group, PA
777 Sixth Street N.W., Suite 410
Washington, D.C. 20001-2752
thomasfay@aol.com


Steven R. Perles
Perles Law Firm
1146 19th Street, 5th Floor
Washington, D.C. 20036
sperles@perleslaw.com


James P. Bonner
Stone Bonner & Rocco LLP
260 Madison Avenue
17th Floor
New York, New York 10016-2401
jbonner@lawssb.com

5

Peterson Plaintiffs By:


_____

Liviu Vogel
Salon Marrow Dyckman Newman & Broudy
LLP
292 Madison Avenue
New York, New York 10017
LVogel@salonmarrow.com


_____

Thomas Fortune Fay
Fay Law Group, PA
777 Sixth Street N.W., Suite 410
Washington, D.C. 20001-2752
thomasfay@aol.com


_____

Steven R. Perles
Perles Law Firm
1146 19th Street, 5th Floor
Washington, D.C. 20036
sperles@perleslaw.com


_____

James P. Bonner
Stone Bonner & Rocco LLP
260 Madison Avenue
17th Floor
New York, New York 10016-2401
jbonner@lawssb.com


5

Peterson Plaintiffs By:

_____

Liviu Vogel
Salon Marrow Dyckman Newman & Broudy
LLP
292 Madison Avenue
New York, New York 10017
LVogel@salonmarrow.com

_____

Thomas Fortune Fay
Fay Law Group, PA
777 Sixth Street N.W., Suite 410
Washington, D.C. 20001-2752
thomasfay@aol.com

_____

Steven R. Perles
Perles Law Firm
~~1146 19th Street, 5th Floor~~ 1050 Conn. Ave, NW
Washington, D.C. 20036          Suite 500
sperles@perleslaw.com

_____

James P. Bonner
Stone Bonner & Rocco LLP
260 Madison Avenue
17th Floor
New York, New York 10016-2401
jbonner@lawssb.com

5

Valore, Bonk, Arnold and Silvia Plaintiffs By:

Keith M. Fleischman
Fleischman Law Firm
565 Fifth Avenue, Seventh Floor
New York, New York 10017
keith@fleischmanlawfirm.com


Patrick Michael Donahue
18 West Street
Annapolis, MD  21401
pmd@thedonahuelawfirm.com

Bland and Brown Plaintiffs By:


Noel J. Nudelman
Heideman, Nudelman & Kalik, PC
1146 Nineteenth Street, N.W. -- 5th Floor
Washington, D.C.  20036
njnudelman@hnklaw.com

6

Valore, Bonk, Arnold and Silvia Plaintiffs By:


_____

Keith M. Fleischman
Fleischman Law Firm
565 Fifth Avenue, Seventh Floor
New York, New York 10017
keith@fleischmanlawfirm.com

_____

Patrick Michael Donahue
18 West Street
Annapolis, MD  21401
pmd@thedonahuelawfirm.com

Bland and Brown Plaintiffs By:


_____

Noel J. Nudelman
Heideman, Nudelman & Kalik, PC
1146 Nineteenth Street, N.W. -- 5th Floor
Washington, D.C.  20036
njnudelman@hnklaw.com

6

Valore, Bonk, Arnold and Silvia Plaintiffs By:

_____

Keith M. Fleischman
Fleischman Law Firm
565 Fifth Avenue, Seventh Floor
New York, New York 10017
keith@fleischmanlawfirm.com

_____

Patrick Michael Donahue
18 West Street
Annapolis, MD  21401
pmd@thedonahuelawfirm.com

Bland and Brown Plaintiffs By:

_____

Noel J. Nudelman
Heideman, Nudelman & Kalik, PC
1146 Nineteenth Street, N.W. -- 5th Floor
Washington, D.C.  20036
njnudelman@hnklaw.com

Clearstream Banking, S.A. By:

Benjamin S. Kaminetzky
Gerard McCarthy
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
ben.kaminetzky@davispolk.com

SO ORDERED this ⁷ day of September, 2016

Katherine B. Forrest, United States District Judge

7