UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

DEBORAH D. PETERSON,
Personal Representative of the Estate
Of James C. Knipple, Deceased, et al.

      Plaintiffs

   v.

                        10 Civ. 4518(KBF)

ISLAMIC REPUBLIC OF IRAN, BANK
MARKAZI a/k/a CENTRAL BANK OF IRAN

      Defendants

## NOTICE OF MOTION PURSUANT TO LOCAL CIVIL RULE 7.1 REQUESTING ORDER DIRECTED TO TRUSTEE REGARDING DISBURSEMENT OF REMAINING QUALIFIED SETTLEMENT FUNDS

    Plaintiffs, Deborah D. Peterson, Personal Representative of the Estate Of James C. Knipple, Deceased, et al., as more particularly set forth on the attached list designated as "Exhibit A," by and through counsel, herewith give notice of their intent to move the Court that the attached Order designated as "Exhibit B," be issued and directed to Stanley Sporkin, Esq., the Trustee appointed by this Court in the Order designated in this case as Document 460, filed on July 9, 2013.

    The funds turned over by virtue of the ruling of this Court on July 9, 2013, were, by agreement of the plaintiffs in this action, together with the plaintiffs in later follow up cases (Follow Up Plaintiffs) which also arose from the attack on the Marine Barracks at Beirut,

1

Lebanon, divided proportionately in accord with the amount of each judgment. In addition, by agreement with the plaintiffs in other cases (Other Case Plaintiffs) the Plaintiffs in this action agreed to and did authorize transfer to the Other Case Plaintiffs part of the recovery. All of these cases arose out of attacks in which the Islamic Republic of Iran was found guilty and judgment entered against it, upon proof satisfactory to the trial court, of having violated 28 U.S.C. §1605, or its successor 28 U.S.C. §1605A, providing a cause of action for harm

> "that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act …or provision of material support or resources .. engaged in by an official, employee, or agent of such foreign power…."

This was discussed in some detail in Justice Ruth Bader Ginsburg's opinion for the Court in this case. *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1319-21 (2016).

The total amount turned over to the Trustee pursuant to the Order filed on July 9, 2013 was approximately $1,900,000,000.00.[1] Of this amount approximately $1,600,000,000.00 will be distributed to the Plaintiffs and the Follow Up Plaintiffs in this action, proportionate to their judgments, and, according to the Trustee, approximately $300,000,000.00 has been distributed to the Other Case Plaintiffs. Counsel for the Plaintiffs does not represent the Other Case Plaintiffs and they are therefore not included in this Motion. Counsel for the Plaintiffs has been advised by counsel for the Trustee that the entire amount of funds due the Other Case Plaintiffs has been paid, however, no documentation has been submitted to Counsel for the Plaintiffs regarding this representation.

Counsel for the Plaintiffs, acting upon request of Plaintiffs in this action, repeatedly has requested information on the exact amounts of payouts, costs expended, and other information

---

[1] These amounts are rounded off because the final amount distributed will vary slightly due to interest upon the funds before payout.

but has been told by the depository, UBS, that they cannot do so due to instructions from the Trustee.

The Order of July 9, 2013, indicated that jurisdiction over this matter would be retained by this Court. Relief is requested in accordance with Chapter 97, Title 28, United States Code. In the more than one year since the Opinion of the Supreme Court was entered less than 40% of the attorneys' fees due Counsel have been paid by the Trustee. There are no claims pending against the Trustee and it would appear that only the Trustee's fear that "something might happen" prevents disbursement to counsel. Entry of an Order directing payment by the Trustee will eliminate any worry that the Trustee's action in paying is <u>not</u> protected by Sovereign Immunity.

The case before the Court required full time representation by trial counsel and more than twenty other attorneys over a period of more than 17 years. More than 1417 plaintiffs brought claims in *Peterson v. Iran;* that figure does not include the Follow Up Plaintiffs. All plaintiffs were represented on a contingent basis. The lead counsel, Thomas Fortune Fay and Steven R. Perles (Fay & Perles), were contracting attorneys for all persons who became plaintiffs in *Deborah D. Peterson v. Iran.*

Additional cases were filed by other counsel representing Marines, and other United States Armed Forces personnel who thereafter obtained judgments against Iran. Counsel for these follow up cases contracted with Fay & Perles and entered into sharing agreements regarding the collection of the assets before the Court in this action. Permission to enter into these sharing agreements was sought from the clients by Fay & Perles on a form that asked whether each plaintiff would accept a majority decision and which included an alternative to consenting to the majority will. These plaintiffs are not a disjoint group. They are imbued with the ethic of the Marine Corps. <u>Every individual client consented to the sharing</u>

3

<u>agreements or indicated that he or she would be bound by the majority which had consented to the sharing agreements.</u>

There are no liens pending against either the Plaintiffs in this case or their attorneys who seek payment of their fees. Both this Court and the United States District Court For The District Of Columbia, Senior Judge Royce C. Lamberth presiding, have denied requests for liens filed by counsel for David Cook. Mr. Cook was employed by Fay & Perles and his employment was terminated for cause, that alone barring any such claim.

WHEREFORE, Plaintiffs and Follow Up Plaintiffs, by Counsel, respectfully request as follows:

(1) That the Court Order that a full disclosure of all disbursements, costs and any other amounts paid from the QSF established by this Order of this Court on July 9, 2013, be made to Counsel for the Plaintiffs, Counsel for the Follow Up Plaintiffs, and Plaintiffs requesting a copy within 30 days of the date of entry of said Order; and

(2) That the Court Order that disbursement of the amount of attorney's fees set forth on the attached schedule be made within 30 days of said Order; and

(3) That the Trustee provide within 60 days a Memorandum, under oath, to the Court setting forth a schedule for disbursement of the remaining funds being held in the QSF established by Order of this Court on July 9, 2013, not to exceed 60 additional days from the date of receipt by the Court of said Memorandum.

4

Date: May 8, 2017

FAY LAW GROUP, PA

By: _____
Thomas Fortune Fay
777 Sixth Street, NW, #410
Washington, DC 20001
202/589-1300
Attorney For Plaintiffs
*ThomasFay@aol.com*

## CERTIFICATE OF SERVICE

I hereby certify that this 8th day of May, 2017 copies of the Notice Of Motion Pursuant To Local Civil Rule 7.1 Requesting Order Directed To Trustee Regarding Disbursement Of Remaining Qualified Settlement and the accompanying Memorandum Of Law were served through the PACER Electronic Filing System upon all counsel who have entered an appearance in the above case and by E-Mail upon Stanley Sporkin, Trustee, and Shalom Jacob, Attorney for Trustee.

_____
Thomas Fortune Fay