UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

DEBORAH D. PETERSON,
Personal Representative of the Estate
Of James C. Knipple, Deceased, et al.

      Plaintiffs

   v.

10 Civ. 4518(KBF)

ISLAMIC REPUBLIC OF IRAN, BANK
MARKAZI a/k/a CENTRAL BANK OF IRAN

      Defendants

### ORDER DIRECTED TO TRUSTEE REGARDING DISBURSEMENT OF REMAINING QUALIFIED SETTLEMENT FUNDS

Upon the Motion Regarding Disbursement Of Remaining Qualified Settlement Funds, it is this _____ day of _____, 2017

**ORDERED,**

(1) That the Trustee, Stanley Sporkin, within 30 days of the date of entry of this Order, make a full disclosure to all Counsel for the Plaintiffs, Counsel for the Follow Up Plaintiffs, and, upon their request, to any of the plaintiffs in the above action or follow up cases arising as a result of the terrorist attack of October 23, 1983 at Beirut, of all disbursements, costs, and any other amounts paid from the QSF established by this Order of this Court on July 9, 2013; and

(2) That the Trustee, Stanley Sporkin, within 30 days of the date of this Order, disburse the amount of attorney's fees set forth on the attached schedule to the attorneys listed therein; and,

(3) That the Trustee, within 60 days of the date of this Order, file on the record of the Court a statement, under oath, setting forth a schedule for disbursement of the remaining funds being held in the QSF established by Order of this Court on July 9, 2013, said disbursement to occur not more than 60 additional days from the date of receipt by the Court of the statement under oath, and,

The Court shall retain continuing jurisdiction over the Qualified Settlement Fund pursuant to Treasury Regulation 1.468.13.

_____
KATHERINE B. FORREST
United States District Judge

PETERSON FUND
INTERIM ATTORNEY FEE PAYOUT

DRAFT FOR APPROVAL BY ATTORNEYS
PRIVILEGED AND CONFIDENTIAL

CARAGH FAY, ESQ'S
CALCULATIONS AND
ASSUMPTIONS[1]

| ATTORNEY | TOTAL ATTORNEY FEES FROM FIRST ROUND OF DISTRIBUTIONS | RATIO | PROPOSED DISTRIBUTIONS: $250 MILLION TOTAL ATTORNEY FEES |
|---|---|---|---|
| **NY ATTORNEYS:** | | | |
| SALON MARROW | $ 49,332,993 | 9.7500001% | $ 24,375,000 |
| BONNER | 21,220,661 | 4.1939772% | 10,484,943 |
| FLEISCHMAN | 3,612,963 | 0.7140534% | 1,785,133 |
| TOTAL NY ATTORNEY FEES | $ 74,166,617 | 14.6580306% | $ 36,645,077 |
| ROTHENBERG / LASPADA | $ 84,931,391 | 16.7855429% | $ 41,963,857 |
| FAY [2,3] | 127,382,308 | 25.1753936% | 62,938,484 |
| PERLES [3] | 127,382,308 | 25.1753936% | 62,938,484 |
| GASKILL | 6,690,423 | 1.3222718% | 3,305,679 |
| KARR [4] | 2,148,986 | 0.4247181% | 1,061,795 |
| HNK | 32,258,031 | 6.3753644% | 15,938,411 |
| DRENNAN | 10,490,755 | 2.0733561% | 5,183,390 |
| DONAHUE | 10,490,755 | 2.0733561% | 5,183,390 |
| TOTAL | $ 401,774,957 | 79.4053966% | $ 198,513,491 |
| **DAMAGES ATTORNEYS:** | | | |
| Bond | $ 1,876,957 | 0.3709552% | $ 927,388 |

1 of 3

| | | | |
|---|---:|---:|---:|
| Clower | 1,874,232 | 0.3704166% | 926,041 |
| Drennan | 2,578,511 | 0.5096079% | 1,274,020 |
| Einhorn | 1,264,676 | 0.2499462% | 624,865 |
| Feeney | 2,793,943 | 0.5521851% | 1,380,463 |
| Gaskill | 2,586,882 | 0.5112623% | 1,278,156 |
| Glenn[5] | 1,716,872 | 0.3393165% | 848,291 |
| Karr[4] | 1,697,693 | 0.3355261% | 838,815 |
| LaSpada | 3,498,404 | 0.6914123% | 1,728,531 |
| Mecit | 1,289,033 | 0.2547601% | 636,900 |
| Norman | 2,536,282 | 0.5012619% | 1,253,155 |
| Nuta | 2,104,021 | 0.4158313% | 1,039,578 |
| Parsons | 755,987 | 0.1494106% | 373,527 |
| Pattin | 1,871,554 | 0.3698873% | 924,718 |
| Fay Perles | 1,592,789 | 0.3147932% | 786,983 |
| TOTAL DAMAGES ATTY FEES | $ 30,037,836 | 5.9365728% | $ 14,841,432 |
| TOTAL ATTORNEY FEES | $ 505,979,410 | 100.0000000% | $ 250,000,000 |

NOTES:

[1]Please note the following:

(i) Engagement attorney fees are calculated after deducting NY attorney fees, damages attorney fees & referral attorney fees.

Fleischman-3.5% of Valore, Bonk, Arnold & Spencer I; Bonner- 1.5% of all others and then allocated pro-rata to all groups.

Bonk cases after subtracting the NY attorney fee and the damages attorneys' fees (based on C Fay Esq's calculations). There are some clients within the Peterson & Bonk cases in which

(iv) Caragh's assumptions allocate NY attorney fees pro-rata to each group, however, Fleischman (whose fee was 3.5%) worked on the four Valore groups and Bonner (whose fee was 1.5%) worked on the remaining groups. (Salon Marrow worked on all groups.)

(v) Spencer II is allocated on a case by case basis. We used a ratio by attorney based on total judgment amounts allocated to each attorney for the group (per Caragh's assumptions), and assumed partial attorney fees will be made using those ratios, despite the fact that actual

[2] Of this amount, Fay received $6 million, which was paid on his behalf to Gibson Dunn at the request of Messrs. Fay and Perles.

[3] These amounts include referral fees that are net of payment to NY attorneys and damages attor

[4] Payment to be withheld and reserved by Trustee pending resolution of conflict of interest issue.

[5] Payment to be withheld and reserved by Trustee pending resolution of dispute.