```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                            DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                           DATE FILED: June 7, 2017
---------------------------------------------------------------X
                                                 :
DEBORAH D. PETERSON, Personal                    :
Representative of the Estate of James C. Knipple :
(Dec.) et al.,                                   :
                                                 :            10-cv-4518 (KBF)
                                                 :
                               Plaintiffs,       :        ORDER APPOINTING
                                                 :         SPECIAL MASTER
                  -v-                            :
                                                 :
ISLAMIC REPUBLIC OF IRAN et al.,                 :
                                                 :
                               Defendants.       :
---------------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

By order dated May 17, 2017, the Court found that the appointment of a

Special Master in this case was warranted.  (ECF No. 743.)  By that order, the

Court gave notice of its intent to appoint a Special Master and invited comment

from the parties.[1]  (ECF No. 743.)  Thereafter, by order dated May 26, 2017, the

Court notified the parties of its intention to appoint Kathleen M. Massey as Special

Master; instructed Ms. Massey to file an affidavit indicating her compliance with

Federal Rule of Civil Procedure 53(b)(3)(A) and her willingness to accept the Court's

appointment as Special Master; and directed that if any party wished to object to

Ms. Massey's appointment, they file their objection not later than Friday, June 2,

2017.  (ECF No. 765.)

On May 30, 2017, Ms. Massey filed an affidavit with the Court indicating her

compliance with Federal Rule of Civil Procedure 53(b)(3)(A) and stating her

willingness to accept the Court's appointment as Special Master.  (ECF No. 767.)

---

[1] No party objected to the Court's intention to appoint a Special Master.

The June 2 deadline for any objections to Ms. Massey's appointment has come and passed, and the Court has not received any such objections.  Accordingly, the Court hereby appoints Kathleen M. Massey as Special Master in this action.

Below, the Court details the Scope of the Special Master's authority and describes certain processes and procedures that shall govern the Special Master's appointment. See Fed. R. Civ. P. 53.


Duties of Special Master

The Special Master shall proceed with all reasonable diligence and perform the following duties[2]:

1. The Special Master shall seek to resolve the following disputes, previously identified by the Court at ECF No. 743, and all disputes determined by the Special Master to be reasonably and appropriately related to such disputes (collectively, the "Relevant Disputes"):

    • A motion from plaintiff Annette Livingston requesting that the Court order that, inter alia: (1) certain provisions of the Confidential Disbursement Authorization form be declared invalid; (2) Fay & Perles provide an accounting of the expenses being charged against the Peterson plaintiffs; and (3) Fay & Perles provide an accounting of their ongoing actions to locate additional assets from which the Peterson plaintiffs' judgments may be further satisfied.  (ECF Nos. 718-24.)

---

[2] These duties are in conjunction with the Special Master's general authority as described in Federal Rule of Civil Procedure 53(c).

- A letter motion from RD Legal Capital, LLC and various related entities (collectively, "RD Legal") requesting that the Court order the Trustee to resume making distributions to RD Legal on account of the Peterson plaintiffs who assigned portions of their judgments to RD Legal.  (ECF No. 726.)

- A letter motion from Cedars Funding LLC ("Cedars") requesting that the Court order the Trustee to resume making distributions to Cedars on account of the Peterson plaintiffs who assigned portions of their judgments to Cedars.  (ECF No. 741.)

- A motion from Thomas Fortune Fay, on behalf of the Peterson plaintiffs, requesting that the Court order that: (1) an accounting of amounts paid from the Qualified Settlement Fund ("QSF") be provided; (2) certain attorneys' fees be disbursed within thirty days; and (3) the Trustee provide a schedule for disbursement of the remaining funds being held in the QSF.  (ECF Nos. 727, 735.)[3]

- A letter from David J. Cook and Cook Collection Attorneys, P.L.C. suggesting that the Court does not have jurisdiction over Mr. Fay's motion.  (ECF No. 737.)

- A letter from Thomas Fortune Fay objecting to the letter from David J. Cook and Cook Collection Attorneys, P.L.C.  (ECF No. 738.)

2.  The Special Master shall seek to resolve the Relevant Disputes in the order and manner determined to be appropriate by the Special Master.  Inter alia, the

---

[3] Certain additional related submissions have also been filed.  (See, e.g., ECF No. 753.)

Special Master may request additional briefing or information in connection with the Relevant Disputes, to the extent that the Special Master sees fit.

3. The Special Master may employ the services of associates, paralegals, and other support staff at Dechert LLP as necessary and appropriate.

4. All current deadlines in this action remain in place.  However, the Special Master may set and alter the schedule for resolving each of the Relevant Disputes and the parties are directed to address all scheduling matters relating to the Relevant Disputes to the Special Master.  Accordingly, any requests for extensions concerning the Relevant Disputes shall be addressed to the the Special Master.

5. The Special Master shall submit a report and recommendation to the Court in connection with each of the Relevant Disputes.[4]  The form of such Reports and Recommendations is described in further detail below.

Communications

The Special Master may communicate <u>ex parte</u> with the Court at the Special Master's discretion, without providing notice to the parties.  The Special Master may also communicate <u>ex parte</u> with the Trustee and any party or its attorney, as the Special Master deems appropriate, for the purpose of ensuring the efficient administration and management and oversight of the Relevant Disputes.

---

[4] The Relevant Disputes may be addressed in joint or separate reports and recommendations, as the Special Master deems appropriate.

Records and Reports

To the extent that the Special Master takes possession of the original copies of any materials submitted by the Trustee or any party or attorney, the Special Master shall take appropriate action to ensure that those materials are preserved.

In addition, the Special Master shall maintain normal billing records of time spent on this matter, with reasonably detailed descriptions of activities and matters worked upon.  The Special Master shall submit such records to the Court quarterly. The Special Master may file such records with the Court under seal but should post an appropriate cover-letter on the public docket.

The Special Master shall submit any reports and recommendations in writing and shall file such reports or recommendations on the public docket, unless otherwise ordered by the Court.  Pursuant to Rule 53(f)(2), any party may file an objection to any report and recommendation by the Special Master **within 21 calendar days** of the date on which the report and recommendation was filed. Absent exceptional circumstances, failure to meet such deadline will result in waiver of any objection to the Special Master's reports and recommendations.  The Court shall retain sole authority to issue final rulings on substantive matters submitted for adjudicated, unless otherwise agreed to by the parties and the Court.

Compensation

The Special Master shall be compensated at the hourly rate of $927 per hour, which represents a 10% discount of Ms. Massey's customary hourly rate.

The Special Master's fees and expenses shall be paid from the Qualified Settlement Fund; the Court reserves the right to allocate such fees and expenses as appropriate.  See Fed. R. Civ. P. 53(g).

Importantly, however, because it appears to the Court that the Relevant Disputes primarily or entirely concern the "Peterson plaintiffs" and their attorneys (as opposed to the "13% plaintiffs"),[5] payment of the Special Master's fees and expenses shall not reduce or otherwise delay payments made to the 13% plaintiffs. If any party believes that any of the Relevant Disputes does concern the 13% plaintiffs, such that they should bear some of the cost of the Special Master's fees and expenses, they shall bring a motion to the Court and the Court will consider amending this Order as it deems appropriate.

Cooperation

The Trustee and all parties and their attorneys shall all provide their full cooperation to the Special Master and any staff employed by the Special Master and shall faithfully observe the requirements of any orders of the Court and rulings by the Special Masters.  The Special Master may require reports or submissions from parties in a format specified by the Special Master, as reasonably required to enable the Special Master to perform all assigned duties.

---

[5] These terms have been used by the Trustee and the parties to represent the various groups of plaintiffs in this action.  (See, e.g., ECF Nos. 710, 750.)

This Order does not alter or amend any legal obligations previously imposed on the parties by this Court or otherwise.  The Court may amend this order at any time after notice to the parties and an opportunity to be heard.  See Fed. R. Civ. P. 53(b)(4).

SO ORDERED:

Dated:       New York, New York
             June 7, 2017

_____
           KATHERINE B. FORREST
           United States District Judge