UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH D. PETERSON,
Personal Representative of the Estate of
James C. Knipple (Dec.) et al.,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et al.

Defendants.

Case No. 10 CIV 4518 (BSJ)

**AFFIDAVIT OF GHOLAMHOSSEIN ARABIEH**

**CHAFFETZ LINDSEY LLP**
1350 Avenue of the Americas, 8th Floor
New York, NY 10019-4702
Tel. (212) 257-6960
Fax (212) 257-6950
www.chaffetzlindsey.com

*Attorneys for Defendant Bank Markazi*

شماره ۱۵۵۲۹۵
ردیف دفتر ثبت

جمهوری اسلامی ایران
قوه قضائیه - اداره مترجمین رسمی

تلفن: ۶۶۹۵۱۶۰۱؛ ۶۶۹۵۱۶۰۲؛ ۶۶۴۹۹۸۹۶ ؛ دورنگار: ۶۶۹۵۱۶۰۲
Mohsen M. M. Sadeghi, Certified Official Translator,
Member of Iranian Association of Official Translators,
4th Floor, Nobovat Complex, 1125, Enghelab Square, Tehran, Iran,
Tel: 00 98 21 6649 98 96; 6695 16 01; Tel/Fax: 00 98 21 6695 16 02

***Official Translation***

*THE JUDICIARY*

*STATE ORGANIZATION FOR REGISTRATION OF DEEDS AND REAL ESTATES*

NOTARY PUBLIC NO.: 180, TEHRAN

***TYPE OF DEED: AFFIDAVIT***

*Registration Date: October 17, 2010* *Registration No.: 74943*
*Folio: 115, Page: 101* *Deed No.: 0214834 S/88*

On the date hereof, appeared before this notary public, **Mr. Gholamhossein Arabieh**, father's name: Ghasem, ID card No. 15439 issued by Golpayegan (Iran) Personal Status Registry, National Code: 1218683597, of Central Bank of the Islamic Republic of Iran, Opposite to Alghadir Mosque, Mirdamad Avenue, Tehran, Iran, and after attendance stated as follows:

"I, Gholamhossein Arabieh, residing in Tehran, in the Islamic Republic of Iran, being duly sworn, declare under penalty of perjury pursuant to Iranian Civil Procedure Law, in particular articled 236, 240 and other related articles, as follows:

1- I am the director of the Legal Studies and Researches Department of Bank Markazi Jomhouri Islami Iran, the Central Bank of the Islamic Republic of Iran ("Bank Markazi'' or the "Central Bank")

2- I submit this declaration in support of Bank Markazi's (i) motion to intervene in this matter for the limited purposes set out therein and (ii) motion to vacate restraining notices issued in this proceeding and served upon Citibank N.A. ("Citibank") and Clearstream Banking S.A. ("Clearstream"). The restraining notices relate to twenty debt securities worth approximately US$1, 75 billion ("Restrained Securities") that are the sole property of Bank Markazi and held for its own account.

The English translation of the Farsi name "Bank Markazi Jomhouri Islami Iran" is "Central Bank of the Islamic Republic of Iran."

3- The statements in this declaration are based on my personal knowledge and upon information obtained from records kept in the ordinary course of Bank Markazi's business. I am over the age of 49 years.

4- I hold a Bachelor of Laws degree as well as Master of Laws in Private Law. I joined Bank Markazi on February 2, 1991 as Research Officer in the Legal Department of the bank, and from 2008 have held the position of Director of Legal studies and Researches Department.

5- In my role as the Director of Legal Studies and Researches Department, my responsibilities include handling legal matters for various Departments of Bank Markazi. In that role, I have become familiar with the departments in handling International Disputes. I occasionally brief the Board of Governors on legal matters. I report to Mr. Seyed Ali Mosavi, Director General of the Legal Department at Bank Markazi. Since 2008, I have been a Member of the Committee for Drafting a New Banking Law.

6- Bank Markazi does not maintain a presence of any kind in the United States and does not conduct any business whatsoever in that country.

7- Neither Bank Markazi nor, to my knowledge, the Islamic Republic of Iran has waived immunity with respect to the Restrained Securities.

OFFICIAL TRANSLATOR CERTIFIED MOHSEN M.M. SADEGHI
محسن میرمحمد صادقی
مترجم رسمی قوه قضائیه
شماره پروانه: ۵۸۰



شماره ۱۵۵۳۹۶
ردیف دفتر ثبت

محسن میرمحمدصادقی، مترجم رسمی قوه قضائیه، عضو جامعه مترجمان رسمی ایران،
تهران، ضلع شمال شرقی میدان انقلاب، شماره ۱۱۲۵، طبقه ٤
Mohsen M. M. Sadeghi, Certified Official Translator,
Member of Iranian Association of Official Translators,
4th Floor, Nobovat Complex, 1125, Enghelab Square, Tehran, Iran,
Tel: 00 98 21 6649 98 96; 6695 16 01; Tel/Fax: 00 98 21 6695 16 02

**The Establishment of Bank Markazi as the Central Bank of Iran**

8- Bank Markazi is the Central Bank of the Islamic Republic of Iran.

9- Bank Markazi was established pursuant to an enabling statute, the Banking and Monetary Act of Iran of May 27, 1960 and commenced operations in August 1960. The 1960 law was subsequently amended (and in part repealed) by the Monetary and Banking Act of Iran of July 9, 1972 ("MBAI"). There have been various other amendments to the MBAI since then. A true and correct copy of the MBAI IS Attached as Exhibit 1 to this declaration. A free English translation of the MBAI is attached as Exhibit 2 to this declaration.

10- The MBAI remains in force today and is the primary source of law governing Bank Markazi's legal status and functions. The statute defines both the scope of Bank Markazi's authority and its duties as the Central Bank of Iran. In addition to the MBAI, there are certain other laws that provide additional power to Bank Markazi. Most importantly, the Free Interest Banking Law ("FIBL") was enacted after the Revolution to ensure that the banking system was Shariah-compliant. A true and correct copy of the FIBL is attached as Exhibit 3 to this declaration. A free English translation of the FIBL is attached as Exhibit 4 to this declaration.

11- Importantly, pursuant to Article 10 (d) of the MBAI, Bank Markazi enjoys a presumption that it is not bound by other general laws, regulations or administrative decrees unless specifically referred to therein.

**Bank Markazi's Legal Status and Organization**

12- Bank Markazi Iran both by law and in practice is an independent entity.

13- Pursuant to Article 10 of the MBAI, Bank Markazi was established as a distinct legal entity separate from the Government of Iran and has all the attributes of an autonomous juridical person.

14- Bank Markazi is a legal entity that is ***sui generis*** as a matter of Iranian law but unless where provided in Monetary and Banking Law is bound by some of the rules and regulations applicable to joint stock companies in Iran. Bank Markazi enjoys both financial and administrative autonomy and is not subject to the administrative and management rules and controls applicable to the public sector in Iran. The employment rules of the Bank Markazi are its own internal rules.

15- As an independent legal entity, Bank Markazi can exercise the usual powers associated with a company. These include the following:

a. Bank Markazi can own and sell property in its own name, within Iran or overseas. Bank Markazi is headquartered at 144 Mirdamad Boulevard, Tehran. It also has other offices in Iran;
b. Bank Markazi can establish and maintain bank accounts in its own name. In this respect, all of the reserves it holds are held in its own name at banks and other financial institutions in Iran and overseas. Such funds are not held in the name of the Government of the Islamic Republic of Iran.
c. Bank Markazi can also sue and be sued in a court of law in its own name.

**Bank Markazi's Governance**

16- Bank Markazi is composed of five organs: (i) the Executive Board; (ii) the General Assembly; (iii) the Money and Credit Council ("MCC"); (iv) the Note Reserve Control Board; and (v) the Supervisory Board.

CERTIFIED OFFICIAL TRANSLATOR MOHSEN M.M. SADEGHI

شماره ۱۵۵۳۹۷ سر
ردیف دفتر ثبت
جمهوری اسلامی ایران
قوه قضائیه - اداره مترجمین رسمی
Mohsen M. M. Sadeghi, Certified Official Translator,
Member of Iranian Association of Official Translators,
4th Floor, Nobovat Complex, 1125, Enghelab Square, Tehran, Iran,
Tel: 00 98 21 6649 98 96; 6695 16 01; Tel/Fax: 00 98 21 6695 16 02

**The Executive Board**

17- Bank Markazi is managed by its Executive Board, consisting of the Bank's Governor, a Deputy Governor, a Secretary-General, and three Vice-Governors.

18- Pursuant to Article 19 of the MBAI, the Governor of Bank Markazi, is responsible for the implementation of the MBAI and the regulations relating thereto. Bank Markazi's Governor, who is the Bank's highest-ranked executive and administrative authority, is appointed by the President of the Islamic Republic of Iran upon the approval of the General Assembly. (This is provided in Article 10 of the Fourth Economic Social and Cultural Development Act ('Development Act'), a true and correct copy of Article 10 of which is attached as Exhibit 5. The current Governor is Mr. Mahmood Bahmani who was appointed in 2008. Bank Markazi's Deputy Governor is appointed by the President upon the recommendation of the Governor of the Bank and approval of the General Assembly. The Secretary-General is appointed by the Governor and upon the approval of the general assembly and also serves as the Secretary of MCC. The Vice-Governors are appointed by the Bank's Governor.

19- Like all other employees, officers and directors of Bank Markazi, the members of its Executive Board are employees of the Bank.

**The General Assembly**

20- The General Assembly's functions include approving Bank Markazi's balance sheet, its operating budget and any transfers of profit. The composition of the General Assembly is provided in Article 10 of the Fourth Economic, Social and Cultural Development plan law.

**The Money and Credit Council**

21- The MCC is responsible for setting economic and fiscal policy within the framework of general policies of state. These policies are contained in Five Year Development Plans that set the agenda on a range of issues affecting social and economic development in the Republic. The MCC in turn produces an annual report (the Package for Policy of the Banking System) that provides guidelines for the banking sector that are in turn implemented by Bank Markazi.

22- The MCC has eleven members and two observers who are appointed by the Executive, Parliament, Judiciary and private sector. The Council includes experts in economics and banking. The formula for choosing members of the MCC is set out in the Five Year Development but has changed little over its 40 – Year history. The current members of the MCC are: the Minister of Finance (or his deputy); the Governor of Bank Markazi; the Deputy to the President (Planning and Strategic Supervision); the Board of Ministers (2 members); the Minister of Commerce; experts in banking and monetary matters suggested by the Governor of Bank Markazi (2 members); the Prosecutor-General; the Head of the Chamber of Commerce and Industry and Mining; the Head of the Cooperation Chamber, two members of parliament as observers.

**The Note Reserve Council**

23- The Council's primary function is to oversee the issue of currency and to monitor the amount of money circulation within the Iranian economy. It also has various other functions such as overseeing the national jewelry treasury.

CERTIFIED OFFICIAL TRANSLATOR
MOHSEN M.M. SADEGHI
محسن میرمحمدصادقی
مترجم رسمی قوه قضائیه



شماره ۱۵۵۲۹۸
ردیف دفتر ثبت

محسن میرمحمدصادقی، مترجم رسمی قوه قضائیه، عضو جامعه مترجمان رسمی ایران،
تهران، ضلع شمال شرقی میدان انقلاب، شماره ۱۱۲۵، طبقه ۴
Mohsen M. M. Sadeghi, Certified Official Translator,
Member of Iranian Association of Official Translators,
4th Floor, Nobovat Complex, 1125, Enghelab Square, Tehran, Iran,
Tel: 00 98 21 6649 98 96; 6695 16 01; Tel/Fax: 00 98 21 6695 16 02

**The Supervisory Board**

24- The Supervisory Board is responsible for auditing Bank Markazi's accounts. The Chairman of the Supervisory Board submits reports on the Bank to the Minister of Finance. The Supervisory Board consists of a Chairman and four members, all of whom are qualified auditors or persons well-versed in accounting and banking with no fewer than 10 Years of experience. The Board is appointed for 2 – year terms on the recommendation of the Minister of Finance and the approval of the General Assembly.

25- In summary, Bank Markazi is responsible for Iran's monetary and credit policy and carries out this function without interference from the Government of Iran. The Government of Iran sets the policy agenda on economic and fiscal matters. But the implementation of those policies that come within the Bank's responsibilities is left to Bank Markazi. The Government of Iran does not have any control over the day-to-day operations and decisions of the Bank and its Executive Board.

26- As in many countries, there can be some tensions between the Government's political and fiscal objectives and the independence of the central bank to implement monetary policy. This is not unusual. Bank Markazi has been quick to defend its independence. This has been supported by decisions of the administrative courts and the compliance board of Parliament that confirm that the Government of Iran cannot intervene in the affairs of Bank Markazi.

**Bank Markazi's Functions**

*Bank Markazi is responsible for Iran's Monetary Policy in Order to Maintain the Country's Monetary Stability.*

27- Bank Markazi is responsible for the formulation and implementation of the monetary and credit policies of Iran, with its primary function to maintain the value of Iran's currency and equilibrium in the balance of payments. This is provided for in Article 10 of the MBAI.

*Bank Markazi is Responsible for Issuing Iran's Currency and has Custody of Iran's Foreign Exchange and Gold Reserves.*

28- Pursuant to Article 2 of the MBAI, the Iranian Government's authority to issue coin and notes is exclusively vested in Bank Markazi.

29- Articles 2 and 11 of the MBAI provide that Bank Markazi (i) is the authority responsible for issuing Iran's currency, the Rial; (ii) regulates and controls foreign exchange and gold transactions; and (iii) regulates and controls the outflow and repatriation of Iranian currency.

30- Pursuant to Article 12 and 13 of the MBAI, Bank Markazi is responsible for maintaining the Republic of Iran's foreign exchange and gold reserves. In this respect, the International Department of the bank manages and invests those funds domestically and internationally. The funds are held in the name of Bank Markazi and not in the name of the Government of Iran.

31- As provided for in Article 12 of the MBAI, Bank Markazi also maintains local currency funds on behalf of the International Monetary Fund ("IMF"), the International Bank for Reconstruction and Development, the International Finance Corporation, the International

CERTIFIED TRANSLATOR
محسن میرمحمدصادقی
مترجم رسمی قوه قضائیه
MOHSEN ... SADEGHI

شماره ۱۵۵۲۹۹
ردیف دفتر ثبت
جمهوری اسلامی ایران
قوه قضائیه - اداره مترجمین رسمی
محسن میرمحمدصادقی، مترجم رسمی قوه قضائیه، عضو جامعه مترجمان رسمی ایران،
Mohsen M. M. Sadeghi, Certified Official Translator,
Member of Iranian Association of Official Translators,
4th Floor, Nobovat Complex, 1125, Enghelab Square, Tehran, Iran,
Tel: 00 98 21 6649 98 96; 6695 16 01; Tel/Fax: 00 98 21 6695 16 02

Development Association, the Islamic Development Bank, and other, similar institutions and their affiliates.

**Bank Markazi is Responsible for Supervising Iran's Banking System**

32- Pursuant to Article 11 to 14 of the MBAI, Bank Markazi has the authority to regulate and supervise the banking system for the Islamic Republic of Iran and is the country's banking licensing authority. As part of its policy-making function, the MCC establishes guidelines for issues like profit rates and reserve levels for all banks in Iran. These are then implemented and overseen by Bank Markazi. As such, Bank Markazi, for example, sets (i) the official rediscount and contract profit rates as well as (ii) the minimum profit rates receivable or payable by banks. Further, Bank Markazi also sets (i) the ratio of banks' liquid assets to their total assets or liabilities, (ii) the ratio of banks' legal deposits at Bank Markazi; and (iii) the ratio of banks' paid up capital and reserves with their different types of assets.

33- In addition, Bank Markazi (i) formulates regulations governing bank accounts; (ii) determines the transactions banks may execute and how deposits may be used; and (iii) sets the maximum aggregate amount of banks' overall loans and credit. It also acts as a ("lender of last resort") for banks that are in financial trouble.

34- Bank Markazi's Banking Supervision Department, led by Bank Markazi's Deputy Governor, monitors risk management and compliance policies and procedures of the domestic and foreign banks licensed to do business in Iran and investigates any complaints about banks' violations of the applicable laws and regulations. It also oversees recently-implemented anti-money laundering and compliance policies applicable to all banks. In addition, it is also empowered under the Law of Regulation of Non-Organized Money Market to supervise any monetary intermediates that are not banks, e.g. money changer.

*Bank Markazi is Iran's Accredited Representative before the Bank for International Settlements and other International Organizations*

35- Bank Markazi is the only entity recognized as acting on behalf of the Islamic Republic of Iran at the Bank for International Settlements ("BIS"), based in Basel. The BIS provides banking services to central banks and certain international organizations and is therefore described as the central bank for central banks. Bank Markazi is an accredited observer at the BIS.

36- In addition to the BIS, Bank Markazi is a member of, and the Government of Iran's representative at, various other organizations exclusively for central banks. For example, at the South East Asia, New Zealand, Australia Group ("SEANZ") and at the Asian Clearing Union.

37- Pursuant to Article 15 of the MBAI, the Governor of Bank Markazi represents the Government of Iran at the IMF.

38- Additional information concerning Bank Markazi is available on the official website of the Central Bank of the Islamic Republic of Iran.

I declare under penalty of perjury under the laws of the Islamic Republic of Iran that the foregoing is true and correct."

**Mr. Gholamhossein Arabieh** (signed)

CERTIFIED OFFICIAL TRANSLATOR
محسن میرمحمدصادقی
مترجم رسمی قوه قضائیه
شماره پروانه: ۱۵۸۰
MOHSEN M.M. SADEGHI



شماره ۱۵٤۰۲۱ سر

ردیف دفتر ثبت

محسن میرمحمدصادقی، مترجم رسمی قوه قضاییه، عضو جامعه مترجمان رسمی ایران،
تهران، ضلع شمال شرقی میدان انقلاب، شماره ۱۱۲۵، طبقه ٤
Mohsen M. M. Sadeghi, Certified Official Translator,
Member of Iranian Association of Official Translators,
4th Floor, Nobovat Complex, 1125, Enghelab Square, Tehran, Iran,
Tel: 00 98 21 6649 98 96; 6695 16 01; Tel/Fax: 00 98 21 6695 16 02

Deed Serial Nos.: 0214833- 0214834; 0214839- 0214842, Series S/88 and 0704328- 0704329, Series Z/88

Registration Fee in the amount of 5,000 Rials, Writing Fee, and Papers price in the amount of 381,000 Rials, and VAT in the amount of 4,500 Rials were received; and Writing Fee Receipt No. 667543 was issued and submitted.

Date: October 17, 2010

Having established true identities of the parties, the whole matter was done before me.

Notary Public No. 180, Tehran (signed and sealed.)

*This is a true translation from the original text in Persian language. December 20, 2010*

Affidavit of **Mr. Gholamhossein Arabieh**

Only the authenticity of the seal and signature of the Official Translator is certified. This certification does not include confirmation of the accuracy of the translation and the authenticity of the translated document. Department of Official Translators' Affairs of the Judiciary of the Islamic Republic of Iran

EMBASSY OF SWITZERLAND
U.S. INTERESTS SECTION

Seen for authentication of the seal of the Iranian Ministry of Foreign Affairs and the signature of Amir hamzeh Rezaei Farahabad government official of the Iranian Ministry of Foreign Affairs

This authentication concerns only the seal and the signature and not the contents of the document.

CHF 42 = IRR 440'000 / A1 11+1 GVO

Tehran, January 24, 2011

For the Ambassador of Switzerland

Hans-Ulrich Glauser
Attache

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

ISLAMIC REPUBLIC OF IRAN MINISTRY OF FOREIGN AFFAIRS

The authenticity of the seal & signature marked (X) is certified without any consideration to the contents.

9 JAN 2011 0 7 9 9 1 4





قوه قضائیه
سازمان ثبت اسناد و املاک کشور

**برگ معاملات یک برگی**

نوع سند اقرار

این سند در صفحه [illegible] دفتر جلد [illegible] سر دفتر
تحت شماره [illegible] دفتر اسناد رسمی ـــــ شماره [illegible]
تاریخ [illegible]
حوزه ثبتی [illegible] ثبت شده است.

این برگه فقط اختصاص به مصرف در دفتر اسناد رسمی ۱۸۰ تهران داشته و بدون مهر برجسته دفترخانه مذکور فاقد هرگونه اعتبار است.

۲۰۰۰ ریال

کد(۱۹)اختصاصی(۱-۸۴)ت

**وجوهیکه طبق مقررات برای تنظیم این سند دریافت شده بشرح زیر است**

درآمد حق الثبت [illegible] ریال
حق التحریر [illegible] ریال
بهای اوراق و قبوض اقساطی ۸۱ ریال
[illegible] ۴۵۰ ریال
ـــــ ریال

**جمع کل ـــــ ریال**

احراز هویت متعاملین [illegible] سطور در این [illegible] ذیل [illegible] واقع شد
نام [illegible]
و محل امضاء و مهر سردفتر

دفتر اسناد رسمی شماره ۱۸۰ حوزه ثبتی تهران

**محل امضای دفتریار و مهر دفتر خانه**

(1)

[illegible] غلامحسین [illegible] ۱۵۴۲۹ [illegible] ۱۲۱۸۲۸۲۵۹۷ [illegible] سردار [illegible]

[illegible] ۱۴۴۰۵ [illegible] خصوصاً مواد ۲۲۶ و ۲۴۰ [illegible]

[illegible] اعلامیه [illegible] از ادعای [illegible]

[illegible] Clearstream [illegible] Citibank [illegible]

[illegible]

[illegible] جمهوری اسلامی ایران [illegible]

[illegible] Central Bank of the Islamic Republic of Iran

[illegible] حقوق [illegible]

[illegible] ۱۹۹۱ [illegible] ۲۰۸ [illegible]

[illegible] حقوقی [illegible]

[illegible] جمهوری اسلامی ایران [illegible]

(Central Bank) [illegible] (Bank Markazi) [illegible]

[illegible] ۲۷ [illegible] ۱۹۷۰ [illegible]

[illegible] ۹ جولای ۱۹۷۲ اصلاح [illegible]

[illegible] ۱۹۷۲ [illegible]

[illegible]

[illegible] ۱۰ [illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

غلامحسین [illegible]

تذکر : **تبصرهٔ ۳ مادهٔ ۳۴ قانون اصلاح قانون ثبت** ـ در کلیه اسناد رسمی بایستی اقامتگاه متعاملین بطور وضوح در سند قید شود. اقامتگاه متعاملین همان است که در سند قید شده و مادام که تغییر اقامتگاه خود را قبل از صدور اجرائیه بدفترخانه و قبل از ابلاغ به اجرا با نشانی صحیح و ذکر شمارهٔ پلاک محل اقامت اعم از خانه و مهمانخانه و غیره که بتوان اجرائیه را به آنجا ابلاغ کرد اطلاع ندهند کلیه برگها و اخطاریه‌های اجرائی بمحلی که در سند قید شده ابلاغ میشود و متعهد نمی‌تواند بعذر عدم اطلاع متعذر گردد.
دفاتر اسناد رسمی مکلفند پس از صدور اجرائیه مراتب را به آخرین نشانی متعهد از طریق پست سفارشی باو اطلاع دهند و برگ اجرائیه را به ضمیمه قبض پست سفارشی جهت ابلاغ اجرائیه و عملیات اجرائی به ثبت محل ارسال دارند.
هرگاه محل اقامت متعهد در سند قید نشده و یا بجهات دیگر احراز محل اقامت میسر نباشد ثبت محل موضوع اجرائیه را بطور اختصار یکنوبت در یکی از جراید کثیرالانتشار محل یا نزدیکتر بمحل آگهی خواهد نمود.

این سند در صفحه ۱۰۱ دفتر جلد ۱۱۵ سر دفتر تحت شماره ۷۶۹۴۳ دفتر اسناد رسمی ـــــ شماره ـــــ تاریخ ۸۹/۷/۲۵ حوزه ثبتی ـــــ ثبت شده است.

قوه قضائیه

سازمان ثبت اسناد و املاک کشور

**برگ معاملات یک برگی**

نوع سند ـــــ

وجوهیکه طبق مقررات برای تنظیم این سند دریافت شده بشرح زیر است

درآمد حق الثبت ـــــ ریال

حق التحریر ـــــ ریال

بهای اوراق و قبوض اقساطی ـــــ ریال

ـــــ ریال

ـــــ ریال

جمع کل ـــــ ریال

این برگه فقط اختصاص به مصرف دردفتر اسناد رسمی ۱۸۰ تهران داشته و بدون مهر و شماره دفترخانه مذکور فاقد هرگونه اعتبار است.

۲۰۰۰ ریال

کد(۱۹)اختصاصی(۲-۸۴)ت

دفتر اسناد رسمی شماره ۱۸۰ حوزه ثبتی تهران

محل امضای دفتریار و مهر دفتر خانه (۲)

تذکر: تبصره ۳ ماده ۳۴ قانون اصلاح قانون ثبت - در کلیه اسناد رسمی بایستی اقامتگاه متعاملین بطور وضوح در سند قید شود. اقامتگاه متعاملین همان است که در سند قید شده و مادام که تغییر اقامتگاه خود را قبل از صدور اجرائیه بدفترخانه و قبل از ابلاغ به اجرا با نشانی صحیح و ذکر شماره پلاک محل اقامت اعم از خانه و مهمانخانه و غیره که بتوان اجرائیه را به آنجا ابلاغ کرد اطلاع ندهند کلیه برگها و اخطاریه‌های اجرائی بمحلی که در سند قید شده ابلاغ میشود و متعهد نمی تواند بعذر عدم اطلاع متعذر گردد.

دفاتر اسناد رسمی مکلفند پس از صدور اجرائیه مراتب را به آخرین نشانی متعهد از طریق پست سفارشی بار اطلاع دهند و برگ اجرائیه را با ضمیمه قبض پست سفارشی جهت ابلاغ اجرائیه و عملیات اجرائی به ثبت محل ارسال دارند.

هرگاه محل اقامت متعهد در سند قید نشده و یا بجهات دیگر احراز محل اقامت میسر نباشد ثبت محل موضوع اجرائیه را بطور اختصار یکنوبت در یکی از جراید کثیرالانتشار محل یا نزدیکتر بمحل آگهی خواهد نمود.

این سند در صفحه ... دفتر جلد ۱۱۶ سر دفتر تحت شماره ۷۷۹۹۳ دفتر اسناد رسمی شماره ۱۸۰ تاریخ ۸۹/۷/۲۵ حوزه ثبتی ... ثبت شده است.

این برگه فقط اختصاص به مصرف در دفتر اسناد رسمی ۱۸۰ تهران ۲۷ ریال و بدون مهر برجسته دفترخانه مذکور فاقد هرگونه اعتبار است.

توافقنامه

سازمان ثبت اسناد و املاک کشور

**برگ معاملات یک برگی**

نوع سند: اقرار

وجوهیکه طبق مقررات برای تنظیم این سند دریافت شده بشرح زیر است.

درآمد حق الثبت ... ریال

حق التحریر ... ریال

بهای اوراق و قبوض اقساطی ... ریال

... ریال

... ریال

جمع کل ... ریال

کد(۱۹)اختصاصی(۱-۸۴)ت

محل امضای دفتریار و مهر دفترخانه

دفتر اسناد رسمی شماره ۱۸۰ حوزه ثبتی تهران

[illegible handwritten text]

تذکر: تبصره ۳ ماده ۳۴ قانون اصلاح قانون ثبت - در کلیه اسناد رسمی بایستی اقامتگاه متعاملین بطور وضوح در سند قید شود. اقامتگاه متعاملین همان است که در سند قید شده و مادام که تغییر اقامتگاه خود را قبل از صدور اجرائیه بدفترخانه و قبل از ابلاغ به اجرا با نشانی صحیح و ذکر شماره پلاک محل اقامت اعم از خانه و مهمانخانه و غیره که بتوان اجرائیه را به آنجا ابلاغ کرد اطلاع ندهند کلیه برگها و اخطاریه‌های اجرائی بمحلی که در سند قید شده ابلاغ میشود و متعهد نمی تواند بعذر عدم اطلاع متعذر گردد.

دفاتر اسناد رسمی مکلفند پس از صدور اجرائیه مراتب را به آخرین نشانی متعهد از طریق پست سفارشی باز اطلاع دهند و برگ اجرائیه را به ضمیمه قبض پست سفارشی جهت ابلاغ اجرائیه و عملیات اجرائی به ثبت محل ارسال دارند.

هرگاه محل اقامت متعهد در سند قید نشده و یا بجهات دیگر احراز محل اقامت میسر نباشد ثبت محل موضوع اجرائیه را بطور اختصار یکنوبت در یکی از جراید کثیرالانتشار محل یا نزدیکتر بمحل آگهی خواهد نمود.

وجوهیکه طبق مقررات برای تنظیم
سند دریافت شده بشرح زیر است

در آمد حق الثبت ۵۰۰۰ ریال
حق التحریر ۳۰۰۰ ریال
بهای اوراق و قبوض اقساطی ۸۱۰۰ ریال
بهای ۴۵۰ ریال
جمع کل ریال

محل امضای دفتر یار و مهر دفتر خانه

سازمان ثبت اسناد و املاک کشور

برگ معاملات نیم برگی

این سند که در صفحه ۶۵ دفتر جلد ۱۱۵ دفتر
تحت شماره ۷۴۹۹۸ دفتر اسناد رسمی
تاریخ ۸۹/۷/۲۵
شماره حوزه ثبتی ثبت شده است.

این برگه قیمت اختصاصی به مصرف در دفتر اسناد رسمی ۱۸۰ تهران داشته وبدون ریال وابسته بدفتر خانه مذکور فاقد هرگونه اعتبار است.

نوع سند اجرائیه

۰۷۰۴۳۲۰ ض/ ۸۸

دفتر اسناد رسمی شماره ۱۸۰ حوزه ثبتی تهران

کد(۱۸)اختصاصی(۱-۸۴)ت

این سند در اجرای شماره‌های ۲ و ۲۱۴۸۲۱ و ۸ و ۲۱۴۸۲۷ و ۶ و ۲۱۴۸۳۵ - ۸۸/ و ۱۰ و ۰۷۰۴۲۱۹ - ۸۸/
تنظیم و حق الثبت مبلغ ۵۰۰۰ ریال و بابت تحریر و اوراق ۳۸۱۰۰ ریال و بابت ... افزوده
۴۵۰ ریال ... ۶۶۷۵۴۱ صادر و تسلیم شد.
... ۸۹ ...

نذکر : تبصره ۳ ماده ۳۴ قانون اصلاح قانون ثبت – در کلیه اسناد رسمی بایستی اقامتگاه متعاملین بطور وضوح در سند قید شود. اقامتگاه متعاملین همان است که در سند قید شده و مادام که تغییر اقامتگاه خود را قبل از صدور اجرائیه بدفتر خانه و قبل از ابلاغ به اجرا با نشانی صحیح و ذکر شماره پلاک محل اقامت اعم از خانه و مهمانخانه و غیره که بتوان اجرائیه را به آنجا ابلاغ کرد اطلاع ندهند کلیه برگها و اخطاریه های اجرائی بمحلی که در سند قید شده ابلاغ میشود و متعهد نمی تواند بعذر عدم اطلاع متعذر گردد.

دفاتر اسناد رسمی مکلفند پس از صدور اجرائیه مراتب را به آخرین نشانی متعهد از طریق پست سفارشی باو اطلاع دهند و برگ اجرائیه را به ضمیمه قبض پست سفارشی جهت ابلاغ اجرائیه و عملیات اجرائی به ثبت محل ارسال دارند.

هر گاه محل اقامت متعهد در سند قید نشده و یا بجهات دیگر احراز محل اقامت میسر نباشد ثبت محل موضوع اجرائیه را بطور اختصار یکنوبت در یکی از جراید کثیر الانتشار محل یا در نزدیکتر بمحل آگهی خواهد نمود.