# Exhibit A



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| By First-Class Mail | By Special Delivery |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Lynn Y. Lee
Trial Attorney

Tel: (202) 305-0531
Fax: (202) 616-8470
Email: lynn.lee@usdoj.gov

April 23, 2010

By Electronic Mail and First-Class Mail

David J. Cook, Esq.
Cook Collection Attorneys, PLC
P.O. Box 270
San Francisco, CA 94104-0270
davidcook@cookcollectionattorneys.com

Re: *Peterson v. Islamic Republic of Iran*, Case No. 01-2094 (D.D.C.)

Dear Mr. Cook:

This letter and the accompanying attachments constitute the full and final disclosure by the Office of Foreign Assets Control ("OFAC") in response to the March 8, 2010 subpoena issued by plaintiffs in the above-referenced action.

Pursuant to the Protective Order dated April 9, 2010, OFAC is producing information responsive to the subpoena. Please be advised that OFAC's production of the information should not be construed as having any bearing whatsoever on whether plaintiffs have any legal right to attach the disclosed assets in satisfaction of their judgment in the above-referenced action. Nor does provision of the information constitute a waiver of any applicable privileges or objections.

In addition to the information set forth in Attachments A, B and C, OFAC is aware of the following that may be responsive to your subpoena:

1. Certain 1970's-era defense articles, the property of MODAFL, which is at issue before the Iran-U.S. Claims Tribunal. *See Heiser v. Islamic Republic of Iran*, Case No. 1:08-mc-00212 (D. Md.) (action stayed pending determination by the Tribunal). The articles are located at Overflo Warehouse, Baltimore, Maryland.

2. A judgment awarded to MODAFL arising out of a commercial dispute with a U.S. entity. *See Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 129 S.Ct. 1732 (2009); *Ministry of Defense v. Cubic Defense System*, Case No. 99-56380 (9th Cir.).

3. Real estate of Bank Melli, located at 135 Puritan Ave, Queens, New York. *See Weinstein v. Islamic Republic of Iran*, Misc. 02-237 (June 5, 2009 E.D.N.Y) (order granting real estate to plaintiffs), on appeal.

4. Funds of Assa Corp. and/or Assa Co. Ltd, in the amount of approximately $3,336,489, held by the United States Marshal at the Federal Reserve Bank of New York, 33 Liberty Street, New York, NY 10048, pending determination of *United States v. All Right, Title, and Interest of Assa Corp. et al.*, Case No. 08-Civ-10934 (S.D.N.Y.), as well as Assa's share of the assets of 650 Fifth Ave. Company, as may be determined.

5. Diplomatic and consular property of the Government of Iran and the rental proceeds from such property. Courts have repeatedly held that this property is exempt from attachment. *See, e.g., Bennett v. Islamic Republic of Iran*, Case No. 1:03-01486 (D.C. Cir. March 31, 2010).

If you have any questions about the enclosed materials or the contents of this letter, please do not hesitate to contact me at (202) 305-0531, by facsimile at (202) 616-8470, or by email at Lynn.Lee@usdoj.gov.

                                              Sincerely,

                                              */s/ Lynn Y. Lee*
                                              Lynn Y. Lee

Enclosure

*Subject to Protective Order*
*Privileged and Confidential*

**ATTACHMENT A:** Financial Institutions Holding Assets in the United States that are blocked due to a Nexus with the Government of Iran as of February 28, 2010

Financial Institutions holding less than $10,000 in blocked assets are marked with one asterisk (*). Financial Institutions holding more than $1 million in blocked assets are marked with two asterisks (**).



1

*Subject to Protective Order*
*Privileged and Confidential*
**ATTACHMENT A:** Financial Institutions Holding Assets in the United States that are blocked due to a Nexus with the Government of Iran as of February 28, 2010



*Subject to Protective Order*
*Privileged and Confidential*

## ATTACHMENT B

OFAC is in receipt of the following information concerning certain securities custodized in the United States and apparently owned by the Central Bank of Iran:

1. Clearstream Banking S.A. ("Clearstream"), a global securities custodian headquartered in Luxembourg, has had an Iranian governmental client, namely, the Central Bank of Iran ("CBI" or "the Iranian client"), that has had a beneficial ownership interest in assets custodized in the United States. These assets were held on Clearstream's books, apparently in the Iranian client's name.

2. Clearstream has a sub-custodial arrangement in the United States with Citibank, where Clearstream holds an account that contains assets held for the benefit of numerous Clearstream customers that are custodized in the United States, including those assets of the CBI described above. The account information on Citibank's books would not typically reflect the identity of Clearstream's customers. Clearstream also maintains a cash account at Citibank.

3. 

*Subject to Protective Order*
*Privileged and Confidential*

| NOMINAL AMOUNT | INTERNATIONAL SECURITIES IDENTIFYING NUMBER | COMMON CODE | SECURITY DENOMINATION CURRENCY |
|---|---|---|---|
| ███ | ███ | ███ | ███ |

4. ███

5. As of May 5, 2008, subsequent to the transfers described in paragraph 3 above, the CBI's account at Clearstream contained a security custodized in the United States and held in Clearstream's account at Citibank bearing International Securities Identification Number (ISIN) ███

6. A Writ of Execution issued in *Peterson v. Islamic Republic of Iran*, No. 18 Misc 8302 (S.D.N.Y.) and served on Citibank on June 13, 2008, restrained the CBI's interest in the securities listed in paragraph 3 above, along with some or all of the cash proceeds attributable to the CBI's interest in the securities. By order dated June 27, 2008, the court vacated the restraints on funds segregated at Citibank totaling $250,000,000.00 and corresponding to securities ███.

*Subject to Protective Order*
*Privileged and Confidential*

The court also modified the Writ of Execution to exclude the above-referenced securities.

7. OFAC is not in possession of any information suggesting that assets other than those described in paragraphs 3 and 5 above held by Clearstream in its Citibank accounts may be owned by the Government of Iran.

SUBJECT TO PROTECTIVE ORDER

*Subject to Protective Order*
*Privileged and Confidential*

## ATTACHMENT C

