# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: 12-75

**Caption [use short title]**: Calderon-Cardona v. JPMorgan Chase Bank, N.A.

**Motion for:** Extension of U.S.'s time to file amicus brief

**Set forth below precise, complete statement of relief sought:**

30-day extension of time, until July 9, 2012, for United States of America to file an amicus curiae brief if authorized by the Solicitor General.

**MOVING PARTY:** United States of America (nonparty)
☐ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☐ Appellee/Respondent

**OPPOSING PARTY:** Appellee Ruth Calderon-Cardona

**MOVING ATTORNEY:** David S. Jones
[name of attorney, with firm, address, phone number and e-mail]
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY 10007 / 212-637-2739
david.jones6@usdoj.gov

**OPPOSING ATTORNEY:** Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street, Ste. 1928
Brooklyn, NY 11201 / 718-855-3627
rjt.berkman@gmail.com

**Court-Judge/Agency appealed from:** United States District Court - Southern District of New York (Cote, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

**Signature of Moving Attorney:**
DSJ _____ **Date:** May 15, 2012 Has service been effected? ☐ Yes ☑ No [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____  By: _____

**Form T-1080**

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____
                                  )
HAUSLER  v. REPUBLIC OF CUBA      )     Nos. 12-1264, 12-1272
                                  )
_____)
                                  )
CALDERON-CARDONA v. JPMORGAN      )     No. 12-75
CHASE BANK, N.A.                  )
                                  )
_____)

**MOTION OF THE UNITED STATES OF AMERICA FOR A 30-DAY EXTENSION OF TIME TO FILE AN AMICUS BRIEF**

Pursuant to Fed. R. App. P. 29(e), the United States of America respectfully moves for a 30-day extension of time, to and including July 9, 2012, in which to file an *amicus curiae* brief in the above-captioned cases, should such a filing be authorized by the Solicitor General.  As explained below, district courts in these cases have issued conflicting decisions on an issue that may implicate significant interests of the U.S. government, and an extension is needed to give the United States sufficient time to consider the issues presented and to determine whether the United States will participate in the case as an *amicus curiae*.

Discussion

1.  The above-captioned cases represent three separate appeals, from two district court decisions, involving two different sets of plaintiffs.  In both district court cases, the plaintiffs asserted that they had obtained judgments against a

"terrorist party," as that term is used in the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-279, § 201, 116 Stat. 2322 (2002). In the *Hausler* case, the alleged terrorist party was Cuba, and in the *Calderon-Cardona* case the alleged terrorist party was North Korea. In the plaintiffs' view, TRIA allows them to attach various Electronic Funds Transfers ("EFTs") that had passed through U.S. banks and that had been "blocked" under regulations promulgated by the Treasury Department's Office of Foreign Assets Control ("OFAC"), but that may not actually have been owned by Cuba or North Korea.

2. In the *Calderon-Cardona* case, the district court refused to allow the attachments to proceed. Among other things, the court held that TRIA only authorizes the attachment of blocked assets that are actually *owned* by the terrorist party against whom a plaintiff has a judgment. In the *Hausler* case, the district court reached the opposite conclusion and held that a plaintiff can use TRIA to reach any asset blocked by OFAC under the relevant sanctions regime, even if the terrorist party has something less than an ownership interest in the asset being attached. The *Hausler* court also held that TRIA, so interpreted, was consistent with the Fifth Amendment's Takings Clause.

3. The *Hausler* and *Calderon-Cardona* decisions have both been appealed to this Court, and on April 16, 2012, the Court ordered that the appeals be heard in

tandem and on the same briefing schedule.  Pursuant to that schedule, the appellants' principal briefs in these cases are due on June 1, 2012.  Under Fed. R. App. P. 29(e), an *amicus* brief supporting the appellants in either case or supporting neither party would be due on June 8, 2012.

    4.  Interpreting the scope and reach of TRIA is an issue of significance to the United States.  Normally, unless a person obtains a license from OFAC, that person is barred from attaching assets frozen under various sanctions programs, including the sanctions programs at issue in these cases.  *See, e.g.*, 31 C.F.R. §§ 510.201, 510.308 (North Korea Sanctions); *id.* §§ 515.201, 515.310 (Cuba Sanctions).  This licensing system allows the Executive Branch to exercise control over access to blocked assets in order to effectuate the United States's broad policy interests.  But when a blocked asset comes within TRIA's scope, TRIA generally overrides OFAC's regulations requiring that a license be obtained prior to the transfer of blocked property.  Accordingly, any judicial application of TRIA has important consequences for the Executive Branch's implementation of sanctions regimes in the public interest.  Moreover, TRIA affects foreign states and entities with assets in the United States, and the way in which the courts interpret TRIA thus can have important consequences for foreign policy.

Given the significant governmental interests that may be at stake, we file this motion to protect the Solicitor General's ability pursuant to 28 C.F.R. § 0.20(c) to determine whether the United States should file a brief as *amicus curiae* and, if so, what issues such a brief should address. In making that determination, the Solicitor General must consult with the appropriate agencies. *See id.* But until very recently, the relevant attorneys from the State Department were unaware of these pending appeals in this Court, and the significant TRIA issues that they raise.

Accordingly, the United States respectfully requests a 30-day extension of the time to file an *amicus* brief, in order to ensure that the Solicitor General has adequate time to obtain and weigh the considered views of all interested government components, and to determine whether to authorize an *amicus* brief on appeal.[1]

5. Undersigned counsel has emailed counsel for the parties to ascertain their position on this motion. Counsel for at least eight of the nine appellees in *Calderon-Cardona* have consented to this request; I am awaiting word from the ninth. At least six appellants and the appellees in *Hausler* likewise have

---

[1] Should the Solicitor General determine that the United States will not file an *amicus* brief, we will immediately notify the Court.

-4-

communicated their consent. I have not received a response from appellants in *Calderon-Cardona*.

## Conclusion

For the foregoing reasons, the United States respectfully moves for a 30-day extension, to and including July 9, 2012, to file an *amicus* brief in the above-captioned cases.

May 15, 2012
New York, New York

                                            Respectfully submitted,

| | |
|---|---|
| MARK B. STERN | PREET BHARARA |
| SHARON SWINGLE | United States Attorney for the |
| BENJAMIN M. SHULTZ | Southern District of New York |
| Attorneys, Appellate Staff | |
| Civil Division | By: DAVID S. JONES |
| Department of Justice | TARA LaMORTE |
| | Assistant United States Attorneys |
| | 86 Chambers Street, Third Floor |
| | New York, New York 10007 |
| | Tel.: (212) 637-2739 / -2746 |