UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate Of James C. Knipple (Dec.), <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN; BANK MARKAZI a/k/a CENTRAL BANK OF IRAN; BANCA UBAE SpA; CITIBANK, N.A., and CLEARSTREAM BANKING, S.A., <br><br> Defendants. | Case No.: 10 CIV 4518 <br><br> **FILED UNDER SEAL CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER** <br><br> **ORDER PURSUANT TO 28 U.S.C. § 1610(C)** |

## ORDER PURSUANT TO 28 U.S.C. § 1610(c)

WHEREAS, on September 7, 2007, the Honorable Judge Royce C. Lamberth of the United States District Court for the District of Columbia entered judgment in the consolidated actions captioned as *Deborah D. Peterson v. Islamic Republic of Iran*, Case Nos. 01-0294(RCL) and 01-2684(RCL), in favor of the Plaintiffs in the amount of $2,656,944,877.00 in compensatory damages.

WHEREAS, 28 U.S.C. Section 1610(c) provides that "No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a

188690.3

reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter."

WHEREAS, on June 25, 2008, Judge Lamberth of the United States District Court for the District of Columbia entered a 28 U.S.C. Section 1610(c) Order, *nunc pro tunc* to March 10, 2008, finding and ordering that: (1) on January 10, 2008, plaintiffs completed service of the Judgment and Memorandum Opinion in accordance with 28 U.S.C. Section 1608(e); (2) by March 10, 2008, there was a two-month time lapse since Plaintiffs gave notice of the Judgment; (3) the period between January 10, 2008 and March 10, 2008 was a sufficient period of time to meet the requirements set forth in Section 1610(c); and (4) Plaintiffs were authorized to proceed with attachment and execution upon the September 7, 2007 Judgment.

WHEREAS, on March 24, 2008, Plaintiffs registered the Judgment with the United States District Court for the Southern District of New York.

WHEREAS, on February 15, 2011, July 12, 2011, and September 26, 2011, further service of the Judgment and the Memorandum Opinion in English and Farsi was carried out by Plaintiffs by diplomatic means under 28 U.S.C. Section 1608(e).

WHEREAS, Plaintiffs now move this Court for another 28 U.S.C. Section 1610(c) order to permit the attachment and execution of property and interests in property of the Judgment Debtors and/or property or interests in property of Iran's agencies or instrumentalities located outside the United States, but in possession or control of United States persons, pursuant to President Obama's Executive Order 13599 and Section 201 of the Terrorism Risk Insurance Act.

188690.3

WHEREAS, writs of execution covering certain property of the Judgment Debtors in possession of Citibank, N.A. in New York in an omnibus account held for Clearstream Banking, S.A., were issued on June 12, 2008 and October 17, 2008, and the levies under said writs made on Citibank and Clearstream are the subject of a turnover proceeding pending in this action.

The Court, upon consideration of Plaintiffs' Ex Parte Application, including the Declaration of Liviu Vogel, sworn to on February 24, 2012, for an Order, pursuant to 28 U.S.C. Section 1610(c): (a) finding that a reasonable period of time has elapsed between the entry of Plaintiffs' judgment and the giving of any notice required under 28 U.S.C. Section 1608(e), and the date of this Order; (b) directing the Clerk of the Court to issue the proposed Writ of Execution, submitted herewith with respect to property and interests in property of the Judgment Debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"), and/or property or interests in property of Iran's agencies or instrumentalities, including, but not limited to Iranian financial institutions, including Bank Markazi a/k/a the Central Bank of Iran, located outside the United States in the possession or control of United States persons, including, but not limited to Clearstream Banking, S.A., which have been blocked by reason of President Obama's Executive Order No. 13599 effective February 6, 2012, including the assets specifically described in Schedule A to the proposed writ of execution submitted herewith as Exhibit A; (c) declaring that the proposed writ of execution and any levy against Clearstream or others under said writ of execution shall have no bearing or affect on writs of execution previously issued in favor of the Plaintiffs in this matter on June 12, 2008 and October 17, 2008 and the levies made pursuant thereto; and, (d) authorizing the

Clerk of this Court to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure consistent with this Order; and

It appearing that Plaintiffs have demonstrated each of the requirements of 28 U.S.C. Section 1610(c), the Court finds that a reasonable period of time has elapsed between the entry of Plaintiffs' judgment and the giving of any notice required under 28 U.S.C. Section 1608(e), and the date of this Order; and that the Judgment debtors, Iran and MOIS have failed to voluntarily satisfy the Plaintiffs' judgment, which was entered by the United States District Court for the District of Columbia, on September 7, 2007 in the amount of $2,656,944,877.00 in compensatory damages; and it is hereby:

ORDERED, that the Clerk of the Court issue the proposed Writ of Execution with respect to the property and interests in property of Iran and MOIS and/or property or interests in property of Iran's agencies and instrumentalities, including, but not limited to Iranian financial institutions, including Bank Markazi, a/k/a the Central Bank of Iran, held by United States persons, including, but not limited to Clearstream Banking, S.A., and located outside the United States, all of which have been blocked by reason of President Obama's Executive Order No. 13599 effective February 6, 2012;

ORDERED, that the writ of execution issued pursuant to this Order and any levies made pursuant thereto, including the levy to be made upon Clearstream, shall have no bearing or affect on the writs of execution previously issued in favor of the Plaintiffs in this matter on June 12, 2008 and October 17, 2008 and the levies made pursuant thereto, including the levy made upon Clearstream; and,

ORDERED, that the Clerk of this Court is authorized to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure consistent with this Order.

Dated: New York, New York
       February 27, 2012

*[signature]*
U.S.D.J.

188690.3