UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------- x

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), et al.,

                 Plaintiffs,

        v.

ISLAMIC REPUBLIC OF IRAN, et al.,

                 Defendants.

---------------------------------------------------------- x

           :       Case No. 18 Misc. 302 (BSJ)

## CLEARSTREAM BANKING, S.A.'S RESPONSE TO
## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY

Francis A. Vasquez, Jr. (FV-1446)
Frank Panopoulos (FP-6975)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Tel: (202) 626-3600
Fax: (202) 639-9355

*Counsel for Clearstream Banking, S.A.*

December 23, 2008

restrained securities entitlements.    Clearstream already has testified that as a securities intermediary, it does not have any information on the underlying beneficial ownership of the securities entitlements held by B in its custodial account.[3]  With respect to A's account, Request 17 goes even farther and asks for information outside the Omnibus Account regarding *any property* in which the judgment debtor has an interest, disregarding that any such property is beyond the jurisdiction of the court because it would be outside of the United States and, therefore, immune from attachment and execution under the Foreign Sovereign Immunities Act. All of A's property in the United States, i.e., in the Omnibus Account, has been disclosed.

- Document Request No. 19.  Document Request No. 19 seeks documents forming the basis of Mr. Gem's inference, with respect to the two securities entitlements that were released by Judge Koeltl, that B paid consideration when it acquired the securities entitlements for its own account.  *See* June 27 Hr'g Tr. at 47:1-13; 49:12-20.  The basis of Mr. Gem's inference is clear from his testimony: the transfer from a non-proprietary account to a proprietary account implies that consideration was paid. *See id.* at 47:4-7, 10-13; 49:16-20.  The documents underlying the inference are the documents Mr. Gem reviewed concerning these transactions during the course of his testimony, all of which were provided to Plaintiffs.

It is evident that Plaintiffs' Subpoena is a "fishing expedition [that] will reel in material with little apparent or likely relevance" to counsel's stated purposes for discovery against Clearstream.  *Concord*, 169 F.R.D. at 51 (internal quotes and citations omitted).  The subpoena, therefore, should be quashed to prevent an undue burden on Clearstream.

### B.    Plaintiffs' Subpoena Is Unduly Burdensome

Clearstream's status as a non-party garnishee entitles Clearstream to "consideration

---

[3] *See* Clearstream's Memorandum is support of its motion to vacate restraints at 5 (citing to June 27 hearing testimony and other exhibits in the record).

**D.    Clearstream Has Demonstrated Good Faith In Complying With Plaintiffs' Discovery Demands**

It is beyond dispute that Clearstream has acted in good-faith and candidly, while at the same time complying with Luxembourg's banking secrecy laws. *See, e.g., Peninsula Asset Mgmt.*, 2005 WL 3046284, at *3 (holding that a non-party had demonstrated its good faith by producing some documents prior to being served with a subpoena, which it could not comply with under Korean law). As noted, Judge Koeltl recognized that good faith, describing the disclosure by Clearstream as "extraordinary." June 27 Hr'g Tr. at 75:24. Clearstream's disclosures — through the testimony of a witness subject to cross-examination — "certainly cuts against a finding" of bad faith. *Minpeco*, 116 F.R.D. at 528.

Moreover, this is not a situation in which the party resisting discovery under the Federal Rules has "relied on a sham law . . . to refuse disclosure." *Id.* Clearstream's refusal to comply with Plaintiffs' Subpoena is a result of legal inability, and not "willfulness, bad faith, or any other fault." *Id.* (internal quotation omitted). Indeed, there is absolutely nothing about Clearstream's conduct that would suggest that it has "courted legal impediments to production of [the requested documents and information]." *Societe Internationale*, 357 U.S. at 209. Rather, it is seeking to cooperate with this Court while complying with Luxembourg's governing laws.

Dated:  December 23, 2008                           Respectfully submitted,

                                                    WHITE & CASE LLP

                                                    By: _____
                                                         Francis A. Vasquez, Jr. (FV-1446)
                                                         Frank Panopoulos (FP-6975)
                                                         701 Thirteenth Street, N.W.
                                                         Washington, D.C. 20005
                                                         Tel: (202) 626-3600
                                                         Fax: (202) 639-9355

                                                    *Counsel for Clearstream Banking, S.A.*