# Exhibit 6

AUG 2 2 2013

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on August 14, 2013, between the Assignor(s), ▮▮▮▮▮▮▮▮, with a residence address located at ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Assignee, RD Legal Funding Partners, LP, with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626. If more than one person is named as Assignor, the term "Assignor" shall mean each and every Assignor.

**WHEREAS**, Assignor is the client of Heideman, Nudelman & Kalik, PC, the law firm that represented the Assignor and other plaintiff(s), in Brown, et al v. The Islamic Republic of Iran, U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531 (the "Case"), and Assignor has an interest in the Case;

**WHEREAS**, judgment was entered in favor of the Assignor and other plaintiffs in the Case by the Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, July 03, 2012 for an Amount of $183,281,294.00 in the aggregate, including an award to Assignor in the amount of $4,103,130.00 (the "Award");

**WHEREAS**, Assignor exclusively owns all right, title and interest in such Award;

**WHEREAS**, the funds that could be available to pay the Award are the subject of "Turnover Litigation" and there is also pending federal legislation which if enacted, would facilitate funding of the Award;

**WHEREAS**, Assignor wishes to receive an immediate lump sum cash payment for a portion of the Award and, in return, to assign that portion of the Award to Assignee;

It is hereby agreed as follows:

1. **Assignments and Consideration.**

    (a) Assignor hereby sells, assigns and transfers to Assignee, Assignor's right, title and interest in $960,953.05 (Nine Hundred Sixty Thousand Nine Hundred Fifty Three Dollars and 05 Cents) of the Award (referred to as the "Property" or "Property Amount") free and clear of all claims liens, interests and encumbrances (collectively referred to as "Adverse Interests").

    (b) In full payment for the Property and in consideration of its sale and assignment to Assignee, Assignee shall pay to Assignor the sum of $335,000.00 (Three Hundred Thirty Five Thousand Dollars and No Cents) ("Purchase Price").

    (c) **Assignor and Assignee intend and agree that this transaction shall constitute a true sale and transfer of the Property to Assignee, thereby providing Assignee with the full risks and benefits of ownership of the Property.**

    (d) Notwithstanding the fact that Assignor and Assignee intend that this Agreement is a true sale, in an abundance of caution in the event that such sale and assignment shall be characterized as a loan or other financial accommodation and not as a true

sale, or that such sale shall for any reason be ineffective or unenforceable as such, as determined in a judicial, administrative or other proceeding (any of which being a "recharacterization"), Assignee may at its option and in addition to all other notices provided for in this Agreement and without Assignor's signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. Assignor hereby grants to Assignee a security interest within the meaning of Article 9 of the UCC in all of the Assignor's right, title and interest in and to the Property to secure advancement of the Purchase Price, plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which the Assignor resides, whichever is less.

2. **Representations, Warranties and Assignments:** Assignor represents and warrants to Assignee that:

   (a) Heideman, Nudelman & Kalik, PC is and has been the attorney for the Assignor in the Case, the Award is true and correct, and the Assignor is entitled to the Property Amount without any offset or defense whatsoever.

   (b) Assignor owns good title to the Property, free and clear of all Adverse Interests and has the unrestricted right to assign the Property to Assignee. Upon Assignee's payment to Assignor of the Purchase Price, Assignee will own good title to the Property, free and clear of all Adverse Interests.

   (c) Assignor is under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the transfer and assignment of the Property.

   (d) There are no bankruptcy or insolvency proceedings in progress or in prospect affecting Assignor, the Property or any of Assignor's assets. Assignor is not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

   (e) The information Assignor has provided to Assignee is correct, accurate and complete in all respects. Assignor understands that Assignee has relied and will continue to rely on this information in acquiring and dealing with the Property.

   (f) Assignor has paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against Assignor or the Property, (ii) liens owed by Assignor to any County, City or State Government entity; or (iii) liens owed by Assignor to the United States Government or other person or entity for any social service or other benefit that Assignor has received and is obligated to repay.

   (g) This Agreement constitutes Assignor's legal, valid and binding obligation and is enforceable against Assignor in accordance with its terms.

    (h)    Assignor is not indebted to any present or former spouse for support, maintenance or similar obligations, and Assignor is not indebted to any child or to the guardian of any such child for any child support or similar payments.

3.    **Covenants.**  Assignor covenants and promises to Assignee as follows:

    (a)    If before payment of the full Purchase Price Assignee discovers that there has been a breach ("Breach") of any of the representations, warranties or covenants of this Agreement, Assignee may, in its absolute discretion, do any or all of the following: (i) apply all or any necessary portion of the Purchase Price to cure the Breach including, without limitation, to effect the removal of any Adverse Interests and to reimburse Assignee for the related costs of doing so; (ii) terminate its obligations under this Agreement at which time Assignor shall return to Assignee the Purchase Price, plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which the Assignor resides, whichever is less.

    (b)    When requested, Assignor shall promptly execute such additional documents and take such further actions as Assignee may determine is reasonably necessary or desirable to perfect the assignment of the Property to Assignee.

    (c)    Until such time as Assignee has received the entire Property Amount, Assignor shall immediately advise Assignee if Assignor receives any portion of the Award and promptly pay such portion or the Property Amount, whichever is less, to Assignee in accordance with Assignee's instructions. If such payment is not made to Assignee within 5 business days of Assignor's receipt of the portion of the Award, then Assignor shall be in breach of the Agreement.

    (d)    At Assignee's request, Assignor will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and Assignee may also notify such party) of the terms of this Agreement and will direct such party to pay the Property Amount to Assignee instead of (and not to) Assignor.

    (e)    Assignor fully understands that Assignor is giving up all Assignor's right, title and interest in the Property.

    (f)    Assignor shall notify Assignee in writing of any of the following events as promptly as practicable, and in any event within five (5) Business Days (defined as every day except Sundays and federal holidays), after Assignee discovers that such event has occurred:

        I.    Assignor receives any payments of any kind with respect to the Case; or

        II.    A Breach occurs; or

      III.    Assignor files for bankruptcy, becomes the subject of a tax lien, other lien, becomes indebted to any present or former spouse for support, maintenance or similar obligations, or becomes indebted to any child or to the guardian of any such child for any child support or similar payments; or

      IV.    Any other event which could potentially encumber the Property; or

      V.    A change in the information that Assignee may use to contact Assignor (including, but not limited to a change of address, telephone number, etc.).

The required written notice shall be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

**(PLEASE DO NOT SEND CONTRACT PAPERWORK TO THE CALIFORNIA OFFICE)**

With a copy to **General Counsel:**
RD LEGAL COMPANIES
7344 Magnolia Avenue, Suite 110
Riverside, CA 92504
Attn: Irena Leigh Norton, Esq.
Phone: (951) 359-3205
Fax: (951) 637-0627
Email: inorton@legalfunding.com

or to such other address or addresses that Assignee may otherwise provide. The notice required by this provision shall be considered to have been given by Assignor when received by Assignee.

4. **Other Agreements**

    (a)    Excess Payment to Assignee. If Assignee receives payment with respect to the Case in an amount that exceeds the Property Amount, Assignee agrees to promptly pay the excess amount to Assignor.

    (b)    <u>Best Evidence</u>. In any proceeding involving this Agreement or any other document related to this assignment or transaction, a photocopy or digital copy of

this Agreement will be irrefutable proof and will constitute the best evidence of it and will not be objected to by any party.

(c) Equitable Relief. Each of the parties acknowledges that each would be irreparably harmed in the event any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached. Accordingly, each of the parties agrees that the other shall be entitled to the remedy of specific performance, injunctive or similar equitable relief in the case of or to prevent breaches of the provisions hereof, in addition to any other remedy available at law or in equity.

(d) Entire Agreement. This Agreement contains the entire agreement between the parties; supersedes all previous agreements, whether written or oral, with regard to the subject matter hereto; and may be modified only by a written instrument duly executed by the party to be charged.

(e) Assignment. Assignor shall have no right to assign this Agreement or any of the rights, interests or obligations under this Agreement. Assignee shall have the right to assign any or all of its rights, interests and obligations under this Agreement provided that any assignee shall agree to assume all of Assignee's obligations under this Agreement. Assignee shall also have the right to pledge or grant a security interest in Property that is the subject of this Agreement. This Agreement shall be binding on the successors [heirs] and permitted assigns of the parties hereto.

(f) Third-Party Beneficiary. This Agreement does not create, and shall not be construed as creating, any rights enforceable by any person not a party to this Agreement.

(g) No Recourse. Assignee is purchasing all of Assignor's right, title and interest and to the Property. The conveyance of Assignor's right, title and interest in the Property is made by Assignor to Assignee without recourse, against Assignor except as otherwise expressly provided herein.

(h) Severability. In the event any portion of this Agreement may be determined by any court of competent jurisdiction to be unenforceable, the balance of the Agreement shall be severed therefrom and shall continue in full force and effect unless a failure of consideration would thereby result.

(i) Headings; Interpretation. The headings of Sections contained in this Agreement are for convenience of reference only and do not form a part of this Agreement.

5. **Governing Law Exclusive Jurisdiction:** This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey. Furthermore, in the event of any suit or other proceeding arising out of this Agreement, all parties to this Agreement consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.

6. **WAIVER OF TRIAL BY JURY: EACH OF ASSIGNOR AND ASSIGNEE HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.**

7. This Agreement will not be deemed executed until such time as (i) this Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Assignor, Spousal Acknowledgment and Notice of Assignment) are signed by Assignor before a Notary Public and returned to Assignee at its offices in New Jersey (all containing original signatures), (ii) Assignee receives from Heideman, Nudelman & Kalik, PC or Assignor the Notice of Assignment to Heideman, Nudelman & Kalik, PC and the letter addressed to Assignee from Heideman, Nudelman & Kalik, PC containing acknowledgment signatures of Law Offices of Fay & Perles, FSIA Litigation (Fay Kaplan Law, P.A., and The Perles Law Firm, PC) (including any other plaintiff attorneys as may be indicated in the aforesaid letter) acknowledging Assignee's lien on Assignor's interest in the Judgment, and (iii) this Agreement is signed by an agent, servant and/or employee of Assignee. This Agreement will then be deemed executed in the State of New Jersey.

Wire Instructions:

*Please remit payment subject to this Agreement to RD Legal Funding Partners, LP at:*



Bank:

Account Number:
ABA Number:

### NOTICE TO ASSIGNOR

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The undersigned has executed this Agreement as of the date first written above.

Assignor

By: █████████████████████

Printed Name

_Assignor_
Title


RD LEGAL FUNDING PARTNERS, LP

Assignee

By: _____

_____
Printed Name

_____
Title

## Limited Irrevocable Power of Attorney

I, ███████████████, ("Assignor"), do hereby constitute and appoint, Roni Dersovitz or any other managers, members or officers of RD Legal Funding Partners, LP ("Assignee"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, as Assignor's true and lawful attorney for Assignor, and in Assignor's name, place and stead for the following purposes:

(A) To endorse and deposit any and all checks payable to Assignor with respect to his/her Award in the matter entitled <u>Brown, et al v. The Islamic Republic of Iran,</u> U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531, which is the same matter in which Assignor has assigned all Assignor's right, title and interest in the Property to Assignee as evidenced by the attached Agreement.

Assignor understand(s) that by executing this Power of Attorney, Assignor is giving up the right or authority to take the acts that Assignor has hereby empowered the recipient of this Power of Attorney to perform, except as otherwise authorized by Assignee. This instrument may not be revoked or changed except upon written agreement of Assignee.

IN WITNESS WHEREOF,

Assignor(s) have hereunto set Assignor's hand and seal on August 14, 2013

ACKNOWLEDGMENT

STATE OF ~~FLORIDA~~ Northcarolina }

SS:

COUNTY OF ~~PASCO~~ Guilford }

**BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮▮▮▮▮▮, ▮▮, the assignor(s) herein, who I am satisfied is/are authorized to execute the Agreement and Power of Attorney and who executed the Agreement and Power of Attorney and acknowledged on the Agreement that they signed, sealed, and delivered the Agreement as his/her act and deed for the uses and purposes expressed therein.

*Pamela Kline*
NOTARY PUBLIC

```
PAMELA J KLINE
Notary Public
Guilford County
North Carolina
My Commission Expires Aug 29, 2015
```

## CERTIFICATION OF ASSIGNOR

Assignor hereby certifies that all of the statements made herein are true and correct and Assignor knows that if any of the foregoing statements made by Assignor are willfully false, Assignor is subject to punishment.

By: ███████████████████████          Date: 8/20/2013

## Spousal Acknowledgment

I, ███████████ hereby acknowledge the following:

(1) That I am the spouse of the Assignor named in this Agreement;

(2) That I have read and understood the terms of, and been provided with, a copy of this Agreement;

(3) That, by virtue of this Agreement, my spouse has assigned a portion of his/her interest in the judgment entered in the case of Brown, et al v. The Islamic Republic of Iran, U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531 (the "Property") to RD Legal Funding Partners, LP ("Assignee"); and

(4) That, to the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

The undersigned has executed this Acknowledgment as of __Aug 20__, 20_13_.

███████████████████████████

Printed Name

### ACKNOWLEDGMENT

STATE OF ~~FLORIDA~~ North Carolina }

SS:

COUNTY OF ~~PASCO~~ } Guilford

I certify that on this _20_ day of _Aug_, 20_13_, ███████████ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

_Pamela Kline_
NOTARY PUBLIC

- 11 -

PAMELA J KLINE
Notary Public
Guilford County
North Carolina
My Commission Expires Aug 29, 2015

## NOTICE OF ASSIGNMENT

TO:    Fund Administrator

RE:    Brown, et al v. The Islamic Republic of Iran
         U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531

       You are hereby notified that on August 14, 2013, ▓▓▓▓▓▓▓▓ ("Assignor"), transferred and assigned to the undersigned ("Assignee"), a portion of the Assignor's right, title and interest in the judgment entered in favor of Assignor on July 03, 2012 for an Amount of $183,281,294.00 by the U.S. District Court for the District of Columbia in the case Brown, et al v. The Islamic Republic of Iran, U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531 (the "Judgment"), the portion of Assignor's interest in the Judgment that is assigned to Assignee is the amount of $960,953.05 (Nine Hundred Sixty Thousand Nine Hundred Fifty Three Dollars and 05 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to Assignee (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than Assignee shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by Assignee hereunder.

Assignee: RD Legal Funding Partners, LP *(Payment address only)*     Tax I.D. No. ▓▓▓▓
          PO Box 12428
          Newark, NJ 07101-3528

By: _____
      Authorized Representative                      Date: August 14, 2013

Assignor: ▓▓▓▓▓▓▓▓

By: ▓▓▓▓▓▓▓▓                                               Date: 8/20/2013
*[Printed name of individual signing]*

Bank Information:

Routing Number - █████████

█████████████
█████████████
█████████████

█████████████

Account Number - █████████

COPY

**NOTICE OF ASSIGNMENT**

TO: Heideman, Nudelman & Kalik, PC
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
Attn: Noel J. Nudelman, Esq.

Fay Kaplan Law, PA
777 Sixth Street, NW, Suite 410
Washington DC 20001
Attn: Thomas Fortune Fay, Esq.

The Perles Law Firm, PC
1146 Nineteenth Street, NW, Suite 500
Washington, DC 20036
Attn: Steven R. Perles, Esq.

RE: Brown, et al v. The Islamic Republic of Iran
U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531

You are hereby notified that on August 14, 2013, [redacted] ("Assignor"), transferred and assigned to the undersigned ("Assignee"), a portion of the Assignor's right, title and interest in the judgment entered in favor of Assignor on July 03, 2012 for an Amount of $183,281,294.00 by the U.S. District Court for the District of Columbia in the case Brown, et al v. The Islamic Republic of Iran, U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531 (the "Judgment"), the portion of Assignor's interest in the Judgment that is assigned to Assignee is the amount of $960,953.05 (Nine Hundred Sixty Thousand Nine Hundred Fifty Three Dollars and 05 Cents) (the "Property Amount"). You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to Assignee (RD Legal Funding Partners, LP) in the sum of the Property Amount pursuant to the Agreement between the parties. You are further instructed that any distribution of the Property Amount to any person other than Assignee shall be in violation of the Agreement and shall result in Heideman, Nudelman & Kalik, PC being held liable for damages and attorneys' fees for any loss suffered by Assignee hereunder.

Assignee: RD Legal Funding Partners, LP *(Payment address only)* Tax I.D. No. [redacted]
PO Box 12428
Newark, NJ 07101-3528

By: ______________________
Authorized Representative

Date: August 14, 2013

Assignor: [redacted]

By: [redacted]
[Printed name of individual signing]

Date: 8/20/2013

US_ACTIVE-110881304-RMJAWORS



SEP 1 2 2013

## LAW OFFICES
## FAY & PERLES
### FSIA LITIGATION

Thomas Fortune Fay, Esq.
Fay Kaplan Law, PA
777 Sixth Street, NW
Suite 410
Washington, DC 20001
202/589-1300
ThomasFay@aol.com

Steven R. Perles, Esq.
The Perles Law Firm, PC
1146 Nineteenth Street, NW
Suite 500
Washington, DC 20036
202/955-9055
sperles@perleslaw.com

August 14, 2013

RD Legal Funding Partners, LP
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re: Brown, et al v. The Islamic Republic of Iran
    U.S. District Court, District of Columbia, Consolidated Civil Action(s): 08-531

Dear Mr. Dersovitz:

    This will acknowledge that our client, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, (Assignor), has assigned $960,953.05 of his interest in the judgment proceeds of the referenced case to RD Legal Funding Partners, LP ("Assignee") pursuant to that certain Assignment and Sale Agreement(s), dated August 14, 2013, a copy of which is attached to and made a part of this communication. We acknowledge receipt of the Notice of assignment duly executed by our client, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

    Fay Kaplan Law, PA the Perles Law Firm, PC and Heideman Nudelman & Kalik, each maintain their files separately. Neither firm is responsible for the record keeping of the other. Fay Kaplan Law, PA, by the signature below of Thomas Fortune Fay, Esq., advises you that as of the above date, it is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor, other than the fees due counsel. Likewise, The Perles Law Firm, PC, by the signature below of Steven R. Perles, Esq., advises you that as of the above date, it is not in written receipt of any past lien, other than the fees due counsel. Heideman Nudelman & Kalik, PC / Karr & Allison, P.C. by the signature below of Noel J. Nudelman, Esq., advises you that as of the above date, it is not in written receipt of any past lien, other than the fees due counsel. Neither Fay Kaplan Law, PA nor The Perles Law Firm, PC, nor Heideman Nudelman & Kalik, PC shall bear responsibility for either future lien notices which either of the firms may receive or for liens of which they have not received past written notice.

We jointly further acknowledge Assignee's lien on Assignor's interest in the subject judgment proceeds. By signing below, we jointly agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to Assignee at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated August 14, 2013.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Thomas Fortune Fay, Esq.
Individually and for
Fay Kaplan Law, PA

Steven R. Perles, Esq.
Individually and for
The Perles Law Firm, PC

Noel J. Nudelman, Esq.
Individually and for
Heideman Nudelman & Kalik, PC