# STORCH AMINI PC

**Steven G. Storch**
MEMBER NY & IL BARS

212.497.8216
sstorch@storchamini.com

June 23, 2017

**VIA E-MAIL**

Kathleen N. Massey, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036
kathleen.massey@dechert.com

Re:   *Peterson v. Islamic Republic of Iran,* No. 10-cv-4518-KBF (S.D.N.Y.)

Dear Special Master Massey:

      We represent Jay Glenn ("Glenn"), and write to explain why Your Honor should direct the establishment of a reserve for Glenn's claim, and to describe the amount claimed by Glenn and information needed for Your Honor to determine an appropriate reserve.

Charging Lien

      Thomas Fay and Steven Perles suggested on the June 20, 2017 telephone conference that it would be inappropriate to reserve for Glenn's claim given that Judge Forrest determined he does not have a valid charging lien under Judiciary Law § 475 by Memorandum Decision & Order, entered June 6, 2016 [ECF No. 647] on Glenn's motion to intervene in the turnover action, and Judge Lamberth entered a Memorandum and Opinion and Order quashing Glenn's charging lien in the underlying *Peterson* action [ECF No. 564-65].

      That suggestion should be rejected, as Judge Lamberth's decision is on appeal, and further, will be subject to de novo review.

      Moreover, Judge Forrest's decision is incorrect. Judge Forrest concluded Glenn did not have a valid charging lien under Judiciary Law § 475 because he had not appeared in the turnover action (notwithstanding his having appeared and been admitted *pro hac vice* in the underlying *Peterson* action). However, the Court of Appeals held in *Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658 (1993) that a charging lien under section 475 "is imposed on the cause of action [,] and … the proceeds, wherever found, are subject to it … even if recovery is obtained in an action different from the one in which the services were rendered."[1]  Further, Judge Forrest's

---

[1] The decision was rendered five days after Glenn's motion was filed and without the benefit of an opposition or reply brief. Accordingly, for res judicata or collateral estoppel purposes, Glenn contends that the matter was not fully litigated.

conclusion concerning the availability of a section 475 charging lien was nonbinding dicta, as Judge Forrest denied Glenn's motion to intervene in the first instance on the grounds that it was untimely.

Given that a charging lien follows the proceeds of a litigation and that all parties are now on notice of Glenn's lien, it would be error to permit the QSF Trustee to distribute the trust res notwithstanding Glenn's lien, as doing so would invite further litigation. *Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 302 A.D.2d 183, 189 (1st Dep't 2002) (citing *Fischer-Hansen v. Brooklyn Heights R.R.*, 173 N.Y. 492, 502 (1903)) ("payment of [litigation] proceeds, while on notice of a charging lien, is made at [the transferor's] peril"); *Morgan v. Dewry*, 285 A.D. 1, 5 (1st Dep't 1954) (applying principal for benefit of attorney who was not counsel of record at time of settlement, and concluding "where a defendant settles a claim or cause of action the lien of plaintiff's attorney attaches to the amount agreed upon in settlement the instant the agreement is made and the law will not permit the defendant to say it has nothing in its hands to satisfy the lien").

Disputed Claim Reserve

Glenn respectfully requests that Your Honor fix the amount of any reserve for his claim. Glenn asserted in his Complaint, filed in the United States District Court for the District of Columbia (Case No. 16-cv-2498), that he has a contractual entitlement to $21.7 million, comprised of (1) 3% of amounts collected by Fay & Perles on behalf of 103 plaintiffs who were awarded judgments totaling $309 million, or $9.3 million, (2) 11.11% of amounts collected on behalf of 40 plaintiffs introduced by Glenn and who entered into Contingent Retainer Agreements, who were awarded judgments totaling $112 million, or $12.4 million, plus (3) $15,289 in reimbursable expenses. Naturally, non-*Peterson* judgment creditors have an entitlement to the QSF under the Order Authorizing Distribution of Funds, entered June 6, 2016 [ECF No. 651], but Glenn is not privy to the various written agreements among Iran's judgment creditors (the "Sharing Agreements") referenced therein, and cannot determine the degree, if any, to which the face value of his claim should be reduced for the purpose of setting an appropriate reserve as a result of any reduction in Fay & Perles' recovery on behalf of *Peterson* plaintiffs under the Sharing Agreements. Glenn requests that Fay & Perles be directed to disclose the *Peterson* plaintiffs' percentage-recovery on their judgments under the Sharing Agreements so an appropriate reserve can be determined (which Glenn submits should be the face amount of his claim multiplied by the *Peterson* plaintiffs' percentage-recovery).

In addition, Thomas Fay represented in his disbursement motion [ECF No. 735-5] that he and Caragh Fay determined Glenn's "Total Attorney Fees from First Round of Distributions" to be $1.7 million (subject to resolution of Glenn's District of Columbia action), which Glenn considers a surprisingly low number given that Glenn does not believe a genuine dispute exists concerning his contractual entitlement to the 3% fee sought by him ($9.3 million) assuming his contract claim is not determined to be time-barred. Neither of them advised Glenn how they determined his claim. Glenn further requests that Your Honor invite them to explain their methodology, so that the disputed claim reserve can be determined based on complete information, and that Glenn be permitted to comment on the same.

Kathleen M. Massey, Esq.
June 23, 2017
Page 3

      We remain available to discuss the foregoing and to answer any questions at Your Honor's convenience.

Respectfully,

*Steve Storch /d.g*

Steven G. Storch

cc:    Thomas Fay, Esq. (thomasfay@aol.com)
        Chantale Fiebig, Esq. (efiebig@gibsondunn.com)
        John Vail, Esq. (john@johnvaillaw.com)
        Steven R. Perles, Esq. (sperles@perleslaw.com)
        Edward MacAllister, Esq. (emacallister@perleslaw.com)
        Geoffrey Townsend Hervey, Esq. (ghervey@bregmanlaw.com)
        Paul Kingsbery, Esq. (paul.kingsberr@dechert.com)
        Shalom Jacob, Esq. (sjacob@lockelorde.com)