# Exhibit 10



THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED
UNDER THE SUPERVISION OF AN ATTORNEY

ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "*Agreement*") is made on 23rd day of April, 2014, between ▮▮▮▮▮▮▮▮▮ ("*you*"), with a residence address located at ▮▮▮▮▮▮▮▮▮ and Cedars Funding LLC ("*Purchaser*," "*we*" or "*us*"), with offices located at c/o RD Legal Funding, LLC, 45 Legion Drive, Cresskill, NJ 07626 (each a "*Party*", and together the "*Parties*"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 5. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN A JUDICIAL PROCEEDING.**

WHEREAS, you are the client of Fay Kaplan Law, P.A., the law firm that represented you and other plaintiff(s), in Peterson, et al v. the Islamic Republic of Iran, U.S. District Court, District of Columbia, Consolidated Civil Action(s): 01-2094 and 01-2684 (the "*Case*"), and you have an interest in the Case;

WHEREAS, judgment was entered in favor of you and other plaintiffs in the Case by the Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, September 07, 2007 for the total amount of $2,656,944,877.00 (the "*Judgment*"), including an award to you in the amount of $2,500,000.00 (the "*Award*");

WHEREAS, you exclusively own all right, title and interest in such Award;

WHEREAS, the funds that could be available to pay the Award are or may in the future be the subject of one or more separate turnover or other litigations;

WHEREAS, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award to us; and

WHEREAS, you and we wish to acknowledge certain agreements and consents given by you concerning the pending Settlement Agreement between Clearstream Banking, S.A. ("*Clearstream*"), the various plaintiffs in the Case, including you, and the various plaintiffs' attorneys (the "*Clearstream Settlement Agreement*");

NOW, THEREFORE, you and we agree as follows:

SECTION 1.     ASSIGNMENTS AND CONSIDERATION.

(a)   You hereby agree to sell, transfer and assign to Purchaser all of your rights, title and interest in and to that portion of the Award representing $585,500.00 and all proceeds thereof



including without limitation any and all payments made to you or to be made to you or on your behalf on account of the Award (the *"Property"* or *"Property Amount"*) free and clear of any and all liens, claims and interests on or in the Award held, obtained or claimed by any party, including without limitation any attorney's fees payable with respect to the Award (collectively, the *"Adverse Interests"*).

(b) In return for the Property, Purchaser will pay to you the sum of $205,000.00 (*"Purchase Price"*).

(c) Any and all funds received by you or any of your representatives or agents in full or partial satisfaction of the Award and any and all further payments made in satisfaction of the Award, regardless of the source of those funds and regardless of whether those funds came from one or more turnover litigations, shall be paid to us until we have received the entire Property Amount before any payment is made from the Award to you or any other person. To the extent there is any obligation, liability or expense arising from the Action, including without limitation, any amounts due for attorneys fees and expenses, such amounts shall be paid from and/or applied against such portion of the Award not transferred, sold or assigned to us.

(d) The Parties intend that the transfer of the Property by you to Purchaser be an absolute sale and not a secured borrowing. If the transaction under this Agreement were determined to be a loan rather than an absolute sale despite this intent of the Parties, the transfer provided for in this Agreement shall be deemed to be the grant of, and you hereby grant to Purchaser, a first-priority security interest in all of your right, title, and interest, whether now owned or hereafter acquired, in, to, and under the Property to secure your obligations under this Agreement including the obligation to cause the sale of the Property and the payment of all monies due under the Award to Purchaser and its assigns. This grant is a protective measure and must not be construed as evidence of any intent contrary to the one expressed in the first sentence of this paragraph, nor should the intent expressed in the first sentence of this paragraph be deemed to be an expression of the intended tax treatment of the conveyance of the Property. In furtherance of the foregoing, you hereby authorize Purchaser to file a UCC-1 financing statement naming you as a debtor.

(e) If the transaction under this Agreement were determined to be a loan rather than an absolute sale despite the intent of the Parties, and the implied interest on such loan would violate any law or regulation, then the amount of interest that would otherwise be payable hereunder shall be reduced to the maximum amount allowed under said laws or regulations.

(f) No Recourse. Each of the Parties affirms that Purchaser is purchasing all of your interest in the Property without recourse against you (other than for a Breach). In the event we for any reason (other than your Breach of this Agreement) do not receive all of the Property Amount, you will have no obligation to pay us any portion of the Purchase Price that we paid to you.

(g) **CEDARS FUNDING LLC AGREES THAT IT SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR**


Initial

RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH YOU AND YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM.

SECTION 2.    REPRESENTATIONS, WARRANTIES AND ASSIGNMENTS: YOU REPRESENT AND WARRANT TO US THAT:

(a) Law Offices of Fay & Perles, FSIA Litigation (Fay Kaplan Law, P.A., and The Perles Law Firm, PC) Bond & Norman, Cook Collection Attorneys, P.L.C., Joseph Peter Drennan, Robert P. Feeney, Esq., Anthony J. LaSpada, Bond & Norman, PLLC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any offset or defense whatsoever.

(b) You own good title to the Property, free and clear of all Adverse Interests and you have the unrestricted right to assign the Property to us. Upon our payment to you of the Purchase Price, we will own good title to the Property, free and clear of all Adverse Interests.

(c) You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the transfer and assignment of the Property.

(d) There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(e) All of the information that you have provided to us is correct, accurate and complete in all respects. You understand that we have relied and will continue to rely on this information in acquiring and dealing with the Property.

(f) You have paid all federal, state and local taxes due through and including this date or have made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property; (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(g) This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(h) You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

(i) No broker, finder or other person acting pursuant to the instructions of you is entitled to any broker's fee or other commission in connection with this Agreement for which we may be responsible.


Initial

(j)  You have made an independent analysis and decision to enter into the Agreement, based on such information as you have deemed appropriate under the circumstances, and without reliance on us (except for reliance on any express representations, warranties and covenants made by us pursuant to this Agreement).

(k)  You have legal capacity and are competent to sign and perform this Agreement. If someone other than you is signing this Agreement, that person is authorized to enter into this Agreement on your behalf.

(l)  If requested, you will promptly sign any additional documents and take any further actions that we determine is necessary or desirable to carry out the agreements in this Agreement.

(m)  The execution, delivery and performance of the Agreement, and the consummation of the transactions contemplated by the Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(n)  No payment or other distribution has been received by or on behalf of you on or before the date of this Agreement, in full or partial satisfaction of the Award.

(o)  You have not transferred, assigned or sold the Property to any other party or granted to any other party a participation or other interest in the Property.

(p)  You have not engaged in any acts or conduct or made any omissions that will potentially result in us receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

SECTION 3.    COVENANTS.

You covenant and promise to us as follows:

(a)  If before payment of the full Purchase Price we discover that there has been a breach ("*Breach*") of any of the representations, warranties or covenants of this Agreement, we may, in our absolute discretion, do any or all of the following: (i) apply all or any necessary portion of the Purchase Price to cure the Breach including, without limitation, to effect the removal of any Adverse Interests and to reimburse us for the related costs of doing so; and (ii) terminate our obligations under this Agreement at which time you shall return to us the Purchase Price, plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

(b)  When requested, you will promptly execute any additional documents and take whatever further actions we reasonably determine are necessary or desirable to perfect the assignment of the Property to us or to carry out the terms of this Agreement.

(c)  Until such time as we have received the entire Property Amount, you shall immediately advise us if you receive any portion of the Award and promptly pay such portion or


Initial

the Property Amount, whichever is less, to us in accordance with our instructions. You agree that any distribution on account of the Award received by you constitutes our property to which we have an absolute right. You shall hold such property in trust and will, at your own expense, deliver to us any such property, together with any endorsements or documents necessary to transfer such property to us within five (5) Business Days (defined as every day except Saturdays, Sundays and federal holidays) of your receipt.

(d)     At our request, you will notify the accounting firm or party responsible for distribution of the funds to satisfy the Award (and we may also notify such party) of the terms of this Agreement and will direct such party to pay the Property Amount to us instead of (and not to) you.

(e)     You fully understand that you are giving up all your right, title and interest in the Property.

(f)     You will notify us in writing of any of the following events as soon as possible but no later than five (5) Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.      You receive any payments of any kind with respect to the Case;

    II.     A Breach occurs;

    III.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    IV.    Any other event which could potentially encumber the Property; or

    V.     A change in the information that we may use to contact you (including, but not limited to a change of address, telephone number, etc.).

Any written notice required by this Agreement shall be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

    Cedars Funding LLC
    c/o RD Legal Funding, LLC
    45 Legion Drive
    Cresskill, NJ 07626

or to such other address or addresses as we may otherwise provide. The notice required by this provision shall be considered to have been given by you when received by us.


Initial

SECTION 4.   OTHER AGREEMENTS

(a) *Excess Payment to Us.* If we receive payment with respect to the Case in an amount that exceeds the Property Amount, we agree to promptly pay the excess amount to you.

(b) *Best Evidence.* In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c) *Equitable Relief.* Each of the parties acknowledges that each would be irreparably harmed in the event any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached. Accordingly, each of the parties agrees that the other shall be entitled to the remedy of specific performance, injunctive or similar equitable relief in the case of or to prevent breaches of the provisions hereof, in addition to any other remedy available at law or in equity.

(d) *Enforcement.* The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(e) *Entire Agreement.* This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(f) *Assignment.* You shall have no right to assign this Agreement or any of the rights, interests or obligations under this Agreement. We shall have the right to assign any or all of our rights, interests and obligations under this Agreement provided that any assignee shall agree to assume all of our obligations under this Agreement. We shall also have the right to pledge or grant a security interest in the Property that is the subject of this Agreement. This Agreement shall be binding on the successors, heirs, and permitted assigns of the parties hereto.

(f) *Third-Party Beneficiary.* This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of us.

(g) *No Recourse.* We are purchasing all of your right, title and interest in and to the Property. The conveyance of your right, title and interest in the Property is made by you to us without recourse against you, except as otherwise expressly provided herein.

(h) *Severability.* In the event any portion of this Agreement may be determined by any court of competent jurisdiction to be unenforceable, the balance of the Agreement shall be


Initial

severed therefrom and shall continue in full force and effect unless a failure of consideration would thereby result.

(i) *Headings; Interpretation.* The headings of Sections contained in this Agreement are for convenience of reference only and do not form a part of this Agreement.

(j) *Consent to Clearstream Settlement Agreement and Intent to Proceed.* You have been notified by your attorneys of the terms of the Clearstream Settlement Agreement, and you consent to that agreement and you will sign any documents needed to evidence that consent. You wish to proceed with the Agreement despite the Clearstream Settlement Agreement.

SECTION 5. GOVERNING LAW; JURISDICTION.

THIS AGREEMENT, WITHOUT GIVING EFFECT TO CONFLICT OF LAWS, IS GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW JERSEY. IF A LAWSUIT OR OTHER PROCEEDING ARISES OUT OF THIS AGREEMENT, THE PARTIES CONSENT TO THE JURISDICTION AND VENUE OF THE STATE OR FEDERAL COURTS OF THE STATE OF NEW JERSEY. THE PARTIES WAIVE ANY OBJECTION THAT THEY MAY HAVE, NOW OR LATER, TO THE VENUE OF ANY LAWSUIT OR PROCEEDING OR THAT ANY SUCH LAWSUIT OR PROCEEDING IS BROUGHT IN AN INCONVENIENT COURT.

## DISPUTE RESOLUTION

PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

*Agreement to Arbitrate Disputes.* Either you or we may elect, without the other's consent, to require that any dispute between the Parties relating to this Agreement be resolved by binding arbitration.

*Disputes Covered by Arbitration.* Any claim or dispute relating to or arising out of this Agreement, or the Parties' relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory the disputes are based or what remedy (damages, or injunctive or declaratory relief) are sought. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.


Initial

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as your parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to us, but also our parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other Party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

*Commencing an Arbitration.* The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at Cedars Funding LLC, c/o RD Legal Funding, LLC, 45 Legion Drive, Cresskill, NJ 07626. If we initiate the arbitration, we must notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

American Arbitration Association    JAMS
1-800-778-7879 (toll-free)           1-800-352-5267 (toll-free)
Website: www.adr.org                 Website: www.jamsadr.com

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the Parties agree to a different location in writing.

*Administration of Arbitration.* The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The

Initial

arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named Parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

*Costs.* The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each Party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a Party may recover any or all expenses from another Party if the arbitrator, applying applicable law, so determines.

*No Class Action or Joinder of Parties.* You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are Parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

*Right to Resort to Provisional Remedies Preserved.* Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

*Arbitration Award.* The arbitrator's award shall be final and binding unless a Party appeals it in writing to the arbitration forum within fifteen (15) days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the Parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

Initial

*Governing Law.*  You and we agree that our purchase of your Property involves interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

*Severability, Survival.*  These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

SECTION 6.   WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

SECTION 7.   CONDITIONS PRECEDENT.

(a)  Our obligations to pay the Purchase Amount and to acquire the Property shall be subject to the following conditions:

(i)  Your representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)  This Agreement and the attached documents (Limited Irrevocable Power of Attorney, Spousal Acknowledgment and Notice of Sale and Assignment) are signed by you before a Notary Public and returned to us (all containing original signatures);

(iii)  You have complied in all material respects with all covenants required by this Agreement to be complied with by you before this Agreement is fully executed; and

(iv)  We receive from you a termination of that certain Assignment and Sale Agreement dated as of October 22, 2013, between you and RD Legal Funding Partners, L.P. (*"RD"*), executed by you and RD.

(v)  We receive from Fay Kaplan Law, P.A. or you the Notice of Assignment and Sale to Fay Kaplan Law, P.A. containing acknowledgment signatures of the Law Offices of Fay & Perles, FSIA Litigation (Fay Kaplan Law, P.A., and The Perles Law Firm, PC) (including any other plaintiff attorneys as may be indicated in the aforesaid letter) acknowledging our purchase of your interest in the Judgment and acknowledging (a) they are being paid by you on a contingency basis per a written fee agreement with you, (b) all proceeds of the civil litigation will be disbursed via their attorney trust account or a settlement fund established to receive the proceeds of the civil litigation from the defendant on behalf of you.

-10-


Initial

(b)     Your obligation to sell to us and transfer the Property to us shall be subject to the following conditions:

(i)     Our representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)    We have complied in all material respects with all covenants required by this Agreement to be complied with by us before this Agreement is fully executed; and

(iii)   You have received this Agreement duly executed on behalf of us.

Wire Instructions:     **TO BE PROVIDED**

Initial

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: Cedars Funding LLC, 56 Harrison Street, Sutie 203A, New Rochelle, NY 10801 Attn: Mr. Bradley Scher.

### IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**


Initial

The Parties have executed this Agreement as of the date first written above.



Printed Name of Individual



CEDARS FUNDING LLC

By: _____

Printed Name: ___Bradley E. Scher_____

Title: _____Administrator - Cedars Funding LLC

-13-                                              Initial___

## LIMITED IRREVOCABLE POWER OF ATTORNEY

I, ███████████████, appoint Bradley Scher, or any other managers, members or officers of Cedars Funding LLC, whose principal place of business is located at 56 Harrison Street, Suite 203A, New Rochelle, New York 10801, as my true and lawful attorney, and in my name, place, and stead for the following purposes:

   (A)   To endorse and deposit any and all checks payable to me with respect to my Award in the matter entitled Peterson, et al v. the Islamic Republic of Iran, U.S. District Court, District of Columbia, Consolidated Civil Action(s): 01-2094 and 01-2684 (the *"Checks"*), a portion of which I assigned to Cedars Funding LLC as evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse and deposit the Checks, except as otherwise authorized by Cedars Funding LLC. This Power of Attorney may not be revoked or changed except upon written agreement of Cedars Funding LLC.

Date: April 23, 2014



By: ███████████████

MARIA CHANDRA
Notary Public - State of Florida
My Comm. Expires Apr 19, 2016
Commission # EE 191825
Bonded Through National Notary Assn.

## ACKNOWLEDGMENT

STATE OF FLORIDA)
                          ) SS.
COUNTY OF LAKE  )

BE IT REMEMBERED that on this date before me personally appeared ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓, who I am satisfied is/are authorized to execute the Agreement and Power of Attorney and who executed the Agreement and Power of Attorney and acknowledged on the Agreement that he/she/they signed, sealed, and delivered the Agreement as his/her/their act and deed for the uses and purposes expressed therein.

_____
Notary Public

**MARIA CHANDRA**
Notary Public - State of Florida
My Comm. Expires Apr 19, 2016
Commission # EE 191325
Bonded Through National Notary Assn.

(SEAL)

Commission Expires:

Apr. 19, 2016

-2-