UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.) et al., <br><br> Plaintiffs, <br><br> -v- <br><br> ISLAMIC REPUBLIC OF IRAN et al., <br><br> Defendants. | 10-cv-4518 (KBF) <br><br> SPECIAL MASTER'S ORDER |

KATHLEEN N. MASSEY, SPECIAL MASTER:

By Order dated June 7, 2017, the Court appointed me as Special Master in the above-captioned action pursuant to Rule 53 of the Federal Rules of Civil Procedure. (ECF No. 775.) Before me is a request by intervenor Cedars Funding LLC for a 30-day extension of the deadline for the Trustee to commence certain interpleader actions required by the Court's Memorandum Decision & Order dated November 29, 2017 (ECF No. 861), and Order dated December 7, 2017 (ECF No. 871) (collectively, the "Advance Company Disputes Orders"). Pursuant to the authority delegated to me by the Court in the Advance Company Disputes Orders, I hereby grant the request.

## I.  BACKGROUND

After my appointment as a Special Master to resolve certain disputes that arose in connection with the Peterson § 468B Qualified Settlement Fund, I divided those disputes into three separate tracks, with each track involving common legal or factual issues. (ECF No. 777.) On September 29, 2017, I filed my Report & Recommendation on the second of the three tracks, the Advance Company Disputes track, which encompassed claims by certain non-party entities (the "Advance Companies") that the Trustee had improperly suspended distributions from the

QSF relating to assignment and sale agreements with certain plaintiffs.  (*See* ECF No. 845.)  On October 16, 2017, I filed a Supplemental Report & Recommendation on the Advance Company Disputes that reflected additional information provided to me following the issuance of my initial Report & Recommendation on the Advance Company Disputes.  (*See* ECF No. 852.)  Together, the Report & Recommendation and the Supplemental Report & Recommendation (collectively, the "Report") recommended that the Court grant the Advance Companies' requests to intervene as of right and order the Trustee to commence, within 30 days of the Court's adoption of the Report, interpleader actions to resolve disputes between the Advance Companies and certain plaintiffs who had affirmatively objected to any payment being made to the Advance Companies from the QSF (the "Objecting Plaintiffs").  (ECF No. 845 at 58–59.)

By Orders dated November 29 and December 7, 2017, the Court adopted and confirmed the Report with modifications proposed by the Trustee.  (*See* ECF Nos. 861, 871.)  As adopted and confirmed by the Court, the Report required the Trustee to commence, no later than December 29, 2017, interpleader actions with respect to the funds claimed by the Objecting Plaintiffs and the Advance Companies.  (*See* ECF No. 845 at 59.)  However, the Advance Company Dispute Orders delegated to me the authority to grant a single, 30-day extension of the deadline for the commencement of any required interpleader action "upon a showing that the Advance Company has taken meaningful steps to resolve any dispute with an Objecting Plaintiff without the need for further litigation."  (*See* ECF No. 852 at 2; 861, 871.)

II.     **CEDARS FUNDING LLC'S EXTENSION REQUEST**

By letter dated December 26, 2017, Cedars Funding LLC ("Cedars") requested a 30-day extension of the deadline for commencement of interpleader actions with respect to Objecting Plaintiffs associated with CDA Nos. 477, 478, 481, 575, 684, 865 and 977 in the Report.  (*See*

ECF No. 852 App'x D.)  According to Cedars, it contacted each of those plaintiffs by letters dated December 13, 2017, and sent copies of those letters to their counsel in this action.  In response to these letters, the Objecting Plaintiffs associated with CDA Nos. 477, 478, 481 and 684 have notified their counsel of their intentions to rescind their objections, but Cedars has not yet received final written confirmation of these rescissions.  Additionally, Cedars represents that it has been engaged in efforts to resolve the objections of the Objecting Plaintiffs associated with CDA Nos. 575, 865 and 977.  Cedars requests a 30-day extension of the deadline for the Trustee's commencement of interpleader actions with respect to these seven plaintiffs on the basis that additional time is needed to (1) finalize the withdrawal of objections by the Objecting Plaintiffs associated with CDA Nos. 477, 478, 481 and 684; and (2) pursue further settlement discussions with the Objecting Plaintiffs associated with CDA Nos. 575, 865 and 977.  The Trustee has confirmed, through counsel, that he does not object to the requested extension.

Based on the foregoing, I am satisfied that Cedars has taken meaningful steps to resolve the disputes with Objecting Plaintiffs associated with CDA Nos. 477, 478, 481, 575, 684, 865 and 977 without the need for further litigation and that it is continuing to engage in those efforts in good faith.  A resolution of the objections of these plaintiffs without the necessity of interpleader actions will conserve the resources of the QSF as well as judicial resources.  Accordingly, I find that Cedars has shown good cause for the requested extension.

### III. CONCLUSION

For the foregoing reasons, pursuant to the Advance Company Dispute Orders, I grant the request by Cedars for a 30-day extension of the deadline for the Trustee's commencement of

– 4 –

interpleader actions with respect to Objecting Plaintiffs associated with CDA Nos. 477, 478, 481, 575, 684, 865 and 977.

Dated:   New York, New York
         December 29, 2017

S/ Kathleen N. Massey<br>Kathleen N. Massey<br>Special Master

So ordered.

*K. B. Forrest*

12/29/17