USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 18, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEBORAH D. PETERSON, Personal
Representative of the Estate of James C. Knipple
(Dec.) et al.,

                                Plaintiffs,

            -v-

ISLAMIC REPUBLIC OF IRAN et al.,

                              Defendants.
------------------------------------------------------------------------X

10-cv-4518 (KBF)

<u>MEMORANDUM
DECISION & ORDER</u>

KATHERINE B. FORREST, District Judge:

Currently before the Court for approval is the Fourth Report & Recommendation of Special Master Kathleen Massey dated February 8, 2018 (the "Report"). (ECF No. 899.) The Report addresses and resolves, in sum, a dispute regarding attorneys' fees that arose between attorney Allen L. Rothenberg and the Law Firm of Allen of Allen L. Rothenberg on the one hand (collectively, "Rothenberg"), and attorney Anthony LaSpada ("LaSpada") on the other.

For the reasons stated below, the Court hereby ADOPTS and CONFIRMS the Report in its entirety.

I.     BACKGROUND

On June 7, 2017, the Court appointed Kathleen N. Massey as Special Master in this action to resolve a number of disputes concerning the QSF. (ECF No. 775.) The QSF was established by the Court partially to satisfy a set of judgments entered against Iran for its involvement in the 1983 terrorist attack on the U.S. Marine barracks in Beirut, Lebanon. Although the Trustee has made partial

1

distributions from the QSF, distributions have been on hold for some time due to a series of disputes between interested parties.

Following her appointment, Special Master Massey divided the disputes into three separate "tracks," each involving common legal or factual issues. (ECF No. 777.) The third track—hereinafter referred to as the "Attorneys' Fee Disputes" track or "Track Three"—includes various disputes among counsel regarding their entitlement to attorneys' fees for their claimed representation of plaintiffs (collectively, the "Peterson Plaintiffs") in the underlying actions against Iran.

On November 29, 2017, the Special Master issued her Third Report & Recommendation, which addressed and resolved, in sum, all disputes that fell within the Attorneys' Fee Disputes track. The Court adopted and confirmed the recommendations contained therein by Opinion & Order dated June 18, 2018. (ECF No. 944.) Although the present dispute between Rothenberg and LaSpada relates to payment of attorneys' fees, it arose after the Special Master issued her Third Report & Recommendation. Accordingly, the Special Master chose to issue a separate Report & Recommendation—her fourth—to resolve that dispute.

On February 8, 2018, Special Master Massey filed the Report, which addresses and resolves the dispute between Rothenberg and LaSpada. (See generally R. & R.) The Report recommends, in sum, that the Court deny Rothenberg's application for an order restraining the QSF Trustee from paying LaSpada approximately $966,000 in attorneys' fees for his work on behalf of certain of Rothenberg's clients. (See R. & R. at 2.) The Report recommends that

2

Rothenberg's application be denied because, among other reasons "he failed to request the relief at issue in a timely fashion and fails to provide a factual or legal basis for restraining the Trustee from paying LaSpada." (R. & R. at 2.)

Pursuant to Fed. R. Civ. P. 53(f)(2), objections to the Report were due not later than March 2, 2018. No responses or objections were filed by that deadline; accordingly, the Court considers the recommendations in the Report to be unopposed by the interested parties.

II. LEGAL PRINCIPLES

In acting on a Special Master's report and recommendation, the Court is empowered to "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Before doing so, however, the Court must "give the parties notice and an opportunity to be heard." Id.[1] The Court must review de novo any objections to the Special Master's findings of fact and conclusions of law. See Fed. R. Civ. P. 53(f)(3)-(4).

III. DISCUSSION

As previously noted, no party has objected to the Report's recommendation that the Court deny the relief requested by Rothenberg. The Court has reviewed

---

[1] Although some Circuit Courts of Appeal have held that this provision requires an oral hearing on the parties' objections, the Second Circuit has not adopted that approach. See Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 178 (2d Cir. 2002). In any event, no objecting party in this case has requested oral argument, and therefore any right which might otherwise have existed has been waived.

3

the Report and fully agrees with the Special Master's careful and thorough analysis. Accordingly, the Court hereby ADOPTS and CONFIRMS the Report in its entirety.

IV. CONCLUSION

For the reasons stated above, the Court hereby ADOPTS and CONFIRMS the Report in its entirety.

SO ORDERED:

Dated: New York, New York
June 18, 2018

_____
KATHERINE B. FORREST
United States District Judge