```
                                              ┌─────────────────────────────────┐
                                              │ USDC SDNY                        │
                                              │ DOCUMENT                         │
UNITED STATES DISTRICT COURT                  │ ELECTRONICALLY FILED             │
SOUTHERN DISTRICT OF NEW YORK                 │ DOC #: _____           │
                                              │ DATE FILED: July 27, 2018        │
                                              └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DEBORAH D. PETERSON, Personal
Representative of the Estate of James C. Knipple
(Dec.) et al.,

                                        Plaintiffs,

                    -v-

ISLAMIC REPUBLIC OF IRAN et al.,

                                        Defendants.

------------------------------------------------------------------X

10-cv-4518 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

Currently pending before the Court is non-party Jay Glenn's ("Glenn") motion for a stay pending appeal pursuant to Fed. R. Civ. P. 62 ("Rule 62").[1]  (ECF No. 949.)  For the reasons stated below, the Court hereby DENIES Glenn's motion for a stay of enforcement.

I.    BACKGROUND

For purposes of the pending motion, the Court assumes the parties' familiarity with the facts underlying this action as well as the Court's various rulings.[2]

On November 29, 2017, Special Master Kathleen N. Massey[3] filed a Report & Recommendation (the "Report") which addressed and resolved, inter alia, Glenn's

---

[1] Glenn originally filed his motion in physical form as a request for entry of an order to show cause. The Court declined to issue an order to show cause, and now construes Glenn's request as a run-of-the-mill motion for a stay pursuant to Rule 62.

[2] The Court directs the reader to its Opinion & Order dated June 18, 2018 (ECF No. 944) for a more fulsome explanation of the particular facts underlying this motion.

[3] On June 7, 2017, the Court appointed Kathleen N. Massey as Special Master in this action to resolve a number of disputes concerning the Peterson § 468B Qualified Settlement Fund (the "QSF" or the "Fund").  (ECF No. 775.)

claim to possession of a lien on $21.7 million of the funds in the QSF otherwise payable to Thomas Fortune Fay ("Fay") and Steven R. Perles ("Perles").  (See Special Master's R. & R. ("R. & R.") at 4-5, ECF No. 870.)  As is relevant to the present motion, the Report recommends, in sum, that the Court deny Glenn's motion to intervene for the purpose of asserting a lien or in the alternative deny Glenn's application for a lien on the merits.  (Id. at 61-64.)  Glenn subsequently objected to the Special Master's recommendations (see Jay Glenn's Objs. to the Special Master's R. & R. ("Glenn Objs."), ECF No. 883-2), and separately moved for leave to join the Fund Trsutee as a stakeholder in ongoing fee litigation between himself and Fay and Perles in the United States District Court for the District of Columbia ("D.D.C.") (see Mem. of Law in Supp. of Jay Glenn's Mot. ("Glenn Mem.") at 7-11, ECF No. 884).

On June 18, 2018, the Court issued an Opinion & Order denying Glenn's objections and adopting the Report's recommendation that the Court deny leave to intervene for the purpose of asserting a lien.  (See ECF No. 944 at 14-16.)  The Court further denied Glenn's motion for leave to join the Trustee as stakeholder in the D.D.C. fee litigation, reasoning that there was no legal basis to issue such an order and that in all events it would not "aid in the efficient administration of the QSF" to permit Glenn to engage the Trustee in such litigation.  (Id. at 16-17.)

Glenn filed a notice of appeal from the Court's June 18, 2018 Opinion & Order on June 20, 2018.  (ECF No. 948.)  That appeal is now before the United States Court of Appeals for the Second Circuit ("Second Circuit").

II.   LEGAL PRINCIPLES

Pursuant to Rule 62(d), a district court may stay enforcement of a final judgment pending appeal.  See Fed. R. Civ. P. 62(d).  In deciding whether to order a stay pending appeal, the court must consider the "traditional" factors, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies."  Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007).  The Second Circuit has further held that "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other."  In re World Trade Ctr. Disaster Site Litig., 503 F.3d at 170 (internal quotation omitted).

III.   DISCUSSION

Having carefully reviewed Glenn's motion for a stay, the Court concludes that a stay pending appeal is not warranted under the circumstances.

First, and most importantly, Glenn has virtually no chance of success on appeal.  In June 2016, the Court denied Glenn's original request to intervene in this action on timeliness grounds.  (ECF No. 647.)  Although Glenn failed to perfect his appeal of that decision, the decision did go up to the Second Circuit because another non-party whose motion to intervene had been denied on the same grounds, David

Cook ("Cook"), did appeal.  And the Second Circuit affirmed this Court's decision on May 18, 2017, stating explicitly that it "agree[d] with the District Court that the motion was untimely," and that "permitting intervention now would . . . prejudice existing parties and further delay compensation to victims of terrorism who have waited for decades to recover."  See Peterson v. Islamic Republic of Iran, 690 F. App'x 744, 746 (2d Cir. 2017).

The Court's June 18, 2018 decision, which Glenn now appeals, was based on the same logic.  After all, if Glenn's 2016 motion to intervene was untimely, his 2017 attempt to intervene was even more untimely.  Further, to the extent Glenn argued that he should be entitled to hold up or object to distributions from the QSF without having been granted leave to intervene, he provided absolutely no legal support for that proposition.  Even now, in his current motion for a stay, Glenn has provided no legal support, instead arguing that the stay should be granted because his legal arguments are "colorable."  (See Mem. of Law in Supp. of Jay Glenn's Mot. for a Stay Pending Appeal ("Glenn Stay Mem.") at 10-11, ECF No. 951.)  Given that the Second Circuit has already affirmed the logic underlying the decision at issue, and given that Glenn to this day has not provided any legal support for his meritless arguments, the Court finds that his chances of success on appeal are extremely low.

It is true, as Glenn points out, that in considering the four factors relevant to a stay, "more of one factor excuses less of the other."  See In re World Trade Ctr. Disaster Site Litig., 503 F.3d at 170 (internal quotation omitted).  But in this

instance, the other three factors weigh against Glenn as well.  As the Court has repeatedly stated (and the Second Circuit has agreed), permitting untimely parties to intervene in this action carries the risk of <u>substantial</u> prejudice to those (including both attorneys and victims) who have been waiting decades to recover. Although Glenn argues that granting his stay will only affect distributions due to Fay and Perles, the Court is not so quick to discount the prejudice that would cause two attorneys who have worked tirelessly on behalf of the plaintiffs to this and other related actions.

Relatedly, Glenn will not suffer substantial prejudice if this Court's decision is ultimately reversed on appeal.  As Glenn himself has repeatedly recognized, "the existence (or not) of Glenn's lien will not be determined in this action."  (Glenn Objs. at 7.)  That is why Glenn is currently seeking recovery against Fay and Perles in the D.D.C., and why he should understand that there is no basis for any court in this district to restrict or prevent distributions from the QSF on his behalf.

Finally, it is certainly in the public interest to achieve final resolution of this action and complete all distributions from the QSF.  Permitting further delay based on meritless claims (which have been twice rejected) unnecessarily ties up judicial resources and perpetuates an action that has already been open for eight years.

For the above reasons, the Court concludes that a stay of judgment is <u>not</u> warranted here.  As such, the Court hereby DENIES Glenn's motion at ECF No. 949

IV.     CONCLUSION

For the reasons stated above, the Court hereby DENIES Glenn's motion for a

stay at ECF No. 949.

The Clerk of Court is directed to close the open motion at ECF No. 949.

SO ORDERED:

Dated:      New York, New York
            July 27, 2018

_____
            KATHERINE B. FORREST
            United States District Judge