UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x

DEBORAH D. PETERSON,
Personal Representative of the Estate
of James C. Knipple (Dec.), *et al.*,

        Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, BANK
MARKAZI a/k/a CENTRAL BANK OF IRAN;
BANCA UBAE SpA; CITIBANK, N.A., and
CLEARSTREAM BANKING, S.A.

        Defendants.

------------------------------------------------------------x

Case No. 10 Civ. 4518 (LAP)
CONSOLIDATED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-29-18

## STIPULATION AND ORDER

WHEREAS, by order entered on June 6, 2016 in the above-captioned action (the "Action"), the Court authorized retired Judge Stanley Sporkin, as Trustee (the "Fund Trustee"), to distribute the assets of the Peterson §468B Qualified Settlement Fund (the "Fund"), reserving a reasonable amount for expenses and contingencies, by making payments to the Plaintiffs and other judgment creditors of Iran that have written agreements with any of the Plaintiffs to share in the distribution of the Fund, and their respective attorneys in accordance with paragraph 3.1.1 of the Agreement for the Peterson §468B Qualified Settlement Fund Pursuant to 26 U.S.C. §468B (ECF 461, the "Fund Agreement").

WHEREAS, Jay Glenn, Esq. ("Glenn") claimed that attorney's fees were owed to him in connection with this Action for representing Plaintiffs, but certain attorneys, including Fay Law Group, PA and its members Thomas Fortune Fay, Esq. and Caragh Fay, Esq., (collectively, the "Fays"), objected to Glenn's claim and the Trustee has not paid attorney's fees to Glenn.

America 69740866v.7

WHEREAS, Glenn filed a notice of lien and commenced an action against the Fays and others in the United States District Court for the District of Columbia (the "DC Court") to enforce his claim.

WHEREAS, Glenn applied to this Court multiple times for leave to intervene in this Action to assert his claim against the Fund; and the Court denied all of Glenn's applications.

WHEREAS, the Court referred Glenn's most recent application to Special Master Kathleen N. Massey (the "Special Master"), who recommended that the Court (i) reject such application to intervene and (ii) order the Trustee pay attorneys' fees without maintaining a reserve based on Glenn's claim, reserving to Glenn his rights, if any, against parties other than the Trustee.

WHEREAS, on June 18, 2018, the Court entered its Opinion & Order adopting and confirming the Special Master's recommendations and denying a request Glenn made for leave to join the Trustee in the DC Court proceedings.

WHEREAS, Glenn filed a notice of appeal with regard to the Opinion & Order and the Court of Appeal subsequently granted Glenn's motion to withdraw such appeal.

WHEREAS, as a result of the objection made by the Fays and others and the Court's order that the trustee pay attorneys' fees without maintaining a reserve based on Glenn's claim, the Trustee allocated the fees claimed by Glenn to other attorneys, including the Fays.

WHEREAS, the Fays have advised the Trustee that they have reached a settlement with Glenn and, as part of that settlement, the Fays are requesting that the Trustee reallocate attorneys' fees and pay Glenn, as an immediate lump sum and/or future periodic payments, the total sum of $3,599,889.74 (the "Glenn Fees"), which the Fays are representing and warranting to the Trustee are attorneys' fees due Glenn for representing Plaintiffs in this Action, with the

2

America 69740866v.7

Case 1:10-cv-04518-LAP Document 1006-1 Filed 10/24/18 Page 3 of 4

Glenn Fees to be taken from and to reduce the amount of attorneys' fees otherwise payable to the Fays.

WHEREAS, the Fays have agreed to indemnify, defend and hold the Trustee harmless against any and all claims and liabilities relating to the Trustee's payment of the Glenn Fees.

WHEREAS, by separate written agreement Glenn has agreed (i) the payment of the Glenn Fees will be a one-time payment to him, (ii) Glenn will receive nothing further from the Trustee, (iii) Glenn will release any claims that he now has or may in the future have against the Trustee for additional attorneys' fees, and (iv) Glenn will not hereafter institute or prosecute any action of any kind against the Trustee for attorneys' fees.

WHEREAS, the Trustee's payment to Glenn of the Glenn Fees (i) will be taken only from fees that, but for the Fays' request, would be paid to the Fays, (ii) will not affect attorneys' fees paid to attorneys other than the Fays and (iii) will not affect amounts the Trustee will pay to the Plaintiffs in this Action, and therefore the Trustee is willing to accommodate the Fays' request for a one-time payment of fees to Glenn, provided the Court authorizes the Trustee to do so.

NOW, THEREFORE, upon the Court's "so-ordering" of this Stipulation and Order:

1. The Trustee is and shall be authorized, but not directed, to accommodate the Fays' request and, in accordance with such request, to reduce the fees that the Trustee pays to the Fays by the amount of the Glenn Fees and to pay such amount to Glenn, as described above, on such terms and conditions as the Trustee in his sole discretion shall determine.

2. The Trustee's payment of the Glenn Fees, if made, shall not affect attorneys' fees payable by the Trustee to any attorney or the calculation of any attorney's fees, other than the Fays, nor shall it affect any distributions to any of the Plaintiffs.

3

3. This Stipulation and Order is binding on the undersigned parties only and shall not be construed to give Glenn any right to intervene in this Action or to give Glenn any claim against the Trustee or the Fund for attorneys' fees or any other amounts in this Action or otherwise, regardless of whether the Trustee pays the Glenn Fees to Glenn.

October 15, 2018

FAY LAW GROUP, P.A.

By: _____
Thomas Fortune Fay, Esq.

By: _____
Caragh Fay, Esq.

_____
Thomas Fortune Fay, Esq., Individually

_____
Caragh Fay, Esq., Individually

LOCKE LORD LLP

_____
Shalom Jacob
Alan H. Katz
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone (212) 415-8600
Facsimile (212) 303-2754

Counsel for Stanley Sporkin, Trustee

SO ORDERED:

Loretta A. Preska

October 29, 2018

4