

Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Shalom Jacob
Direct Telephone: (212) 415-8618
sjacob@lockelord.com

April 27, 2020

**BY ECF:**

Honorable Loretta A. Preska
Senior United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    Peterson v. Islamic Republic of Iran, 10 Civ. 4518 (LAP)
             Quarterly Update Letter

Dear Judge Preska:

    We represent Kenneth R. Feinberg, who was appointed as Successor Trustee of the Peterson § 468B Fund in accordance with 26 U.S.C. § 468B (the "Peterson Fund") pursuant to an Order of the Court dated April 6, 2020 (ECF 1079) following the death of former Trustee, Judge Stanley Sporkin.[1] We have provided quarterly update letters to the Court since January 13, 2017 (ECF 704) addressing the status of the Peterson Fund's distributions and other developments. We are submitting this quarterly update as of March 31, 2020 pursuant to the Court's Order (ECF 853) approving the first Report & Recommendation (ECF 842) of Special Master Kathleen N. Massey (the "Special Master") which Report & Recommendation recommended, among other things, that the Trustee continue to provide the Court with quarterly updates.

### A. Summary of Current Distribution Status

    By Order of this Court dated July 9, 2013, the sum of $1,895,672,127 was deposited into the Peterson Fund. As of March 31, 2020, the Peterson Fund has made distributions and payments in the approximate amount of $1,814,616,946 to Plaintiffs, attorneys and other parties exclusive of the Peterson Fund's administrative and other fees and expenses.

---

[1] Reference herein to the term "Trustee" shall mean the Successor Trustee, Mr. Feinberg, and/or the former Trustee, Judge Sporkin, as the context requires.

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles
Miami | Morristown | New Orleans | New York | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

82817824v.3

The first and second interim distributions to the non-Peterson plaintiffs entitled to share in approximately thirteen (13%) percent of plaintiff recoveries pursuant to the Litigation Cooperation and Settlement Agreement dated June 1, 2012 (referred to herein as the "13% Plaintiffs") have been completed. In October 2018, the Trustee commenced a third interim distribution to the 13% Plaintiffs, which distribution has been substantially completed.

In the Peterson cases, the initial distribution to, or for the benefit of, the Peterson Plaintiffs has been completed. The second interim distribution to the Peterson Plaintiffs has also been largely completed, with distributions made to more than ninety-nine (99%) percent of the Peterson Plaintiffs.

Once the distributions to the 13% Plaintiffs and Peterson Plaintiffs currently underway have been completed, the Plaintiffs, according to the Trustee's estimates, will have received approximately ninety-seven (97%) percent of the total amounts that the Trustee anticipates will be available for distribution to the Plaintiffs.

As explained below, pursuant to the Court's Order (ECF 1068), the Trustee anticipates (i) commencing a distribution of approximately $57.8 million in May, 2020 and (ii) commencing a distribution of the Peterson Fund's remaining assets during the fourth quarter of 2020. Once this distribution has been substantially completed, the Trustee anticipates filing a final report with the Court and requesting authority to terminate the Peterson Fund.

**B. Distributions to the 13% Plaintiffs**

Distributions have been made to the 13% Plaintiffs and their attorneys in the total amount of $213,676,900.

As explained in our previous update letters to the Court (ECF 1046, 1060), the initial interim distribution and second interim distribution to the 13% Plaintiffs have been completed in the total amount of $211,206,187. These amounts include payment of fees to attorneys for the 13% Plaintiffs. The Trustee commenced a third interim distribution to the 13% Plaintiffs in the aggregate amount of $2,795,475 on or about October 12, 2018. Payments pursuant to this distribution have been made to all but two of the 13% Plaintiffs in the total amount of $2,470,713. In addition, the Trustee has remitted payment of $23,919,062 to the American Center for Civil Justice, Inc. ("ACCJ") pursuant to an order entered by this Court (ECF 1030) and a consent order entered in ACCJ's bankruptcy case.[2]

---

[2] The facts relating to ACCJ are set forth in the Trustee's recent update letters to the Court. The Trustee anticipates making one or more additional smaller payments to ACCJ in connection with further distributions to the 13% Plaintiffs.

C. **Status of Distributions to the Peterson Plaintiffs**

As noted in our previous update letters to the Court, on or about September 14, 2018, the Trustee commenced a supplemental interim distribution to the Peterson Plaintiffs in the amount of $51,266,298. As of March 31, 2020, 1,469 of 1,473 Supplemental Confidential Disbursement Authorization forms ("SCDA's") have been mailed, and approximately 1,460 of the Peterson Plaintiffs have been paid in the total amount of $50,911,684. We anticipate additional SCDA's will continue to be returned to Epiq and that payments will continue as appropriate.

D. **Issues Delaying Distributions to Certain Peterson Plaintiffs**

As we have previously explained, payments to certain of the Peterson Plaintiffs have proceeded at a slower pace as a result of individual issues regarding such Plaintiffs. As explained in our previous letters to the Court, substantial progress has been made in resolving these issues. The current status of these issues is as follows:

    i. <u>Incomplete CDA's</u>. Epiq, the Peterson Plaintiffs and their counsel have worked together to correct deficient CDA and SCDA submissions, clearing the way for payments to Plaintiffs whose initial CDA and/or SCDA submissions were incomplete. At one time or another, Epiq has sent more than 718 defect letters to certain of the Peterson Plaintiffs, some of whom have been sent multiple defect letters. At the present time, approximately three (3) of the returned SCDA's remain incomplete.

    ii. <u>Estates</u>. Currently, 498 of the Peterson SCDAs are for estates of victims of the Beirut bombing, estates of relatives of the victims who have died since becoming Plaintiffs in these actions, heirs of such victims, or relatives of victims.[3] Initial interim distributions have been sent to all of the estates and heirs. As of March 31, 2020, 494 SCDA's had been mailed and returned by such estates and heirs. SCDA's have not been mailed to 4 estates and heirs either because estate representatives have not yet been identified or because the checks for these estates' initial interim distributions have not been cashed or deposited. As of March 31, 2020, 490 supplemental interim distributions have been paid to the estates and heirs that

---

[3] At present, there are 443 estates, but for 20 of those estates payments are being made to a total of 72 heirs. The number of estates and heirs referenced in this update letter is larger than in previous update letters as a result of the natural increase of estates and heirs over time.

82817824v.3

have returned SCDA's. Supplemental interim distributions have not been paid to approximately 4 estates and heirs that returned SCDA's because the returned SCDA's are not complete or are undergoing review of the estate and/or heir documentation.

iii. <u>Bankruptcy Filings</u>. Approximately 83 of the Peterson Plaintiffs have sought bankruptcy relief at some point in time, and most of these Plaintiffs did not list a judgment or claim for damages relating to the Beirut bombing as an asset of their bankruptcy estate (and may not have realized that they may have had an obligation to do so). Under applicable bankruptcy laws, many (if not most) of these Plaintiffs' distributions are or were potentially subject to claims by the trustee that the distributions are property of their respective bankruptcy estates. As of this date, 82 of these Plaintiffs' initial interim distributions, 81 of their supplemental interim distributions and 80 of their anticipated Pre-Final and Final Distributions (as these terms are defined below) have been largely or entirely resolved insofar as bankruptcy issues are concerned.[4]

---

[4] In one of these bankruptcies, a dispute arose as to whom the Trustee should pay the attorneys' fees payable on account of the subject Plaintiff's judgment against Iran. Absent the bankruptcy, the Trustee would have paid the attorneys' fees directly to the attorneys. However, the Chapter 7 trustee demanded that the Trustee pay the attorneys' fee to the Chapter 7 trustee and stated he would institute proceedings in the bankruptcy court if the Trustee did not comply with his turnover demand. The attorneys instructed the Trustee not to pay the attorneys' fees to the Chapter 7 trustee. The Trustee filed an application with the Court seeking authority to commence an interpleader action, which the Court granted on June 3, 2019. (ECF 1037) The Trustee filed an Interpleader Complaint, docketed as Case No. 19-cv-5076, which matter has been assigned to this Court and named the Chapter 7 trustee and the principal attorneys as defendants. The Trustee also filed a motion in the interpleader action seeking an order authorizing deposit of the disputed funds. Subsequently, the subject Plaintiff and the Chapter 7 trustee reached a resolution that, among other things, would eliminate the Chapter 7 trustee's claim to the attorneys' fees and the need for the interpleader action. A motion that sought approval of that resolution and dismissal of the bankruptcy case was set for hearing in the bankruptcy court on December 10, 2019. However, the bankruptcy court denied the motion to dismiss. The Chapter 7 Trustee then proceeded to close the bankruptcy case, which would resolve his claim to the attorneys' fees. Because of the pending resolution of the Chapter 7 Trustee's claim to the attorneys' fees, one of the attorney defendants requested and was granted several adjournments to file responsive pleadings in this Court. On March 23, 2020, the Court dismissed the pending motion for interpleader deposit. On April 21, 2020, the bankruptcy court entered a final decree closing the bankruptcy case and discharging the Chapter 7 Trustee. The Trustee anticipates filing a notice of dismissal of the interpleader action in the very near future.

It may at some point become necessary for the Trustee to appear formally in one or more other unresolved bankruptcy proceedings or to take other appropriate action in order to assist the relevant

E. **Final Distributions and Termination of the Peterson Fund**

On February 27, 2020 the Court entered an Order (ECF 1068, the "Order") approving the *Motion of Fund Trustee for Order Approving: (1) Proposed Interim Accounting of Distributed Funds; (2) Fund Distribution Procedures and Disclosures; (3) Proposed Allocations of Fund Income and Expenses; (4) Proposed Two-Part Plan for Distribution of Remaining Funds to Fund Beneficiaries; (5) Continued Referral of all Distribution-Related Disputes to Special Master; (6) Proposed Plan for Termination of Fund and Holding of Final Reserves and (7) Related Relief* (ECF 1059, the "Motion").

Pursuant to the Order, the Court (i) approved the distributions that the Peterson Fund has already made and the Trustee's interim accounting with respect thereto, (ii) approved the Trustee's preliminary expense and income allocations in connection with anticipated final distributions from the Peterson Fund, and (iii) authorized the Trustee to proceed with distribution of the Peterson Fund's remaining funds available for distribution (including establishment of reserves for future expenses and implementation of the procedures necessary to proceed with final distributions), and to prepare for termination of the Peterson Fund.

As explained in the Motion, the Trustee anticipates proceeding with a two-part distribution to Plaintiffs and their attorneys. In the first part of the distribution (referred to in the Motion as the "Pre-Final Distribution"), the Trustee anticipates commencing a distribution of approximately $57.8 million to Plaintiffs and attorneys in May, 2020. In the second part of the distribution (referred to as the "Final Distribution"), the Trustee anticipates commencing a distribution of the Peterson Fund's remaining assets that are available for distribution during the fourth quarter of 2020.

Once the Peterson Fund has substantially completed these distributions and the tasks necessary to wind-down the Peterson Fund, the Trustee anticipates filing a final report with the Court and requesting the Court's authority to terminate the Peterson Fund.

---

Plaintiffs in resolving obstacles to receiving their distributions and/or to protect the Peterson Fund's interest in connection with these cases.

Honorable Loretta A. Preska
April 27, 2020
Page 6

\* \* \* \*

    If the Court has any questions regarding any of the foregoing, the Trustee will of course respond expeditiously in order to assist the Court in addressing the same.

                                                  Respectfully submitted,

                                                  Shalom Jacob

SJ:ma

82817824v.3